# 18-6061-CV-SJ-HFS-P

Department of Justice, Civil Rights Division
950 Pennsylvania Ave. NW
Washington, D.C. 20530

Attachment_____/_____
WMCC_17_-_322_

February 28, 2017

Re: WMCC staff are violating Sexual Harassment policies, and
    PREA guidelines.

Department of Justice,

WMCC staff are misrepresenting Departmental policies and PREA,
to erroneously promulgate subjugation of offenders to being
sexually harassed, and/or fallaciously issued CDV's for sexual
misconduct.
Departmental policy IS6-1.3, states offenders are allowed to
be naked when changing clothes, or to address hygienic and
bodily functions.  IS6-1.3 also states to use privacy barriers
when doing so, which is also stated in the PREA information.
With certain administrative segregation exceptions, ALL cells
at WMCC are equipped with toilets and sinks, or "wet cells."
WMCC housing unit rules state nothing is to be placed in the
windows.  WMCC staff ONLY make the announcement that females
will be present in the living area, ONCE at the begining of
each shift, NOT when they actually enter the wings, living areas,
conducting walk-throughs/tours.
WMCC staff are maliciously creating a "Double Bind," in that
female staff, and certain male staff, are issuing offenders
fallacious CDV's for Sexual Misconduct, or Rule 15, while
conducting wing tours WITHOUT first announcing they are coming
into the wing.  Upon seeing offenders naked in the cells during
these unannounced tours, changing clothes or addressing hygienic
or bodily functions, and issuing these wrongful CDV's, is the
first prong in the "Double Bind."
The second prong being that in the alternative, if offenders
place something in the windows of their cell doors, about the
size of an index card, to signify that offenders are naked,
staff are issuing CDV's for obstructing the view, or worse,
opening the door of the cell exposing naked offenders to the
entire wing, which is a blatant violation of PREA guidelines,
and constitutes sexual harassment.  These actions have been
perpetuated by C.O.I Frey, C.O.I Woody, and other female and
a select few male staff.
On February 21, 2017, I called the PREA hotline about this issue
(reference call made on offender Webb, Antonio #1175777, on
2-21-2017, between 2:50pm and 3:40pm. to 573-526-0513), and
report these infractions.  That same night, I was called to
the Captain's/Sgt.'s office to discuss this issue with C.O.III
Jordan.  Jordan told me per policy nothing is allowed in the
windows.  I explained to Jordan how this is a "Double Bind,"
for offenders, and that Jordan herself had actually issued CDV's

on both prongs of the "Double Bind," and even opened the door
on naked offenders, exposing them to the entire wing.

These actions to force offenders to subject themselves to sexual
harassment by WMCC staff or in the alternative being issued
erroneous CDV's for sexual misconduct, violates offenders',
myself included, United States Constitutional rights of:
  1. Eighth Amendment right, "to be free from cruel and
     unusual punishment; and
  2. Fourteenth Amendment right, "due process."

My requested **"REMEDIES,"** are as follows:

1. For offenders to CEASE being written up for being naked
in their cells when changing clothes and addressing hygienic
and bodily functions, e.g.: washing up, using the toilet,
applying lotion or medical ointments and creams, ect.; and

2. For offenders to be allowed to place an object in the window,
that does not cover the entire window, about the size of an
index card, to alert staff that we are naked and addressing
the forementioned functions; and

3. For female staff to announce when they actually enter the
wings each time; and

4. For no retaliation by WMCC staff for filing this complaint.

Thank you for your assistance in this matter.

Sincerely,

Antonio Webb

Antonio Webb

c.c.: PREA Coordinator, Dept. of Public Safety;
WMCC Grievance; United States Attorney General's Office;
American Civil Liberties Union

WMEC staff have committed Sexual Harassment against me, and refuse to follow the proper procedures outlined in DI-8.13, governed by 42 USCS §15601, to file my complaint as "Sexual Harassment," in violation of DI-8.13.

On 2-21-2017, between 2:50PM to 3:40PM, I made a phone complaint, using my personal identification number, to report Sexual Harassment perpetrated by C.O.I D. Gilgar, C.O.I Woody, C.O.I Frey, and C.O. II Krawl (reference my phone record on the above date and approximate times, and save recordings of calls made to 573-526-0513, in a "Good Faith Effort," for legal purposes).
In this complaint, I could only give a brief detail of how myself and other offenders are forced into a "Double Bind," or a psycological impasse created by being forced to choose between equally detrimental alternatives, by either enduring multiple forms of Sadistic Sexual Harassment, or issued erroneous CDV's for sexual misconduct, and disobeying a directive.
Later that night, after main-line, I was called to the "sergeant's office," to discuss the phone complaint of Sexual Harassment with C.O. III Jordan, and an unknown "white shirt," who did NOT interact with me. Although I explained briefly to Jordan and the other "white shirt," what the complaint, I told Jordan that I

(38)

did NOT feel comfortable speaking to her, because of the fact I know offenders personally that Jordan has erroneously issued CDV's for sexual misconduct when they are "naked," in thier cells using the restrooms or grooming themselves, and offenders Jordan has opened the "privacy barrier," on exposing the offender "naked," to the entire wing in a sadistic sexually harassing manner to maliciously humiliate them for her own sadistic, radical, neo-feminist, misandrist dogmas.

On 3-1-2017, I filed this complaint with caseworker Monemeyer; because: 1) I had a feeling Jordan was NOT going to file my SEXUAL HARASSMENT complaint in accordance with PREA guidelines, because Jordan tried to deter me from filing the complaint; 2) Because WMCC staff have an iniquitous history of retaliating against offenders that file PREA complaints against staff; and WMCC staff obstruct the "due process," rights of offenders filing Sexual Harassment/PREA complaints on staff. 7-House classification staff REFUSED to file this original complaint as a SEXUAL HARASSMENT complaint, and forward it to the "PREA site coordinator." The infractions that I have been trying to report are as follows:

1) C.O.I D. Gilgour, on several occasions Gilgour has visually molested me, ESPECIALLY, while I was

Antonio Webb #1175777
WMCC-17-322

Page 3 of 6

"naked," in the showers and cell. For that reason, I made several complaints to the 7-House classification staff, about Gilgour's inappropriate behaviors, to FUM A. Webb; C.C.M. Maddox; and C.C.M. Monemeyer, months prior to filing any of the official complaints. I was told by classification staff that "you don't have to file a formal complaint, we will talk to them (Gilgour and C.O. I Woody), and handle the situation." When the "situation," did _NOT_ abate or cease, but instead exacerbated, I told Gilgour and Woody on 2-21-2017 (see camera <u>recordings</u> of 7-House front walk on the above date and between 2:45pm to 3:00pm), that FUM Webb told myself and several other offenders that we could place something in the window of the cell door to indicate we were "naked," as long as we did not cover the entire window. Gilgour and Woody threatened me with CDV's and to "trash," my cell if I did not drop the subject. The way Gilgour looks at myself, and other offenders, exceeds the limits of DI-8.13, section III.C.7.b. Gilgour lassiviciously glares at us as if sexually fantasizing, while we are "naked." Gilgour also lingers slowly on the top walk across from the showers and stares lustfully at us while we are "naked," when we tell Gilgour to stop this, he threatens to issue us CDV's.

<u>C.O.I Woody</u>, in addition to engaging in the

(40)

same lacsivious glare at myself and other "naked," offenders; and lustfully staring into the showers at myself and other offenders from the top walk across from the showers; in a manner that exceeds D1-8.13, III.C.7.b.; Woody also opens the cell door on offenders that place something in the window, that does NOT impede view into the cell, exposing myself, and other offenders, to the entire wing, "naked," and she stares at us pretending this humiliating and offensive behavior is for "safety and security," when it grossly exceeds D1-8.13.

<u>C.O. I Frey</u>, while working 7-House the saturday of 2-11-2017, Frey opened my cell door, as well as several other offenders, exposing us "naked," to the entire wing for her own sexual gratification. When I told her to stop staring and close my door back, Frey threatened to write me up for a sexual misconduct. Myself and Cedric Denson, requested a supervisor, to report Frey's inappropriate actions angainst me and the other offenders Frey violated with this sadistic form of sexual Harassment, C.O. II Greenwood and another "white shirt," came to speak to us about the situation.

WMCC staff are acting under color of state law, to deprive me of rights guaranteed to me by the United States Constitution by violating my:

(41)


1) <u>Eighth Amendment</u>, prohibits "cruel and unusual punishment,"; Gilgour, Woody and Frey by maliciously committing Sexual Harassment in violation of 42 USCS §1560l, RSMo. 217.410, D1-8,13, and D2-11,4.

FUM A. Webb; C.C.M. Maddox; C.O. III Jordan; C.O. II Krawl; the unknown "white shirt," with Jordan; all acting PREA site coordinators, during the reporting of my complaints; and Assistant Warden Parkhurst, perpetrated "Deliberate Indifference," to my several "Due Diligence," efforts to report Sexual Harassment by those staff named prior, by maliciously failing to properly report, File, and investigate in accordance with 42 USCS §1560l, D1-8.13, D2-11,4, and D2-11,10,

2) <u>Fourteenth Amendment</u>, guarantees, "Due Process and Equal Protection of the Law,"; Gilgour, Woody and Frey have denied me "equal protection of the law," by using thier respective positions of authority granted to them by the State of Missouri, to satisfy thier sadistic sexual desires and punish offenders, myself included, that are unwilling to allow themselves to be the objects of those staffs' sexually inappropriate behaviors, of humiliation, gratification and sadism. These staff retaliate against us;

C.O. III Jordan; the unknown "white shirt," with Jordan, C.O. II Krawl FUM A. Webb; C.C.M. L. Maddox; Assistant Warden Parkhurst; and all acting PREA site coordinators, during the time my complaints were reported, denied me "due process and equal

protection of the law," by maliciously REFUSING to file my reported complaints made in this complaint in accordance with PREA guidelines set forth in 42 USCS §15601, D1-8.13, and D2-11.4.

I am requesting the followin remedies:

1) For all staff that sexually harassed me to be reprimanded in accordance with D1-8.13, D2-9.1, D2-9.2, D2-11.4 and prosecuted;

2) For all staff that failed to, and refused to, file and report my sexual harassment reports, to be reprimanded in accordance with D1-8.13, D2-9.1, D2-9.2, D2-11.4.

3) For all calls made by me on 2-21-2017, between the hours of 2:50pm to 3:40pm, to 573-526-0513, to be saved for legal purposes in a "Good Faith," Effort;

4) For the retaliation by WMCC staff for filing these complaints to CEASE!!! ;

5) For Gilgour and Woody to be "(2) Temporary reassignment of staff members" in accordance with D1-8.13, III.F.I.b.2 ;

6) Monetary damages when this complaint is filed by me in civil court.

## PROBLEM

On 2-21-17, I filed a Sexual Harassment complaint on the phone (ref. my
phone records on 2-21-17, around 2:50pm to 3:40pm, to 573-526-0513, and
save recording made by me, in a "Good Faith Effort," to preserve evidence
for legal purposes and to substantiate my claim), to report C.O.I Gilgour,
C.O.I Woody, C.O.II Krawl, and C.O.I Frey, for sexually harassing myself
and other offenders

My complaint was responded to by C.O.III Jordan and another "White shirt,"
I did not know, who did not interact with me.  When I told Jordan she had
violated the same actions I was reporting, she refused to write anything
down, neither did the other C.O.

I have now been retaliated against by Jordan (see attached letter dated
March 7, 2017), and C.O.I Gilgour (see attached letter dated Marcch 22, 2017
When I went to the FUM, Andrew Webb, he stated that my complaint was not
filed in accordance with D1-8.13, Sexual Harassment, as it should have
been (see attached letter dated March 23, 2017).

WMCC staff are maliciously circumventing the Sexual Harassment and PREA
policies, as well as RSMo.'s 217.410, 566.101, and 566.095, and Depart-
mental policies, D1-8.13, D2-11.4, D2-11.10, and D1-8.9, by not filing
Sexual Harassment complaints to conceal the felonious actions of themselves,
and their coworkers.  These blatant malicious actions are also a violation
of my, and other offenders, United States Constitutional rights of:

    1)  The Eighth Amendment right, "To be free from cruel
        and unusual punishment,"; and
    2)  The Fourteenth Amendment right, of Procedural "Due
        Process and equal protection of the law."

Jordan openly displays her sexual orientation, which alone is not a
reason for mention, but when that is combined with her "Radical Neo-
feminist and misandrist dogmatic beliefs, cloud her judgment, to the point
of sexism against males.  Jordan, and others involved in deciding that
the refusal to file my Sexual Harassment complaint, acted with malicious
intent to facilitate, Gilgour, Jordan, Woody, and other staff to
intimidate, harass, retaliate and continue on with the actions I tried
to report through the proper channels, with no recourse.

## REMEDIES

1) I request for my complaint to be properly investigated; and
3) I request for C.O.III Jordan, C.O.I Gilgour, C.O.I Woody, and the
other staff listed in the attached letters and phone complaints,
reprimanded for retaliation and disciplined in accordance with
D1-8.13, D2-9.1, D2-9.2, D2-11.4, 42 USCS §15601; and
4) I am requesting WMCC staff in a "Good Faith Effort," to save the
security camera recordings of:  7-House A-wing on 3-5-17, between
6:40pm to 6:50pm, 3-21-17, between 7:40pm to 8pm, 3-22-17, between
7:20pm to 7:40pm, and 7-House "front walk," recordings on: 2-21-17,
between 2:50pm to 3pm, 3-22-17, between 7pm and 7:30pm; and
5) I request all calls made by me to PREA hotline, 573-526-0513, on:
2-21-17, 3-5-17, and 3-21-17, be saved in a "Good Faith Effort,";
6) For CDV written by Gilgour dismissed and esponged, and no further
retaliation by **ANY** WMCC employee listed in **ANY** of these complaints,
or **NOT** listed in these complaints attached; and
7) Monetary damages if this complaint is filed by me in civil cort.

Antonio Webb #1175777
WMCC
609 E. Pence Rd.
Cameron, MO 64429

B3

Attachment ___2___
WMCC 17 - 488

March 23, 2017

Department of Justice
950 Pennsylvania Ave. NW
Washington, D.C. 20530

Re:  WMCC staff refusing to file sexual harassment as PREA,
     retaliating and intimidating for filing, and conspiring.

Dear Dept. of Justice,

I have written to you on two other occasions, about WMCC staff
sexually harassing myself and other offenders at WMCC.  My initial
letter to you was dated 2-28-2017, concerning a telephone complaint
I made on the PREA hotline on 2-21-2017, naming C.O.I Gilgour,
C.O.I Woody, C.O.II Krawl, and C.O.I Frey.  In the letter tou
you, I stated how I was **NOT** seen by the PREA investigator, but
by C.O.III Jordan and another higher ranking C.O., that did not
interact with me.  In the letter I stated how I asked Jordan to
speak to someone else, due to the fact that she herself had done

the very same violations I was reporting.
Since this time, Jordan has retaliated against me by using intimidation
and I also learned that my PREA complaint, which should be saved
as a part of my offender phone records, was never filed.
I was retaliated against by C.O.I David Gilgour, on 3-21-2017,
in the form of a false violation (see attached).  When I wenttto
my Functional Unit Manager, "FUM," Andrew Webb, he told me that
my complaint was not filed because it was found "baseless," by
Jordan and the other C.O. that interviewed me that night.  Then
he told me that because Gilgour was not actually named in the
complaint that I filed, which was actually a carbon copy of
the letter I sent to you dated February 21, 2017, that I could NOT
file a claim of PREA retaliation against Gilgour, even though the
letter refrences the original PREA hotline complaint, that was
maliciously never filed with the actual PREA site investigator by
Jordan, the very person who has committed the same infractions
I was reporting, and has been written up by staff and offenders
for sexual harassment.
Now, WMCC staff are going to let Gilgour perpetrate this intimidating,
harassing and retaliatory actions, listed in this letter enclosed
dated March 22, 2017, and the other retaliations as well (see attached
letters dated:  March 22, 2017; March 07, 2017).
Please assist me in this matter, thank you.

Sincerely,
Antonio Webb

cc:  Dept. of Public Safety; ACLU; WMCC Grievance; U.S. ATTY.Gen.;
     file alw

ATTACHMENT #3

Antonio Webb #1175777
WMCC **B4**
Attachment **3**     609 E. Pence
WMCC **17 - 488**    Cameron, MO 64429

March 22, 2017

Department of Public Safety
P.O. Box 749
Jefferson City, MO 65102

Re: Retaliation by WMCC staff for filing PREA complaint

Dear Dept. of Public Safety,

On 3-21-2017, at around 7:40pm, my cellmate of 7A-106, had to use the restroom, so I exited the cell to give him privacy. At around 7:45pm, C.O.I David Gilgour entered the wing looking into the cell windows. When he arrived at my assigned cell, 7A-106, my cellmate had an indicator in the window, to index that he was "naked," or "performing a hygienic or bodily function." Gilgour beat on the the door yelling at my cellmate to immediately remove the card from the door, even though it did not impede his view of the cell. Gilgour yelled that NOTHING, was allowed in the windows. I asked Gilgour if he had spoken to FUM Andrew Webb, about this, because FUM said this would no longer be an issue about using indicators in the windows as long as the did not cover the whole window, when I went to discuss complaint WMCC-17-322, that I filed as a PREA against WMCC staff for this issue (ref. letter sent to you addressed to Dept. of Justice, dated 2-28-2017, used as an attachment in WMCC-17-322), that was a formal hard copy complaint of the original PREA hotline call I made on 2-21-2017, naming C.O.I Gilgour, C.O.I Woody, C.O.I Frey, and C.O.II Krawl (ref. phone records of ANTONIO WEBB #1175777, on 2-21-17, between 2:50pm and 3:40pm). Gilgour belligerently yelled at me that, "Nothing is allowed in the windows! I don't care what the FUM said! I told you the last time not to make an issue out of this or you would have problems," (referencing 2-21-2017, when I informed Gilgour and Woody outside of 7-House, ref. camera footage of 7-House security cameras on 2-21-17, between 2:45pm and 3:00pm, when the two them made threats against me for telling them about the FUM's statement), "Now you're getting a CDV!"
Gilgour and I have had several interactions where I'm in my assigned cell "naked," "performing a hygienic or bodily function," and I'll place an indicator in the cell-door window to index such. Gilgour will come by beating on the door and demand the immediate removal of the indicator, even though it does not impede his view of cell, just slightly prevents the view of the area in which my genitalia was exposed. When I don't put anything in the window, Gilgour lasciviously glares at me up and down when I'm "naked," making me feel violated by his visual molesting of my body.
When I conveyd this to classification staff to avoid making a formal complaint, I was told it would be handled.

Now Gilgour has issued me a cdv, and has made reference to the PREA complaint.

In the cdv for "Insulting behavior, he claims I made statements to him that not

Page 1 of 3

46

only did I NOT make, using grammatically incorrect expressions of vulgarities, but he references me filing, "some PREA bullshit," in the cdv, making references to the PREA complaint I filed on him prior.

I immediately called the PREA hotline (ref. my phone records from 3-21-2017, between 7:50pm and 8:20pm, and save for legal puposes.)

When I went to inform the classification staff the next day to get a reprisal grievance, and to report the retaliation, no one made any record of it, or called the PREA site coordinator to report the retaliation. They did however, inform Gilgour that I was intent on filing a retaliation for PREA reporting, and that night on 3-22-2017, between 7:00pm and 7:30pm (ref. camera footage of 7-house at this time on the front walk, and save for legal purposes), C.O,I Woody was pat searching out front. When Woody saw me, she immediately went into the bubble and got Gilgour, who came out with a wand and came right for me. He stated in a low voice, "You gonna go call PREA on me again?" "You gonna call PREA on me?" I went inside and called the PREA hotline again (ref. my phone record from the above date between 7:20pm and 7:40pm).

Later that night about 8:40pm, Gilgour and Krawl came into my assigned cell, without asking us to step out into the common area, which NO staff member is supposed to go into an offender's cell with them still in it if there is no emergency (ref. security camera footage of 7-house A-wing between 8:40pm and 8:50pm). Gilgour made several references to me filing a PREA complaint, and attempted to intimidate me. I once again called the hotline to report this retaliation as well (ref. my phone records between 8:40pm, and 9pm.).

C.O.I David Gilgour's actions violate several Federal and State laws, in addition to numerous violations of Departmental Policies:
RSMo. 217.410, 42 USCS §15601, RSMo. 566.101, RSMo. 566.095, D2-11.4, D2-11.10, and D5-3.2.

Per the above Departmental policies, Gilgour is not to retaliate against me for filing a PREA or Offender Grievance complaint, especially by falsifing a cdv. There has been no one to do a PREA monitoring of retaliation. In my initial complaint made by phone, I stated that Gilgour and Woody had made threats and no one looked into this matter.

(47)

By perpetrating these actions, "acting under color of state law," Gilgour and those in consort with him listed in this complaint, my telephone complaints, and complaint WMCC -17-322, and those not listed that are covering up the wrongs committed, whose names will be listed as I find them out for not reporting, and investigating these complaints properly, are maliciously violating rights that are guaranteed to me by the United States Constitution's:

1) Eighth Amendment , "To be free from cruel and unusual punishment,"
2) Fourteenth Amendment, Procedural "Due Process and equal protection of the law."

I am requesting a thorough investigation of all of said complaints listed; for all of the aforementioned security footage recordings to be reviewed and saved in a "Good Faith Effort," to "substantiate," my claims, and to be used for legal purposes; and for all phone recordings to be reviewed and saved for the same reasons lisded above; I am also requesting that all violators be terminated from their positions, and reprimanded in accordance with PREA, State, and Federal laws.
Thank you.

Sincerely,

Antonio Webb

cc:  Department of Justice; WMCC PREA Complaint; United States Attorney General; ACLU; file alw

(48)

Antonio Webb #1175777
WMCC
Attachment ___6___    609 E. Pence Rd.  B7
Cameron, MO 64429
WMCC _17_ - _488_

March 7, 2017

Department of Justice, Civil Rights Division
950 Pennsylvania Ave. NW
Washington, D.C. 20530

Re:  Retaliation for filing PREA complaint

Department of Justice,

WMCC staff have violated Departmental policies and PREA
guidelines by retaliating against me for filing a complaint
against the same staff for sexual harassment.

On 2-21-2017, I made a formal complaint of sexual harassment
via telephone (reference phone records of Antonio Webb #1175777,
on 2-21-2017, at approximately between 2:50pm to 3:40pm, to
the PREA hotline 573-526-0513).
On the above date, later that night I was called to the Captain/
Sergeant's office to discuss the forenamed telephone complaint
with C.O.III Jordan.  During said discussion I informed Jordan
that she in fact had perpetrated ALL of the same actions I was
reporting (reference letter to Department of Justice, dated
February 28, 2017).
On 2-28-2017, I filed a complaint through the departmental
grievance procedure, with the attachment of the letter I sent
to you (reference forenamed letter, dated 2-28-2017), with the
Housing Unit-7 classification staff, to have a formal record
of the complaint.
On 3-5-2017, at approximately 6:30pm, my cellmate was called
to the Captain/Sergeant's office.  Shortly, at approximately
6:38pm, I heard loud walkie-talkies, keys, and female voices
in my assigned living area, or "wing," of Housing Unit 7, H.U.7,
A-wing, or 7A.  When I looked out of my cell door window, 7A-
106, I saw C.O.III Jordan standing on the stairs staring directly
at my cell.  I went back to what I was doing.  When I went to
exit my cell, I noticed Jordan was still in the same spot,
staring at me, and C.O.I Woody, another C.O. listed in the
complaint, was looking at me too.  I asked other offenders if
my cellmate had been sent to administrative segregation, or
ad-seg, because he had not returned, and C.O.III Jordan was
in the wing with Woody, without having announced they were
entering.  I was returning to my cell when Jordan and Woody
stopped me and pat searched me **ONLY** out of everyone in the wing
(reviewand save camera footage from 7-A, on 3-5-2017, between
6:30pm to 6:50pm).

Antonio Webb #1175777
March 7, 2017

ATTACHMENT #7.

Continued from page 1 of 2

Both C.O.III Jordan and C.O.I Woody are listed in my original
complaint mentioned prior, as perpetrating acts grieved of in
said complaint. I immediately called the PREA hotline (reference
phone records of Antonio Webb #1175777, on 3-5-2017, between
6:40pm to 6:55pm), and reported Jordan and Woody's actions as
retaliatory, for filing the sexual harassment complaint.

B8

C.O.III Jordan and C.O.I Woody's malicious actions violated:

D1-8.13, § III.D.8., "a. The PREA site coordinator shall
ensure all victims and reporters and those that cooperate with
offender sexual abuse and harassment investigations or inquiries
are monitored and protected from retaliation."

D2-11.4, § IV.A., "GENERAL: Any form of verbal or nonverbal
discrimination, harassment or retaliation by staff members is
prohibited."

D2-11.4, § IV.A.2.f., "any conduct which creates an
intimidating, hostile, or offensive working environment..."

D2-11.10, § III.A.1-14.

D5-3.2, § III.D.1., "No reprisals shall be taken against
any offender for use of, or participation in, the offender
grievance procedure."

In addition, Jordan and Woody's actions violated my United States
Constitutional rights of:
1) The Eighth Amendment, "to be free from cruel and unusual
punishment," by their malicious harassment and intimidating
actions against me; and
2) The Fourteenth Amendment, "due process of the law,"
by engaging in said malicious harassing and intimidating actions
for exercising my right to file a complaint within the Department
and with other government agencies.

Jordan and Woody need to be reprimanded with suspension and/or
termination, in accordance with D2-9.1, and D2-9.2.

Thank you for your assistance in this matter.

Sincerely,
Antonio Webb

cc: MO. Dept. of Corr. Grievance; Department of Public Safety;
ACLU; and file alw

encl: letter to Department of Justice, dated February 28, 2017



**STATE OF MISSOURI**
**DEPARTMENT OF CORRECTIONS**
**OFFENDER GRIEVANCE**

B9

| GRIEVANCE NUMBER | IRR NUMBER | DATE FILED |
|---|---|---|
| WMCC17-488 | WMCC17-488 | APR 25 2017 |

INSTITUTION USE ONLY

Cat 4: Harassment

| OFFENDER LAST NAME | FIRST | DOC NUMBER | HOUSING UNIT | UNIT | INSTITUTION |
|---|---|---|---|---|---|
| Webb | Antonio | 1175777 | 7A106B | | WMCC |

**OFFENDER GRIEVANCE/REQUEST**

Original complaint NOT properly addressed. I fully incorporate my original complaint into this "offender Grievance," and make rebuttal to IRR response. My original PREA complaint was purposely improperly investigated by C.O. III Jordan who then facilitated and participated in retaliation of me for filing said complaint, which by law is now "conspiracy," to deny me due process and equal protection, as well as participate in perpetrating cruel and unusual punishment against me. In addition, the acting deputy warden that signed the "Reviewer signature," of my IRR on 4-18-2017, maliciously denied me due process by marking the box for "satisfactory" in Results. That was for ME the offender filing the complaint to mark, NOT staff! This acting deputy warden has now acted in consort with offending staff to violate my due process and equal protection of the law, and has "conspired," with offending staff to perpetrate these actions against me. (see complaint IRR WMCC-17-322 WMCC-17-488)

| OFFENDER SIGNATURE | DATE |
|---|---|
| Antonio Webb | 4-20-17 |

**"SUPERINTENDENT RESPONSE"**

RECEIVED
APR 24 2017
BY:

**Grievance response is attached.**

| SUPERINTENDENT/SECTION HEAD | DATE |
|---|---|
| Kanema | 5/18/17 |

You have the right to appeal this decision to a division director. You must file an appeal form with the grievance officer within seven (7) days from the day you receive this decision. Failure to submit an appeal within this time frame constitutes abandonment of the grievance.

☐ I ACCEPT THIS DECISION          ☐ I APPEAL THIS DECISION

| OFFENDER SIGNATURE | DATE |
|---|---|
| | |

(50)

MO 931-3377 (12-04)

## ISSUE
WMCC staff are denying me procedural due process based on discrimination, harassment, and retaliation.

## PROBLEM
On 3-27-2017, I was erroneously and maliciously, found guilty, by caseworker L. Maddox, of a 21.1, "Insulting Behavior," issued in retaliaton by C.O.I David Gilgour, on 3-2?-2017.

Maddox documented that I had, "4th cdv in 6 months," and used this false information to wrongfully justify a sanction of 10 days living area restriction. This same day, after the above, I was being seen by Grievance Officer B. lindsey to obtain an "Alleged reprisal Grievance." I showed the error of the "4th cdv in 6 months," to Lindsey.  Lindsey quickly investigated and found this to be **FALSE**, I had only two cdv's in the past six months, and the last one, before those two, was in December 2015!

Lindsey informed 7-House Fum, Andrew Webb, and told me FUM Webb assured her he would remedy the error.  This was not the case.  FUM Webb refused to see me about this, or any matter.

By conducting a less than sub-par investigation, Maddox, FUM Webb, the executive staff that approved Maddox and FUM Webb's findings, and the acting PREA site coordinator, acted in consort with the officer who issued the retaliatory cdv, C.O.I Gilgour, and other staff listed in my Sexual Harassment complaints, to conspire to deprive PROCEDURAL DUE PROCESS, by exhibiting: UNETHICAL CONDUCT; DISCRIMINATION, HARASSMENT, AND RETALIATION, for the filing of said Sexual Harassment complaint, by "Acting Knowingly and Purposely," with "Malicious Intent," in the perpetration of the following:

1) Violating:  42 USCS §15601; D1-8.13, sections, III.D.8.; D2-11.4, sections, IV.A., IV.A.2.C., IV.A.2.f.;  D2-11.10, sections, III.A.7., and III.A.8., in that:
   Maddox and FUM Webb were fully aware that I had made several "Due Diligence Efforts," to report Gilgour for Sexual Harasment. Those attempts included filing complaint WMCC-17-322, which clearly states on page 1 of 2, in said complaint, "reference call made on offender Webb, Antonio #1175777, on 2-21-2017, between 2:50pm.aand 3:40pm. to 57-526-0513," where Gilgore is reported by me as Sexually Harassing me and threatening me, if I keep making a fuss about it, by him taking retaliatory actions of cdv's, and "trashing my cell." I had also been informally reporting Gilgour, and other staff listed in those complaints, to FUM Webb and Maddox, over the course of several months, complaining of Gilgour's visual molesting of myself and other offenders, when we are "naked," in our cells and the showers.  FUM Webb and Maddox advised me they would "talk to Gilgour, and handle the situation," and that no formal complaint would be necessary.

2) Violating:  IS19-1.3, sections, III.F.2., "Any staff member actively involved in conducting an investigation prior to the disciplinary hearing (questioning offenders, seeking, facts, writing incident reports, ect.) shall not sit as a disciplinary hearing officer for that conduct violation," III.F.3., "Any staff member who has first hand knowledge of the incident or who is directly involved in+ preparing the Conduct Violation Report shall not act as the disciplinary hearing officer for that conduct violation."

## CONTINUED

Both Maddox and FUM Webb, had spoken with me in the back office, on two separate days about the incident:

On 3-22-2017, the day after the incident, I went to the back office to request an "Alleged Reprisal Grievance," from Maddox and/or FUM Webb. FUM Webb asked me what it was for, and I told him that Gilgour had retaliated against me for the Sexual Harssment complaint I had filed against him a month prior. FUM Webb asked me how Gilgour had retaliated against me. I then explained to him and Maddox, the circumstances involving the incident. FUM Webb asked Maddox to get the violation. Maddox told FUM Webb that she could not find the cdv. FUM Webb told me to write a kite to Grievance Officer, B. Lindsey, to obtain the reprisal, and to let him and Maddox make some calls about the situation, and for me to come back the next day. On 3-23-2017, I returned to speak with Maddox and FUM Webb. FUM Webb stated that they had spoken with C.O.III Jordan, the officer that saw me about my PREA complaint, and to the acting PREA site coordinator, and FUM Webb stated, with Maddox once again being present, that I COULD NOT file a PREA retaliation, because my complaint was NOT filed as a PREA complaint. FUM Webb and Maddox then went on to state that I COULD NOT file a reprisal grievance, because I had not listed Gilgour in the WMCC-17-322, complaint, although it was referenced (see "1)," of this document). For these reasons, Maddox and FUM Webb, were not supposed to "sit as disciplinary hearing officers for that conduct violation."

3)  Violating: D2-11.4, sections, IV.A., IV.A.2.e, and IV.A.2.f.; D2-11.10, sections, III.A.2., III.A.3., III.A.5., III.A.8., III.A.9., III.A.10, and III.A.11., in that:
    As stated prior in this complaint, Maddox falsely documented that I had "4th cdv in 6 months," when I actually only have 2 cdv's in 6 months, and used this false information to erroneously sanction me to 10 days living area restriction. By perpetrating these actions, Maddox and FUM Webb are:
    a.  Admittedly acting in consort with Gilgour and ALL other staff named in my: Phone complaints, written complaints and letters, with the intent to harass, intimidate, and most of all RETALIATE against me for the filing of my sexual harassment complaints listed above; and
    b.  Openly exhibiting Negrophobic, and other bigoted dogmas against me, in that even IF, I were actually guilty of said cdv, I am being racially discriminated against because other offenders that are "European Americans," that actually had four or more cdv's in 6 months received lessor sanctions than I did, case in point, offender D. Burton. Burton is in my wing, and has had four cdv's in 6 months. One of his cdv's we received together, in November of 2016. Since that date, Burton has had THREE more cdv's, I ONLY received ONE! This is blattantly Racially motivated display of "Disparity in Treatment, because I am an "African American," offender.

Maddox and FUM Webb, and other staff listed, known and unknown, acted "Under color of State law, to deprive me of rights guaranteed to me by the

United States Constitution, of:
1. Eighth Amendment, "To be free from cruel and unusual punishment," and
2. Fourteenth Amendment, "Due process and equal protection of the law."

### REMEDIES

1) To have the erroneous violation dismissed and esponged from my record; and
2) NO further RETALIATION, HARASSMENT, AND DISCRIMINATION, by **ANY** WMCC staff for the filing of this complaint, or the Sexual Harassment complaints listed above; and
3) For Maddox and FUM WEBB, and all other perpetrators involved in thisffarce cdv process, to be reprimanded in accordance with D2-9.1, D2-9.2, and D1-8.13; and
4) I am requesting monetary damages when I bring this complaint forth in Federal Court Under §1983.

### ADDITIONAL INFORMATION!

In addition to Page 1 of 3, section "1," and "2," FUM Webb and Maddox told me they did NOT have access to my phone records to confirm Gilsour was actually named in my 2-21-2017, phone complaint. This was a malicious LIE! FUM Webb and the WMCC investigator threatened inmate MUSE of 7-House for calling his cellmate's family to inform them he was in the hospital. WMCC staff use the phone records to do petty things like that, but refuse to use them to prove that Sexual Harassment claims were made. This is a "Disparity In Treatment" and a safety and security issue. It also proves improper investigation, and denyies me evidence used not only to prove my innocence, but to aid in my sexual harassment complaint.

## STATEMENT

Original complaint was NOT properly addressed. I fully incorporate my original Offender IRR WMCC-17-517, into this Offender Grievance WMCC-17-517, and supplement the following:

In the IRR response, it did NOT address the fact that on "page 1 of 3," in section "2)," Policy IS19-1.3, sections III.F.2., and III.F.3., state any staff members that are involved with, have first hand knowledge of, are actively involved in an investigation of prior to the disciplinary hearing, ect., SHALL NOT sit as a disciplinary hearing officer for that violation. As stated in the IRR, for two consecutive days after the retaliatory cdv, on 3-22-2017 and 3-23-2017, I spoke directly to both FUM, Andrew Webb, and COV, L. Maddox, about the events of the cdv, and both Webb and Maddox investigated the events I explained concerning the cdv. As stated, Maddox was the DHO for my cdv. Per IS19-1.3, this is a blatant violation of the disciplinary hearing process.

In addition, page "1 of 3," of my IRR, states in section "1)," I stated that Gilgour's actions were retaliatory and this was even reported by me a month prior to Gilgour issuing me the retaliatory cdv, in my 2-21-2017 PREA hotline complaint, that Gilgour threatened to issue me a malicious cdv in retaliation to reporting his deviant sexual harassment violations. FUM Webb stated my complaint was found "baseless," by C.O.III Jordan, and whoever the acting deputy warden/PREA site coordinator (unknown at this time), and was NOT processed as a Sexual Harassment complaint. This is in contradiction to the response provided in "Grievance," WMCC-17-488, Warden, Sherie Korneman, stated my PREA phone complaint on 2-21-2017, was filed in accordance with D1-8.13. If Warden Korneman's response is true, then Gilgour's actions were supposed to be reported as "retaliation," in accordance with D1-8.13. Furthermore, I had my Aunt, Percetta Williams, contact Assistant Warden, Makk Parkhurst, about the retaliatory cdv issued by Gilgour, and Parkhurst gave her false information that my complaint was not filed as a sexual harassment, and that Gilgour's actions not considered retaliation, and that he believed the word of his officer.

WMCC staff named in this complaint, and staff not known by me, all acted under color of state law to deprive me of rights guaranteed to me by the United States Constitution:

1) Fourteenth Amendment: "Right to due process and equal protection of the law!" WMCC staff have maliciously disregarded procedures set forth in IS19-1.3, by Maddox Webb discussing with me, for two days, the particulars of the cdv incident, and conducting an investigations prior to the disciplinary hearing. Furthermore, had my sexual harassment, filed a month prior, naming Gilgour, and reporting Gilgour stating he was going to issue me a retaliatory cdv, been processed in accordance with D1-8.13, as falsely stated by Warden Korneman in Grievance WMCC-17-488, this cdv was supposed to have been dismissed and expunged. Due to the procedures NOT being properly adhered to, led to a violation of my right of;

2) First Amendment: "The right to petition the government for redress of grievances." As stated in my written statement to the cdv, Gilgour issued this cdv in retaliation to my filing a sexual harassment complaint on him, via phone, on 2-21-2017. Haynes v Stephenson, 588 F.3d 1152, which states, "The filing of a grievance, like the filing of an inmate lawsuit, is a protected First Amendment activity." D1-8.13, section III.D.8., outlines the mandatory procedure for "Protection Against Retaliation." By refusing to follow this mandatory procedure, WMCC staff listed, and unknown, violated the following Federal Missouri laws: 42 USCS §15601, 42 USCS §15602, 42 USCS §15603, and RSMo's 217.025, 217.035, 217.040, 217.175, 217.405, and 217.410

ALL REMEDIES REQUESTED AT EVERY STAGE OF THIS COMPLAINT REMAIN UNCHANGED.



Antonio Webb #1175777

D2

WMCC staff are maliciously creating a breach of "safety and security," by wantonly placing my health and safety at risk.

Since my commitment to the Missouri D.O.C., I have developed ailements of breathing complications, caused by involuntary long-term exposure to second-hand smoke, and poor, unclean ventilation systems (see complaint WMCC-16-214).

In 2016, I was diagnosed with "sleep apnea," after complaining to medical staff for years, of breathing complications. I was ordered a sleep study by medical staff and issued a "CPAP," breathing machine, and a "Nonsmoking <span>(un)</span> Roommate," lay-in. In addition to sleep apnea, I also developed sinus ailements that cause breathing complications through my nose, and makes breathing in general extremely difficult, and causes throat infections and swelling from having to breath through my mouth, especially while sleeping.

I did NOT have any of these ailements, or a family history thereof, before my commitment to Missouri D.O.C., and was forced into cell assignments with offenders that smoked. Because of D.O.C.'s rigid inflexibility on allowing offenders that smoke adequate smoke breaks, as they afford staff, in combonation with their inability to properly monitor and supervise offenders' having smoking paraphernalia, over 95% of my cellmates that smoked did so in the cell. It is NOT my job to monitor, supervise or police to another offender their actions. In fact the offender rulebook and other D.O.C. documents state to "Mind your business!!!" This is classifications staffs' job, NOT mine! In addition, every four cells are directly linked to the same ventilation system. That means I am breathing the same air from the cell to the left or right of me, and the two cells above me. If those cells contain smokers, which they mostly do, I am

Attachment WMCC 17-6665

SCANNED at WMCC and E-mail
4/30/18 by ___ 61 - ___ pages D3     Page 2 of 4
date     initials   No.

being exposed their second-hand smoke as well,

On 4-10-17, I was seen in the "Chronic Care Clinic," or C.C.C., at WMCC's medical, to have my "Lay-ins/Medical/Duty Restrictions," or lay-ins, renewed. Dr. Richards, stated medical could no longer renew my lay-ins for "Nonsmoking Roommate," because, "D.O.C. doesn't allow medical to do this anymore, because 'technically,' all facilities are supposed to be 'nonsmoking,' inside and classification staff and custody are supposed to take care of that for you."

The state of Missouri and Federal government passed legislation that prohibited smoking inside all state and government buildings and facilities (RSMo. 191.767). When this was done, Departmental policy IS 5-3.1, "Inmate Housing Assignments," recinded the sections on housing for nonsmoking offenders. This policy used to make provisions for nonsmoking offenders to be housed and celled with other nonsmoking offenders, and NOT with offenders that smoked. Because of this, D.O.C. enacted an arbitrary policy, that on it's face, seems lawful, but acts unconstitutionally, in that it makes no provisions for the health and safety of nonsmokers, to be placed with nonsmoking cellmates and housing. This puts nonsmoking offenders in an impasse of predicaments where no solution is just, or a "Double Bind," 1) IF offenders "tell," staff that their cellmate smokes in the cell, this puts the "telling," offender's safety at risk, because that offender is now labled a "snitch," or "rat." This places the offender in a situation where they have physical altercations with their cellmate and other members of the offender population that have animosity against those offenders that "tell." These altercations include: fights; serious assaults by multiple offenders at once; stabbings; rapes; ect., that can cause serious physical injury, psychological traumatism and disorders, and death. 2) In the first alternative to "telling," staff, is the nonsmoking offender is placed in a predicament to have a physical altercation with

their cellmate that smokes, resulting in serious physical injury or death.

3) In the second alternative to "telling," is that the nonsmoking offenders takes no action to avoid conflict with his cellmate, other offenders, and staff. In this scenario, the nonsmoking offender suffers health ailments from long-term exposure to second-hand smoke, which is exactly what has happened to me.

WMCC and D.O.C. staff clearly can NOT properly supervise and administrate this situation, which is why they are placing offenders in harmful positions to do staffs' jobs for them by overseeing and policing other offenders actions, and in the process placing myself and other offenders' health and safety, even lives in jeopardy, or in the alternative suffering serious health complication caused by second-hand smoke. WMCC and D.O.C. staff are FULLY aware of all of these "Double Bind," predicaments and all of the detrimental consequense that ensue.

By maliciously perperating the above actions, acting under color of state law, WMCC staff, as well as every other facilities staff that I was assigned to in D.O.C.; and Missouri D.O.C. policy makers, have knowingly and purposely, with malicious intent, deprived me of rights guaranteed to me by the United States Constitution of:

1) Eighth Amendment, "... nor cruel and unusual punishment inflicted. By no longer providing nonsmoking cell and housing assignment; by no longer allowing medical to issue "Nonsmoking Roommate," lay-ins; by forcing offenders into harmful predicaments knowingly and purposely with no regard for the offender's personal health and safety; Missouri D.O.C. administration, WMCC and ever other facilities administrative and classification staff have wantonly perpetrated "Deliberate Indiffera

to the safety and health of myself and other offenders, by enacting and enforcing the aforementioned arbitrary and harmful actions governed by policies that though constitutional on it's face is unconstitutional as applied due to the discriminatory effect and harm to nonsmokers.

    2) <u>Fourteenth Amendment</u>, "... nor shall any state deprive any person of life, liberty, or property without due process of law, nor deny any person within it's jurisdiction the equal protection of the laws." All staff listed in this complaint (named in general, to be named individually as names become known), by enacting and enforcing this arbitrary change in policy, have denied myself and other nonsmoking offenders "equal protection of the laws," by abolishing the only "safe," method of being housed and celled with nonsmoking offenders.

I am requesting the following:
    1) For the nonsmoking cells and housing to be reinstated;
    2) For classification staff to instate smoking/nonsmoking into the classification of cell assignments;
    3) For D.O.C. to allow medical staff to issue the "Nonsmoking Roomate," Lay-ins again;
    4) For <u>NO</u> retaliation by any Missouri D.O.C., or WMCC staff for filing this complaint;
    5) For the ban of smoking for offenders and staff to ensure the safety of offenders, and for staff to <u>CEASE</u> placing offenders' in the harmful predicaments of doing staffs' job;
    6) Monetar damages when this complaint is filed by me in civil court.

WMCC staff continue to Sexually Harass me in Violation of PREA 42 USCS § 15601, D1-8.9, D2-11.4, and D2-11.10.

On 4-17-2017, while I was in my cell, "naked," using the restroom, C.O. I Woody came to my cell door and looked in longer than it took to conduct her routine job duties (reference and preserve camera recording of 7-House, A-Wing on 4-17-2017, during 8:59pm to 9:10pm, in a "Good Faith Effort," for legal purposes). When Woody did not move away from the door, I told her she was making me feel uncomfortable and intimidated. Woody laughed and said "Too bad," still glaring at me with a lasciviously mischievous expression, still during the time I was "naked." I then told Woody I wanted a "White shirt." Woody laughed replying, "Sure I'll get Jordan for you," refering to C.O. III Jordan who rufused to file my original Sexual Harassment report in accordance with D1-8.13, naming C.O. I Gilgour, C.O. I Woody, C.O. I Frey and C.O. II Krawl (reference: PREA phone complaint on 2-21-2017; complaint WMCC-17-322; WMCC-17-488). I told Woody to move away from the door, because engaging in "avoidable contact," with me while I am "naked," performing a "bodily function," is NOT part of her job. I pulled up my pants, opened the door. By this time, Woody was on her walkie-talkie and called for Gilgour to come.

Woody and Gilgour demanded that I go to my cell, off camera. I followed the directive, although I was NOT on restriction or cell confinement. Woody then gave a false account of the

events. Woody falsely reported that she was asking me about my gallon jug of medical water. I attempted to explain to Gilgour this was false, because my medical water was out of view. Gilgour demanded for me to, "Shut up, and show me your trash can," refering to my black plastic waste-container, which had NOTHING to do with the medical water. After Gilgour inspected the contents of my waste-container, Woody told him that she was NOT talking about the waste-container, that she was talking about the medical water. Gilgour demanded I get the medical water, used for my CPAP breathing machine. I bent down reached behind the side of the locker, under the bunk, and got the medical water, which proved Woody was giving false information, because NO ONE could even see the medical water where it was. BUT it is common knowledge that I have a CPAP machine, and the water for it, among staff, because I have had it since 2016, and use it often when I'm laying down, or short of breath. When I explained that to Gilgour, at that point Gilgour and Woody began harassing me about petty things in my cell, to purposely provoke me, and harass me. When it did not work, they tried to "lock me down," but gave no reason why (see camera recording mentioned prior). I informed them I was NOT on restriction, and had done NOTHING wrong, and in addition I needed to use the phone.

I attempted to call the PREA hotline number painted on the wall, and on the television information channel, 573-526-0513, but the line was NOT operable. I ended up calling the "Spanish PREA," hotline number to file my complaint, 573-526-0514

(reference and PERSERVE, phone recordings of my phone complaints, two calls to 573-526-0514, and three calls to 573-526-0513, for legal purposes in a "Good Faith Effort.")

WMCC staff are acting under color of State law to maliciously deprive me of rights guaranteed to me by the United States Constitution:

Eighth Amendment, "... nor cruel and unusual punishment inflicted." By abusing her authority to inflict "cruel and unusual punishment," in the the form of Sexual Harassment, in violation of D1-8.13, D2-11.4, D2-11.10, and 42 USCS §15601 PREA, C.O.1 Woody knowingly and purposely with malicious intent violated state and Federal laws, then gave a false report, to intentionally conceal her actions.

Fourteenth Amendment, "... nor shall any state deprive any person ... of due process, nor deny equal protection of the law," By committing the above actions, both C.O.1 Woody and C.O.1 Gilgour, denied me "equal protection of the law," by failing to adhere to state and Federal laws, and Departmental policies 42 USCS §15601 PREA, D2-11.10, D2-11.8.1, D1-8.13, In addition, by willfully disregarding the procedures set forth in these laws and policies, denied me "due process,"

I am requesting the following remedies:

1) For the immediate reassignment of C.O.I Woody and C.O.I Gilgour away from Housing Unit 7;

2) For Woody and Gilgour to be reprimanded in accordance with D1-8.13 and D2-9.1 and D2-9.2, with suspension without pay and termination of employment;

3) For ALL telephone recordings made on 4-17-2017 to the PREA hotline on my "P.I.N." be PRESERVED in a "Good Faith Effort," for legal purposes;

4) For ALL security camera recordings of Housing Unit 7, A-Wing on 4-17-2017 from 8:55pm to 9:10pm, to be PRESERVED in a "Good Faith Effort," for legal purposes;

5) No further retaliation, harassment, and discrimination for filing this complaint, or WMCC-17-322, and WMCC-17-488;

6) For this complaint to be filed in accordance with D1-8.13, PREA Sexual Harassment;

7) Monetary damages when this complaint is filed by me in a court of law

Y. 6/12/17                                                    E6

STATE OF MISSOURI
DEPARTMENT OF CORRECTIONS
**OFFENDER GRIEVANCE**

| GRIEVANCE NUMBER | IRR NUMBER | DATE FILED |
|---|---|---|
| WMCC 17 670 | WMCC 17-670 | JUN 15 2017 |

| INSTITUTION USE ONLY | | | | |
|---|---|---|---|---|
| | | Cat: 8  Other/Staff | | |

| OFFENDER LAST NAME | FIRST | DOC NUMBER | HOUSING UNIT | UNIT | INSTITUTION |
|---|---|---|---|---|---|
| Webb | Antonio | 1175777 | 7 | A | WMCC |

**OFFENDER GRIEVANCE/REQUEST**

Original complaint was NOT properly addressed or processed in accordance with DI-8.13, "Offender Sexual Abuse and Harassment." April 21, 2017 was when this grievance was originally filed. April 17, 2017 was when this was reported by phone. DI-8.13, section III. F. 9, "Protection Against Retaliation," states "b. Immediately following any reported incident of of Sexual Abuse or Harassment, monitoring for retaliation shall be conducted in the following manner: (i) The alleged victim and reporter of offender sexual abuse or harassment shall be monitored for a minimum of 90 days to assess any potential risk or act of retaliation." I have NOT received ANY "face-to-face" retaliation monitoring to date. This is a malicious denial of "due process and equal protection of the law." I FULLY INCORPORATE MY ORIGINAL COMPLAINT INTO THIS OFFENDER GRIEVANCE. ALL REMEDIES REMAIN UNCHANGED. (see original IRR WMCC-17-670 and see attached pages)

| OFFENDER SIGNATURE | DATE |
|---|---|
| Antonio Webb | 6-12-2017 |

**SUPERINTENDENT RESPONSE**

Grievance response is attached.

| SUPERINTENDENT/SECTION HEAD | DATE |
|---|---|
| | 7/24/17 |

You have the right to appeal this decision to a division director. You must file an appeal form with the grievance officer within seven (7) days from the day you receive this decision. Failure to submit an appeal within this time frame constitutes abandonment of the grievance.

☐ I ACCEPT THIS DECISION        ☐ I APPEAL THIS DECISION

| OFFENDER SIGNATURE | DATE |
|---|---|
| (64) | |

## STATEMENT OF FACTS

WMCC staff are denying me due process and equal protection of the law, by intimidation, retaliation, and veiled threats in the matter of the willful disregard and the concealing of sexual harassment by administrative staff.

On 4-27-2017, I received a pass to "R&O," to see the Deputy Warden, Lori Lakey and the H.U. 7 F.U.M., A. Webb. Lakey introduced herself in the capacity of the "PREA Site Coordinator." Protocol for interviewing someone acting on behalf of an official PREA representative are supposed to record the conversation. There was no recording that I was legally made aware of. After her introduction, Lakey informed me that I would NOT be meeting with a PREA investigator, because she did not regard my complaints as sexual harassment. Throughout the entire meeting, Lakey was extremely patronizing and biased, in favor of the offending staff that I reported for sexual harassment: C.O.I Gilgour, C.O.I Woody, C.O.I Frey, and C.O.III Jordan. Lakey made excuses for staff's unlawful and inappropriate actions. During the course of the meeting, Lakey tried to intimidate me with veiled threats, and innuendos. When those did work, Lakey attempted to use subpar psychological manipulation, to try and convince me that I should not continue on with the complaints, because staff were not acting outside of their job duties, according to her. Lakey claimed to have viewed every video recording that I requested to be preserved in a, "Good Faith Effort," for legal purposes. She also claimed to have viewed the one I most recently reported by phone on the PREA hotline, where C.O.I Gilgour was visually molesting my cellmate, after he got out of the shower on 4-25-2017, between 8:40pm and 9:10pm (preserve recordings of H.U. 7, A-wing on this date and time, in a "Good Faith Effort," for legal purposes). Even though Lakey admitted that she did NOT see the incident with my cellmate on the date and time reported, FUM WEBB admitted to seeing it. Lakey then tried to condone and make justifications for the officers' unlawful actions.

Lakey also stated that she was not going to move C.O.I Woody and C.O.I Gilgour, and even made the false inference that in one of my incidents with Woody, that she viewed, I called Woody to the door to view me naked. Lakey also made the false statement, "You know when officers are making their rounds, so don't use the restroom when you are doing so, or urinate away from the window." First, officers DO NOT make announcements when they make rounds, ESPECIALLY female officers, so there is NO WAY for me to predict when they are in the living area. In addition, for Lakey to tell me to make special accommodations of using the restroom a certain way or performing a hygienic function, or in the alternative be issued a cdv, is grossly punitive and constitutes cruel and and unusual punishment, even though I am using the privacy barrier provided properly. Lakey further stated that Gilgour and Woddy's use of harassment and retaliatory methods, all on video recordings, to conceal their voyeuristic and sadistic actions, did not constitute sexual harassment.

For myself and other offenders to utilize the "PREA," and "Offender Grievance," complaint procedures, are a protected right of the First Amendment. I expect that Lakey will now use such tactics as: harassing cell searches, trite and/or trivial cdv's, denial of medical facilities that I have been using, using mental health to undermine my claims, negative documentation in my offender file, using custody and classification staff to erroneously deny me of due process, and manufacturing false evidence to justify placing     ad-seg, ect. "The filing of a grievance, like the filing of an inmate lawsuit, is protected First Amendment activity." Haynes v Stephenson, 588 F.3d 1152, 1155-1156.


WMCC staff acted under color of state law to deprive me of rights guaranteed to me by the United States Constitution, knowingly and purposely, with malicious intent, by violating the following:



To condone and conspire to make justification for the unlawful actions of staff to retaliate against me for utilizing complaint procedures outlined in D1-8.13, D5-3.2, for Sexual Harassment, and the Offender Grievance procedures, and to attempt to make me abandon my complaints with veiled threats and innuendos, violates my, <u>FIRST AMENDMENT</u>, right "Freedom to rights of assembly and petition." The actions above also place Lakey in violation of the <u>EIGHTH AMENDMENT</u>, right "to be free from cruel and unusual punishment," by fostering an environment where staff can sexually harass and abuse offenders with no consequences for their actions, and working in consort with those staff to conceal and falsely justify these unlawful acts. These same actions listed above, perpetrated by Lakey are also violations of my <u>FOURTEENTH AMENDMENT</u>, right of, "due process and equal protection of the law," by not conducting a proper, fair and impartial investigation, or punishing these offending staff. All of these actions place Lakey in violation of: 42 USCS §15601, 42 USCS §15602, 42 USCS §15603, RSMo's 217.025, 217.035, 217.040, 217.175, 217.405, 217.410; 217.040, "Missouri Human Rights Act; Departmental policies D1-8.13, D2-11.4, D2-11.10, and D2-9.1.

Lakey stated in the meeting that none of my claims were PREA. All complaints made by me were done so according to:

**D1-8.13**  III.A.1. "All department members, contractors, or volunteers shall not engage in abuse or sexual harassment of an offender..."

II.GG.8. "Voyeurism by a staff member which is an invasion of privacy of an offender, for reasons unrelated to the staff members' official duties, such as peering at an offender who is using the toilet in his cell to perform bodily functions, requiring an offender to expose his buttocks, genitals, or breasts, or taking images of all or part of an offender's naked body or of an offender performing bodily functions."

II.R.2. "Repeated verbal comments or gestures of a sexual nature to an offender, detainee, or resident by a staff member, contractor, or volunteer, including

demeaning references to gender, sexually suggestive or derogatory comments about body or clothing, or obscene language or gestures."

**D2-11.4**  IV.2.f. "any conduct which creates an intimidating, hostile, or offensive working envi. environment based on an individual's race, color, ancestry, national origin, gender ..."

**About Sexual Assault** information page placed on bulletin board by classification staff:
"**Sexual Harassment**– Any unwelcome sexual advance, request for sexual favors, other verbal or physical conduct of a sexual nature can be considered sexual harassment. Sexual harassment is meant to intimidate, humiliate and otherwise degrade the recipient. The recipient or the action is the one who defines whether the action(s) is harassment."

I have filed complaints on this matter through the Offender Grievance procedure, concerning the sexual harassment, and the retaliation that ensued:
WMCC-17-322, WMCC-17-488, WMCC-17-517, and WMCC-17-670, as well as sent letters to various government agencies (see attachments in the above listed complaints), and made phone complaints through the PREA hotline (see dates and times listed in the above complaints).

I am requesting the following remedies:
1. For my complaints to be investigated by an impartial party, and for Lakey to be removed from any further investigation of my complaints;
2. For NO RETALIATION by Lakey, or ANY other Missouri D.O.C. staff member, for me filing this complaint;
3. For Lakey to be reprimanded in accordance with D1-8.13, D2-11.4, and D2-9.1;
4. Monetary damages when this complaint is filed by me in a court of law as a civil suit.



April 27, 2017

Attachment ___3___

WMCC _17_ - _763_

F4

Department of Justice
950 Pennsylvania AVE. NW
Washington, D.C. 20530

Re: Sexual harassment by WMCC staff

Dear D.O.J.,

This is to inform you that WMCC staff continue to condone the actions of their staff to sexually harass and intimidate offenders with no consequences for these actions.

On 4-17-2017, between 8:45pm and 9:20pm, I was using the restroom, "naked," in mycell, 7A-106. C.O.I Woody came to my cell door, looked in the window while I was urinating, with my penis exposed. She stared into the window longer than it took to perform her normal job functions. When I told her to move, because she was making me feel uncomfortable, she stayed at the window talking to me, looking at my penis (see complaint WMCC-17-670, all of this was on camera. I tried to report this on the PREA hotline, but it was unoperable).

On 4-25-2017, between 8:20pm and 9:20pm, my cellmate, Delmer Thompson, had returned from the shower to our cell, 7A-106. My cellmate had nothing on but boxers, and a towel. I opened the door to let him in. As I was exiting the cell, to allow him privacy to continue his hygene and to get dressed, I noticed C.O.I Gilgour was at cell 7A-104. Gilgour noticed my cellmate, and immediately ceased his reprimand of the offenders in 10#, and went to my cell and looked in at my cellmate for an extended period of time, and even did a double take look. This is also on camera recordings (see footage of 7A, on 4-25-2017, between the times listed, and save the recordings, in a "Good Faith Effort," for legal purposes).

I have made several complaints by the PREA hotline, offender grievance, and letters, to your office and the Department of Public Safety, to report Gilgour and Woody's sexual harssment of offenders. There has been several other offenders, but like my cellmate, they have been intimidated by staff and fear retaliation if the report it.

I met with the Deputy Warden, Laura Lakey and my FUM, Andrew Webb, today, and Lakey tried to intimidate me from continuing with the process, and made veiled threats, and innuendos, for me to drop my complaints. She came in the capacity of the "PREA Site Coordinator," but the conversation was NOT recorded pre policy D1-8.13.

I am asking for your assistance in this matter.

Thank you.

Sincerely,

Antonio Webb

cc: Department of Public Safety; ACLU; NAACP; Offender Grievance; file alw



Antonio Webb #1176777

Grievance WXX-17-763

STATEMENT

Original complaints are not addressed or investigated. Over 30 days have passed since I received this grievance on 7/3/2017, and no response was provided. In no attempt to say otherwise, staff and inmate are in the custody by WXX staff. I have documents and all the staff, management, and this "grievance statement" was supposed to be addressed.

On 6/21/2017, [illegible] WXX staff [illegible] a policy of rules of this property, [illegible] afterward this grievance [illegible] law," [illegible] empowered [illegible].

In addition, my electronic was [illegible] and was [illegible] found out [illegible].

ALL remedies are still requested.



68

Antonio Webb #1175777
Attachment ___#1___
WMCC __17__ - __832__

Western Missouri
Correctional Center
609 E Pence Rd
Cameron MO 64429

G2

P.1of3

WMCC medical staff are displaying "Deliberate Indifference," to my breathing complications, causing a "safety and security issue."


Medical staff are refusing to treat properly, adequately test, truthfully document, or issue restricts for these breathing complications.

On 5-12-2017, I was seen by nurse Amadi for breathing complications. Amadi informed me that she was told by the Health care Administrator, Hollie Hild, not to renew my "Nonsmoking Roommate," lay-in. I am on a CPAP machine for sleep apnea, have allergies and breathing complications, that are exacerbated by exposure to second hand smoke, which medical staff are fully aware of.

On 4-10-2017, I was seen by Dr. Richards for the renewal of my "Nonsmoking Roommate," lay-in (see complaint WMCC-17-665).
Richards stated that Missouri DOC, did not allow medical to issue these lay-ins anymore, because "technically," all facilities are "Non smoking," inside.

Niether Amadi or Richards renewed the "Nonsmoking Roomate," or my nazel spray, and sinus and allergy medications. Nor did they evaluate me for a more effective nazel spray, because the saline spray is not very effective, especially after a medical emergency was declared on my behalf on 3-10-2017, by the H.U. 6 F.U.M. :

I learned through my visit to Amadi on 5-12-2017, that the nurse that "handled," my medical emergency, Kendal Neihuser,

on 3-10-2017, ommitted, and abbreviated her report and examination of me, to down-play and minimize the severity of my condition, for the purpose of saving DOC and Corizon money, and to lower my "medical score," so that medical staff does not have to properly diagnose and treat my symptoms and ailments. In addition, Neihuser told me that she was going to schedule me to see the doctor. This was also false! BOTH times for Richards and Amadi, were scheduled through the sick call nurses AFTER I submitted requests.

I have already filed a complaint on the "Nonsmoking Roommate," lay-in in the past, complaint number WMCC-16-214, because I was told by classification staff, Susan Fields and Denise Payden, in that complaint that this is a medical issue, and that MEDICAL would have to handle this issue and provide me a lay-in for this because DOC no longer makes provisions for nonsmoking housing assignments.

By not issuing me a "Nonsmoking Roommate," lay-in, medical staff are creating a "safety and security," breach, and intentionally endangering my health. As stated in my complaint WMCC-17-665, DOC no longer provide nonsmokers with SAFE options for nonsmoking cell assignments, and NO options for nonsmoking housing assignments. For medical staff not to provide remedies for those offenders with breathing ailments relief from cellmates that smoke, KNOWING the risk that are caused to my and other offenders' health, and for medical staff to wantonly disregard those risks



70

acting under color of state law, violates my United States Constitutional right "to be Free From cruel and unusual punishment." In addition, this also violates Departmental policies IS II's.

I am requesting:

1) The immediate renewal of my "Nonsmoking Roommate," restriction;

2) For further testing to be done on my respiratory, and allergies and sinuses;

3) To be issued a stronger nazel spray than saline, and medications for allergies and sinuses;

4) For Nurses Neihuser and Hild to be reprimanded for False documentation, and denial of medical treatment;

5) No retaliation by medical staff or any WMCC staff for filing this complaint;

6) Monetary damages when this complaint is filed by me in a court of law as a civil suit.

:onio Webb #1175777
,CC
609 E. Pence Rd.
Cameron, MO 64429

June 17, 2017

Attachment ___1___
WMCC _17_ - _1021_

H2

Department of Justice
950 Pennsylvania Ave. N.W.
Washington, D.C. 20530

Dear Dept. of Justice,

WMCC staff are maliciously denying to conduct MANDATORY "Retaliation Monitoring," or "RM,"
for me reporting PREA Sexual Harassment, in violation of D1-8.13, "Offender Sexual Abuse
and Harassment."

I have NOT received ANY of the MANDATORY "face-to face," "RM," for the three PREA Sexual
Harassment complaints, and the three incidents of retaliation, I have reported taken by
staff against me for reporting said complaints:
    (1)  WMCC-17-322, (2) WMCC-17-488, (3) WMCC-17-517, (4) WMCC-17-670, (5)
    (5)  WMCC-17-763.

In all of the aforementioned complaints, the WMCC Warden, Sheri Korneman, states that,
"I find that your allegations reported [respective dates here] were documented in
accordance with the coordinated response to offender sexual abuse," and variations of
this response. In contradiction to this, during the meeting I had with Lori Lakey, the
Deputy Warden/PREA site coordinator, on 4-27-2017 Lakey stated to me that my complaints
were NOT PREA, and would NOT be handled as Sexual Harassment, nor would I see the
investigator (see complaint WMCC-17-763).
Given the information above, then Korneman's responses are FALSE! To further prove this,
D-8.13, section III.F.9., "PROTECTION AGAINST RETALIATION," states:
    "(a)  The PREA site coordinator will ensure all victims and reporters and those that
         that cooperate with offender sexual abuse and harassment investigations or
         inquiries are monitored and protected from retaliation.

    (b)  Immediately following any reported incident of sexual abuse or harassment,
         monitoring for retaliation will be conducted in the following manner:
         (1)  The alleged victim and reporter of offender sexual abuse or harassment will
            be monitored for a minimum of 90 days to assess any potential risk or act
            of retaliation
           (A)  For offender victims and offender reporters, monitoring will include
              face-to-face status checks by staff members a minimum of every 30 days.
           (B)  The assessment-retaliation status check form will be used during each
              of the assessment interviews."

According to this policy, by now I was to have had the following "RM's," conducted:
    (1)  2-21-2017 Phone complaint (WMCC-17-322): (a) First "RM," on 3/23/2017;
         (b) Second "RM," on 4/22/2017; (c) Third "RM," on 5/22/2017.
    (2)  4/17/2017 Phone complaint (WMCC-17-670): (a) First "RM," on 5/17/2017;
         (b) Second "RM," on 6/16/2017.
    (3)  4/25/2017 Phone complaint (WMCC-17-763): (a) First "RM," on 5/25/2017.

To this date, I have NOT received ANY form of retaliation monitoring! These are NOT at
staff's discretion, or or optional if staff deem it so. I have NOT refused, waived, or

⊞⊇

denied to participate in ANY of these retaliation monitorings.

As stated prior in this complaint, I have reported several retaliation actions taken by reported staff for reporting sexual harassment:
  (1) WMCC-17-488, (2) WMCC-17-517, (3) WMCC-17-763.

Deputy Warden/PREA site coordinator, Lori Lakey; Warden, Sherie Korneman; all unknown "Acting PREA site coordinators," during the reporting of my complaints; and all staff involved in the handling of my sexual harassment reports have acted under color of state law to deny me of rights guaranteed to me by the United States Constitution:

FOURTEENTH AMENDMENT: By denying me Retaliation Monitoring for reporting sexual harassment, staff listed above have denied me "due process and equal protection of the laws," and have violated the following Federal and Missouri laws:
    42 USCS §15601, 42 USCS §15602, 42 USCS §15603, RSMo's 217.025, 217.035, 217.040, 217.175, 217.405, and 217.410, these actions place listed staff in violation of;

FIRST AMENDMENT: by denying me the right to be free from retaliation for "petitioning the government for redress of grievances," in reporting sexual harassment by means granted to me through the authority of the United States Federal Government. I have the right to report sexual harassment and be free from retaliation per the department's own policies, governed by the aforementioned Federal and State laws, D1-8.13 and D5-3.2. Furthermore, Haynes v Stepenson, 588 F.3d 1152, "The filing of grievances, like the filing of an inmate lawsuit, is a protected First Amendment activity." Martin-Erbb v Mo. Commission on Human Rights, 77 SW3D n.6, "A State agency must follow its own rules. When an agency adopts rules it binds itself to the rules." These actions place staff in violation of:

EIGHTH AMENDMENT: By NOT conducting Retaliation Monitoring for sexual harassment, staff listed allowed retaliation, and further acts of sexual harassment to continue, against me and other offenders. This "deliberate indifference," to my health and safety, and security constitutes "cruel and unusual punishment."

I am requesting:
    (1) The immediate termination of those listed in this complaint;
    (2) A thorough investigation into the denial of PREA due process;
    (3) For the policy to be followed in accordance with retaliation monitoring;
    (4) NO further retaliation by ANY WMCC or MODOC staff for the filing of this complaint;
    (5) Monetary damages when this complaint is filed by me in civil court.

I thank you for your assistance in this matter.

Sincerely,

*Antonio Webb*
Antonio Webb

cc: Dept. of Public Safety; ACLU; MODOC Offender Grievance; file alw

(73)

# RECEIVED

STATE OF MISSOURI
DEPARTMENT OF CORRECTIONS
**OFFENDER GRIEVANCE**

JUL 28 2017

BY: _____

GRIEVANCE NUMBER

WMCC 17 1021

IRR NUMBER

WMCC 17-1021

DATE FILED

AUG 4 2017

Cabi 4    Harassment

| INSTITUTION USE ONLY | | | | | | |
|---|---|---|---|---|---|---|
| OFFENDER LAST NAME | FIRST | | DOC NUMBER | HOUSING UNIT | UNIT | INSTITUTION |
| Webb | Antonio | | 1175777 | 7 | A106 | WMCC |

**OFFENDER GRIEVANCE/REQUEST**

Original complaint was not addressed or responded to in the mandated time

of 40 days per D5-3.2, time for response has been exceeded. I fully

incorporate my original complaint IRR WMCC-17-1021, into this Offender

Grievance (see attached page from IRR WMCC-17-1021). This further

demonstrates that WMCC staff are acting in concert to deny me due process

and equal protection of the laws, in addition to maliciously displaying

a "disparity in treatment," by not affording me the procedural due process

outlined in Departmental policies, State and Federal laws, and the U.S.

Supreme Court.

OFFENDER SIGNATURE

DATE 7-20-17

**SUPERINTENDENT RESPONSE**

## Grievance response is attached.

INMATE COPY

SUPERINTENDENT/SECTION HEAD

DATE 9/11/17

You have the right to appeal this decision to a division director. You must file an appeal form with the grievance officer within seven (7) days from the day you receive this decision. Failure to submit an appeal within this time frame constitutes abandonment of the grievance.

☐ I ACCEPT THIS DECISION          ☑ I APPEAL THIS DECISION

OFFENDER SIGNATURE

DATE 9/12/17

MO 931-3377 (12-04)

(74)

WMCC staff are violating Departmental policy, Federal and State laws, and U.S. Supreme Court rulings, by maliciously tampering with my legal mail.

On 6/23/17, between 3:50pm and 4:10pm, COI Gilgour was passing out mail, and handed me a returned letter I sent to, "Cynthia Totten, Attorney at Law," clearly marked "LEGAL MAIL." The letter was opened by an unknown staff member outside of my presence and processed as regular mail, in violation of IS13-1.1:

> III.E.5.   "Outgoing mail may be read or inspected if the CAO determines probable-cause exists to indicate a need to do so. The CAO will provide a written directive to the designated staff member to read or inspect the privileged mail in the presence of the offender. this written directive from the CAO must be placed in the offender's classification file in accordance with institutional services procedures regarding classification files."

> III.F.3.   "For security reasons, all incoming privileged mail from outside sources shall be opened and inspected in the presence of the offender as outlined in SOP."

I immediately informed Gilgour, who stated this was how the letter was received from the mailroom. I then went to the H.U. 7 office to inform the FUM, Andrew Webb, and CCM Schall(?), (reference camera recordings from H.U. 7's A-wing and A/B sallyport, on the above date and times, and SAVE RECORDINGS IN A "GOOD FAITH EFFORT," FOR LEGAL PURPOSES), and requested to know why policy was NOT being applied in handling my legal mail. Webb tried to minimize the situation by saying, "It was probably a mistake. There's no need for you trying to blow this out of proportion, there is no 'CONSPIRACY,' against you." I told Webb this was retaliation against me for filing sexual harassment complaints, and complaints for retaliation for reporting sexual harassment by staff:

WMCC-17-322, WMCC-17-488, WMCC-17-517, WMCC-17-670, WMCC-17-763, and WMCC-17-1025.

The opening of my legal mail outside of my presence with NO "probable cause," further substantiates:  retaliation by staff; staff acting in concert to conceal sexual harassment by staff; retaliation by staff for reporting sexual harassment; and staff violating my procedural due process in filing sexual harassment/retaliation for reporting sexual harassment. As stated prior, the letter was addressed to, "Cynthia Totten, Attorney at Law," who advertises as a sexual harassment attorney for incarcerated persons. The contents of the letter are about the aforementioned complaints!

WMCC staff are acting under color of state law to deprive me of rights guaranteed to me by the U.S. Constitution:

FOURTEENTH AMENDMENT:  WMCC staff are wantonly demonstrating, "disparity in treatment," against me by willfully failing to adhere to mail procedures outlined by Departmental policy, Federal and State law, and rulings by the U.S. Supreme court, in that my "privileged mail," to an attorney, clearly marked as "LEGAL MAIL," was opened by staff outside of my presence with NO "probable cause," violating my rights to "due process and equal protection of the law." Martin-Erbb v Mo. Commission on Human Rights, 77 SW3D, states, "A state agency must follow its own rules. When an agency adopts rules it binds itself to the rules."

FIRST AMENDMENT:  The above actions also violated my right, "to petition the government for redress of grievances," by maliciously interfering with my right to correspond privately with legal counsel in regards to redress of grievances of aforementioned complaints.

### REMEDIES

1. For the processing of my legal mail to be in accordance with IS13-1.1;
2. For the staff member that opened my mail to be identified, and reprimanded;
3. NO FURTHER RETALIATION FOR THE FILING OF THIS COMPLAINT BY WMCC STAFF!!!;
4. Monetary damages if this complaint is filed by me in civil court;
5. I reserve the right to "amend," or supplement this complaint as information comes available.

## ISSUE

WMCC staff are acting in concert to deny me due process and equal protection of
the laws, by holding an unlawful rehearing on a cdv issued out of retaliation.

## PROBLEM

On 7/17/17, per Grievance response WMCC-17-517, by Warden, Sherie Korneman and
CCM, Betty Lindsey, I was to have a rehearing on a cdv issued in retaliation t.
by COI David Gilgour on 3/22/17, for my filing a sexual harassment complaint w.
against Gilgour and other staff on 2/21/17, by phone and complaint WMCC-17-322
I had already been erroneously found guilty, and served the sanctions for this
cdv. CCM Whitney Edwards, the DHO for the rehearing, already had the sanctions
filled out on the disciplinary action report when I initially went to see her on
7/14/17, and had already determined I was guilty before the rehearing was held.
Even still, Edwards allowed me to call witnesses that I was denied, and tabled
the rehearing until 7/17/17. When I asked why the fact that Gilgour's actions
were NOT being considered retaliatory due to the fact that he issued the cdv one
month AFTER I had reported him for sexual harassment, and in that complaint I
clearly stated that Gilgour and COI Woody, stated to me that if I continued with
my complaints they would issue me retaliatory cdv's and cell searches. Edwards
stated "I was only instructed per the Warden to hold a rehearing and find you
guilty."

Warden, Sherie Korneman; Deputy Warden/PREA site coordinator, Lori Lakey; and
CCM, Betty Lindsey; and CCM, Whitney Edwards, all acted under color of State law
to deprive me of rights guaranteed to me by the United States Constitution.

    1. Violating my FOURTEENTH AMENDMENT right. By allowing Gilgour to issue
me a cdv AFTER I made an allegation of sexual harassment ONE MONTH PRIOR, wherein
Gilgour states he was going to issue cdv's if I reported (see WMCC-17-322, and the
PREA hotline calls I made on 2/21/17, and save the phone records for legal purposes),
and not taking precautions in D1-8.13, for reporting allegations of sexual harassment,
Lakey and Korneman acted in concert to not only conceal Gilgour's sexual harassment,
and allow it to continue, they also facilitated Gilgour's retaliation. Lindsey and
Edwards acted in concert with Lakey and Korneman by providing no remedy for the
retaliation and not dismissing and expunging the cdv in accordance with IS19-1.3,
due to retaliation for reporting PREA, in violation of D1-8.13. Korneman, Lindsey,
and Edwards denied me due process and equal protection by holding a mock hearing,
where the outcome was going to be the same in spite of evidence, witnesses, State and
Federal laws, and departmental policies. Allowing this cdv to stand also places all
staff named herein in violation of my FIRST AMENDMENT RIGHT, by acting in concert
to facilitate and conceal retaliation for "petitioning the government for redress of
grievances." Haynes v. Stephonson, 588 F3d 1152 "The filing of a grievance, like the
filing of an inmate lawsuit, is a protected First Amendment activity."

## REMEDIES

1. For this retaliatory cdv to be dismissed and expunged; 2. For Korneman, Lakey,
Lindsey, and Edwards to be reprimanded in accordance with D2-9.1, D2-9.2, D2-11.4,
and D1-8.13; 3. NO FURTHER RETALIATION BY ANY WMCC STAFF FOR THE FILING OF THIS OR
ANY COMPLAINT BY ME; 4. Monetary damages when this complaint is filed by me in a
court of law.



**STATE OF MISSOURI**
**DEPARTMENT OF CORRECTIONS**
**OFFENDER GRIEVANCE**

J3

RECEIVED

| GRIEVANCE NUMBER | IRR NUMBER | DATE FILED |
|---|---|---|
| WMCC 17-1277 | WMCC 17-1277 | SEP 6 2017 |

**INSTITUTION USE ONLY** Cat: 3 due process

W.M.C.C.

| OFFENDER LAST NAME | FIRST | DOC NUMBER | HOUSING UNIT | UNIT | INSTITUTION |
|---|---|---|---|---|---|
| Webb | Antonio | 1175777 | 7 | A106B | WMCC |

**OFFENDER GRIEVANCE/REQUEST**

Original complaint was incompetently investigated and policy was intentionally misapplied to mislead the facts of this complaint! THIS IS NOT A DUPLICATE! WMCC-17-517 was about the due process of the cdv and hearing held by staff that had FIRST hand knowledge of the cdv! This complaint is about the REHEARING and the staff that conducted the REHEARING! These are TWO SEPARATE ISSUES, per D5-3.2. Investigating, respondent, and reviewing staff either intentionally misrepresented the facts, or are inept, incompetent, and negligent in their job duties. I fully incorporate my IRR WMCC-17-1277 into this Grievance, and request a FAIR, OBJECTIVE, IMPARTIAL, AND THOROUGH INVESTIGATION.

| OFFENDER SIGNATURE | DATE |
|---|---|
| | 9/5/17 |

**SUPERINTENDENT RESPONSE**

Grievance response is attached.

INMATE COPY

| SUPERINTENDENT/SECTION HEAD | DATE |
|---|---|
| Laneman | 10/16/17 |

You have the right to appeal this decision to a division director. You must file an appeal form with the grievance officer within seven (7) days from the day you receive this decision. Failure to submit an appeal within this time frame constitutes abandonment of the grievance.

☐ I ACCEPT THIS DECISION    ☑ I APPEAL THIS DECISION

| OFFENDER SIGNATURE | DATE |
|---|---|
| | 10-19-17 |

(77)

MO 931-3377 (12-04)


## STATEMENT

A. Acts of retaliation against me "for use of, or participation in, the offender grievance procedure," in violation of Departmental policy, D5-3.2, "Offender Grievance," section (§), III.D., "REPRISALS FOR USING THE OFFENDER GRIEVANCE PROCEDURE," by denying me access to the courts, in the form of maliciously obstructing procedural guidelines governing D5-3.2, committed by Missouri Department of Corrections staff (MDOC staff), members:

WMCC Warden, Sherie Korneman; WMCC Grievance Officer/CCM, Betty Lindsey; WMCC Grievance Officer/CCM, J. Gentry; Deputy Division Director, Ryan Crews; WMCC Assistant Warden, Mark Parkhurst; WMCC FUM, Andrew Webb; WMCC FUM, Lori Parkey; WMCC FUM, Karen Stallings; WMCC CCM, L. Montemeyer; WMCC "unknown staff member," employee #130044; WMCC "unknown staff member," employee #57117.; "unknown MDOC staff member," initials are "jl."

B. I filed complaints WMCC-17-322, alleging sexual harassment against me by staff, and WMCC-17-488, reporting retaliation for filing sexual harassment. After filing both of these complaints, MDOC staff, named above, committed acts of retaliation against me by obstructing my right to "petition the government for redress of grievances," and hampering my participation in the D5-3.2 procedure, by:

1. purposely conducting biased and discriminatory investigations, to my disadvantage, in favor of staff grieved of, to deny me due process and equal protection of the laws;
2. intentionally miscategorizing complaints to arbitrarily decree misleading responses;
3. intentionally exceeding response time limits set forth in guidelines of D5-3.2, sections: III.K.7.e., III.L.9.e., III.N.4.a., and III.N.5.a., and when I request to proceed to the next stage of the process, per sections: III.K.10, III.L.18.SOP, III.N.6.d., of D5-3.2, MDOC staff deny me the right to proceed to the next stage, and instead continue to provide responses based on prejudiced investigations;
4. intentionally misconstrue Departmental policies that govern issues grieved of in those complaints, and arbitrarily committing discrimination against me by refusing to abide by and apply procedures set forth in guidelines of those Departmental policies that beneficially effect me.

C. To support my claims, the complaints listed below have all been processed with prejudice, bias, and discrimination, as stated prior, and are ONLY used as evidence to support my claims in this complaint! **\*\*\* I AM NOT FILING THIS COMPLAINT TO FILE "DUPLICATE OR EXPANDED COMPLAINTS!"** DO NOT MISCHARACTERIZE THIS INVESTIGATION OR RESPONSE TO INTENTIONALLY AND FALSELY MISLEAD THE FOCUS OF THIS COMPLAINT!!!**\*\*\*** The following are complaints that were arbitrarily processed in retaliation for the filing of WMCC-17-322, and WMCC-17-488, including WMCC-17-322 and WMCC-17-488:

1. **IRR WMCC-17-322:** Issue actually grieved was **SEXUAL HARASSMENT**, "Received," on 3/1/17 by HU7 classification staff. Investigator, CCM Montemeyer; Respondent, FUM Webb; Reviewer, Asst. Warden Parkhurst. A biased and discriminatory investigation was prejudicially conducted. Material evidence requested was NOT reviewed. **Response Time Exceeded** on 3/31/17, per D5-3.2, § III.N.4.a., stating that PREA complaints are to be responded to within 30 calendar days of receipt ("Received"). HU7 staff intentionally **MISCATEGORIZED** this complaint to deny me procedural due process of sexual harassment filed against staff, to purposely conceal offending staffs' crimes. On 4/5/17, the 35th day without respone, I requested to proceed per D5-3.2, § III.N.6.d., and was denied. Instead of allowing me to proceed, a superficial and erroneous response was rushed and provided that was out of time.

STATEMENT

2. **GRIEVANCE-17-322:** Issue actually grieved as **SEXUAL HARASSMENT**, was intentionally **MISCATEGORIZED** as "Other." "ReceiveD," on 4/14/17 by HU7 staff, and "RecieveD," by grievance on 4/15/17. Investigator/Respondent, CCM Lindsey; Reviewer/Respondent, Warden Korneman. A biased and discriminatory investigation was prejudicially conducted. Material evidence was purposely not reviewed. **Response Time Exceeded** on 5/15/17, per D5-3.2, § III.N.4.a., stating that PREA complaints are to be responded to within 30 calendar days of receipt. Per SOPD5-3.2, § III.N.6.d./ III.L.18.**\***SOP, I sent written communication to the Grievance Office requesting to proceed to the next stage several times starting on 5/17/17. Instead of being allowed to proceed, I was provided with a poorly investigated, biased, and discriminatory response that exceeded the response time limit on the 49th day.

3. **APPEAL WMCC-17-322:** Issue actually grieved was **SEXUAL HARASSMENT.** Reviewer/ Respondent, DDD Crews; Investigator/Respondent, "unknown MDOC staff member," whose initials are listed on the appeal as "jl." A discriminatory and biased investigation was prejudicially conducted. Material evidence requested was NOT reviewed. A superficial investigation resulting in an erroneous response favored to staff, and affirming the insufficiently investigated grievance response was provided.

4. **IRR WMCC-17-488:** Issue actually grieved was **RETALIATION FOR REPORTING SEXUAL HARASSMENT.** Investigator, CCM Montemeyer; Respondent, FUM Webb; Reviewer, "unknown MDOC staff member," employee #57117. Staff listed intentionally **MISCATEGORIZED** this complaint as a "sexual harassment," complaint to purposely conduct a false investigation that they knew would not be classified as PREA, to intentionally mislead facts in favor of staff grieved of. I was also denied the right to file this complaint as a "Reprisal Grievance," per D5-3.2, § III.D.1-b., by FUM Webb and CCM Lindsey. Webb, Lindsey, and Deputy Warden/PREA site coordinator, Lori Lakey, also denied me to file this as a PREA retaliation, in violation of D1-8.13, § III.F.9. #57117 purposely marked the satisfactory box to stop my process.

5. **GRIEVANCE WMCC-17-488:** Issue actually grieved was **RETALIATION FOR REPORTING SEXUAL HARASSMENT**, was intentionally MISCATEGORIZED as a PREA complaint to maliciously mislead investigation so that an erroneous and biased response is produced. Reviewed/Respondent, Warden Korneman; Investigator/Respondent, CCM Lindsey. In addition, material evidence documented by me in this referenced complaint was intentionally not taken in account to prejudice the investigation and response.

6. **APPEAL WMCC-17-488:** Issue actually grieved was **RETALIATION FOR REPORTING SEXUAL HARASSMENT**, was intentionally MISCATEGORIZED as a PREA complaint maliciously and purposely mislead and misrepresent the facts and material evidence. Reviewer/ Respondent, DDD Crews; Investigator/Respondent, "unknown MDOC staff member," whose initials are "jl." Material evidence documented by me in this refrenced complaint was intentionally not taken into account to prejudice the investigation.

D. Because of the filing of these two complaints, the following complaints were processed maliciously in retaliation to deny me due process of Federal and Missouri statutes, Departmental policies, and most important United States Constitutional rights guaranteed to me:

1. **IRR/GRIEVANCE/APPEAL WMCC-17-323:** Issue grieved was **DENIAL OF ACCESS TO THE COURTS**




<u>STATEMENT</u>

by obstructing access to the law library to the detriment of offenders that have work and education assignments during the time that the law library is opened.
**IRR stage:** Reviewer, Asst. Warden Parkhurst; Investigator, CCM Montemeyer; Reviewer, FUM Webb. **GRIEVANCE stage:** Reviewer/Respondent, S. Korneman; Investigator/Respondent, CCM Lindsey. **APPEAL stage:** Reviewer/Respondent, DDD Crews; Investigator/Respondent, "unknown DDOC staff member," whose initials are "jl." All stages of this complaint were insufficiently investigated, and all pertinent documentation and material evidence I stated be reviewed, was intentionally neglected to be investigated. At the GRIEVANCE stage, BU "Recieved," the grievance on 4/13/17, it was "Received," by the grievance office on 4/14/17. RESPONSE TIME LIMIT WAS EXCEEDED on 5/24/17. On 5/26/17, I sent the first of three(3) requests to proceed to the next stage, per SOP D5-3.2, § III.N.18.***SOP. In violation of D5-3.2, I was denied to proceed and an erroneous response was generated on 6/7/17 that was biased and insufficiently investigated.

<u>IRR/GRIEVANCE/APPEAL WMCC-17-517:</u> Issue grieved was DENIAL OF DUE PROCESS. After I've issued a cdv in retaliation by the staff member that I reported sexual harassment to as complaint WMCC-17-322. **IRR stage:** Investigator, CCM Montemeyer; Respondent, FUM Webb; Reviewer, Asst. Warden Parkhurst. **GRIEVANCE stage:** Respondent/Reviewer, Warden Korneman; Investigator/Respondent, CCM Gentry. At all stages I was denied due due process and equal protection of the laws, by arbitrarily misapplying Departmental policies IS19-1.3, D1-8.13, and D5-3.2. RESPONSE TIME EXCEEDED on 7/4/17, for the grievance response. The grievance was "RecievD," by grievance office on 5/26/17. I submitted a request to proceed to the grievance office in writting, per D5-3.2, § III.N.18.***SOP. Instead of allowing me to proceed, CCM Lindsey stopped me on my way to work and informed me that she was not going to allow me to proceed, and instead was going to provide me with a response the following day. The response was not only out of time, generated in violation of me requesting to proceed, it was also ERRONEOUS! The response stated that this was a duplicate complaint of WMCC-17-322, which reported sexual harassment! THIS complaint was about the due process of the cdv received from the CO that was reported in WMCC-17-322. This response was intentionally mischaracterized to purposely mislead the material evidence and facts presented to maliciously obstruct the investigation process and conceal the wrongful actions committed by staff.

3. <u>IRR/GRIEVANCE WMCC-17-655:</u> Issue grieved was about DISCRIMINATION OF NONSMOKERS BEING A SAFETY AND SECURITY RISK, staff were forcing offenders to either do staffs' job for staff, or be placed in dangerous situations with smokers. **IRR stage:** Investigator, CCM Montemeyer; Respondent, FUM Webb; Reviewer, Asst. Warden Parkhurst. Complaint was "ReceiveD," by HU7 staff on 4/19/17. **IRR RESPONSE TIME EXCEEDED** on 4/29/17. On 5/31/17, I requested to proceed to the next stage of the process. I was denied to proceed, and was provided with a biased, insufficiently investigated response that intentionally refused to investigate the allegations seriously, or review documentation, Departmental policies, Federal and Missouri statutes, and United States Supreme Court rulings. **GRIEVANCE stage:** Respondent/Reviewer, Warden Korneman; Investigator/Respondent, CCM Lindsey. Grievance was "ReceiveD," by grievance office on 6/8/17. Response was purposely mischaracterized and investigated with bias to misrepresent the facts and mislead the investigation.

4. <u>IRR/GRIEVANCE WMCC-17-670:</u> Issue grieved was SEXUAL HARASSMENT BY STAFF, HU7 staff intentionally MISCATEGORIZED this complaint as "other," and did NOT process this complaint in accordance with D1-8.13. **IRR stage:** Investigator, CCM Montemeyer; Respondent, FUM Webb; Reviewer, "unknown," employee #130044 (see IRR WMCC-17-670). In addition to intentionally miscategorizing this complaint, staff listed aslo





STATEMENT

refused to review material evidence requested by me to substantiate my claims. Listed staff also misapplied policies intentionally to mislead investigation, in a biased and prejudicial manner to deny me due process, and conceal staff on offender sexual abuse and harassment. GRIEVANCE stage: Reviewer/Respondent, Warden Korneman; Investigator/Respondent, CCM Lindsey. GRIEVANCE RESPONSE TIME EXCEEDED on 7/15/17. Grievance "ReceiveD," on 6/15/17. On 7/19/17, per D5-3.2, § III.N.4.a., I requested to proceed to the next stage in the process. I was denied by CCM Lindsey, who instead generated an erroneous, biased report that was prejudicially and insufficientl investigated to intentionally mislead facts presented and omit material evidence to obstruct due process in the investigation and conceal sexual harassment by staff. IRR was "ReceiveD," by HU7 Staff listed above, on 4/21/17. IRR RESPONSE TIME EXCEEDED on 5/21/17. On 5/22/17, per D5-3.2, § III.N.4.a., I requested to proceed. I was denied to proceed by HU7 staff, and was instead provided with a MISCATEGORIZED response that was intentionally investigated superficially, with bias against me.

5. **IRR/GRIEVANCE WMCC-17-763:** Issue actually grieved HARASSMENT/DISCRIMINATION/ RETALIATION, by Deputy Warden/PREA Cite Coordinator, Lori Lakey, for reporting sexual harassment. IRR stage: Reviewer, n/g; Respondent, n/g; Interviewer, n/g. IRR "ReceiveD," by HU7 staff on 5/3/17. IRR RESPONSE TIME LIMIT EXCEEDED on 6/12/17. Per D5-3.2, § III.K.10, I requested to proceed on 6/16/17. I was not allowed to proceed until 6/21/17, for staff to conceal the threats, harassment, retaliation, and other unlawful acts by Lakey against me. GRIEVANCE stage: Reviewer/Respondent, Warden Korneman; Investigator/Respondent, CCM Lindsey. Lindsey conducted biased, and prejudiced investigation in favor of Lakey, intentionally neglecting to be objective and fair. Furthermore, this grievance was "ReceiveD," by HU7 staff on 6/21/17. Grievance was NOT "ReceiveD," by grievance until 6/26/17! This was to purposely hamper my due process by manipulating the response time limit, and overall obstruction of my due process.

6. **IRR WMCC-17-1021:** Issue actually grieved was WMCC STAFF DENYING ME MANDATORY RETALIATION MONITORING FOR REPORTING SEXUAL HARASSMENT BY STAFF. Reviewer, n/g; Respondent, n/g; Investigator, n/g. This IRR was "ReceiveD," by HU7 staff on 6/16/17. IRR RESPONSE TIME EXCEEDED on 7/26/17. On 7/28/17, per D5-3.2, § III.K.10, I requested to proceed to the next stage in the process. Although I was allowed to proceed upon request, an erroneous response was documented, signed by NO staff. The response provided was poorly investigated with bias and misrepresented policy maliciously to obstruct my due process.

7. **IRR WMCC-17-1067:** Issue actually grieved WMCC STAFF PURPOSELY MISAPPLYING POLICY IN RETALIATION FOR FILING GRIEVANCES. Reviewer, n/g; Respondent, FUM Parkey; Investigator, "illegibly written." IRR was "ReceiveD," by HU7 staff on 6/26/17. IRR RESPONSE TIME EXCEEDED on 8/6/17. On 8/7/17, per D5-3.2, § III.K.10., I requested to proceed. Although I was allowed to proceed, an erroneous response was documented by listed staff, that not only was out of time and signed on 8/9/17 by both the investigator and respondent two days after I proceeded and submitted the grievance that was "ReceiveD," by HU7 staff on 8/7/17, the reponse purposely misapplied Departmental policies IS13-1.1, and 13-1.2, in retaliation for my filing grievances in this complaint. Staff demonstrated a "Dispirity in Treatment," against me by intentionally failing to apply appropriate guidelines in the above policies to maliciously punish me by denying me materials not censored in the mailing, per above policies. Also, I was told Lindsey told staff not to give me copies of the IRR, due to me requesting to proceed, instead of allowing staff to complete the process, out of retaliation, in violation of D5-3.2., § III.D.



## STATEMENT

8. __IRR WMCC-17-1102:__ Issue grieved was LEGAL MAIL OPENED OUTSIDE OF MY PRESENCE. Reveiwer, FUM Stallings; Respondent, FUM Webb; Investigator, CCM Montemeyer. IRR stage: IRR was "ReceiveD," by HU7 staff on 6/27/17. IRR RESPONSE TIME EXCEEDED on 8/7/17. On 8/7/17, per D5-3.2, § III.K.10., I requested to proceed. I was denied to proceed and instead provided with a poorly investigated response that held NO one accountable for the tampering of my legal mail, which was opened in retaliation for the filing of WMCC-17-322, WMCC-17-488, WMCC-17-517, WMCC-17-670, WMCC-17-763, and WMCC-17-1021. The legal letter was addressed to Attorney Cynthia Totten, of Just Detention, that is posted on all of MDOC's PREA information and contained information on ALL of the complaints listed above.

E. All staff listed in section A, of this complaint acted in retaliation for my participating in the offender grievance procedure and filing complaints in section C, of this complaint. Listed staff acted under color of Missouri Law to deprive me of rights guaranteed to me by the United States Constitution's:

__FIRST AMENDMENT:__ By retaliating against me for using the D5-3.2, "Offender Grievance," procedure to "petition the government for redress of grievances," violates the FIRST AMENDMENT and the United States Supreme Court's ruling in Haynes v Stephenson, 588 F3d 1152 "The filing of a grievance, like that of an inmate lawsuit, is a protected First Amendment activity." Listed staff's retaliatory actions also violate the;

__FOURTEENTH AMENDMENT:__ By denying me the right to participate unhampered, and freely in the offender grievance procedure without retaliation, intentionally misappling policies; exceeding response time limits on SEVERAL occasions; then refusing to allow me to proceed to the next stage of the grievance process once requested; refusing to investigate and review all pertinent evidence, documentation, policies, and laws documented in the aforementioned complaints at ALL stages of the process listed in sections C and D, of this complaint; fairly, impartially, and thoroughly, without bias and prejudice, Listed WMCC and MDOC staff denied me "due process and equal protection of the laws." These actions have also obstructed my access to the courts, all violating my FOURTEENTH AMENDMENT right.

## REMEDIES

1. For all listed staff to be reprimanded in accordance with D2-9.1, D2-9.2, and D5-3.2;
2. For NO FURTHER RETALIATION against me for filing any of these complaints, or future complaints, using the offender grievance procedure D5-3.2, by ANY MDOC employee;
3. For my complaints that have not been exhausted to be FAIRLY, IMPARTIALLY, THOROUGHLY, and TIMELY investigated, and ALL material evidence, facts, documentation, and exhibits be reviewed and investigated as previously stated;
4. Monetary damages if this complaint is filed by me in a court of law.



## SEXUAL HARASSMENT

**A.** COI DeWeese made "SEXUAL GESTURES AND COMMENTS," toward myself and other offenders, and "forced us to perform sexual gestures for his own sexual gratification," during the 5:00pm watch take medication line, or "pm med line," creating barriers and disincentives for seeking access to necessary medical and mental health care in violation of Departmental policies, D1-8.13, D2-11.4, D2-11.10, and IS11-01

**B.** On 8/22/17 between 5:50pm and 6:20pm, I was in medical for "pm med line," (REVIEW, INVESTIGATE, AND PRESERVE SECURITY CAMERA RECORDINGS IN MEDICAL ON 8/22/17, between 5:50pm TO 6:20pm, IN A "GOOD FAITH EFFORT," TO: **1.** substantiate my claims; **2.** ensure justice of a FAIR, IMPARTIAL, and THOROUGH investigation and due process; **3.** ensure preservation of material evidence in the event Judicial Intervention is sought by me). After taking my meds, I raised both hands, palms facing away from me; spread my fingers; opened my mouth; and lifted my tongue , to show COI DeWeese that I had taken my meds. DeWeese giggled and said in a low, sexually uncomfortable manner "Come here and open your mouth for me again." I complied with the directive. DeWeese smiled, and said "No, no! Open it wide for me." His tone was one of sexual satisfaction. Once more I complied. DeWeese then stated in the same sexually uncomfortable tone "Do it for me again. This time open it REAL wide and make your tongue touch the top of your mouth, so I can see REAL GOOD in there." DeWeese then smiled and giggled again in a sexual way. This time I let him know he was making me feel uncomfortable, and DeWeese responded "Are you refusing to obey me?" I complied a FOURTH time with the sexually inappropriate directive. Upon leaving, I told DeWeese "I feel like you just violated PREA." DeWeese called me back, and stated loudly "Do you want a cdv?!" I repeated my statement and then quoted the retaliation section of D1-8.13, § III.F.9. DeWeese then tried to justify his actions by stating "I just asked you to open your mouth and touch your tongue to the top of your mouth, like this," DeWeese the started flicking his tongue back and forth like a snake with his mouth wide open, in a sexual manner. Disgusted by DeWeese's sexually inappropriate gesture, I put my hands up and fled medical. All of this was recorded by medical security cameras, and done in front of witnesses. The other CO behind the desk NEVER intervened or tried to stop DeWeese. At first I was not going to report this, then it happened again the following night;

**C.** On 8/23/17 between 5:50pm and 6:30pm, I was again in medical for "pm med line," and again DeWeese was there. I saw that DeWeese was making offenders perform the sexual gesture of opening our mouths and flicking our tongues at him like a snake, after we took our meds (REVIEW, INVESTIGATE, AND PRESERVE SECURITY CAMERA RECORDINGS ON 8/23/17, between 5:50pm to 6:30pm, IN A "GOOD FAITH EFFORT," TO: **1.** substantiate my claims; **2.** ensure justice of a FAIR, IMPARTIAL, AND THOROUGH investigation and due process; **3.** ensure the preservation of material evidence in the event Judicial Intervention is sought by me). The offender that was either one or two spots ahead of me was forced by DeWeese to perform the sexual gesture, and DeWeese smiled and performed it in response. When it was my turn for meds, DeWeese looked at me and smirked. In fear of being forced to subject myself to sexual harassment for DeWeese's sexual gratification, I requested a "Refusal of Treatment," form from the med line nurse. On the form, dated 8/23/17, I documented my reason for refusal was due to DeWeese sexually harassing me when I take my meds (REVIEW, INVESTIGATE, AND PRESERVE "Refusal of Treatment," form dated 8/23/17, for all reasons listed in sections B and C, evidence, in this complaint). When I returned to HU7, I reported BOTH 8/22/17 and 8/23/17, via the telephone to the PREA hotline using my PIN # (REVIEW, INVESTIGATE, AND PRESERVE telephone recordings on my PIN # to the PREA hotline on 8/23/17, between 6:00pm and 7:30pm, in a "GOOD FAITH EFFORT TO: **1.** substantiate my claims; **2.** ensure justice of a FAIR, IMPARTIAL, AND THOROUGH investigation and due process; **3.** ensure the preservation of material evidence in the event Judicial Intervention is sought by me).

## SEXUAL HARASSMENT

**D.** On 8/25/17 between 5:50pm to 6:20pm, I again was in medical for pm med line, and so was DeWeese. DeWeese was again forcing offenders to perform the sexual gesture of opening our mouths and flicking our tongues at him like a snake, and he would do it in return . (REVIEW, INVESTIGATE, PRESERVE SECURITY CAMERA RECORDINGS ON 8/25/17, between 5:50pm and 6:30pm, IN A "GOOD FAITH EFFORT," TO: 1. substantiate my claims; 2. ensure justice of a FAIR, IMPARTIAL, AND THOROUGH investigation and due process; 3. ensure the preservation of material evidence in the event Judicial Intervention is sought by me). Again when it was my turn for meds, I asked the nurse for a refusal. The nurse being concerned, asked me why. I explained to her briefly that DeWeese was sexually harassing myself and others when we take our meds. As I was filling out the document at the counter, DeWeese giggled and said "I don't see any thing wrong with a little tongue action." I filled out the refusal form and again documented DeWeese's sexual harassment as the reason (REVIEW, INVESTIGATE, AND PRESERVE "REFUSAL OF TREATMENT FORM," dated 8/25/17, for purposes stated above). When I returned to HU7, I again reported this incident via the PREA hotline (REVIEW, INVESTIGATE, AND PRESERVE phone recordings on my PIN # to the PREA hotline on 8/25/17 between 6:00pm and 7:00pm, IN A "GOOD FAITH EFFORT," TO: 1. substantiate my claims; 2. ensure justice of a FAIR, IMPARTIAL, AND THOROUGH investigation and due process; 3. ensure the preservation of material evidence in the event Judicial Intervention is sought by me).

**E.** I arrived at this facility on 1/28/14, and have been on watch take meds the entire time, and have been on every time slot at some time. In this time, I have NEVER, had ANY CO, even the more unprofessional and ill-tempered ones, EVER request that I perform in such a degrading, humiliating, and sexual manner. Deputy Warden/PREA site coordinator, Lori Lakey, fosters an environment that condones and conceals the act of staff sexually abusing and harassing offenders, with no consequences; and negligent, biased, and misleading investigations. Lakey even threatens and intimidates reporter of staff on offender sexual harassment. Lakey's misandrist disposition against male offenders makes her biased as a PREA site coordinator for male offenders. ***THIS SECTION IS ONLY TO ILLUSTRATE THE REASON THAT MY CLAIM WILL **NOT** BE PROCESSED AND INVESTIGATED FAIRLY, UNBIASED, AND THOROUGHLY!***

**F.** DeWeese has acted under color of state law to deprive me of rights guaranteed to me by the United State's Constitution's:

**1.** ___EIGHTH AMENDMENT: By committing acts against Departmental policies:
D1-8.13, § II.Q.2., "Repeated verbal comments or gestures of a sexual nature to an offender, detainee, or resident by a staff member, contractor, or volunteer, including demeaning references to gender, sexually suggestive or derogatory comments about body or clothing, or obscene language or gestures."
D1-8.13, § II.O.2.h., "Voyeurism by a staff member which is an invasion of privacy of an offender, for reasons unrelated to the staff members' official duties, such as peering at an offender who is using a toilet in his cell..."
D2-11.4, § IV.A.2.c., "making, using, exhibiting, or sending explicit, suggestive, or insulting sexual comments, pictures, photographs, names, jokes, language, threats, innuendoes, written documents, recorded or electronic messages, sounds, and/or obscene gestures."
IS11-01, § III.B.2., "Offenders seeking necessary dental, medical, or mental health services shall not be discouraged by any barriers or disincentives."

DeWeese engaged in unwanted sexually inappropriate behavior, committed in sections B-E, in violation of 42 USC § 15601-15603, creating "barriers and disincentives for me seeking access to necessary medical care," by forcing me to perform, and be subjected to DeWeese's performance of sexually inappropriate behavior when taking necessary watch take medication. These actions are "CRUEL AND UNUSUAL PUNISHMENT," and NOT in accordance with ANY Deprtmental policies.



<u>SEXUAL HARASSMENT</u>

<u>REMEDIES</u>

1. NO RETALIATION BY DeWEESE OR ANY MDOC STAFF ACTING IN CONCERT WITH DeWEESE FOR THE FILING OF THIS COMPLAINT, IN ACCORDANCE WITH D1-8.13, III.F.9., and D5-3.2, III.D;

2. For a FAIR, IMPARTIAL, THOROUGH, UNBIASED, and ACTUAL investigation to be conducted, and ALL evidence listed in this complaint be REVIEWED, INVESTIGATED, AND PRESERVED:

3. For DeWeese's sexually deviant behavior to CEASE, and for him to be TERMINATED OF EMPLOYEEMENT with the Missouri Department of Corrections;

4. For all staff that are involved in the processing of this complaint that do NOT: Categorize, Investigate, Respond, Review, ect., this complaint FAIRLY, IMPARTIALLY, THOROUGHLY, AND UNBIASED, to be held as conspirators with DeWeese as acting in concert with him to conceal his sexual harassment of me;

5. Monetary damages if this complaint is filed by me in a court of law (Judicial Intervention).

85

ANTONIO WEBB #1175777    attachment 1 - WMCC 17-1521

IRR-RETALIATION FOR PREA/USING THE OFFENDER GRIEVANCE PROCEDURE    page 1 of 3.

M2

## RETALIATION REPORT

**A.** Retaliation against me for reporting sexual harassment and using the the Offender Grievance procedure, by "creating barriers and disincentives for seeking access to necessary medical care," by committing "discrimination, harassment, and retaliation," and failing to adhere to "Staff Member Conduct," guidelines by "listed staff," below:

    1. COI, Johnathan Lawrence; 2. COII, Rose Gatton; 3. Deputy Warden/PREA site coordinator, Laurie Lakey; 4. Warden, Sherie Korneman: 5. Custody Supervisor, "unknown,"; 6. FUM, Andrew Webb; 7. CCM, L. Montemeyer.

**B.** On 8/23/17 and 8/25/17 I reported Sexual Harrasment via the PREA hotline, and via the "Offender Grievance," procedure in complaint WMCC-17-1479, against COI DeWeese. On 8/29/17 I was seen by FUM, Andrew Webb, on the initial PREA monitoring, and submitted the IRR. I was seen by FUM Webb on 8/31/17 for the discussion phase of the IRR, where it was reported that DeWeese had been interviewed and refuted my claims.

**C.** On 8/31/17 I was at medical for the noon watch take medication pass (med pass) for "seeking access to necessary medical care," (REVIEW, INVESTIGATE, and PRESERVE SECURITY CAMERA AUDIO and VIDEO (A/V) RECORDINGS ON 8/31/17 between noon and 12:20pm to: 1. substantiate my claims declared in this complaint; 2. ensure that a FAIR, OBJECTIVE, IMPARTIAL, AND THOROUGH investigation is conducted; 3. ensure PRESERVATION OF MATERIAL EVIDENCE for the purpose of "Judicial Intervention in a Court of Law). CO Lawrence was at the desk. I was in the far line closest to the ER. SGT. Gatton was in front of the ER room door. Two offenders were talking to each other: one was in front of me, and one was behind me, and I had NOT spoken! Lawrence yells my name and another offender's name and tells us to "Shutup!" I turned around and looked Lawrence to see if he was going to: 1. apologize for his inept, misinformed decision to blame me for talking, when I was NOT; 2. investigate THOROUGHLY, to COMPETENTLY discern if I was one of the offenders talking. I responded "Excuse me?" to give Lawrence the opportunity to LISTEN to my voice and compare it to those he had heard. Instead of taking my assisting gesture, Lawrence responded vehemently "I said SHUT YOUR FUCKING MOUTH!" I turned back in line to see if Gatton was going to either inform Lawrence I ws NOT talking and correct his vulgar address to me, or ignore it and feign ignorance when she clearly witnessed EVERYTHING! Gatton opted for the latter, purposely neglecting her duties as the supervisor. I was going to let this situation go, until the next day Lawrence threatened me.

**D.** On 9/1/17 I had a pass to medical for medication pick-up (MPU) "seeking access to necessary medical care," (REVIEW, INVESTIGATE, and PRESERVE SECURITY CAMERA A/V RECORDINGS ON 9/1/17 between 8:40am and 9:10am to: 1. substantiate my claims declared in this complaint; 2. ensure that a FAIR, OBJECTIVE, IMPARTIAL, AND THOROUGH investigation is conducted; 3. ensure PRESERVATION OF MATERIAL EVIDENCE for the purpose of "Judicial Intervention," in a Court of Law). Again Lawrence was there, posted in the rear of medical by the ER door. I was again in the far line facing the ER door, following ALL posted rules in medical. I noticed Lawrence was STARING at me. When an offender in front of me would impede his view of me, he would purposely move to stare at me. When the line moved and I was in front of Lawrence, he began smiling, and said "Hey Webb. Are you ok? You don't look ok. Do you need to go to ad-seg on on PREA protection to figure it out?" Lawrence made this veiled threat of retaliatory ad-seg under the FALSE PRETENSE of acting within his job duties. I immediately pointed at the camera and stated "You are being recorded sir," calmly and walked away from Lawrence the other side of the line. I returned to HU7 and informed FUM, Andrew Webb and the "unknown," CCM, that I was retaliated against by Lawrence for filing a sexual harassment complaint against DeWeese, and wanted to report it. I then called the PREA hotline TWICE to report it because the FIRST call was disconnected (REVIEW, INVESTIGATE, and PRESERVE PHONE RECORDINGS to the PREA hotline



Attachment 2 - WMCC 17-1527

SCANNED at WMCC and/or e-mailed

4/20/18 by ___ 91 or ___ pages M3
date     initials     No.

RETALIATION REPORT

on my PIN on 9/1/17 between 9:10am and 9:50am to: 1. substantiate my claims; 2. ensure that
a FAIR, OBJECTIVE, IMPARTIAL, and THOROUGH investigation is conducted; 3. ensure PRESERVATION
of MATERIAL EVIDENCE for the purpose of "Judicial Intervention," in a Court of Law).
When I did go to HU7's "OPEN DOOR," FUM Webb became HOSTILE, FRENZIED, and LOUD, upon my
requesting the forms to report retaliation for PREA and using the Offender Grievance. This
behavior is not how "reporters and victims of sexual harassment and retaliation," are to be
treated per D1-8.13, D2-11.10, and D5-3.2, especially after CCM Fletchall VIOLENTLY ATTACKED
an offender in her office. Webb's conduct mimicked such violent behavior.

E. On 1/28/17 I arrived at WMCC. To this date, I have NEVER: 1. received a[    ] from[  ], or
concerning medical; 2. received a cdv from CO Lawrence; 3. filed a complaint on Lawrence;
4. Had any incidents with Lawrence falsely accusing me of misconduct. Lawrence has committed,
in my presence, against offenders: 1. making false accusations; AND issued cdv's based on
this FALSE information; 2. verbally abused, insulted, harassed, and used profane language
against offenders; 3. out of spite had medical staff maliciously revoke medical restrictions/
lay-ins; 4. out of spite have medical staff take assistive devices; 5. had harassing cell and
pat searches done; 6. BOASTED about "Getting away with MURDER," referring to death of offender
ROY PHILLIPS, who Lawrence denied NECESSARY life saving medical care to, and caused the death
of; 7. threatened to have several offenders' parole dates taken for no reason other than not
liking them; 8. threatened to have his family members that work here falsely document in
offenders files to negatively influence parole decisions; 9. threatened to have offenders
that file complaints on him terminated from job assignments; 10. threatened to have other
staff issue retaliatory cdv's on his behalf to avoid retaliation complaints on himself.
IF ANY OF THE ABOVE ACTIONS ARE PERPETRATED AGAINST ME BY LAWRENCE OR OTHERS SECRETLY OR
OPENLY, IN CONCERT WITH LAWRENCE, THIS WILL BE COMMITTING CONSPIRACY TO DEPRIVE ME OF MY
UNITED STATES CONSTITUTIONAL RIGHTS, IN VIOLATION OF 42 USC § 1985, which governs acts of
conspiracy! Lakey and Korneman have fostered an environment that condones and conceals, even
rewards staff for: 1. sexually abusing and harassing offenders; 2. retaliation against
offenders that report this harassment; 3. abusing offenders physically, verbally and through
false documentation of "negative behavior."

F. Listed WMCC staff have acted under color of Missouri and Federal laws to deprive me of
rights guaranteed to me by the United States Constitution's:

FIRST AMENDMENT: By retaliating against me for "petitioning the government for redress
of grievances." Retaliating against me for reporting sexual harassment, in violation of
42 USC § 15601-15603, D1-8.13, D5-3.2, and RSMo's 217.025, 217.035, 217.040, 217.175, 217.405,
and 217.410, in addition to the United States Supreme Court ruling in
Haynes v Stphenson, 588 F3d 1152, "The filing of an inmate grievance, like the filing of an
inmate lawsuit, is a protected First Amendment activity." Listed staffs' actions also
violate;

EIGHTH AMENDMENT: By harassing and retaliating against me for reporting sexual harass-
ment, and creating barriers and disincentives for seeking access to necessary medical care,
these actions committed are "cruel and unusual punishment," and in addition laws and policies
above, also violate IS11-01. These actions committed by listed staff also violate;

## RETALIATION REPORT

M4

**FOURTEENTH AMENDMENT:** By committing acts of retaliation against me for reporting sexual harassment, listed WMCC staff have denied access to the courts by intentionally obstructing my "due process and equal protection of the laws," through my using procedures to redress grievances by petitioning the government, as outlined in D1-8.13 and D5-3.2. Furthermore, for FUM Webb told me that Lakey told him NOT to process this complaint as PREA retaliation, and to process this as a "regular," IRR, and for FUM Webb and Montemeyer to deny me to turn in my complaint before Webb and Montemeyer left, BUT, they informed Lawrence in advance that I was filing this complaint. These conspiratorial actions to intentionally obstruct not only the investigation process of a sexual harassment allegation as mandated in Federal laws: 42 USC § 15601-15603, and Missouri Statutes governing sexual abuse and harassment of offenders is a BLATANT violation of ALL THREE AMENDMENTS listed in section F., and violates 42 USC § 1985

**G.** As stated, I tried to file this as a PREA retaliation with FUM Webb, and CCM Montemeyer, and they refused to do so. FUM Webb's violent outburst at me when I attempted to do so during "open door," was recorded (REVIEW, INVESTIGATE, and PRESERVE SECURITY CAMERA FOOTAGE A/V RECORDINGS OF HU7's BACK-OFFICE ON 9/1/17 between 12:15pm and 1:00pm to: **1.** substantiate my claims declared in this complaint; **2.** ensure that a FAIR, OBJECTIVE, IMPARTIAL, and THOROUGH investigation is conducted; **3.** ensure PRESERVATION of MATERIAL EVIDENCE for the purpose of "Judicial Intervention," in a Court of Law).

## REMEDIES

**H.**  **1.** FOR NO FURTHER RETALIATION BY **ANY** MDOC STAFF, NOT LIMITED TO THOSE LISTED IN SECTION **A,** FOR THE FILING OF THIS COMPLAINT;

2. For listed staff in this complaint to be disciplined in accordance with D1-8.13, D2-9.1, D2-9.2, and D2-11.10;

3. For all camera A/V/ recordings, and phone recordings listed in sections B-G, of this complaint be REVIEWED, INVESTIGATED, AND PRESERVED as requested in each section;

4. For a FAIR, OBJECTIVE, IMPARTIAL, and THOROUGH investigation to be conducted, with NO involvement from RELATIVES OR CLOSE PERSONAL RELATIONS TO ANY STAFF listed in this complaint, in accordance with D2-11.3;

5. For monetary damages if this complaint is filed by me in a Court of LAW (Judicial intervention).

cc: ACLU; Dept. of Public Safety; Dept. of Justice; file alw

(88)

fin 10/20/17

MS

| | GRIEVANCE NUMBER | IRR NUMBER | | DATE FILED |
|---|---|---|---|---|
| | WMCC 17-15?? | WMCC 17-1527 | RECEIVED | OCT 23 2017 |

| INSTITUTION USE ONLY | Cat: 4 Harassment | | | | W. M. C. C. |
|---|---|---|---|---|---|

| OFFENDER LAST NAME | FIRST | DOC NUMBER | HOUSING UNIT | UNIT | INSTITUTION |
|---|---|---|---|---|---|
| Webb | Antonio | #1175777 | 7 | A | WMCC |

**OFFENDER GRIEVANCE/REQUEST**

Original complaint was incompetently investigated, responded to, and reviewed. I FULLY INCORPORATE MY ORIGINAL COMPLAINT, WMCC-17-1527, INTO THIS GRIEVANCE, AND SUPPLEMENT THE FOLLOWING REBUTTAL TO THE ERRONEOUS RESPONSE: I add HU7 FUM/Respondent, S. Campbell; and Acting Asst. Warden/Reviewer, "Unknown," who did not legibly write their name or staff number. The response to IRR WMCC-17-1527 states "According to your statements made in your informal resolution request, you claim Warden Korneman and CCMII Lindsey requested an unlawful rehearing on a CDV which was issued out of retaliation." NO, I DID **NOT** claim **ANY** of that in this IRR! In fact, **THIS** IRR has **NOTHING** to do with a CDV issued out of retaliation, or a rehearing by Korneman and Lindsey, and has **NOTHING** to do with WMCC-17-517 at all! Those issues are not even referenced in this complaint at all! Responding staff intentionally did not address the actual complaint to conspire with those grieved of in the complaint, to deny me of access to the courts, and due process and equal protection of the laws. My original complaint and remedies remain unchanged.

| OFFENDER SIGNATURE | DATE |
|---|---|
| | 10-20-17 |

**SUPERINTENDENT RESPONSE**

RECEIVED
OCT 20 2017
BY:

## Grievance response is attached.

| SUPERINTENDENT/SECTION HEAD | DATE |
|---|---|
| | 11/13/17 |

You have the right to appeal this decision to a division director. You must file an appeal form with the grievance officer within seven (7) days from the day you receive this decision. Failure to submit an appeal within this time frame constitutes abandonment of the grievance.

| ☐ I ACCEPT THIS DECISION | ☐ I APPEAL THIS DECISION | |
|---|---|---|
| OFFENDER SIGNATURE | | DATE |

(89)

MO 931-3377 (12-04)

## VIOLATION OF RIGHTS

**A.** "Failure to protect," by denial of protection procedures outlined in D1-8.13, and commit-
ting "discrimination, harassment, and retaliation," in the form of inimidation, in violation
of D1-8.13, D2-11.4, and D2-11.10, committed by the following MDOC "listed staff,":

1. Deputy Warden/PREA Site Coordinator, Lori Lakey; 2. Warden, Sheri Korneman;
3. Custody Shift Supervisor, "unknown,"; 4. HU7 FUM, Andrew Webb; 5. HU7 COM, "UN-
KNOWN," male COM; 5. COI DeWeese.

**B.** I have reported sexual harassment against me by DeWeese via PREA hotline on 8/23/17 and
8/25/17, and via "Offender Grievance," procedure in complaint WMCC-17-1479. This complaint is
still under "administrative investigation," per the response in IRR WMCC-17-1479.

**C.** On 9/5/17 DeWeese, who is NOT assigned to work my assigned HU, was working there for 2nd
shift (7am to 3pm). DeWeese made mocking gestures at me from the "bubble," and laughed at
me. These action were witnessed by Guardceiro Lewis #1203268. I called the PREA hotline to
report the intimidation, mocking, and "failure to protect ("REVIEW, INVESTIGATE, AND PRESERVE
security camera (sec-cam/ audio/video (a/v) recor e: footage of HU7 on above date and time in
section  **C**, in a "good faith effort, to:  1. substantiate my claims declared in this com-
plaint; 2. ensure justice of a FAIR, OBJECTIVE, IMPARTIAL, and THOROUGH INVESTIGATION, and
due process and equal protection of the laws; 3. ensure PRESERVATION of MATERIAL EVIDENCE in
the event "Judicial Intervention," in a Court of Law is sought by me. Also REVIEW, INVESTI-
GATE, AND PRESERVE recorded phone reports on my PIN # to the PREA hotline on the above date
for the same reasons lised.-*1). Nothing was done, and DeWeese was NOT reassigned.

**D.** On 9/6/17 DeWeese AGAIN was working my assigned HU. When I was called to the back-office
by FUM Webb that day to sign the "Response," on IRR WMCC-17-1479, I informed FUM Webb that
that DeWeese had been working the HU for the past two days. FUM Webb INTENTIONALLY gave me
"FALSE INFORMATION," stating "No he [DeWeese] was only here yesterday. He [DeWeese] is not
working here today. Besides, I have no control over that." All of this WAS recorded on
*2.--"HU7 back-office sec-cam a/v recordings," between 9am and 11:59am-*2. I returned to my
assigned cell, and at approximately 12:30pm, I heard DeWeese's voice on the inter-com. Upon
discovering DeWeese was in fact working HU7, I immediately went to the back-office to inform
the FUM. FUM Webb ignored me, and the unknown COM asked what I wanted. I informed him of the
situation with DeWeese and the investigation. unknown COM made a nonchalant gesture and said
"So?" I then asked for an IRR. FUM Webb and unknown COM both refused to call and have
DeWeese reassigned. This was recorded on *3.--"HU7 back-office sec-cam a/v recordings," on
above date between 12:20pm and 1:20pm-*3. I again called the PREA hotline and reported this
on *4.--"Phone recordings on my PIN # to the PREA hotline," recorded on above date-*4. DeWeese
remained in the housing unit until shift change. To avoid intimidation and harassment I left
my assigned cell minimally.

**E.** By allowing DeWeese to work in close proximity with me and intimidate and harassrme while
an active sexual harassment "Administrative Investigation," is **"SUPPOSED,"** to be being con-
ducted on DeWeese reported by me- Lakey, Korneman, unknown Custody Shift Supervisor, FUM Webb,
and unknown COM committed "failure to protect," by intentionally neglecting procedures in
Departmental Policies granted "AUTHORITY," by Federal statutes **42 USC §15601-15603;** Missouri
statutes **RSMo.'s 217.025, 217.035, 217.040, 217.175, 217.405, and 217.410,** in:

1. **D1-8.13:** III.F.9.:
> "Protection Against Retaliation"
>   a. The PREA site coordinator will ensure all victims and reporters
>      and those that cooperate with offender sexual abuse and harassment
>      investigations or inquires are monitored and protected from
>      retaliation"

(90)

VIOLATION OF RIGHTS

2. **D1-8.13:** III.F.9.b.(3).:
    "(3) The PREA site coordinator or designee will ensure all witnesses receive an initial assessment utilizing the assessment-retaliation status checklist form."

3. **D1-8.13:** III.F.9.c.:
    "c. The PREA site coordinator will report all evidence of retaliation to the CAO or designee to ensure an inquiry or investigation is initiated in accordance with departmental procedures."

4. **D1-8.13:** III.F.9.d.:
    "d. **If possible retaliation is suggested, the PREA site coordinator will act promptly to remedy any such retaliation and protect the individual.**"

5. **D1-8.13:** III.H.1.b.(1):
    "b. Least restrictive options to ensure safety of the offender and the security of the institution include:
    (1) Return to assigned housing.
    (2) Temporary reassignment of staff members."

6. **D2-11.4:** IV.A.2.e. (4/14/2013):
    "e. making, using exhibiting, or sending explicit, suggestive or insulting sexual comments, pictures, photographs, names, jokes, language, threats, innuendoes, written documents, recorded or electronic messages, sounds, and/or obscene gestures."

7. **D2-11.4:** IV.D.1. (4/14/2013):
    "1. Staff members shall not engage in any form of retaliation against individuals who report conduct prohibited by this procedure or witnesses who provide information about such conduct."

8. **D2-11.10:** III.A., subsections 2, 3, 7, 8, 9, 11.b, 13, 14:
    A. PROFESSIONAL PRINCIPLES OF CONDUCT: In order to pursue organizational excellence staff members are expected to adhere to the following professional principles and conduct:
    "2. treat all persons respectfully, fairly, honestly and with dignity;"
    "3. perform duties responsibly;"
    "7. make ethical decisions and act in an ethical manner;"
    "9. hold themselves and all other staff members accountable for their actions;"
    "9. abide by the laws;"
    "10. be truthful in reports, interviews, during investigations/inquiries and in other dealings with the public and staff members;"
    "11. be familiar with and adhere to:
    b. the policies and procedures relating to job functions;"
    "13. to create by attitude, dress, language and general demeanor a working environment free from actual or implied discrimination or harassment of any nature relating to race..."
    "14. report inappropriate actions, misconduct, offender or resident abuse, and sexual contact by staff members and


91

ANTONIO WEBB #1175777
IPR

Attachment **3**

WMCC **17 - 1548**



VIOLATION OF RIGHTS

offender or residents to appropriate personnel."

F. By violating ALL of the above laws and policies in section E, MDOC listed staff in sections A-E, acted under color of Missouri law to deprive me of rights guaranteed to me by the United States Constitution's:

1. EIGHTH AMENDMENT: By harassing me via intimidation and threatening behavior committed by DeWeese, and intentionally reassigning DeWeese to my assigned WU while an active "administrative investigation," into DeWeese sexually harassing me and refusing to reassign DeWeese after I made it known he was working around me, then providing me with INTENTIONAL FALSE INFORMATION WITH THE INTENTION TO FRAUDULENTLY DECEIVE ME, Catev, Korneman, unknown custody shift supervisor, FUM Webb, and unknown CO's, ALL placed my "safety and security," in jeopardy, and obstructed an active investigation, constituting "cruel and unusual punishment." Furthermore, these actions violated:

2. FOURTEENTH AMENDMENT: All actions taken by listed staff in F.1., by intentionally neglecting to grant me the protections of the procedures set forth in Departmental policies listed in E.1-8., granted authority by Federal and Missouri laws in E., listed staff denied me of "due process and equal protection of the laws," and by acting in concert with 'knowledge to do so, listed staff have violated 42 USC § 1985, by committing "CONSPIRACY," to do so. These actions also violate;

3. FIRST AMENDMENT: Haynes v Stphonson, 588 F3d. 1152, "The filing of a grievance, like the filing of an inmate lawsuit, is a protected First Amendment activity." By denying me protections of Departmental policies against retaliation, and harassment for using the offender grievance procedure," and allowing DeWeese to retaliate against me by intimidation and harassment, listed staff facilitated and denied me the RIGHT to access of the Courts by preventing me from "petitioning the government for redress of grievances."

G. I am requesting the following REMEDIES:

1. NO FUTURE RETALIATION, HARASSMENT, OR DISCRIMINATION BY ANY LISTED MDOC STAFF, OR ANY 'MDOC STAFF ACTING IN CONCERT WITH LISTED MDOC STAFF IN SUPPORT OR DEFENSE:

2. For all "Material Evidence," listed as *1., *2., *3., *4., in sections C-D, of this complaint, be: REVIEWED, INVESTIGATED AND PRESERVED IN A "GOOD FAITH EFFORT," to: a. substantiate my claims; b. ensure the justice of a FAIR, OBJECTIVE, IMPARTIAL, AND THOROUGH INVESTIGATION, and due process and equal protection of the laws; c. ensure the PRESERVATION of MATERIAL EVIDENCE in the event "Judicial Intervention," in a Court of Law is sought by me;

3. For ALL listed MDOC staff in sections A-F, of this complaint are disciplined in accordance with D1-8.13, D2-9.1, D2-9.2, D2-11.4, D2-11.10, D5-3.2, and the Federal and Missouri statutes that grant authority;

4. For a FAIR, OBJECTIVE, IMPARTIAL, and THOROUGH investigation be conducted in an UNBIASED manner by persons having NO family/close personal relations with listed staff

5. Monetary damages if this complaint is filed by me in a Court of Law.



*fm 10/31/17*

N5

**STATE OF MISSOURI**
**DEPARTMENT OF CORRECTIONS**
**OFFENDER GRIEVANCE**

| GRIEVANCE NUMBER | IRR NUMBER | DATE FILED |
|---|---|---|
| WMCC 17 1548 | Wmcc 17-1548 | NOV 6 2017 |

**INSTITUTION USE ONLY**  *Category # 4 Harassment*

W.M.C.C.

| OFFENDER LAST NAME | FIRST | DOC NUMBER | HOUSING UNIT | UNIT | INSTITUTION |
|---|---|---|---|---|---|
| Webb | Antonio | 1175777 | 7 | A | Wmcc |

**OFFENDER GRIEVANCE/REQUEST**

Original complaint was not properly addressed, and investigated ineptly. I fully incorporate
my original complaint, WMCC-17-1548, into this Grievance, and add the following rebuttal
to the erroneous response: Respondent states in IRR "Upon investigation of your complaint,
it has been determined that your PREA complaint is still currently in the Grievance process
and cannot be addressed until the said process is complete." This proves a "failure to
investigate," and "failure to protect," by WMCC staff, because through respondent's reply
admitted that this PREA investigation is still active, and that DeNeese has worked my housing
unit on: 8/16/17 2nd shift; 9/6/17 2nd shift; 9/5/17 2nd shift; 9/17/17 3rd shift; 9/30/17
2nd/3rd shift; 10/7/17 2nd shift; 10/9/17 2nd and 3rd shifts; 10/12/17 2nd shift;
10/18/17 2nd and 3rd shifts;10/19/17 3rd shift. DeNeese is NOT assigned to HU-7. I have in
communications and letters and complaints informed WMCC staff of this and staff have
REFUSED to remove DeNeese from the housing unit or stop assigning him in HU that I am
assigned to, WHILE THERE IS AN OPEN SEXUAL HARASSMENT ALLEGATION., WMCC-17-1479!

| OFFENDER SIGNATURE | DATE |
|---|---|
| | 11-3-17 |

**SUPERINTENDENT RESPONSE**

**Grievance response is attached.**

INMATE COPY

| SUPERINTENDENT/SECTION HEAD | DATE |
|---|---|
| | 12/4/17 |

You have the right to appeal this decision to a division director. You must file an appeal form with the grievance officer within seven (7) days from
the day you receive this decision. Failure to submit an appeal within this time frame constitutes abandonment of the grievance.

☐ I ACCEPT THIS DECISION          ☑ I APPEAL THIS DECISION

| OFFENDER SIGNATURE | DATE |
|---|---|
| | |

MO 931-3377 (12-04)

(93)

Antonio Webb #1175777
WMCC
504 ½. Pence Rd.
Cameron, MO 64429

02

October 4, 2017

Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530

Dear Dept. of Justice:

    I am writing you this letter in regards to the following "WMCC STAFF," are acting in concert to deny me of due process and equal protection of Federal laws 42 USC § 15601-15603, governing sexual abuse and harassment of offenders:

    Warden, Sherie Korneman; Deputy Warden, Korie DeVay; FU7 FUM, Andrew Webb

    WMCC STAFF are refusing to provide me MANDANTORY RETALIATION MONITORING for reporting an allegation of sexual harassment against COI DeWeese, on 8/23/17 via the PREA hotline.
On 8/29/17, I was interviewed by FU7 FUM, Andrew Webb, for reporting sexual harassment committed by DeWeese, reported via PREA hotline and complaint WMCC-17-1472.
    It states in the response to WMCC-17-1472:

"I find that your allegations were documented in accordance with the coordinated response to offender sexual abuse and an administrative investigation was been initiated to ascertain the validity of your allegations. This should resolve your complaint."

    On 9/29/17, it was 30 days since the initial interview with FUM Webb, and NO retaliation monitoring has been conducted. The failure to provide this monitoring has resulted in multiple acts of retaliation that WMCC STAFF have refused to allow me report in accordance with D1-8.13, "Offender Sexual Abuse and Harassment," committed by WMCC STAFF. Another officer assigned to medical threatened me with ad-seg on behalf of DeWeese for my filing PREA against him (see complaint WMCC-17-1527); and NOT FU7, my assigned FU, has been reassigned to work in FU7 on SIX separate occasions by WMCC STAFF, AFTER having the initial interview on 9/29, in retaliation for reporting sexual harassment by DeWeese. I reported this to FUM Webb and COI Kennedy, after the first two days, 9/5/17 and 9/7/17, that DeWeese worked my FU. FUM Webb and Kennedy REFUSED to: 1. report this and have DeWeese reassigned; 2. allow me to report this as PREA retaliation (see complaint WMCC-17-1548). DeWeese worked my assigned FU FOUR MORE TIMES EVEN AFTER I FILED WMCC-17-1548: 9/16, 9/17, 9/23 or 24, and 9/30.

    Per Departmental policy D1-8.13, § III.F.9.:

"a.  The PREA site coordinator will ensure all victims and reporters and those that cooperate with offender sexual abuse and harassment investigations and inquiries are monitored and protected from retaliation.

"b.  Immediately following any reported incident of sexual abuse or harassment, monitoring for retaliation will be conducted in the following manner:
    (1) The alleged victim and reporter of offender sexual abuse or harassment will be monitored for a minimum of 90 days to assess any potential risk or act of retaliation
        (A) For offender victims and offender reporters, monitoring will include face-to-face status checks by a staff member a minimum of every 30 days."





WMCC STAFF have acted under color of State law to deprive me of rights guaranteed to me by the United States Constitution's:

**FOURTEENTH AMENDMENT:** By denying me the procedure of Retaliation Monitoring for reporting sexual harassment, WMCC STAFF have denied me "due process and equal protection of the laws," violating the following Federal and Missouri laws:
    42 USC § 15601-15603, RSMo's 217.025, 217.035, 217.040, 217.175, 217.405
    and 217.410.
These actions also place WMCC STAFF in violation of;

**FIRST AMENDMENT:** By denying me the right to be free from retaliation for "petitioning the the government for redress of grievances," in reporting sexual harassment by means granted to me through the authority of the United States government. These actions also violate the Department's own policies governed by the aforementioned Federal and Missouri laws, D1-8.13 and D5-3.2. Furthermore, Haynes v Stephenson, 588 F.3d 1152,:
    "The filing of grievances, like the filing of an inmate lawsuit, is a protected First Amendment activity."
Martin-Erbb v Mo. Commission on Human Rights, 77 S3D n.6,:
    "A state agency must follow its own rules. When an agency adopts rules it binds itself to the rules."
These actions also place WMCC STAFF in violation of;

**EIGHTH AMENDMENT:** By NOT conducting Retaliation Monitoring for sexual harassment, WMCC STAFF acted in concert, and conspired to retaliate against me, allow further acts of sexual harassment and retaliation to continue against me. This "deliberate indifference," to my health and safety, and security constitutes "cruel and unusual punishment."


I am requesting:

   (1) This complaint to be objectively investigated in accordance with Federal and Missouri law, and Departmental policies;

   (2) The immediate termination of those staff listed in this complaint;

   (3) NO further retaliation by ANY DOC/WMCC STAFF for filing this complaint;

   (4) Monetary damages if this complaint is filed by me in a Court of law.

Sincerely,

Antonio Webb

cc:  WMCC Grievance procedure; MO. Dept. of Public Safety; ACLU; file a/w

Turned in 11/13/17 J. Boul 2                    04

**STATE OF MISSOURI**
**DEPARTMENT OF CORRECTIONS**
**OFFENDER GRIEVANCE**

| GRIEVANCE NUMBER | IRR NUMBER | DATE FILED |
|---|---|---|
| WMCC 17- 1755 | WMCC-17-1755 | NOV 1 6 2017 |

**INSTITUTION USE ONLY**

Category #4 Harassment

| OFFENDER LAST NAME | First | DOC NUMBER | HOUSING UNIT | UNIT | INSTITUTION |
|---|---|---|---|---|---|
| Webb | Antonio | 1175777 | 8 | A | WMCC |

**OFFENDER GRIEVANCE/REQUEST**

Original complaint was ineptly addressed and purposely investigated biased and prejudicial against me. I fully incorporate my original complaint, IRR WMCC-17-1755, and supplement the following rebuttal to the ineptly investigated response: Investigator/Respondent/Reviewer, admit in their response, as did the PREA investigator in our meeting on 11/08/17, that this is an active and open PREA (sexual harassment) investigation. Per D1-8.13, § III.F.9., states as the offender victim/reporter, I will be ensured retaliation monitoring, face-to-face with staff, for a minimum of 90 days, at minimum every 30 days, to be assessed for retaliation. This is to be ENSURED by the PREA Site Coordinator. I have made this aware to: Classification staff; the PREA Site Coordinator; the Dept. of Public Safety; and the Warden, including the PREA investigator who recorded our 11/08/17 meeting, that to this day I have NOT received ANY retaliation monitoring, and I have been retaliated against from the time this complaint was processed by staff on 8/25/17 to present 11/10/17. By now I should have been seen by staff THREE TIMES face-to-face, for retaliation monitoring. All remedies remain unchanged.

OFFENDER SIGNATURE                                              DATE  11-10-17

**SUPERINTENDENT RESPONSE**

**Grievance response is attached.**

SUPERINTENDENT/SECTION HEAD                                    DATE

You have the right to appeal this decision to a division director. You must file an appeal form with the grievance officer within seven (7) days from the day you receive this decision. Failure to submit an appeal within this time frame constitutes abandonment of the grievance.

☐ I ACCEPT THIS DECISION                 ☐ I APPEAL THIS DECISION

OFFENDER SIGNATURE                                              DATE

96

MO 931-3377 (12-04)

DISCRIMINATION, HARASSMENT, RETALIATION, and CRIMINAL ACTIONS, committed against me by WMCC staff, on the basis of three (3) separate grounds:

1. Disability due to mental health, under the "AMERICANS with DISABILITIES ACT," of 1990, **42 USC § 12101-12213**; and

2. "Race," and "color," as I am classified as "African-American," or "Black," violating "**CIVIL RIGHTS ACT,**" of 1964, **42 USC § 2000**; and

3. "Religion," I am a practicing Al-Islam Muslim, and I am classified as such in the "Departmental Computer System," violating the "**RELIGIOUS FREEDOM RESTORATION ACT,** the "**RELIGIOUS LAND USE and INSTITUTIONALIZED PERSONS ACT.**"

On 11/17/17, between 7:40pm to 7:55pm, in HU-8A (reference and save audio/visual recordings of security cameras in HU-8A, on above date and time for "EVIDENCE,") I was in my assigned cell, 8A-111, asleep. COI George came to my cell and vehemently attacked my door, startling me into waking in shock, disoriented, and gasping for air. George then walked off smiling.

I caught my breath, and waited for my equilibrium to return, and immediately left the cell and asked George what her purpose was for beating on my door and startling me. George replied in a hostile manner "You're not supposed to be sleep before count!"

I went to the HU control module and asked COI Laney if the policy or institutional rule had changed about only being able to sleep after 10pm count. Laney replied "No."

George was standing next to me while I was speaking to Laney, and viciously interrupted us. George became more hostile and frenzied, yelling threats about searching my cell and destroying my property, and having my "ass," sent to ad-seg (reference and save audio/visual recordings of HU-8 A/B side sallyport security cameras, on above date from 7:50pm to 8:10pm, for "EVIDENCE,"). I told George that I was talking to Laney. She became louder and more hostile. I told her "I feel threatened by your actions. Unless there is a white-shirt present, I do not feel safe speaking to you," and I walked away.

As stated above, in § **A.1.**, I have a "Mental Health Score," of "3," due to being diagnosed with mental illness. Under 42 USC § 12101-12213, Americans with Disabilities Act (ADA), the length of time I have suffered from these illnesses, and the fact that they are NOT going away, and that they are:

"(1) a physical or mental impairment that substantially limits one or more of the major life activities of an individual;"

"(2) a record of such an impairment;"

"(3) being regarded as having such an impairment."

I have been diagnosed by not only Missouri DOC Mental Health psychiatrists, but other psychiatrists before DOC, Missouri Board certified. DOC/WMCC staff are aware of this, as it is documented in the "Departmental Computer System." As stated, ALL of these documented FACTS classify me as ADA.

For George to LOUDLY, and VIOLENTLY, BEAT on my door while I was sleep, **NOT** during an institutional count, with the sole purpose to cause me physical and emotional harm, when I am classified as ADA, not only violates 42 USC § 12101-12213, but also is a **CRIME(S$** under:

RSMo. 565.090, HARASSMENT:

1. A person commits the crime of harassment if he or she:

(6) Without good cause engages in any other act with the purpose to frighten, intimidate, or cause emotional distress to another person, cause such person to be frightened, intimidated, or emotionally distressed, and such person's response to the act is one of a person of average sensibilitiesconsidering the age of the person.



RSMo. 556.070, ASSAULT IN THE THIRD DEGREE:

1. A person commits the crime of Assault in the third degree if:
    (1) The person attempts to cause or recklessly causes physical injury to another person; or
    (3) The person purposely places another person in apprehension of immediate physical injury;
    (4) The person recklessly engages in conduct which creates a grave risk of death or serious physical injury to another person; or

George's actions violate the EIGHTH AMENDMENT of the United States Constitution, "to be free from cruel and unusual punishment."

COI George has openly expressed her aversion and hatred of "African-Americans," or "Black," people. This racial xenophobia is known as "Negrophobia." George is constantly tormenting and persecuting "Black," offenders with overly destructive cell-searches, using obscene and abusive language, issuing false cdv's, and purposely destroying the property of "Black," offenders during harassing cell-searches, and threatening "Black," offenders if we report her actions. Under 42 USC § 2000, harassing and threatening people based on "race," and "color," are classified, prosecuted, and punishable under UNITED STATES FEDERAL STATUTES, as **HATE CRIMES!** I am classified as a "African-American," and am protected by the Civil Rights ACT, 42 USC § 2000, For George to harass and persecute me for being "Black," violates the aforementioned Federal statute.

COI George has also openly displayed her religious bigotry toward Islam and those that practice Islam, "Muslim(s)." George has discriminated and harassed myself and other Muslims, constantly in the forms of verbal abuse, using obscene and profane language against Islam; harassing cell-searches where religious material has been stepped on, water dumped on, tossed on the floor; loudly bumping our cell doors when we are making Salat (prayer) to intentionally disrupt and harass us while we pray. The Religious Freedom Restoration Act (RFRA); Religious Land Use and Institutionalized Persons Act (RLUIPA); and the "Free Exercise Clause," and "Establishment Clause," of the FIRST AMENDMENT of the United States Constitution; in addition to the U.S. Constitution's FOURTEENTH AMENDMENT, which states that the government can't treat someone poorly because of their religion. As stated prior, I am a practicing Muslim, and classified as such in the "Departmental Computer System." To harass, torment, and persecute based on this is also a **HATE CRIME** under Federal Statutes.

There was NO legitimate penalogical interest for George to pound on my door, when there was NO institutional count, and when I was seen outside of the cell several times by staff and on HU8A security cameras, going to mainline; using the kiosk; speaking with other offenders; sitting at the wing tables; ect. In addition, there is **NO** Departmental policy or institutional rule that states that I am not allowed to be sleep before 10pm count, or a policy or rule that gives staff the authority to loudly beat on the doors to shock someone out of their sleep, before trying less violent tactics. These actions also violate D2-11.4, D2-11.10.

I am requesting the following:

1. For this complaint to be processed in accordance with D5-3.2, § III.I., as an ADA complaint;
2. For George to be reprimanded in accordance with D2-9.1, and D2-9.2;
3. For George's harassment of me to CEASE;
4. For no retaliation for filing this complaint by George or ANY other staff member acting in concert with George, in violation of the United State's Constitution's FOURTEENTH AMENDMENT, to "petition the government for redress of grievances, and Court ruling, Haynes v Stephenson, 588 F3d 1152 "The filing of a grievance, like the filing of an inmate lawsuit, is a protected First Amendment activity;"
5. Monetary damages if this complaint is filed by me in a Court of Law;
6. For WMCC staff to **NOT:** 1) tamper with, or alter my medical file; 2) use Mental health staff to change, or alter my medical file or diagnosis to illegally hinder investigation.

P4

# STATE OF MISSOURI
## DEPARTMENT OF CORRECTIONS
### OFFENDER GRIEVANCE

| GRIEVANCE NUMBER | IRR NUMBER | DATE FILED |
|---|---|---|
| WMCC 17-2022 | WMCC-17-2022 | 4 |

| INSTITUTION USE ONLY | Cat: 4 Harassment |
|---|---|

| OFFENDER LAST NAME | FIRST | DOC NUMBER | HOUSING UNIT | UNIT | INSTITUTION |
|---|---|---|---|---|---|
| Webb | Antonio | 1175777 | 8 | A | WMCC |

**OFFENDER GRIEVANCE/REQUEST**

Original complaint was not investigated IMPARTIALLY and OBJECTIVELY. evidence to support my claims was NOT reviewed to intentionally obstruct due process of the investigation. I fully incorporate my original complaint IRR WMCC-17-2022, into this Grievance, and supplement the following: This complaint contained issues of "DISABILITIES," as defined in 42 USC § 12101-12213 "AMERICANS WITH DISABILITIES ACT," and RSMo. 217.245. Per D5-3.2, III. I. 1-9, To be processed as an ADA complaint by the ADA Coordinator. This procedure was NOT followed! In addition, I am requesting a formal written apology from COI Rita George.

| OFFENDER SIGNATURE | DATE |
|---|---|
| Antonio Webb | 12-27-17 |

**SUPERINTENDENT RESPONSE**

| SUPERINTENDENT/SECTION HEAD | DATE |
|---|---|
| | 1/2/18 |

You have the right to appeal this decision to a division director. You must file an appeal form with the grievance officer within seven (7) days from the day you receive this decision. Failure to submit an appeal within this time frame constitutes abandonment of the grievance.

| ☐ I ACCEPT THIS DECISION | ☐ I APPEAL THIS DECISION |
|---|---|

| OFFENDER SIGNATURE | DATE |
|---|---|

(99)

MO 931-3377 (12-04)


"DISCRIMINATION," being perpetrated against me in the "CLASSIFICATION," process, based on physical and mental ailments that classify as "DISABILITIES," under 42 USC § 12101-12213, "AMERICANS WITH DISABILITIES ACT," (ADA), violated by:
   (1) CCM, Kylie Douglas; (2) CCM, Jimmy Gentry; (3) Warden, Sherie Korneman.

For the past two years, I have refused to perticipate in my TAP, conducted by Gentry in 2016, and Douglas in 2017, due to both staff committing DISCRIMINATION based on long-term, pre-existing, chronic medical and mental health ailments, for the purposes of:
   (a) retaliating against me "by creating barriers and disincentives for seeking necessary medical and mental health services," in violation of IS11-01, § III.B.2.; in an act to intimidate me by documenting my physical and mental disabilities negatively at my TAP and RCA to save money on medical costs at the grave risk of my physical and mental health, by:
      (1) negatively influencing my classification status, and
      (2) negatively influencing my parole hearing.

As stated above, I have several health ailments that I am in the "CHRONIC CARE CLINC," (CCC) for medical and mental health, and I am seen by physicians in both fields. Due to WMCC staff acting illegally to "save money," on medical expenses at my detriment, using classification and parole to execute these violations of the FEDERAL ADA laws, I am being FORCED AGAINST MY WILL to either abandon seeking medical and mental health services that are NECESSARY for my physical and mental health and safety, to avoid negative outcomes in classificn and parole decisions. Gentry and Douglas stated that I "have too many medical lay-ins/restrictions, and that my medical and mental health scores are "too high, and need to be lowered," and that the only way to accomplish this is to "stop going to medical so much, and get off of all of those medical lay-in/restrictions, and your medical score will go down." This ils also a violation of federal law "National Commission on Correctional Health Care Standards for Health Services in Prison, 2008; P-A-01."

By committing the above actions against me, WMCC staff have acted under color of State law to deprive me of rights guaranteed to me by the United States Constitution's:
   (1) FOURTEENTH AMENDMENT: By perpetrating DISCRIMINATION, in violation of 42 USC § 12101-12213, based on physical and mental disabilities, and using those DISABILITIES to to negatively influence my classification and parole status, WMCC staff have denied me "due process and equal protection of the laws," and,

   (2) EIGHTH AMENDMENT: By FORCING ME, AGAINST MY WILL, to deny necessary medical and mental health care, for chronic, long-term, pre-existing medical and mental health ailments, and to FORCE ME, AGAINST MY WILL, to renounce that I am still afflicted by these ailments, to "save money," on medical expenses at my detriment, "creates barriers and disincentives for seeking necessary medical and mental health care," subjects me to "cruel and unusual punishment."

I am requesting the following:

   1) For WMCC staff to CEASE the illegal DISCRIMINATION of using my physical and mental DISABILITIES to retaliate against me in classification and parole status;
   2) For all staff involved in the preparing and approval of using my medical and mental disabilities against me to negatively influence my TAP, RCA, and parole status, to be reprimanded according to D2-9.1, and D2-9.2;
   3) NO FURTHER RETALIATION BY WMCC STAFF FOR THE FILING OF THIS COMPLAINT;
   4) NO RETALIATION BY MEDICAL STAFF IN THE FORM OF FRAUDULENTLY DOCUMENTING IN MY FILE THAT I NO LONGER HAVE THESE AILMENTS, OR THAT THEY ARE LESS SEVERE THAN WHAT THEY ARE;
   5) Monetary damages if this complaint is filed by me in a Court of Law.

For evidence to support my claims, review my TAPS and RCA FIles done by Douglas and Gentry.



# STATE OF MISSOURI
## DEPARTMENT OF CORRECTIONS
### OFFENDER GRIEVANCE

| GRIEVANCE NUMBER | IRR NUMBER | DATE FILED |
|---|---|---|
| WMCC 17-2205 | WMCC 17-2205 | FEB 2 2018 |

**INSTITUTION USE ONLY**    *Category 4 Harassment*

| OFFENDER LAST NAME | FIRST | DOC NUMBER | HOUSING UNIT | UNIT | INSTITUTION |
|---|---|---|---|---|---|
| Webb | Antonio | 1175777 | 8 | A | WMCC |

**OFFENDER GRIEVANCE REQUEST**

Original complaint was not properly addressed, and intentionally ineptly investigated with

prejudice against me, in favor of staff to conceal violations of Federal and Missouri laws.

The evidence requested to prove my claim was intentionally not used to prove my claim.

I fully incorporate my original complaint (IRR) into this grievance, UNCHANGED!

    (see IRR of this SAME complaint number)

| OFFENDER SIGNATURE | DATE |
|---|---|
| | 1-31-18 |

**SUPERINTENDENT RESPONSE**

Note: use as

# ORIGINAL - original printed on cover B. Unnerman
WMCC Grievance

## Grievance response is attached.

INMATE COPY

| SUPERINTENDENT/SECTION HEAD | DATE |
|---|---|
| | 3/8/18 |

You have the right to appeal this decision to a division director. You must file an appeal form with the grievance officer within seven (7) days from the day you receive this decision. Failure to submit an appeal within this time frame constitutes abandonment of the grievance.

☐ I ACCEPT THIS DECISION        ☐ I APPEAL THIS DECISION

| OFFENDER SIGNATURE | (102) | DATE |
|---|---|---|

MO 931-3377 (12-04)

A. Retaliation committed by WMCC staff for utilizing the "OFFENDER GRIEVANCE PROCDURE," in violation of D5-3.2, § III.D., and the FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION.

B. COI Rita George committed retaliation against me for filing complaint number WMCC-17-2022, through the "OFFENDER GRIEVANCE PROCEDURE," for DISCRIMINATION and HARASSMENT, BASED on DISABILITY (AMERICANS WITH DISABILITIES ACT 42 USC § 12101-12213, ADA), Race, Relgion.

C. On December 11, 2017, between 6:40PM to 7:00PM, I was at cell 8A-205 visiting with an offender at the door.
The door was between my shoulder, with my arm on the outside of the door. COI George came came from the opposite side of the walk, saw me in the door, and with no warning, pushed the door into my shoulder, then snatched it opened with my arm still around it, without requesting me to move, or saying a word. When I asked George why she did not direct to move instead of assaulting me with the door. George stated "You shouldn't have been in my fucking way!" All of this was recorded on the HU-8, A-Wing security cameras, on the above date and time, and in the presence of offender Marcus Mitchell #359975, who was the offender I was visiting, in cell 8A-205.

D. As stated, I have filed a formal complaint through the "OFFENDER GRIEVANCE PROCEDURE," for DISCRIMINATION and HARASSMENT based on my DISABILITY, RACE, and RELIGION.

E  D5-3.2, § III.D., "REPRISALS FOR USING THE GRIEVANCE PROCEDURE:"
   "1.  No reprisals shall be taken against any offender for use of, or participation in, the offender grievance procedure."

   D5-3, "The department shall ensure the right of the inmate to have access to the courts to to seek redress for alleged illegal conditions or treatment while under correctional control." "The department shall ensure inmates are protected from personal abuse and corporal punishment."

   D2-11.4, § IV.A.2., "Examples of prohibited discrimination or harassing conduct for purposes of this procedure include, but are not limited to any of the following:
   f.  any conduct which creates an intimidating, hostile or offensive working environment based on an individual's race, color, ancestry, national origin, gender, age, religion, physical disability or mental disability..."
   § IV.D.1., "Staff members shall not engage in any form of retaliation against individuals who report conduct prohibited by this procedure or witnesses who provide such information about such conduct."
   § IV.D.2., "Retaliation includes, but is not limited to the following:
   b.  denial of a right to participate in the internal resolution or grievance process;"

   RSMo. 565.070, "ASSAULT IN THE FOURTH DEGREE:  1.  A person commits the crime of assault in the third degree if:
   (1) The person attempts to cause or recklessly causes physical injury to another person; or"

F. By violating the above departmental policies, and Federal and State statutes, George acted under color of state law to deprive me of rights guaranteed to me by the United States Constitution's:

   FIRST AMENDMENT:  By retaliating against me in the form of physical violence and abusive language, for exercising my right to "petition the government for redress of grievances," to deny me access to the courts. These actions also violate;

   FOURTEENTH AMENDMENT:  By not following procedures outlined in Departmental policies, and State and Federal statutes, thereby denying me the "due process and equal protection of

RECEIVED
DEC 20 2017
W.M.C.C.

the law," of those policies and statutes, also violates;

EIGHTH AMENDMENT: By intentionally assaulting me with the door and causing me injury, as well as using abusive and profane language against me, to intentionally inflict "cruel and unusual punishment," in retaliation for using the offender grievance procedure to report George's DISCRIMINATION, and abusive prejudice.

G. EVIDENCE IN SUPPORT OF CLAIMS:
    I present the following evidence to be "REASONABLY INVESTIGATED," IMPARTIALLY, OBJECTIVELY, and FAIRLY, and for all evidence listed below to be preserved in a "GOOD FAITH EFFORT," for review in a COURT OF LAW:

    1. Security camera recordings of Housing Unit 8, A-Wing, on 12/11/2017, from 6:40PM to to 7:00PM;

    2. Affidavit of Marcus Mitchell #359975, on the events of the incident;

    3. Complaint number WMCC-17-2022;

    4. Complaints filed by other African American offenders of WMCC, against George:

H. I am requesting the following remedies:

    1. For COI Rita George to be disciplined in accordance with D2-9.1, D2-9.2, and D5-3.2, and D2-11.4;

    2. For George to CEASE her abusive and unlawful actions of DISCRIMINATION, HARASSMENT, RETALIATION, and physical and mental assaults;

    3. FOR NO FURTHER RETALIATION BY GEORGE, OR ANY WMCC STAFF ACTING IN "CONSPIRACY," 42 USC § 1985, with George;

    4. For a "REASONABLE INVESTIGATION," to be conducted IMPARTIALLY, OBJECTIVELY, and FAIRLY:

    5. For monetary damages when this complaint is filed by me in a COURT of LAW.

RECEIVED

DEC 2 0 2017.

103

RI

## STATE OF MISSOURI
## DEPARTMENT OF CORRECTIONS
## OFFENDER GRIEVANCE

| GRIEVANCE NUMBER | IRR NUMBER | DATE FILED |
|---|---|---|
| WMCC18-92 | WMCC-18-92 | FEB 2 2018 |

**INSTITUTION USE ONLY** Category 7 use of force

| OFFENDER LAST NAME | FIRST | DOC NUMBER | HOUSING UNIT | UNIT | INSTITUTION |
|---|---|---|---|---|---|
| Webb, | Antonio | 1175777 | 8 | A | WMcc |

### OFFENDER GRIEVANCE/REQUEST

Original complaint was not properly addressed, and intentionally ineptly investigated with

prejudice against me, in favor of staff, to conceal violations of Federal and State laws.

The evidence I requested to prove my claim was intentionally not used to prove my claim.

I fully incorporate my original complaint (IRR) into this grievance, UNCHANGED!

   ( see IRR of this SAME complaint number)

In addition, per D5-3.2, § III.I.1., "If an informal resolution request, grievance, or appeal

appears to be related to an alleged physical or mental disability case management or grievance

staff members will consult with the worksite ADA coordinator who will determine whether the

complaint is related to the ADA, Rehabilitation Act, or Missouri Human Rights Act."

   This procedure was NOT followed!

| OFFENDER SIGNATURE | DATE |
|---|---|
| | 1-31-18 |

### SUPERINTENDENT RESPONSE

**Grievance response is attached.**

INMATE COPY

| SUPERINTENDENT/SECTION HEAD | DATE |
|---|---|
| | 3/8/19 |

You have the right to appeal this decision to a division director. You must file an appeal form with the grievance officer within seven (7) days from the day you receive this decision. Failure to submit an appeal within this time frame constitutes abandonment of the grievance.

☐ I ACCEPT THIS DECISION       ☐ I APPEAL THIS DECISION

| OFFENDER SIGNATURE | DATE |
|---|---|
| | |

(109)

MO 931-3377 (12-04)

January 30, 2018

TO: Missouri Board of Nursing; Missouri Board of Professional Registration; Missouri Legislator, S. Kiki Curls; Inspector General, Amy Roderick; Missouri Dept. of Corr., "Offender Grievance Procedure.

Dear Respected Parties:

This complaint is in regards to Corizon Medical Services (CMS) staff: Registered Nurse (RN), Hollie Hild, the Health Services Administrator (HSA); and Psychologist, Carmen Ventura, Mental Health Administrator (MHA), are allowing, and fraudulently concealing, the actions of abuse committed by Missouri Dept. of Corrections (MDOC) staff against myself and other persons classified as, and therefore protected by, Federal Statute 42 USC § 12101-12213, "AMERICANS WITH DISABILITIES ACT," (ADA), and RSMo. 217.245, "MEDICAL EXCUSE FROM PARTICIPATION IN REQUIRED ACTIVITIES, PROCEDURE,"

I have been diagnosed with mental illnesses for over 13 years, that licensed psychiatrists have all determined have existed since childhood, and have prescribed, and are still prescribing medication to counter the symptoms of those mental illnesses. In addition, I suffer from chronic feet and ankles pain from pre-existing ailments since childhood; chronic abdominal pain and bladder control ailments from having three hernia repair surgeries in: September 8, 2010; August 15, 2011; and February 27, 2012.
All of the aforementioned ailments, or "IMPAIRMENTS," restrict one or more of the normal functions of everyday life, and none of these "IMPAIRMENTS," are subject to improve in the foreseeable future. Under 42 USC § 12101-12213, and RSMo. 217.245, these mental and physical "IMPAIRMENTS," classify as "DISABILITIES," and therefore classify me as "DISABLED PERSON," under the aforementioned Federal and State laws.

In regards to my mental disability, MDOC staff are purposely striking the cell doors of myself and other sleeping offenders, in a violent and aggressive manner, causing loud startling booms, shocking us out of our sleep. This is a violation of:
RSMo. 556.070, "ASSAULT IN THE THIRD DEGREE," and RSMo. 556.090, "HARASSMENT," as well as Departmental Policies and procedures. On one occasion, I sustained a head injury due to this unlawful, cruel, and unusual violation of not only Departmental policies, but the aforementioned Federal and Missouri statutes committed by COII, Kevin Doiel (reference complaint number WMCC-16-173).

The most recent act was committed by COI, Rita George, violently beating on my cell door at 7:40PM, under the guise of "performing job duties," shocking me awake, disoriented and gasping for air. The Warden, Sherie Korneman, ordered an "ADA," "REQUEST FOR REASONABLE ACCOMMODATIONS," (RRA) form to be submitted (reference complaint number WMCC-17-2022). On the form I requested "Mental Health, for staff to not strike the door causing loud noises." Hollie Hild denied my "ADA," "RRA," request. I then marked the box "I want the warden to review any request that has been modified or denied." The acting deputy warden/ADA coordinator, Chris Berry, denied the appeal request. Berry is not even properly trained as ADA coordinator.

Making loud noises to intentionally shock a person from their sleep can cause that person to suffer from:
i    heart attacks; heart failure; strokes; seizures; disorientation; severe head aches; psychotic episodes; delusions; anxiety attacks; panic attacks; cardiac arrest; asthma attacks; loss of breath; heart palpitations; physical injuries, such as concussions, contusions, head trauma, broken/bruised limbs, and DEATH!

These conditions are able to afflict a healthy person, BUT these afflictions become much more dangerous in persons suffering from the following "DISABILITIES,":
   schizophrenia; paranoia; PTSD; psychosis; anxiety; asthma and other respiratory afflictions; epilepsy; cardiac afflictions and diseases; ect.
Hild being a licensed "RN," is fully aware of these dangerous health and safety risks. Carmen Ventura being a licensed clinical psychologist, is also fully aware of these dangers. Instead of making the lawful, and ethical, decision to have these UNLAWFUL "CRUEL AND UNUSUAL," violations of Departmental Policies, and Federal and Missouri statutes, abolished by MDOC staff, or even reported to the proper authorities, Hild and Ventura make the conscious decision to conspire with MDOC staff to enforce these illegal practices. Intentionally exercising "DELIBERATE INDIFFERENCE," to the serious medical needs of "DISABLED PERSONS."

   Hild has conspired on several other occasions to further MDOC staff's abuse of "DISABLED PERSONS," through:
   fraudulent documentation of medical files; terminating medical orders by physicians to conceal violations of law committed by MDOC staff; denying necessary medical treatments to offenders to conspire to conceal abuse by MDOC staff.

   This happened to me in the case of having a "NON-SMOKING CELLMATE," order from the facilities physician, Dr. Todd Richards, on 2/29/16, due to my suffering from chronic breathing "IMPAIRMENTS," that were caused by long-term exposure to second-hand smoke while confined in MDOC (reference complaint numbers WMCC-17-665 and WMCC-17-832). Hild had my order for "Non-Smoking Cellmate," canceled, AFTER I filed these complaints.

   Hild has also committed the same fraudulent acts to conspire with MDOC staff to conceal acts of abuse and retaliation against the following offenders classified as having "DISABILITIES," defined by 42 USC § 12101-12213, and RSMo. 217.245:

   Phillip Ransberg, filed complaints WMCC-17-745, and WMCC-17-964, concerning Hild and MDOC staff, targeted at his "DISABILITIES," of "Epilepsy," and "Hearing Impairment." MDOC would, under the guise of "performing job duties," go to Ransberg's cell while he was sleep, and when Ransberg would not respond, due to his "Hearing Impairment," staff would turn the light on and off, rapidly, and repeatedly causing Ransberg to go into seizures. Hild conspired with MDOC staff at WMCC, to conceal these actions through fraud.

   Darion Ivy, filed complaint WMCC-17-1360, concerning Hild and MDOC staff conspired to conceal the abuse of Ivy, by MDOC staff, targeted at his "DISABILITIES," of "Hearing Impairment," and "Physical Limitations," from multiple gunshot wounds (GSW), and "PTSD," symptoms from being shot and other factors resulting from long-term incarceration, that that Hild and Ventura refused to diagnose properly. MDOC staff would, under the guise of "performing job duties," go to Ivy's cell while he was sleeping, and when Ivy would not respond, due to his "Hearing Impairment," staff would strike the door aggressively, causing loud booming noises. Hild refused to give accommodations to Ivy of the "Hearing Impaired," alarm-watch to wake Ivy. Ventura refused to properly diagnose Ivy with PTSD, so that it appeared that Ivy was not suffering from mental illness. MDOC staff issued Ivy cdv's based on not being able to hear staff make "count," announcements, and used those cdv's to raise Ivy's custody level.

   Hild is also refusing to approve accommodations for my "PHYSICAL IMPAIRMENTS," classified as "DISABILITIES," for "IMPAIRMENTS," caused by feet and ankles pain; abdominal pain from hernia surgeries; bladder control "IMPAIRMENTS," resulting from complications hernia repair surgeries; and breathing "IMPAIRMENTS." As stated prior, these "IMPAIRMENTS,"
   (1) restrict one or more of my everyday life functions; (2) are not subject to improve in the foreseeable future; (3) I am seen by a licensed physician in the "CHRONIC CARE CLINIC," at least two times a year.

54

These "IMPAIRMENTS," classify as DISABILITIES," under 42 USC § 12101-12213, and RSMo. 217.245, but Hild is acting in conspiracy with MDOC staff to deny me accommodations for these "DISABILITIES," and is even allowing MDOC staff to use these "DISABILITIES," to discriminate against me in classification and parole recommendations (reference complaint number WMCC-17-2205).

The above actions of violations of Federal and State laws; fraud; failure to protect; and "DELIBERATE INDIFFERENCE," to the serious medical needs of persons with "DISABILITIES," all are violations of the UNITED STATES CONSTITUTION"S Eighth Amendment, to not inflict "CRUEL AND UNUSUAL PUNISHMENT," by Hollie Hild and Carmen Ventura.

These actions also violate the UNITED STATES CONSTITUTION'S First Amendment, "the right to petition the government for redress of grievances." By acting in conspiracy with MDOC staff to retaliate against myself, and other "DISABLED PERSONS," for petitioning the government for redress of grievances, violates the First Amendment.

At this time, I am asking you to conduct a fair, impartial, thorough investigation into this matter.

Thank you for your time and assistance in this matter.

Sincerely,
Antonio Webb

OFFENDER GRIEVANCE REMEDIES:

1. For the following accommodations to be made for my physical and mental "DISABILITIES,":
   (a) For staff not to strike the doors causing loud noises when I am sleeping; (b) No heavy lifting over 30 pounds; (c) Frequent bathroom usage; (d) Bottom walk restricted; (e) Bottom bunk restricted; (f) Flat ground restricted; (g) athletic supporter; (h) To purchase mid/high top athletic shoes from an outside vendor for exercise; (i) Bilateral ankle supports; (j) Bilateral knee supports; (k) CPAP machine and equipment; (l) No prolonged standing over 10 minutes; (m) medical shoes for everyday use.

2. For Hollie Hild and Carmen Ventura to CEASE their acting in conspiracy with MDOC staff to fraudulently conceal actions of abuse and retaliation against me, targeted at my "DISABILITIES," for the filing of this complaint.

3. No retaliation by Hild, Ventura, ANY MDOC or contracted staff for the filing of this complaint. Especially in the forms of fraudulent documentation of my medical file, and canceling physician orders.

4. For Hild and Ventura to be reprimanded per D2-9.1, D2-9.2, IS11, and Federal and Missouri statutes that govern violations of 42 USC § 12101-12213, and RSMo. 217.245 and RSMo. 217.405, and to be reported to the proper authorities for the violations of these statutes.

5. For monetary damages paid to me when this complaint is filed by me in a court of law.

page 3 of 3

56

STATE OF MISSOURI
DEPARTMENT OF CORRECTIONS
**OFFENDER GRIEVANCE**

| GRIEVANCE NUMBER | IRR NUMBER | DATE FILED |
|---|---|---|
| WMCC 18-209 | WMCC-18-209 | MAR 2 0 2018 |

**INSTITUTION USE ONLY**   Cat: 5   Medical

| OFFENDER LAST NAME | FIRST | DOC NUMBER | HOUSING UNIT | UNIT | INSTITUTION |
|---|---|---|---|---|---|
| Webb | Antonio | 1175777 | 8 | A | WMCC |

**OFFENDER GRIEVANCE/REQUEST**

Original complaint was not properly investigated or addressed. I am incorporating my ENTIRE

IRR-WMCC-18-209, into this appeal including every attachment page supplied by me therein, and

supplement the following rebuttal to the grievance response:

This complaint was intentionally responded to as me "sleeping through count." At NO TIME was

any of the incidents with MDOC staff take place during count! So the suggestion by nurse Mazur

had nothing to do with my complaint. SEE IRR WMCC-18-209 with the three attachments provided

by me.

| OFFENDER SIGNATURE | DATE |
|---|---|
| | 3/15/18 |

**SUPERINTENDENT RESPONSE**

Grievance response is attached.

INMATE COPY

RECEIVED BY Medical

MAR 21 2018

ON THIS DATE

| SUPERINTENDENT/SECTION HEAD | DATE |
|---|---|
| | 4/9/18 |

You have the right to appeal this decision to a division director. You must file an appeal form with the grievance officer within seven (7) days from the day you receive this decision. Failure to submit an appeal within this time frame constitutes abandonment of the grievance.

☐ I ACCEPT THIS DECISION          ☑ I APPEAL THIS DECISION

| OFFENDER SIGNATURE | DATE |
|---|---|
| | 4/13/18 |

MO 931-3377 (12-04)

(108)

Antonio Webb #1175777



<u>A.</u>  Sexual Harassment and Retaliation by COI David Gilgour, in violation of the
"PRISON RAPE ELIMINATION ACT." 34 USC § 30301, committed by:

   COI, David Gilgour.

<u>B.</u>  COI, David Gilgour committed sexual harassment and retaliated against me for reporting him.
On February 13, 2018, at approx. 11:30AM to 12:30PM, I was in my cell changing clothes
after exercising and preparing to get into the shower. I was naked in my assigned cell,
8A-111, with the "privacy barrier," (door) closed. During this time, I heard a voice say
          "Looks a good time, let's make it a party."
I looked up and saw COI David Gilgour staring in the window. I told him to get away from
the door. All of this was recorded on HU-8, A-wing security cameras (I am requesting the
Audio/Visual recordings of HU-8, A-wing on the above date and time be preserved in a
"Good Faith Effort," to preserve and substantiate my claims, and to be presented in a
court of law).
I immediately used my PIN number on the offender phone system to report this to the PREA
hotline (I am requesting the phone recordings on my offender PIN number on the above date
at approx. 11:30AM to 12:30PM to be preserved in a "Good Faith Effort," to preserve and
substantiate my claims, and to be presented in a court of law).
The same day, at approx. 12:30PM to 1:30PM, Gilgour came by my door, called for me to come
out of the cell, and threatened me, stating:
          "I saw you get on the phone after I came by. If you called PREA on me I'll make sure
you are sorry you did!"
This was recorded on HU-8, A-wing security cameras (I am requesting the Audio/Visual
recordings of HU-8, A-wing security cameras on the above date and time be preserved in a
"Good Faith Effort," to preserve and substantiate my claims, and to be presented in a
court of law). I again called the PREA hotline using my offender PIN number (I am
requesting the phone recordings on my offender PIN number be preserved in a "Good Faith
Effort," to preserve and substantiate my claims, and to be presented in a court of law).
In both phone recordings, referenced prior in this complaint, I requested the Audio/Visual
recordings of the security cameras of HU-8, A-wing be reviewed and preserved.

<u>C.</u>  COI, David Gilgour acted under color of state law to deprive me of rights guaranteed to me
by the United States Constitution's:

   EIGHTH AMENDMENT: By sexually harassing me in violation of Federal law,
34 USC § 30301; and State laws, RSMo.'s 217.405, 217.410, 217.025, 217.040, and 217.175,
Gilgour forced me to be subjected to "Cruel and Unusual Punishment,"; and

   FIRST AMENDMENT: By threatening me for reporting him for sexual harassment, Gilgour
violated my right to "Petition the Government for Redress of Grievances."

<u>D.</u>  I am requesting:

   1.  That COI, David Gilgour by reprimanded in accordance with D1-8.13, D2-9.1, and
       D2-9.2, and prosecuted per 34 USC § 30301, and RSMo. 217.405;

   2.  For no further retaliation by Gilgour or any WMCC/MDOC staff for the filing of this
       complaint;

   3.  Monetary damages when this complaint is filed by me in a court of law;

   4.  During the investigation for Gilgour not to be assigned to work around me per
       D1-8.13, § III.H.1.b.(2).



The following are a list of the Exhibits to be filed with this § 1983, to be incorporated into the "STATEMENT OF CLAIM," section of this § 1983:

1. Exhibit A: WMCC-17-322. Informal Resolution Request (IRR), A1-A3; Grievance (G), A4-A11 Grievance Appeal (GA), A12-A13

2. Exhibit B: WMCC-17-488. IRR, B1-B8; G, B9-B10; GA B11-B14

3. Exhibit C: WMCC-17-517. IRR, C1-C4; G, C5-C7; GA, C8-C10

4. Exhibit D: WMCC-17-665. IRR, D1-D5; G, D6-D9; GA, D10-D11

5. Exhibit E: WMCC-17-670. IRR, E1-E5; G, E6-E7; GA, E8-E9

6. Exhibit F: WMCC-17-763. IRR, F1-F4; G, F5-F8; GA, F9-F10

7. Exhibit G: WMCC-17-832. IRR, G1-G5; G, G6-G7; GA, G8-G9

8. Exhibit H: WMCC-17-1021. IRR, H1-H3; G, H4-H5; GA, H6-H7

9. Exhibit I: WMCC-17-1102. IRR, I1-I3; GA, I4-I5

10. Exhibit J: WMCC-17-1277. IRR, J1-J2; G, J3-J4; GA, J5-J6

11. Exhibit K: ALLEGED Grievance Reprisal (AGR), K1-K7.

12. Exhibit L: WMCC-17-1479. IRR, L1-L5; G, L6-L7; GA, L8-L9

13. Exhibit M: WMCC-17-1527. IRR, M1-M4; G, M5-M6; GA, M7-M8

14. Exhibit N: WMCC-17-1548. IRR, N1-N4; G, N5-N6; GA, N7-N8

15. Exhibit O: WMCC-17-1755. IRR, O1-O3; G, O4-O5; GA, O6-O7

16. Exhibit P: WMCC-17-2022. IRR, P1-P3; G, P4-P5; GA, P6-P7



17. Exhibit Q:  WMCC-17-2205.  IRR, Q1-Q3; G, Q4-Q5

18. Exhibit R:  WMCC-18-92.  IRR, R1-R6; G, R7-R8

19. Exhibit S:  WMCC-18-209.  IRR, S1-S5; G, S6-S7

20. Exhibit T:  WMCC-18-563.  IRR, T1.

21. Exhibit U:  to be filed when WMCC staff provide copies, at a later date.

### SEXUAL HARASSMENT EXHIBITS (SH)

22. Exhibit SH1:  conduct violation (CDV) WMCC17-01525

23. Exhibit SH2:  Disciplianry action report (DHR) WMCC17-01525

24. Exhibit SH3:  DHO WMCC17-1525 (rehearing)

25. Exhibit SH4:  Letter (ltr) from Albach; March 27, 2017

26. Exhibit SH5:  ltr from Albach; April 4, 2017

27. Exhibit SH6:  ltr from Albach; June 16, 2017

28. Exhibit SH7:  ltr from Albach; February 21, 2018

29. Exhibit SH8:  Affidavit of Sheddrick Denson

30. Exhibit SH9:  Affidavit of Delmer D. Thompson III

31. Exhibit SH10  Affidavit of Darryl Gray

32. Exhibit SH11:  ltr from Plaintiff to Amy Roderick; December 14, 2017

33. Exhibit SH12:  communication from Plaintiff, to Grievance Office; 10/3/17



34. Exhibit SH13: "About Sexual Assault," memorandum generated by defendant Korneman

35. Exhibit SH14A-SH14B: policy D1-8.13, pages 14-15 of 28

36. Exhibit SH15A-SH15E: policy SOP D5-3.2, pages 13, 15-18 of 22

## ADA/MEDICAL EXHIBITS (A/M)

37. Exhibit A/M1A-A/M1C: 3 pages of Transitional Accountability Plan 12/05/2017

38. Exhibit A/M2: Memorandum of Chris Berry January 19, 2018

39. Exhibit A/M3: "REQUEST FOR REASONABLE ACCOMMODATIONS," form

40. Exhibit A/M4: "LAY-IN/MEDICAL/DUTY RESTRICTIONS," for "Nonsmoking Roommate," issued by defendant Richards on 2/29/16

41. Exhibit A/M5: Inter-office communication from Heidi Woods, March 31,2015

42. Exhibit A/M6: Inter-office communication from Andrew Webb, 4/4/17

43. Exhibit A/M7: Inter-office communication from Andrew Webb, 5/03/17

43. Exhibit A/M8A-A/M8E: Memorandum (5 pages) from Sherie Korneman, Sept. 6, 2016

44. Exhibit A/M9A-A/M9G: Memorandum (7 pages) from Sherie Korneman, Dec. 13, 2016

45. Exhibit A/M10A-A/M10C: IRR WMCC-15-1155, 3 pages (pages 2 and 3 are printed on front/back of each other by WMCC staff)

46. Exhibit A/M11A-A/M11H: IRR/Grievance/Grievance Appeal of WMCC-16-214, 8 pages

47. Exhibit A/M12A-A/M12C: IRR WMCC-16-1672, 3 pages

48. Exhibti A/M13: policy SOP D5-3.2, page 8 of 22

49. Exhibit A/M14: IRR WMCC-16-173, 3 pages

_tm_ 2/21/17                                                    **A1**

| OFFENDER NAME | | | DOC NUMBER |
|---|---|---|---|
| Webb  Antonio | | | 1175777 |

| DATE STAFF RECEIVED IRR | COMPLAINT NUMBER | CATEGORY | HOUSING UNIT |
|---|---|---|---|
| 3/1/17 | Wmcc 17-322 | #8 Other | 7A106B |

**COMPLAINT - ONE ISSUE - BE SPECIFIC**

WMCC staff are violating Sexual Harassment policies, and
PREA guidelines.

**STATE YOUR PROBLEM BRIEFLY**

WMCC staff are misrepresenting Departmental
policies, and PREA, to erroneously promulgate
subjugation of offenders to being sexually
harassed, and/or fallaciously issued CDV's...   (continued in
two paged attached letter to, "Department of Justice.")

**ACTION REQUESTED: STATE REMEDIES YOU ARE SEEKING**

1.  For offenders to CEASE being issued CDV's for sexual
misconduct for being naked in their assigned cell...
((continued in attached 2 paged letter)

**STAFF USE ONLY**

**DISCUSSION OF COMPLAINT (SUMMARIZE RESULTS OF MEETING)**

Offender Webb feels that this issue is a double bind.
There is no favorable outcome

☐ IRR RESOLVED BY DISCUSSION/WITHDRAWN     ☑ IRR NOT RESOLVED BY DISCUSSION

| OFFENDER SIGNATURE | DATE | STAFF SIGNATURE | DATE |
|---|---|---|---|
| | 3-17-17 | J. Montemayor CCMI | 3/17/17 |

**STAFF FINDINGS/RESPONSE**

Your complaint has been reviewed and the following has been determined: According to statements made in your Informal Resolution
Request, you claim WMCC staff are violating sexual harassment policies, and PREA guidelines. Upon review of your conduct violation
history you have never received a conduct violation for #15 Sexual Misconduct while assigned to Housing Unit 7 at WMCC. D1-8.13
Offender Sexual Abuse and Harassment clearly states, offenders will be allowed to shower, perform bodily functions, and change clothing
without non-medical staff members of the opposite gender viewing their breasts, buttocks, or genitalia, except in exigent circumstances,
or when such viewing is incidental to routine cell checks in accordance with department, institutional services, and probation and parole
procedures regarding searches. General Population Housing Unit Rules also states, cell windows will not be not covered at anytime.
Therefore your IRR is denied.

IRR Denied.

| INVESTIGATING STAFF SIGNATURE | DATE | RESPONDENT SIGNATURE | DATE |
|---|---|---|---|
| J. Montemayor CCMI | 4/3/17 | Audra Webb  FUM #118704 | 4/7/17 |

| REVIEWER SIGNATURE | DATE | RESULTS | |
|---|---|---|---|
| M. Tallent An | 4-4-17 | ☐ SATISFACTORY   ☑ UNSATISFACTORY | |

YOU HAVE THE RIGHT TO FILE A FORMAL GRIEVANCE. YOU MUST FILE A GRIEVANCE FORM WITH THE DESIGNATED STAFF WITHIN SEVEN (7) DAYS FROM THE DATE
YOU RECEIVE THIS RESPONSE. FAILURE TO SUBMIT A GRIEVANCE WITHIN THIS TIME FRAME CONSTITUTES ABANDONMENT.

| OFFENDER SIGNATURE | DATE |
|---|---|
| | 4-6-17 |

MO 931-3376 (12-04)                          (120)

RECEIVE**D** A4

# STATE OF MISSOURI
## DEPARTMENT OF CORRECTIONS
### OFFENDER GRIEVANCE

| GRIEVANCE NUMBER | IRR NUMBER umcc | DATE FILED |
|---|---|---|
| 17  322 | 17-322 | APR 1 4 2017 |

**INSTITUTION USE ONLY**   Cut: 8   other    W.M.C.C.

| OFFENDER LAST NAME | FIRST | DOC NUMBER | HOUSING UNIT | UNIT | INSTITUTION |
|---|---|---|---|---|---|
| Webb, | Antonio | 1175777 | 7 | A1a&b | umcc |

**OFFENDER GRIEVANCE/REQUEST**

Original complaint was NOT properly addressed! This complaint IS a "SEXUAL HARASSMENT," complaint and was NOT filed as a PREA complaint. I fully incorporate my original complaint, my phone complaints, into this "OFFENDER GRIEVANCE," ...... In addition WMCC was on "LOCK DOWN," from 4-6-17 until 4-10-17. I work from 6:25am until 3:30pm Mon.~ Thur. The library ONLY makes copies from 3pm until 4pm, and on my recreation rotation we only had one day this week to make copies of my attachments. That is the extinuating circumstance for my filing delay of this complaint, since D5-3.2 states all attachments at the "Grievance," must be made by the offender.
In addition since filing this original complaint, I have been retaliated against (wmcc-17-488).
(continued on attached pages 1-6 of 6)

| OFFENDER SIGNATURE  Antonio Webb | DATE 4-8-17 |
|---|---|

**SUPERINTENDENT RESPONSE**

**Grievance response is attached.**  RECEIVE**D** APR 13 2017 BY:

| SUPERINTENDENT/SECTION HEAD | DATE 10/2/17 |
|---|---|

You have the right to appeal this decision to a division director. You must file an appeal form with the grievance officer within seven (7) days from the day you receive this decision. Failure to submit an appeal within this time frame constitutes abandonment of the grievance.

☐ I ACCEPT THIS DECISION     ☐ I APPEAL THIS DECISION

| OFFENDER SIGNATURE | DATE |
|---|---|

MO 931-3377 (12-04)

(121)



**A11**

| | |
|---|---|
| Grievance Log Number: | WMCC 17-322 |
| Category: | 4: Harassment |
| Complainant: | Offender Webb, Antonio #1175777 |

Your grievance complaint dated April 14, 2017 has been received and reviewed. You allege that the original complaint was *"NOT properly addressed".* In the original complaint you alleged that *WMCC staff are violating Sexual Harassment policies and PREA guidelines.* In the original IRR associated with this complaint you requested in part: *"1. for offenders to CEASE being issued CDV's for sexual misconduct for being naked in their assigned cells; 2. for offenders to be allowed to place an index sided card in their cell windows when naked; 3. For female staff to announce when they actually enter the wings each time; no retaliation by WMCC staff for filing this complaint.*

Be advised Department Procedure D1-8.13 Offender Sexual Abuse and Harassment states in part: *2. The department has zero tolerance for all forms of offender sexual abuse, harassment, and retaliation.* It further states: *H. INVESTIGATIONS 1. The department shall ensure that an administrative and/or criminal investigation is completed for all allegations of sexual abuse and sexual harassment and all referrals for such allegations shall be documented in accordance with the coordinated response to offender sexual abuse located on the department's intranet website.,* and *J. REPORTING OUTCOMES 2. Notification shall not be made to the offender following an investigation or inquiry regarding sexual harassment.*

I find that your allegations reported February 21, 2017 were documented in accordance with the coordinated response to offender sexual abuse. I find that cross gender announcements are made at WMCC in accordance with PREA standards. Additionally, offender cell windows are not to be covered due to safety and security concerns. You have presented no evidence that WMCC staff have failed to adhere to PREA standards. Through a review of materials, I find no evidence to substantiate you allegations. This should resolve your complaint. No further action is needed.

Grievance addressed.

INMATE COPY

_____
Warden/Section Head Signature

6/2/17
_____
Date

SLK/bjl



(122)

STATE OF MISSOURI
DEPARTMENT OF CORRECTIONS
**INFORMAL RESOLUTION REQUEST**

INSTITUTION USE ONLY    ☐ EMERGENCY COMPLAINT

| OFFENDER NAME Webb, Anton.O | | DOC NUMBER 1175777 |
|---|---|---|
| DATE STAFF RECEIVED IRR 3/24/17 | COMPLAINT NUMBER Wmcc 17-488 | CATEGORY #4 Harassment    HOUSING UNIT 7A106B |

**COMPLAINT - ONE ISSUE - BE SPECIFIC**

WMCC staff are refusing to file sexual harassment complaints
in violation of D1-8.13, D2-11.4, D2-11.10, and 42 USCS §15601.

**STATE YOUR PROBLEM BRIEFLY**

On 2-21-2017, I filed a sexual harassment complaint on the phone
(ref. my phone records on 2-21-2017, between 2:50pm and 3:40pm,
and save phone recording made to 573-526-0513, in a "Good Faith Effort,"
for legal purposes), to report... (see attached "Complaint Page," and
attached letters dated: 3-23-17, 3-22-17, 3-7-17, 7 pages total) i.e.

**ACTION REQUESTED: STATE REMEDIES YOU ARE SEEKING**

1.) For all Phone and video recordings listed in every complaint and letter
provided to be reviewed and saved; 2.) all remedies listed in
attaced letters dated: 3-22-2017; 3-7-2017; and WMCC-17-322... (see attached)

**STAFF USE ONLY**

**DISCUSSION OF COMPLAINT (SUMMARIZE RESULTS OF MEETING)**

Had discussion with offender Webb and he wishes to
Contenue with the IRR Process.

☐ IRR RESOLVED BY DISCUSSION/WITHDRAWN          ☑ IRR NOT RESOLVED BY DISCUSSION

| OFFENDER SIGNATURE Anton Webb | DATE 4-12-17 | STAFF SIGNATURE L. Montemayor CCM I | DATE 4/12/17 |
|---|---|---|---|

**STAFF FINDINGS/RESPONSE**

Your complaint has been reviewed and the following has been determined: According to statements made in your Informal Resolution Request, you claim WMCC staff are refusing to file sexual harassment complaints. Specifically you claim HU#7 custody staff are subjecting you to sexual harassment by requiring you to keep your cell window clear. D1-8.13 Offender Sexual Abuse and Harassment, clearly states, offenders shall be allowed to shower, perform bodily functions, and change clothing without non-medical staff of the opposite gender viewing their breasts, buttock, or genitalia, except in exigent circumstances, or when such viewing is incidental to routine cell checks in accordance with divisional and institutional services. WMCC housing unit rules state; the view through the cell doors/windows will not be obstructed at anytime. The PREA Hotline call you made on 2/21/17 was reviewed by appropriate staff and it was determined to be an invalid PREA complaint. Named staff refutes your claims of sexual harassment. You have failed to provide any credible evidence of staff sexual harassment. Therefore your IRR is denied.

IRR Denied.

| INVESTIGATING STAFF SIGNATURE L. Montemayor CCM I | DATE 4/12/17 | RESPONDENT SIGNATURE Anton Webb FUM (A3P) | DATE 4/12/17 |
|---|---|---|---|
| REVIEWER SIGNATURE 57/17 Acting Dwom | DATE 4/18/17 | RESULTS ☑ SATISFACTORY   ☐ UNSATISFACTORY | |

YOU HAVE THE RIGHT TO FILE A FORMAL GRIEVANCE. YOU MUST FILE A GRIEVANCE FORM WITH THE DESIGNATED STAFF WITHIN SEVEN (7) DAYS FROM THE DATE YOU RECEIVE THIS RESPONSE. FAILURE TO SUBMIT A GRIEVANCE WITHIN THIS TIME FRAME CONSTITUTES ABANDONMENT.

| OFFENDER SIGNATURE | | DATE |
|---|---|---|

MO 931-3376 (12-04)



Grievance Log Number:     WMCC 17-488
Category:                 4: Harassment
Complainant:              Offender Webb, Antonio #1175777

Your grievance complaint dated April 25, 2017 has been received and reviewed.
You allege that your original IRR complaint was not properly addressed. In the original
IRR associated with this complaint you allege that WMCC staff are refusing to file sexual
harassment complaints.

Be advised Department Procedure D1-8.13 Offender Sexual Abuse and Harassment states
in part: *2. The department has zero tolerance for all forms of offender sexual abuse, harassment,
and retaliation. F. REPORTING SEXUAL ABUSE OR HARASSMENT 1. Each facility's CAO or
designee will provide multiple ways for offenders to make anonymous reports of allegations of
offender sexual abuse and harassment, retaliation, staff member neglect, and violation of
responsibilities that may have contributed to an incident of offender sexual abuse, to include but not
limited to: a. informal resolution request (IRR), grievance process, or offender complaint,
b. a staff member, c. PREA hotline, and d. advocacy agency. 3. All allegations including anonymous,
third party, verbal, or allegations made in writing will be accepted and moved forward in accordance
with the offender sexual abuse coordinated response outlined in this procedure. J. REPORTING
OUTCOMES 2. Notification shall not be made to the offender following an investigation or inquiry
regarding sexual harassment. P. EMPLOYEE DISCIPLINE 1. Staff members will be subject to
disciplinary sanctions up to and including termination for violating agency sexual abuse and sexual
harassment procedures.*

I find that on February 21, 2017 documentation substantiates you reported allegations of
sexual harassment via the Crime Tips Hotline. Documentation additionally substantiates
that your allegations were documented and reported in accordance with the
aforementioned procedure. I find that you have provided no evidence to support that
*WMCC staff are refusing to file sexual harassment complaints.* Nor, do I find evidence to
suggest such an allegation. This should resolve your complaint. No further action is
needed.

Grievance addressed.

_____          _____
Warden/Section Head Signature                      Date
SLK/bjl

5/15/17

INMATE COPY



 

**RECEIVED** MAR 3 0 2017 BY:

C1

# STATE OF MISSOURI
## DEPARTMENT OF CORRECTIONS
### INFORMAL RESOLUTION REQUEST

INSTITUTION USE ONLY  ☐ EMERGENCY COMPLAINT

| OFFENDER NAME | DOC NUMBER |
|---|---|
| Antonio Webb | 1175777 |

| DATE STAFF RECEIVED IRR | COMPLAINT NUMBER | CATEGORY | HOUSING UNIT |
|---|---|---|---|
| 3/30/17 | WMCC 17-517 | #3 Due Process | 7A |

**COMPLAINT - ONE ISSUE - BE SPECIFIC**

WMCC staff are denying me procedural due process based on discrimination Harassment and retaliation.

**STATE YOUR PROBLEM BRIEFLY**

On 3-27-2017, I was erroneously and Maliciously, Found guilty by caseworker L. Maddox, of a 21.1, "Insulting behavior," issued in retaliation by C.O.I Gilgour...
(see attached pages 1-3 of 3)

**ACTION REQUESTED: STATE REMEDIES YOU ARE SEEKING**

1. To have the erroneous violation dismissed and esponged from my record; and...
- (see attached pages 1-3 of 3)

**STAFF USE ONLY**

**DISCUSSION OF COMPLAINT (SUMMARIZE RESULTS OF MEETING)**

/s/ was informed that the error on the conduct violation in question was corrected the same day that it was made. /s/ wishes to continue with this process.

☐ IRR RESOLVED BY DISCUSSION/WITHDRAWN    ☑ IRR NOT RESOLVED BY DISCUSSION

| OFFENDER SIGNATURE | DATE | STAFF SIGNATURE | DATE |
|---|---|---|---|
| Antonio Webb | 5-2-17 | L. Montemayor CCMI | 5/2/17 |

**STAFF FINDINGS/RESPONSE**

Your complaint has been reviewed and the following has been determined: According to statements made in your Informal Resolution Request, you claim COI Gilgour issued you a Conduct Violation for #21.1 Insulting Behavior out of retaliation and that Case manager Maddox used false information on your conduct violation during the hearing process. You were afforded due process in accordance with IS19-1.3 Disciplinary Hearings Minor, and the findings were reviewed and approved by appropriate administrative staff. As for the allegation of false information by Case Manager Maddox, CCMII Lindsey did notify FUM Webb of the error which was corrected the same day that the violation hearing was held, therefore, rectifying any confusion or concern. All named staff refute your claims of harassment or retaliation. Therefore your IRR is denied.

IRR Denied.

| INVESTIGATING STAFF SIGNATURE | DATE | RESPONDENT SIGNATURE | DATE |
|---|---|---|---|
| L. Montemayor CCMI | 5/5/17 | Andrea Webb, FUM 119384 | 5/5/17 |

| REVIEWER SIGNATURE | DATE | RESULTS |
|---|---|---|
| M. Faulk Su | 5-18-17 | ☐ SATISFACTORY   ☐ UNSATISFACTORY |

YOU HAVE THE RIGHT TO FILE A FORMAL GRIEVANCE. YOU MUST FILE A GRIEVANCE FORM WITH THE DESIGNATED STAFF WITHIN SEVEN (7) DAYS FROM THE DATE YOU RECEIVE THIS RESPONSE. FAILURE TO SUBMIT A GRIEVANCE WITHIN THIS TIME FRAME CONSTITUTES ABANDONMENT.

| OFFENDER SIGNATURE | DATE |
|---|---|
| | |

MO 931-3376 (12-04)

(125)

RECEIVED

# STATE OF MISSOURI
# DEPARTMENT OF CORRECTIONS
# OFFENDER GRIEVANCE

| GRIEVANCE NUMBER   wmcc | IRR NUMBER | DATE FILED MAY 2 6 2017 |
|---|---|---|
| 17-517 | WMCC 17-517 | |

Cat: 3   Due Process

W. M. C. C.

| INSTITUTION USE ONLY | | | | | |
|---|---|---|---|---|---|
| OFFENDER LAST NAME | FIRST | DOC NUMBER | HOUSING UNIT | UNIT | INSTITUTION |
| Webb | Antonio | 1175777 | 7A | 106B | WMCC |

## OFFENDER GRIEVANCE/REQUEST

Original complaint was <u>NOT</u> properly addressed.

I fully incorporate my original Offender IRR
WMCC-17-517, into this Offender Grievance
WMCC-17-517, and supplement the following:

(see attached "STATEMENT," page)

| OFFENDER SIGNATURE | DATE |
|---|---|
| | 5-21-2017 |

## SUPERINTENDENT RESPONSE

RECEIVED
MAY 25 2017
BY:

### Grievance response is attached.

INMATE COPY

| SUPERINTENDENT/SECTION HEAD | DATE |
|---|---|
| | 5/5/17 |

You have the right to appeal this decision to a division director. You must file an appeal form with the grievance officer within seven (7) days from the day you receive this decision. Failure to submit an appeal within this time frame constitutes abandonment of the grievance.

☐ I ACCEPT THIS DECISION          ☐ I APPEAL THIS DECISION

| OFFENDER SIGNATURE | DATE |
|---|---|
| | |

MO 931-3377 (12-04)

(126)

| | |
|---|---|
| Grievance Log Number: | WMCC-17-517 |
| Category: | 3: Due Process |
| Complainant: | Offender Webb, Antonio #1175777 |

Your Grievance dated May 26, 2017 has been received and reviewed.
You are requesting that a conduct violation (WMCC 17-01525) issued to you on
March 21, 2017, at Western Missouri Correctional Center for a Rule 21.1 –
*Subjecting another person to abusive or obscene language or gestures,* be dismissed
and expunged from your file. You justify this request by alleging staff violated your
due process. You further allege that staff at WMCC violated PREA procedures.

Be advised, Departmental Procedure D5-3.2 Offender Grievance which clearly
states *"Duplicate Complaints: Specific issues or incidents will be addressed only once
by informal resolution request or offender grievance".* I find that you have
previously addressed your allegation that WMCC staff violated PREA procedures
in IRR/Grievance/Appeal WMCC 17-322. Therefore, it will not be addressed again
within this complaint.

The circumstances surrounding the aforementioned conduct: while conducting a
wing tour of Housing Unit 7/A wing, the reporting officer gave a directive to cell
#106 to uncover his window. You are assigned to 7A106, however, you were in the
bay area. You stated in a loud voice "you'd rather walk around dick watching, I'm
gonna file some PREA bullshit on you".

I have examined the Disciplinary Action Report and all pertinent documentation.
To ensure your due process has been fully afforded, I direct that the violation be
reheard due to an error that occurred during the disciplinary hearing process.
This is in accordance with Department Procedure D5-3.2 Offender Grievance
states in part: *J. REMEDIES: a. All grievances filed in accordance with this
procedure which are found to be of merit, shall be afforded an appropriate remedy,
which may include: (3) correction of records - - example: dismiss and expunge
violations, reissue and/or rehear conduct violations, reclassifications, sentence
calculation, etc.* The remedies you are seeking shall not be forthcoming. No further
action is required.

Grievance addressed.

INMATE COPY

_____
Warden/Section Head Signature

7/5/17
Date

SLK/jg

127

*fw* 4/14/17

# RECEIVED
## APR 19 2017
### BY:

**STATE OF MISSOURI**
**DEPARTMENT OF CORRECTIONS**
**INFORMAL RESOLUTION REQUEST**

INSTITUTION USE ONLY ☐ EMERGENCY COMPLAINT

| OFFENDER NAME | DOC NUMBER |
|---|---|
| Webb, Antonio | #1175777 |

| DATE STAFF RECEIVED IRR | COMPLAINT NUMBER | CATEGORY | HOUSING UNIT |
|---|---|---|---|
| 4-19-17 | WMCC 17 665 | #1 Classification | 7 A |

**COMPLAINT - ONE ISSUE - BE SPECIFIC**

WMCC staff are maliciously creating a breach of "safety and security," by wantonly placing my health and safety at risk.

**STATE YOUR PROBLEM BRIEFLY**

Since my commitment to the Missouri D.O.C., I have developed breathing complications, caused by involuntary long-term exposure to second-hand smoke and poor ventilation systems. (see complaint WMCC-16-214)... (see attached "STATEMENT," Page 1 of 4 of 4)

**ACTION REQUESTED: STATE REMEDIES YOU ARE SEEKING**

I am requesting the following:
1) For the nonsmoking cell and housing assignments to be... (see attached "STATEMENT," Pages 1-4 of 4)

**STAFF USE ONLY**

**DISCUSSION OF COMPLAINT (SUMMARIZE RESULTS OF MEETING)**

It is in institutional policy that smoking is not permitted in the cells or the bay areas of the HU's and only allowed in dessignated areas.

☐ IRR RESOLVED BY DISCUSSION/WITHDRAWN          ☑ IRR NOT RESOLVED BY DISCUSSION

| OFFENDER SIGNATURE | DATE | STAFF SIGNATURE | DATE |
|---|---|---|---|
| Antonio Webb | 5-25-17 | L. Montemayor CCM I | 5/25/17 |

**STAFF FINDINGS/RESPONSE**

Your complaint has been received and reviewed and the following has been determined: You state institutional staff are placing your health and safety at risk due to being forced to house with other offenders who use tobacco. You are requesting the institution have non-smoking cells, classification staff to consider non-smoking and smoking cell assignments, and no retaliation from staff by filing this complaint. Policy D2-11.9 states offenders may possess tobacco in an authorized amount, however use of tobacco products is prohibited in all buildings, offices, and offender living areas. Policy states smoking IS permitted outdoors provided tobacco products are disposed of in the proper receptacles. Offenders who are of legal age may purchase and possess tobacco as long as the offenders comply with the regulations within the designated areas as set forth in the housing unit/yard rules. Offenders who do not comply with these regulations are subject to disciplinary action. IRR ADDRESSED.

| INVESTIGATING STAFF SIGNATURE | DATE | RESPONDENT SIGNATURE | DATE |
|---|---|---|---|
| L. Montemayor CCM I | 5/26/17 | Andrea Webb, FUM 119384 | |
| REVIEWER SIGNATURE | DATE | RESULTS | |
| M. Tallent AW | 6-2-17 | ☐ SATISFACTORY   ☐ UNSATISFACTORY | |

YOU HAVE THE RIGHT TO FILE A FORMAL GRIEVANCE. YOU MUST FILE A GRIEVANCE FORM WITH THE DESIGNATED STAFF WITHIN SEVEN (7) DAYS FROM THE DATE YOU RECEIVE THIS RESPONSE. FAILURE TO SUBMIT A GRIEVANCE WITHIN THIS TIME FRAME CONSTITUTES ABANDONMENT.

| OFFENDER SIGNATURE | DATE |
|---|---|
| | |

(128)

MO 931-3376 (12-04)

fm 6/6/17

DG

STATE OF MISSOURI
DEPARTMENT OF CORRECTIONS
**OFFENDER GRIEVANCE**

| GRIEVANCE NUMBER | IRR NUMBER | DATE FILED |
|---|---|---|
| WMCC 17 665 | WMCC 17-665 | JUN 8 2017 |

**INSTITUTION USE ONLY**

Cat. 1 Classification

| OFFENDER LAST NAME | FIRST | DOC NUMBER | HOUSING UNIT | UNIT | INSTITUTION |
|---|---|---|---|---|---|
| Webb, Antonio | | # 1175777 | 7 | A | WMCC |

**OFFENDER GRIEVANCE/REQUEST**

Original complaint was not properly addressed! I fully incorporate my

original complaint, WMCC-17-655, into this "Offender Grievance,"
(see attached letter addressed to the Dept. of Justice, which is the same

as the original complaint.) All "Remedies," from original complaint are

remain unchanged.

| OFFENDER SIGNATURE | DATE |
|---|---|
| Antonio Webb | 6-7-2017 |

**SUPERINTENDENT RESPONSE**

RECEIVED
JUN 07 2017
BY:

**Grievance response is attached.**

| SUPERINTENDENT/SECTION HEAD | DATE |
|---|---|
| | 7/3/17 |

You have the right to appeal this decision to a division director. You must file an appeal form with the grievance officer within seven (7) days from the day you receive this decision. Failure to submit an appeal within this time frame constitutes abandonment of the grievance.

☐ I ACCEPT THIS DECISION          ☐ I APPEAL THIS DECISION

| OFFENDER SIGNATURE | DATE |
|---|---|
| | |

(129)



Antonio Webb #1175777
WMCC
609 E. Pence Rd.
Cameron, Mo 64429

April 17, 2017

Department of Justice
950 Pennsylvania AVE. NW
Washington, D.C. 20530

Re: Failure to protect nonsmokers health and safety


Dear Department of Justice,

WMCC staff are maliciously creating a breach of "safety and security," by
placing my health and safety at risk.
Since my commitment to the Missouri DOC, I have developed ailments of breathing
complications, caused by involuntary long term exposure to second-hand smoke,
and poor, unclean ventilation systems (see complaint WMCC-16-214).

In 2016, I was diagnosed with sleep apnea, after complaining to medical staff
for years, of breathing complications. I was ordered a sleep study by medical staff,
and issued a ÇPAP breathing machine, and a "Nonsmoking Roommate," lay-in. In
addition to the aforementioned, I also developed sinus ailments that cause
complications breathing through my nose, and make breathing in general extremely
labored, and cause throat infections and swelling from having to breath my mouth,
especially while sleeping.
I did NOT have any of these ailments, or a family history thereof, before my
commitment to Missouri DOC, and was placed into cell assignments with offenders that
smoked. Because of DOC's rigid inflexibility on allowing offenders that smoke,
adequate smoke breaks, in combonation with their inability to properly monitor and
supervise offenders' having smoking parphernalia, over 95% of my cellmates that
smoked, did so in the cell. It is NOT my job to monitor, supervise or dictate to
another offender their actions, in fact the offender rulebook and other DOC documents
state to "MIND YOUR BUSINESS!" This is classification staffs' job. NOT mine! In
addition, every four cells are directly linked to the same air vents. That means I
am breathing the same air from the cell to the left or right of me, and the two
cells above me. If those cells contain smokers, which they mostly do, I am being
exposed to their second hand smoke as well.
On 4-10-17, I was seen in the "Chronic Care Clinc," or CCC, at WMCC's medical, to
have my "Lay-ins/Medical/Duty Restrictions," or lay-ins, renewed. Dr. Richards
stated that medical could no longer renew my lay-in for "Nonsmoking Roommate,"
because, "DOC doesn't allow medical to do this anymore, because 'technically,' all
facilities are supposed to be 'nonsmoking,' inside and classification staff and
custody are supposed to take care of that issue for you."
The state of Missouri and Federal government passed legislation that prohibited
smoking inside all State government building and facilities (RSMo. 191.767).
When this was done, Departmental policy IS5-3.1, "Inmate Housing Assignments,"
recinded the sections on housing for nonsmoking offenders. This policy used to
make provisions for nonsmoking offenders to be housed and celled with other non-
smoking offenders, and NOT with offenders that smoked. Because of this, DOC



enacted an arbitrary policy, that on it's face, seems lawful, but acts unconstitutionally, in that it makes no provisions for the health and safety of nonsmokers, to be placed with nonsmoking cellmates and housing.

This puts nonsmoking offenders in an impasse of predicaments where no solution is just, or a "Double Bind, " : 1) If offenders go and "tell," staff that their cellmate does smoke in the cell, this puts the telling offender's safety at risk, because that offender is now labled as a "snitch," or "rat," by the offender population. Now that offender is placed in situations to have physical altercations with their cellmates and other members of the offender population that have animosity against those offenders that "snitch." These altercations include: fights; serious assaults by multiple offenders at on time; stabbings; rapes; ect., that can cause serious physical injury, psychological traumatisim, and disorders, and/or death.

2) In the first alternative to "telling," staff, is the nonsmoking offender is placed in a predicament to have a physical altercation with their cellmate that smokes, to determine who will leave the cell, resulting in serious physical injury or death.

3) In the second alternative to "telling," is that the nonsmoking offender, takes no action at all, to avoid conflict with his cellmates, other offenders, and staff. In this scenario, the nonsmoking offender suffers health ailments from long-term exposure to second-hand smoke, which is what has happened to me.

WMCC and D.O.C. staff clearly can NOT properly supervise and administrate this situation, which is why they are placing offenders in harmful positions to do staffs' jobs for them, by overseeing and policing other offenders actions, which maliciously in the process, places myself and other offenders' health, safety, and lives in jeopardy, or in the alternative we suffer serious health issues caused by second-hand smoke. WMCC and D.O.C. staff are FULLY aware of all of these "Double Bind," predicaments, and all of the detrimental consequences that ensue.

By maliciously perpetrating the above actions, acting under color of state law, WMCC as well as every other facilities staff that I was assigned to in D.O.C., and Missouri D.O.C. policy makers, have knowingly and purposely, with malicious intent, deprived me of rights guaranteed to me by the United States Constitution:

1) EIGHTH AMENDMENT, "nor cruel and unusual punishment inflicted." By no longer providing provisions for nonsmokers to be celled and housed with nonsmokers; by forcing offenders into harmful situations knowingly and purposely, with no regard for the offenders' health, safety, and life, Missouri D.O.C. administration; WMCC and every other facilities' staff, both administration and classification, have wantonly perpet-prepetrated "Deliberate Indifference," to the health and safety of myself and other offenders, by enacting and enforcing the aforementioned nefarious and arbitrary actions governed by a policy that though constitutional on it's face, is unconstitutional as applied, due to the discriminatory effect and harm to nonsmokers.

2) FOURTEENTH AMENDMENT, "...nor shall any state deprive any person of life, liberty, or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws." All staff listed in this complaint, by enacting and enforcing this arbitrary change in policy, have denied myself and other nonsmoking offenders "equal protection of the laws," by abolishing the only safe method and remedy for nonsmokers.

I beg for your assistance in this matter. Thank you.

Sincerely,

Antonio Webb




D9

Grievance Log Number:     WMCC-17-665
Category:     1: Classification
Complainant:     Offender Webb, Antonio #1175777


Your Grievance dated June 8, 2017 has been received and reviewed.
You state *"Original complaint was not properly addressed! I fully incorporate my original complaint, WMCC 17-655, into this "Offender Grievance".*

It is noted that complaint WMCC 17-655 is a complaint filed by another offender. Therefore, it will not be addressed within this complaint. However, the original IRR associated with this complaint is WMCC 17-665. In this original IRR you requested to have a non-smoking cellmate.

I find that the response to the IRR adequately addressed your complaint. Be advised Department Procedure D2-11.9 Tobacco Use Limitations states in part: *III. PROCEDURES: A. GENERAL INFORMATION: 1. All work locations will be restricted as follows: b. Use of tobacco products is prohibited in all buildings and offices or any enclosed areas operated exclusively by the department of corrections, including offender living areas.*

Be advise, IS5-3.1 Offender Housing Assignments states in part: *III. PROCEDURES: A. HOUSING ASSIGNMENT CRITERIA: 1. Offender housing assignments will be made in an individualized, nondiscriminatory manner and will not be made based on race, religion, nationality, political belief or sexual orientation. 2. Offenders should be assigned to a room or bay area based on, but not limited to: a. security considerations (highest priority), b. offender internal classification, c. special program or work assignments within a facility, d. ADA, medical, mental health, and physical considerations, e. Missouri reentry process transition criteria, f. youthful offenders will only be housed with other youthful offenders (standard operating procedures (SOP) will be developed to specify how such housing assignments will be made), g. other considerations.* **This procedure further states:** *D. OFFENDER REQUESTED ASSIGNMENT CHANGE: 1. An offender may make a request for a room or cell move by completing the room/cell change request form and submitting it to a unit staff member.*

I find no evidence that WMCC staff have failed to adhere to the aforementioned procedures. I additionally find that your current cell assignment is in adherence with IS 5-3.1 Offender Housing Assignments. I recommend that should you currently be displeased with your current cell assignment, you review the aforementioned procedure and submit appropriate forms to your housing unit classification staff for a cell assignment change. This should resolve your complaint. No further action is required at this time.

_____
Warden/Section Head Signature

INMATE COPY   13/17

_____
Date

E1

STATE OF MISSOURI
DEPARTMENT OF CORRECTIONS
INFORMAL RESOLUTION REQUEST

RECEIVED
APR 21 2017

INSTITUTION USE ONLY ☐ EMERGENCY COMPLAINT

BY: _____

| OFFENDER NAME Webb, Antonio | | DOC NUMBER #1175777 |
|---|---|---|
| DATE STAFF RECEIVED IRR 4-21-17 | COMPLAINT NUMBER WMCC 17 670 | CATEGORY #8 other/state | HOUSING UNIT 7A |

**COMPLAINT - ONE ISSUE - BE SPECIFIC**

WMCC staff continue to sexually Harass me in violation of PREA
42 USCS § 15601, D1-8.13, D2-11.4 and D2-11.10.

**STATE YOUR PROBLEM BRIEFLY**

On 4-17-2017, while I was in my cell "naked," using the
restroom, C.O.I Woody came to my door and looked in
longer than it took to conduct her routine job duties (reference
and PRESERVE security camera recording of 7-A, on 4-17-17...
(see attached Pages 1-4 of 4)

**ACTION REQUESTED: STATE REMEDIES YOU ARE SEEKING**

1) For the immediate reassignment of C.O.I Woody and
C.O.I Gilgoor From Housing Unit 7;...
(see attached pages 1-4 of 4)

**STAFF USE ONLY**

**DISCUSSION OF COMPLAINT (SUMMARIZE RESULTS OF MEETING)**

offender Webb did not want to discuss this
issue.

☐ IRR RESOLVED BY DISCUSSION/WITHDRAWN          ☑ IRR NOT RESOLVED BY DISCUSSION

| OFFENDER SIGNATURE Antonio Webb | DATE 6-1-17 | STAFF SIGNATURE L. Montemayor ccm I | DATE 6/1/17 |

**STAFF FINDINGS/RESPONSE**

Your complaint has been reviewed and the following has been determined: According to statements made in your Informal Resolution
Request, you claim WMCC staff are violating sexual harassment policies, and PREA guidelines. WMCC. D1-8.13 Offender Sexual
Abuse and Harassment clearly states, offenders will be allowed to shower, perform bodily functions, and change clothing without non-
medical staff members of the opposite gender viewing their breasts, buttocks, or genitalia, except in exigent circumstances, or when such
viewing is incidental to routine cell checks in accordance with department, institutional services, and probation and parole procedures
regarding searches. Therefore your IRR is denied.

| INVESTIGATING STAFF SIGNATURE L. Montemayor ccm I | DATE 6/7/17 | RESPONDENT SIGNATURE Anden Ibs FUM 119384 | DATE 06/07/17 |
| REVIEWER SIGNATURE Roms Rede 130846 | DATE 6/8/17 | RESULTS ☐ SATISFACTORY ☑ UNSATISFACTORY | |

YOU HAVE THE RIGHT TO FILE A FORMAL GRIEVANCE. YOU MUST FILE A GRIEVANCE FORM WITH THE DESIGNATED STAFF WITHIN SEVEN (7) DAYS FROM THE DATE
YOU RECEIVE THIS RESPONSE. FAILURE TO SUBMIT A GRIEVANCE WITHIN THIS TIME FRAME CONSTITUTES ABANDONMENT.

| OFFENDER SIGNATURE Antonio Webb | (133) | DATE 6-9-2017 |

MO 931-3376 (12-04)



*E7*

Grievance Log Number:    WMCC 17-670
Category:    4: Harassment
Complainant:    Offender Webb, Antonio #1175777

Your grievance complaint dated June 15, 2017 has been received and reviewed. You allege that the original complaint was *"NOT properly addressed".* In the original complaint you alleged that *WMCC staff are continuing to harass you in violation of PREA".* In the original IRR associated with this complaint you requested that COI Woody and COI Gilgour be reassigned from housing unit 7.

Be advised Department Procedure D1-8.13 Offender Sexual Abuse and Harassment states in part:*III. PROCEDURES: A. GENERAL INFORMATION 2. The department has zero tolerance for all forms of offender sexual abuse, harassment, and retaliation. C. RECEPTION AND ORIENTATION 7. Cross-Gender Viewing and Searching: b. Offenders shall be allowed to shower, perform bodily functions, and change clothing without non-medical staff of the opposite gender viewing their breast, buttock, or genitalia, except in exigent circumstances, or when such viewing is incidental to routine cell checks in accordance with divisional and institutional services procedures and community supervision and community release centers procedures regarding searches.* This procedure further states: *H. INVESTIGATIONS 1. The department shall ensure that an administrative and/or criminal investigation is completed for all allegations of sexual abuse and sexual harassment and all referrals for such allegations shall be documented in accordance with the coordinated response to offender sexual abuse located on the department's intranet website.*

I find that your allegations reported in writing via a Health Service Request (HSR) on April 17, 2017 was documented in accordance with the coordinated response to offender sexual abuse. You have provided no evidence to substantiate that COI Woody or COI Gilgour have harassed your or violated PREA procedures and should be removed from their assigned posts. I find no evidence to substantiate that COI Woody or COI Gilgour have failed to adhere to Department Procedures D2-11.10 Staff Member Conduct or D1-8.13 Offender Sexual Abuse and Harassment. Be advised, staff conducting routine and/or unscheduled searches of offender living areas does not constitute harassment/sexual harassment. This should resolve your complaint. No further action is needed.

Grievance addressed.

**INMATE COPY**

_____
**Warden/Section Head Signature**

7/24/17
_____
**Date**

SLK/bjl

(134)

 f<sup>un</sup> 5/3/17

 FI

RECEIVED
MAY 03 2017
BY:

# STATE OF MISSOURI
## DEPARTMENT OF CORRECTIONS
### INFORMAL RESOLUTION REQUEST

INSTITUTION USE ONLY ☐ EMERGENCY COMPLAINT

| OFFENDER NAME | | DOC NUMBER |
|---|---|---|
| Webb, Antonio | | # 1175777 |

| DATE STAFF RECEIVED IRR | COMPLAINT NUMBER | CATEGORY | HOUSING UNIT |
|---|---|---|---|
| 5/3/17 | WMCC 17-763 | #4 Harassment | 7A |

**COMPLAINT - ONE ISSUE - BE SPECIFIC**

WMCC Staff are denying me due process and equal protection of the law,

by intimidation, retaliation and veiled threats, in the matter of willful...

(see attached pages, 1-2 of 2, and 1 of 1).

**STATE YOUR PROBLEM BRIEFLY**

On 4-27-2017, I received a pass to "R&O," to see the Deputy Warden,

Lori Lakey and the H.U. 7 F.U.M., A. WEBB. Lakey introduced herself in

capacity of the "PREA Site Coordinator." Protocol for interviewing...

(see attached pages 1-2 of 2, and 1 of 1. In addition, I RESERVE THE

RIGHT TO SUPPLEMENT THIS COMPLAINT AS FACTS BECOME AVAILABLE TO ME!!!)

**ACTION REQUESTED: STATE REMEDIES YOU ARE SEEKING**

1. For my complaints to be investigated by an impartial party, and for

    Lakey to be removed from any further investigation of my complaints;

(see attached pages 1-2 of 2, and 1 of 1)

**STAFF USE ONLY**

**DISCUSSION OF COMPLAINT (SUMMARIZE RESULTS OF MEETING)**

Subject was given a grievance Form on 6/21/17

☐ IRR RESOLVED BY DISCUSSION/WITHDRAWN    ☐ IRR NOT RESOLVED BY DISCUSSION

| OFFENDER SIGNATURE | DATE | STAFF SIGNATURE | DATE |
|---|---|---|---|
| | | L. Montemayor CCMI | 6/21/17 |

**STAFF FINDINGS/RESPONSE**

| INVESTIGATING STAFF SIGNATURE | DATE | RESPONDENT SIGNATURE | DATE |
|---|---|---|---|
| | | | |

| REVIEWER SIGNATURE | DATE | RESULTS ☐ SATISFACTORY ☐ UNSATISFACTORY | |
|---|---|---|---|

YOU HAVE THE RIGHT TO FILE A FORMAL GRIEVANCE. YOU MUST FILE A GRIEVANCE FORM WITH THE DESIGNATED STAFF WITHIN SEVEN (7) DAYS FROM THE DATE YOU RECEIVE THIS RESPONSE. FAILURE TO SUBMIT A GRIEVANCE WITHIN THIS TIME FRAME CONSTITUTES ABANDONMENT.

| OFFENDER SIGNATURE | DATE |
|---|---|
| | |

(135)

MO 931-3376 (12-04)




fm 6/21/17                                    FS

| GRIEVANCE NUMBER | IRR NUMBER | DATE FILED |
|---|---|---|
| WMCC-17-763 | WMCC 17-763 | JUN 2 6 2017 |

RECEIVED
W.M.C.C.

**INSTITUTION USE ONLY**          Cats 4 Harassment

| OFFENDER LAST NAME | FIRST | DOC NUMBER | HOUSING UNIT | UNIT | INSTITUTION |
|---|---|---|---|---|---|
| Webb | Antonio | 1175777 | 7 | A | Wmcc |

**OFFENDER GRIEVANCE/REQUEST**

Original complaint was NOT addressed or investigated!  Over 40 days have passed

since I submitted this complaint on 5/9/2017, and no response was provided, in an

attempt to maliciously stall and circumvent my "due process and equal protection of

the law," by WMCC staff.  I FULLY INCORPORATE MY ORIGINAL COMPLAINT WMCC-17-763,

into this "Offender Grievance and supplement the following:

   (see attached "STATEMENT," page and original attachment pages to IRR WMCC-17-763)


ALL REMEDIES REMAIN THE SAME!!!

| OFFENDER SIGNATURE | DATE |
|---|---|
| | 6-21-2017 |

**SUPERINTENDENT RESPONSE**

RECEIVED
JUN 21 2017
BY:

Grievance response is attached.

INMATE COPY

| SUPERINTENDENT/SECTION HEAD | DATE |
|---|---|
| | 8/3/17 |

You have the right to appeal this decision to a division director. You must file an appeal form with the grievance officer within seven (7) days from the day you receive this decision. Failure to submit an appeal within this time frame constitutes abandonment of the grievance.

☐ I ACCEPT THIS DECISION            ☐ I APPEAL THIS DECISION

| OFFENDER SIGNATURE | DATE |
|---|---|
| | |



Grievance Log Number: WMCC 17-763
Category: 4: Harassment
Complainant: Offender Webb, Antonio #1175777

Your grievance complaint received June 26, 2017 has been received and reviewed. You state that the original complaint was *"Not addressed or investigated!"* and you request to incorporate your original IRR complaint WMCC 17-763 into this complaint. In the original IRR complaint you alleged that WMCC staff are denying you due process and equal protection of the law by intimidation, retaliation, and veiled threats. You further allege that PREA Coordinator, Lori Lakey was patronizing and biased and failed to follow proper procedures in regards to Offender Sexual Abuse and Harassment. In the original IRR associated with this complaint you requested: *for Lakey to be removed from any further investigation of your complaints, no retaliation by Lakey or other staff members, for Lakey to be reprimanded, and monetary damages when you file this complaint in a court of law as a civil suit.*

I find that you have previously addressed this issue (allegations that WMCC staff have failed to adhere to Department Procedure D1-8.13 Offender Sexual Abuse and Harassment) in IRR and Grievance WMCC 17-670. You are currently addressing the matter in Appeal WMCC 17-670. Therefore, I find that you have failed to adhere to Departmental Procedure D5-3.2 Offender Grievance which clearly states *"Duplicate Complaints: Specific issues or incidents will be addressed only once by informal resolution request or offender grievance"*. Therefore, this issue will not be addressed within this complaint.

Documentation substantiates your original IRR complaint WMCC 17-763 was not responded to in the allotted time period. However, I find that it was investigated and you were provided an Offender Grievance form at your own request in accordance with Department Procedure D5-3.2 Offender Grievance. This procedure states in part: *10. Expiration of the response time limit at any stage of the process shall allow the offender to move to the next stage of the process by notifying the grievance officer or designee.*

Documentation additionally substantiates that Deputy Warden Lori Lakey, WMCC PREA Coordinator did meet with you on April 27, 2017. It is noted that you have submitted several complaints that you alleged to be sexual harassment. The purpose of the meeting was discuss Department Procedure D1-8.13 Offender Sexual Abuse and Harassment and the PREA brochure to ensure you had a better understanding of PREA allegations. It is noted that you were additionally informed at this meeting that you were not allowed to block your cell window due to safety and security concerns. Ms. Lakey refutes your allegations that she made any veiled threats, innuendos, or used psychological manipulation to convince you not to continue with your complaints.

Continued on page 2.



137

**Grievance Log Number:** WMCC 17-763
**Category:** 4: Harassment
**Complainant:** Offender Webb, Antonio #1175777

I find that you have provided no evidence to substantiate your allegations of misconduct against Ms. Lakey. Additionally, through a review of documentation, I find no evidence to substantiate Ms. Lakey has failed to adhere to established procedures regarding Offender Sexual Abuse and Harassment complaints or Staff Conduct. Be advised, ensuring offenders are educated on procedures and definitions regarding Offender Sexual Abuse and Harassment does not constitute harassment or obstruction of due process. This should resolve your complaint. No further action is needed.

Grievance addressed.

_____
**Warden/Section Head Signature**

8/3/17
_____
**Date**

SLK/bjl

INMATE COPY

138

fm.5/16/17                              RECEIVED                    64
                                        MAY 16 2017

| OFFENDER NAME Webb, Antonio | | DOC NUMBER #1175727 |
|---|---|---|
| DATE STAFF RECEIVED IRR 5/16/17 | COMPLAINT NUMBER Wmcc 17-832 | CATEGORY #5 Medical | HOUSING UNIT 7A |

**COMPLAINT - ONE ISSUE - BE SPECIFIC**

WMCC staff are displaying "Deliberate Indifference," to my breathing complications, causing a "safety and security," risk.

**STATE YOUR PROBLEM BRIEFLY**

Medical staff are refusing to treat properly, adequately test, truthfully document, or issue restrictions for theses breathing complications...
(see attached pages 1-3 of 3)

**ACTION REQUESTED: STATE REMEDIES YOU ARE SEEKING**

1) The immediate renewal of my "Nonsmoking Roomate...
(see attached pages 1-3 of 3)

**STAFF USE ONLY**

**DISCUSSION OF COMPLAINT (SUMMARIZE RESULTS OF MEETING)**

| ☐ IRR RESOLVED BY DISCUSSION/WITHDRAWN | | ☑ IRR NOT RESOLVED BY DISCUSSION | |
|---|---|---|---|
| OFFENDER SIGNATURE | DATE 5-30-17 | STAFF SIGNATURE | DATE 5/30/17 |

**STAFF FINDINGS/RESPONSE**

RECEIVED BY Medical
MAY 22 2017
ON THIS DATE

| INVESTIGATING STAFF SIGNATURE | DATE 5/30/17 | RESPONDENT SIGNATURE | DATE 5/30/17 |
|---|---|---|---|
| REVIEWER SIGNATURE M. Rabbit Aus | DATE 6-2-17 | RESULTS ☐ SATISFACTORY ☐ UNSATISFACTORY | |

YOU HAVE THE RIGHT TO FILE A FORMAL GRIEVANCE. YOU MUST FILE A GRIEVANCE FORM WITH THE DESIGNATED STAFF WITHIN SEVEN (7) DAYS FROM THE DATE YOU RECEIVE THIS RESPONSE. FAILURE TO SUBMIT A GRIEVANCE WITHIN THIS TIME FRAME CONSTITUTES ABANDONMENT.

| OFFENDER SIGNATURE | DATE |
|---|---|

(139)

G5

# IRR Response

**To: Webb, Antonio #1175777**

**Institution: WMCC**

**IRR Number: WMCC 17-832**

**Date of IRR: 5/16/17**

Your Informal Resolution Request has been received and reviewed as well as your medical record. The purpose of this review is to determine if medically necessary health care, as determined by your health care providers, has been provided to you. This assessment of your medical needs may differ from your personal desires.

Your concern is understood to be: you would like to have an order for a non-smoking roommate.

Subsequent to review and investigation, the results are as follows: medical is not able to place restrictions on roommates.

In conclusion, medical cannot request a non-smoking roommate as all housing units are non-smoking.

It appears your medical needs have been met. If your medical condition changes please address any concerns through the sick call process at your facility.

_5/22/2017_      _5/30/2017_
Date Received      Date of Response      Hollie Hild RN, HSA

Grievance Category: I II III IV V VI VII VIII IX X



# STATE OF MISSOURI
## DEPARTMENT OF CORRECTIONS
# OFFENDER GRIEVANCE

| GRIEVANCE NUMBER | IRR NUMBER | DATE FILED |
|---|---|---|
| Wmcc 17 832 | WmCC 17-832 | JUN 8 2017 |

| INSTITUTION USE ONLY | | | | |
|---|---|---|---|---|

Cat. of medical

| OFFENDER LAST NAME | FIRST | DOC NUMBER | HOUSING UNIT | UNIT | INSTITUTION |
|---|---|---|---|---|---|
| Webb, | Antonio | #1175777 | 7 | A | Wmcc |

**OFFENDER GRIEVANCE/REQUEST**

Original complaint NOT properly addressed!  I fully incorporate my

original complaint, WMCC-17-832, into this "Offender Grievance."

| OFFENDER SIGNATURE | DATE |
|---|---|
| [signature] | 6-7-2017 |

**SUPERINTENDENT RESPONSE**

RECEIVED
JUN 07 2017
BY:

RECEIVED BY Medical
JUN 09 2017
ON THIS DATE

| SUPERINTENDENT/SECTION HEAD | DATE |
|---|---|
| | |

You have the right to appeal this decision to a division director. You must file an appeal form with the grievance officer within seven (7) days from the day you receive this decision. Failure to submit an appeal within this time frame constitutes abandonment of the grievance.

☐ I ACCEPT THIS DECISION          ☐ I APPEAL THIS DECISION

| OFFENDER SIGNATURE | DATE |
|---|---|
| | |

(141)

MO 931-3377 (12-04)

# Grievance Response

**To: Antonio Webb #1175777**

**Institution: WMCC**

**Grievance Number: WMCC 17-832**

**Date of Grievance: 6/8/17**

Your Grievance has been received and reviewed as well as your medical record. The purpose of this review is to determine if medically necessary health care, as determined by your health care providers, has been provided to you. This assessment of your medical needs may differ from your personal desires.

Your concern is understood to be: you would like to have an order for a non-smoking roommate.

Subsequent to review and investigation, the results are as follows: A non-smoking roommate is not an appropriate medical lay-in. Medical does not make rooming assignments. All facility building are non-smoking and if you are having an issue with smoking in your room or housing unit I suggest you follow-up with your case manager or the housing unit manager.


In conclusion,
It appears your medical needs have been met. If your medical condition changes please address any concerns through the sick call process at your facility.


| 6/9/17 | 7/19/17 | |
|--------|---------|--|
| Date Received | Date of Response | Jenny Meehan |

INMATE COPY

Rm 6/14/17



# STATE OF MISSOURI
## DEPARTMENT OF CORRECTIONS
### INFORMAL RESOLUTION REQUEST

**RECEIVED** JUN 16 2017 BY:



H1

INSTITUTION USE ONLY  ☐ EMERGENCY COMPLAINT

| OFFENDER NAME | | DOC NUMBER |
|---|---|---|
| Webb  Antonio | | 1175777 |

| DATE STAFF RECEIVED IRR | COMPLAINT NUMBER | CATEGORY | HOUSING UNIT |
|---|---|---|---|
| 6/16/17 | WMCC 17-1021 | #4 Harassment | 7A106 |

## COMPLAINT - ONE ISSUE - BE SPECIFIC

WMCC staff are maliciously denying to conduct MANDATORY
"Retaliation Monitoring," or "RM," for me reporting PREA Sexual Harassment

(see attached pages 1-2 of 2)

## STATE YOUR PROBLEM BRIEFLY

I have NOT received ANY of the MANDATORY "face-to-face," "RM," for the

three PREA Sexual Harassment complaints, and the three incidents

retaliation, I have reported taken by staff against me for reporting said

complaints:...

(see attached pages 1-2 of 2)

## ACTION REQUESTED: STATE REMEDIES YOU ARE SEEKING

(1)  The immediate termination of those listed in this complaint;

(2)  A thorough investigation into the denial of PREA due process;

(see attached pages 1-2 of 2)

### STAFF USE ONLY

## DISCUSSION OF COMPLAINT (SUMMARIZE RESULTS OF MEETING)

Offender wishes to Continue this process.

☐ IRR RESOLVED BY DISCUSSION/WITHDRAWN        ☑ IRR NOT RESOLVED BY DISCUSSION

| OFFENDER SIGNATURE | DATE | STAFF SIGNATURE | DATE |
|---|---|---|---|
| Antonio Webb | 7-17-17 | L. Montemayor CCM I | 7/17/17 |

## STAFF FINDINGS/RESPONSE

Your complaint has been reviewed and the following has been determined: According to statements made in your Informal Resolution
Request, you claim that staff are maliciously denying Mandatory Retaliation Monitoring for reporting PREA Sexual Harassment. Please
review D5-3.2 Offender Grievance which clearly states, all offenders are encouraged to utilize the procedure for the redress of grievances;
however, offenders must refrain from knowingly and deliberately filing improper, duplicate, expanded or frivolous IRR, offender
grievances or offender grievance appeals. Therefore your IRR is denied.

| INVESTIGATING STAFF SIGNATURE | DATE | RESPONDENT SIGNATURE | DATE |
|---|---|---|---|
| | | | |

| REVIEWER SIGNATURE | DATE | RESULTS | |
|---|---|---|---|
| | | ☐ SATISFACTORY  ☐ UNSATISFACTORY | |

YOU HAVE THE RIGHT TO FILE A FORMAL GRIEVANCE. YOU MUST FILE A GRIEVANCE FORM WITH THE DESIGNATED STAFF WITHIN SEVEN (7) DAYS FROM THE DATE
YOU RECEIVE THIS RESPONSE. FAILURE TO SUBMIT A GRIEVANCE WITHIN THIS TIME FRAME CONSTITUTES ABANDONMENT.

| OFFENDER SIGNATURE | DATE |
|---|---|
| | |

MO 931-3376 (12-04)

143

Grievance Log Number:   WMCC 17-1021
Category:   4: Harassment
Complainant:   Offender Webb, Antonio #1175777

Your grievance complaint received August 4, 2017 has been received and reviewed. You state: *"the original complaint was not addressed or responded to in the mandated time of 40 days per D5-3.2, time for response has been exceeded. I fully incorporate my original complaint IRR WMCC 17-1021 into this offender grievance"*. In the original IRR complaint you alleged that WMCC staff are *maliciously denying to conduct MANDATORY "Retaliation Monitoring"*. You request *immediate termination of those listed in this complaint and a thorough investigation into the denial of PREA due process.*

Documentation substantiates your original IRR complaint WMCC 17-1021 was not responded to in the allotted time period. However, I find that it was investigated and on July 28, 2017 you were provided an Offender Grievance form at your own request in accordance with Department Procedure D5-3.2 Offender Grievance. This procedure states in part: *10. Expiration of the response time limit at any stage of the process shall allow the offender to move to the next stage of the process by notifying the grievance officer or designee.* I find staff adhered to the aforementioned procedure.

I find that you have previously addressed this issue (allegations that WMCC staff have failed to adhere to Department Procedure D1-8.13 Offender Sexual Abuse and Harassment) in IRR, Grievance, and Appeal WMCC 17-670 and IRR, Grievance, and Appeal WMCC 17-763. Therefore, I find that you have failed to adhere to Departmental Procedure D5-3.2 Offender Grievance state in part: *E. ABUSE OR MISUSE OF THE OFFENDER GRIEVANCE PROCEDURE: 1. All offenders are encouraged to utilize this procedure for the redress of grievances; however, offender must refrain from knowingly and deliberately filing improper, duplicative, expanded or frivolous IRR, offender grievances or offender grievance appeals. 3. Misuse of the Offender Grievance Procedure: a. Duplicate complaints are prohibited. Specific issues or incidents will be addressed only once by an IRR form, offender grievance form or an offender grievance appeal form.* Therefore, this complaint will not be addressed further.

Grievance denied.

_____
**Warden/Section Head Signature**

INMATE COPY

9/11/17

_____
**Date**

SLK/bjl

(144)

26 Jun

RECEIVED
JUN 27 2017

I1 

# STATE OF MISSOURI
## DEPARTMENT OF CORRECTIONS
### INFORMAL RESOLUTION REQUEST

INSTITUTION USE ONLY   ☐ EMERGENCY COMPLAINT

| OFFENDER NAME | | | DOC NUMBER |
|---|---|---|---|
| Webb, Antonio | | | 1175777 |

| DATE STAFF RECEIVED IRR | COMPLAINT NUMBER | CATEGORY | HOUSING UNIT |
|---|---|---|---|
| 06/27/17 | WMCC 17-1102 | 2. Activities | 7A106B |

**COMPLAINT - ONE ISSUE - BE SPECIFIC**

WMCC staff are violating Departmental policy, Federal and State laws, and
U.S. Supreme Court rulings, by maliciously tampering with my legal mail.

**STATE YOUR PROBLEM BRIEFLY**

On 6/23/17, between 3:50pm and 4:10pm, COI Gilgour was passing out
mail, and handed me a returned letter I sent to, "Cynthia Totten, Attorney
at Law," clearly marked as "LEGAL MAIL." The letter was opened
by an unknown staff member outside of my presence and...
(see attached page and attached copy of the envelope in question)

**ACTION REQUESTED: STATE REMEDIES YOU ARE SEEKING**

1. For the processing of my legal mail to be in accordance with IS13-1.1;
(see attached page)

### STAFF USE ONLY

**DISCUSSION OF COMPLAINT (SUMMARIZE RESULTS OF MEETING)**

Offender was informed that it can not be determined
how his mail got opened. Offender wishes to continue

☐ IRR RESOLVED BY DISCUSSION/WITHDRAWN   ☑ IRR NOT RESOLVED BY DISCUSSION

| OFFENDER SIGNATURE | DATE | STAFF SIGNATURE | DATE |
|---|---|---|---|
| Antonio Webb | 8-2-17 | S. Montemayor CCM I | 8/2/17 |

**STAFF FINDINGS/RESPONSE**

Your complaint has been reviewed and the following has been determined: According to statements made in your Informal Resolution Request, you claim when COI Gilgour was distributing the daily mail, he handed you a returned legal letter from Cynthia Totten, Attorney at Law that had been opened. Upon investigation of your allegations it has been determined that the letter was indeed opened by someone other than yourself. At this time it cannot be determined who in fact opened the legal letter. This issue has been addressed with all appropriate staff in an attempt to prevent any future incidents. Therefore this should resolve your IRR. IRR resolved.

| INVESTIGATING STAFF SIGNATURE | DATE | RESPONDENT SIGNATURE | DATE |
|---|---|---|---|
| S. Montemayor CCM I | 8/3/17 | Curt Casoli, FUM 114384 | 09/13/17 |

| REVIEWER SIGNATURE | DATE | RESULTS | |
|---|---|---|---|
| Karen S. Collins FUM(p/s) | 8/8/17 | ☐ SATISFACTORY   ☐ UNSATISFACTORY | |

YOU HAVE THE RIGHT TO FILE A FORMAL GRIEVANCE. YOU MUST FILE A GRIEVANCE FORM WITH THE DESIGNATED STAFF WITHIN SEVEN (7) DAYS FROM THE DATE YOU RECEIVE THIS RESPONSE. FAILURE TO SUBMIT A GRIEVANCE WITHIN THIS TIME FRAME CONSTITUTES ABANDONMENT.

| OFFENDER SIGNATURE | DATE |
|---|---|
| | |

(145)

MO 931-3376 (12-04)

Antonio Webb #1175777
Western Missouri Correctional Center
609 E. Pence Rd., 7A
Cameron, MO 64429

MAILED FROM
WESTERN MISSOURI
CORRECTIONAL CENTER

This correspondence is from an inmate in the custody of
the Missouri Department of Corrections. The Department
is not responsible for the content of this correspondence.
For information about the content of this correspondence.
information about the Department or to verify
information about the offender, please visit our website at
www.doc.mo.gov.

LEGAL MAIL

KANSAS CITY 640

05 JAN 2017 PM 6 L

Cynthia Totten, Attorney at Law
3225 Wilshire Blvd., Ste. 340
Los Angeles, CA 90010

NIXIE      910    7E 1      0006/20/17

RETURN TO SENDER
ATTEMPTED - NOT KNOWN
UNABLE TO FORWARD

BC: 64429882309      *1528-00947-05-36

ANK

140

STATE OF MISSOURI
DEPARTMENT OF CORRECTIONS
INFORMAL RESOLUTION REQUEST

SCANNED at WMCC and E-mailed
~~RECEIVED~~ at 10:10 by ___ 6 ___ pages
date          initials   No.

**RECEIVED**
JUL 24 2017
BY: ___

☐ INSTITUTION USE ONLY   ☐ EMERGENCY COMPLAINT

| OFFENDER NAME | | DOC NUMBER |
|---|---|---|
| Webb, Antonio | | 1175777 |

| DATE STAFF RECEIVED IRR | COMPLAINT NUMBER | CATEGORY | HOUSING UNIT |
|---|---|---|---|
| 7/24/17 | Wmcc 17-1277 #3 | Due Process | 7A106B |

**COMPLAINT - ONE ISSUE - BE SPECIFIC**

WMCC staff are acting in concert to deny me due process and equal protection

of the laws, by holding an unlawful rehearing on a cdv issued out of retaliation.

**STATE YOUR PROBLEM BRIEFLY**

On 7/17/17, per Grievance response WMCC-17-517, by Warden,

Sherie Korneman, and CCM Betty Lindsey, I was to have a

rehearing on a cdv issued in retaliation by COI David

Gilgour on 3/22/17 for my filing a sexual harassment...

(see attached page)

**ACTION REQUESTED: STATE REMEDIES YOU ARE SEEKING**

1.  For this retaliatory cdv to be dismissed and expunged;...

(see attached page)

**STAFF USE ONLY**

**DISCUSSION OF COMPLAINT (SUMMARIZE RESULTS OF MEETING)**

Offender wishes to Continue w/ this process.

☐ IRR RESOLVED BY DISCUSSION/WITHDRAWN   ☒ IRR NOT RESOLVED BY DISCUSSION

| OFFENDER SIGNATURE | DATE | STAFF SIGNATURE | DATE |
|---|---|---|---|
| *[signature]* | 8/29/17 | L. Montemayor CCM-I | 8/29/17 |

**STAFF FINDINGS/RESPONSE**

According to statements made in your Informal Resolution Request, you claim Warden Korneman and CCMII Lindsey requested an unlawful rehearing on a CDV which was issued out of retaliation. Please review D5-3.2 Offender Grievance which clearly states "offenders must refrain from knowingly and deliberately filing improper, duplicate, expanded or frivolous IRR, offender grievances or offender grievances or offender grievance appeals". After review, it appears this issue was addressed in WMCC 17-517. Therefore your IRR is denied. IRR denied and will not be addressed any further.

| INVESTIGATING STAFF SIGNATURE | DATE | RESPONDENT SIGNATURE | DATE |
|---|---|---|---|
| L. Montemayor CCM-I | 8/29/17 | ___ FUM 119384 | 08/29/17 |

| REVIEWER SIGNATURE | DATE | RESULTS | |
|---|---|---|---|
| M. Faulkner FA | 8-30-17 | ☐ SATISFACTORY | ☐ UNSATISFACTORY |

YOU HAVE THE RIGHT TO FILE A FORMAL GRIEVANCE. YOU MUST FILE A GRIEVANCE FORM WITH THE DESIGNATED STAFF WITHIN SEVEN (7) DAYS FROM THE DATE YOU RECEIVE THIS RESPONSE. FAILURE TO SUBMIT A GRIEVANCE WITHIN THIS TIME FRAME CONSTITUTES ABANDONMENT.

| OFFENDER SIGNATURE | | DATE |
|---|---|---|
| | | |

| | |
|---|---|
| Grievance Log Number: | WMCC-17-1277 |
| Category: | 3: Due Process |
| Complainant: | Offender Webb, Antonio #1175777 |

Your Grievance dated September 6, 2017 has been received and reviewed.
You are requesting that a conduct violation (WMCC 17-01525) originally issued to
you on March 21, 2017, at Western Missouri Correctional Center for a Rule 21.1 –
*Subjecting another person to abusive or obscene language or gestures,* be dismissed
and expunged from your file. You justify this request by alleging staff violated your
due process during a rehearing due to a directive from grievance WMCC 17-517.

Be advised, Departmental Procedure D5-3.2 Offender Grievance which clearly
states *"Duplicate Complaints: Specific issues or incidents will be addressed only once
by informal resolution request or offender grievance".* I find that you have
previously addressed the violation (Rule 21.1 tracking #WMCC 17-01525) in
IRR/Grievance/Appeal WMCC 17-517. Additionally be advised, a copy of the
rehearing of the aforementioned violation was included in the appeal file when it
was reviewed during the Appeal process. Therefore, it will not be addressed again
within this complaint. The remedy you are seeking shall not be forthcoming. No
further action is required.

Grievance denied.

_____
Warden/Section Head Signature
SLK/hjl

10/16/17
_____
Date



INMATE COPY

(148)

# STATE OF MISSOURI
## DEPARTMENT OF CORRECTIONS
### OFFENDER GRIEVANCE APPEAL

| | |
|---|---|
| GRIEVANCE NUMBER K1 | DATE FILED AUG 25 2017 |

| OFFENDER NAME (LAST NAME, FIRST) | DOC NUMBER | INSTITUTION |
|---|---|---|
| **Webb, Antonio** | **1175777** | **WMCC** W. M. C. C. |

## REASON FOR APPEAL

Acts of retaliation against me "for use of, or participation in, the offender grievance procedure," in violation of Departmental policy, D5-3.2, "Offender Grievance," section (§), III.D., "REPRISALS FOR USING THE OFFENDER GRIEVANCE PROCEDURE," by denying me access to the courts, in the form of maliciously obstructing procedural guidelines governing D5-3.2, committed by Missouri Department of Corrections staff (MDOC staff), members:

(see attached "STATEMENT," pages 1-5 of 5)

*** If I am late turning this in it is due to the fact that the copy machine was down in the library and staff REFUSED to allow me copies during this time. Per D5-3.2, I must make my own copies at the grievance/appeal stages. I was impeded from doing so by staff, further demonstrating retaliatory actions to deny me due process and access to the courts!***

OFFENDER SIGNATURE *Antonio Webb*     DATE 8/17/2017

## RESPONSE

RECEIVED
SEP 8 2017
DIV OF ADULT INSTITUTIONS
CO GRIEVANCE UNIT

**INMATE COPY**

| SIGNATURE | DATE |
|---|---|

Finalization of this appeal represents exhaustion of this grievance pursuant to federal law, 28 CFRs 40

| OFFENDER SIGNATURE | | DATE |
|---|---|---|

,5-03)

199

Eric R. Greitens
*Governor*

Anne L. Precythe
*Director*





2729 Plaza Drive
P. O. Box 236
Jefferson City, MO 65102
Telephone: 573-751-2389
Fax: 573-526-0880

# State of Missouri
# DEPARTMENT OF CORRECTIONS
*Ad Excelleum Conamur – "We Strive Towards Excellence"*

## GRIEVANCE APPEAL RESPONSE

September 13, 2017

Antonio Webb
Register #1175777
Western Missouri Correctional Center (WMCC)

Dear Mr. Webb:

I am in receipt of your grievance appeal received on September 8, 2017, which you request to be filed as a reprisal grievance appeal in accordance with Missouri Department of Corrections policy D5-3.2-Offender Grievance.

Your complaint is Missouri Department of Corrections staff members are retaliating against you for your participation in the offender grievance procedure by denying you access to the courts in the form of maliciously obstructing procedural guidelines. Be advised, evidence of reprisal for your participation in the grievance process has not been found. I am returning your alleged "reprisal appeal" to the Western Missouri Correctional Center grievance officer so you may follow the normal grievance process in filing this complaint.

Sincerely,

Ryan Crews
Deputy Division Director
Division of Adult Institution

RC/jl

Cc: WMCC Grievance Office

INMATE COPY





RECEIVED AUG 29 2017



## STATE OF MISSOURI
## DEPARTMENT OF CORRECTIONS
## INFORMAL RESOLUTION REQUEST

| INSTITUTION USE ONLY | ☐ EMERGENCY COMPLAINT |

| OFFENDER NAME | | | DOC NUMBER |
|---|---|---|---|
| Webb, Antonio | | | 1175777 |

| DATE STAFF RECEIVED IRR | COMPLAINT NUMBER | CATEGORY | HOUSING UNIT |
|---|---|---|---|
| 08/29/2017 | WRCC 17-1479 | 4 Harassment | 7A/06 B |

**COMPLAINT - ONE ISSUE - BE SPECIFIC**

COI DeWeese made "SEXUAL GESTURES AND COMMENTS," toward myself and other offenders, and "FORCED US TO PERFORM SEXUAL GESTURES FOR HIS OWN SEXUAL GRATIFICATION," during the 5:00pm med...(see attached pages 1-3 of 3)

**STATE YOUR PROBLEM BRIEFLY**

On 8/22/17 between 5:50pm and 6:20pm, I was in medical for...

(see attached pages 1-3 of 3)

***IF THIS COMPLAINT IS NOT FILED IN ACCORDANCE WITH DEPARTMENTAL POLICY D5-3.2, § III.N., "PREA INFORMAL RESOLUTION REQUEST/GRIEVANCE/APPEAL," staff processing this complaint will be held as conspirators to sexual harassment!!!***

**ACTION REQUESTED: STATE REMEDIES YOU ARE SEEKING**

1. NO RETALIATION BY DeWEESE OR ANY MDOC STAFF ACTING IN CONCERT WITH HIM FOR THE FILING OF THIS COMPLAINT;

(see attached pages 1-3 of 3)

**STAFF USE ONLY**

**DISCUSSION OF COMPLAINT (SUMMARIZE RESULTS OF MEETING)**

Offender wishes to continue with the IRR process. Offender states this proves improper investigation of the complaint because the audio and video was not reviewed.

| ☐ IRR RESOLVED BY DISCUSSION/WITHDRAWN | ☑ IRR NOT RESOLVED BY DISCUSSION |
|---|---|

| OFFENDER SIGNATURE | DATE | STAFF SIGNATURE | DATE |
|---|---|---|---|
| Antonio Webb | 8/31/17 | C. Webb, Fun 119384 | 08/31/17 |

**STAFF FINDINGS/RESPONSE**

SEE ATTACHED: STAFF FINDINGS AND RESPONSE

| INVESTIGATING STAFF SIGNATURE | DATE | RESPONDENT SIGNATURE | DATE |
|---|---|---|---|
| L. Montemayor CCM I | 8/31/17 | C. Webb, Fun 119384 | 8/31/17 |

| REVIEWER SIGNATURE | DATE | RESULTS | |
|---|---|---|---|
| M. Faulkett AW | 9-1-17 | ☐ SATISFACTORY ☑ UNSATISFACTORY | |

YOU HAVE THE RIGHT TO FILE A FORMAL GRIEVANCE. YOU MUST FILE A GRIEVANCE FORM WITH THE DESIGNATED STAFF WITHIN SEVEN (7) DAYS FROM THE DATE YOU RECEIVE THIS RESPONSE. FAILURE TO SUBMIT A GRIEVANCE WITHIN THIS TIME FRAME CONSTITUTES ABANDONMENT.

| OFFENDER SIGNATURE | DATE |
|---|---|
| Antonio Webb | 9/6/17 |

MO 931-3376 (12-04)

(151)

LS

**IRR Log Number:**   WMCC 17-1479
**Category:**   4: Harassment
**Complainant:**   Offender Webb, Antonio #1175777

Your Informal Resolution Request dated August 31, 2017 has been received and reviewed. You state: *COI DeWeese made "Sexual Gestures and Comments" towards you and other offenders. Furthermore, you state COI DeWeese "Forced you to perform sexual gestures for his own sexual gratification".*

Be advised Department Procedure D1-8.13 Offender Sexual Abuse and Harassment states in part: *2. The department has zero tolerance for all forms of offender sexual abuse, harassment, and retaliation.* It further states: *J. INVESTIGATIONS 1. The department shall ensure that an administrative and/or criminal investigation is completed for all allegations of sexual abuse and sexual harassment and all referrals for such allegations shall be documented in accordance with the coordinated response to offender sexual abuse located on the department's intranet website.*, and *L. REPORTING OUTCOMES 2. Notification shall not be made to the offender following an investigation or inquiry regarding sexual harassment.*

I find that your allegations were documented in accordance with the coordinated response to offender sexual abuse and an administrative investigation has been initiated to ascertain the validity of your allegations. This should resolve your complaint.

IRR addressed.


_Signature on front page_(aa)                     09/01/17
Reviewer Signature                                  **Date**

MP/aww


152



RECEIVED
SEP 06 2017

L6

STATE OF MISSOURI
DEPARTMENT OF CORRECTIONS
OFFENDER GRIEVANCE

| GRIEVANCE NUMBER | IRR NUMBER | DATE FILED |
|---|---|---|
| WMCC 17-1479 | WMCC 17-1479 | SEP 7 2017 |

**INSTITUTION USE ONLY** Cat: 4 Harassment

| OFFENDER LAST NAME | FIRST | DOC NUMBER | HOUSING UNIT | UNIT | INSTITUTION |
|---|---|---|---|---|---|
| Webb | Antonio | 1175777 | I | A/06B | WMCC |

**OFFENDER GRIEVANCE/REQUEST**

Original complaint is NOT being properly ADDRESSED, INVESTIGATED, OR PROCESSED

in accordance with D1-8.13, in violation of 42 USC § 15601-15603. I fully

incorporate IRR WMCC-17-1479 into this grievance. I am NOT being given all

protections of D1-8.13, sections: III.M.1.b.(1)., III.M.1.b.(2)., III.F.3.

**OFFENDER SIGNATURE**    DATE 9/6/17

**SUPERINTENDENT RESPONSE**

INMATE COPY

**SUPERINTENDENT/SECTION HEAD** [signature] Lanman    DATE 10/16/17

You have the right to appeal this decision to a division director. You must file an appeal form with the grievance officer within seven (7) days from the day you receive this decision. Failure to submit an appeal within this time frame constitutes abandonment of the grievance.

☐ I ACCEPT THIS DECISION          ☑ I APPEAL THIS DECISION

**OFFENDER SIGNATURE** [signature]    (153)    DATE 10-19-17

MO 931-3377 (12-04)

L7

| | |
|---|---|
| Grievance Log Number: | WMCC 17-1479 |
| Category: | 4:  Harassment |
| Complainant: | Offender Webb, Antonio  #1175777 |

Your grievance complaint dated September 7, 2017 has been received and reviewed.  You state in part: *"Original complaint is NOT being property addressed, investigated, or processed in accordance with D1-8.13...I fully incorporate IRR WMCC 17-1479 into this grievance"*.  In the original IRR associated with this complaint, you alleged that *COI Deweese made sexual gestures and comments towards you and other offenders during the 5:00pm watch take medication line.*

Be advised Department Procedure D1-8.13 Offender Sexual Abuse and Harassment states in part: *2. The department has zero tolerance for all forms of offender sexual abuse, harassment, and retaliation.*  It further states: *H. INVESTIGATIONS 1. The department shall ensure that an administrative and/or criminal investigation is completed for all allegations of sexual abuse and sexual harassment and all referrals for such allegations shall be documented in accordance with the coordinated response to offender sexual abuse located on the department's intranet website., and J. REPORTING OUTCOMES  2. Notification shall not be made to the offender following an investigation or inquiry regarding sexual harassment.*

I find that your allegations were documented and reported in accordance with the coordinated response to offender sexual abuse and an investigation has been initiated to ascertain the validity of your allegations.  I find that you have provided no evidence to substantiate that the original complaint is not being properly addressed, investigated, or processed.  Additionally, I find no evidence to substantiate your allegation. This should resolve your complaint.  No further action is required at this time.

Grievance addressed.


_____
     **Warden/Section Head Signature**

10/16/17
_____
               **Date**

SLK/bjl

INMATE COPY



**STATE OF MISSOURI**
**DEPARTMENT OF CORRECTIONS**
**INFORMAL RESOLUTION REQUEST**

RECEIVED
SEP 0 5 2017

INSTITUTI J USE ONLY  ☐ EMERGENCY COMPLAINT

| OFFENDER NAME Webb, Antonio | BY: | DOC NUMBER # 1175777 |
|---|---|---|

| DATE STAFF RECEIVED IRR 9/5/17 | COMPLAINT NUMBER WMCC 17-1527 | CATEGORY #4 Harassment | HOUSING UNIT 7A |
|---|---|---|---|

**COMPLAINT - ONE ISSUE - BE SPECIFIC**

Retaliation against me for reporting sexual harassment and using the Offender
Grievance procedure, by "creating barriers and disincintives for seeking...
     (see attached pages 1-3 of 3, "RETALIATION REPORT,")

**STATE YOUR PROBLEM BRIEFLY**

I was retaliated against for reporting sexual harassment and filing complaint
WMCC-17-1479 through the Offender Grievance Procedure to report retaliation
for reporting sexual harassment, as reported in section D, of this complaint.
     (see attached "RETALIATION REPORT," pages 1-3 of 3)

**ACTION REQUESTED: STATE REMEDIES YOU ARE SEEKING**

1.    FOR NO FURTHER RETALIATION BY ANY MDOC STAFF, NOT LIMITED TO THOSE LISTED
IN SECTION E, OF THIS COMPLAINT:
     (see attached pages 1-3 of 3, "RETALIATION REPORT,")

**STAFF USE ONLY**

**DISCUSSION OF COMPLAINT (SUMMARIZE RESULTS OF MEETING)**

/S/ wishes to Continue with this process

| ☐ IRR RESOLVED BY DISCUSSION/WITHDRAWN | ☑ IRR NOT RESOLVED BY DISCUSSION | |
|---|---|---|
| OFFENDER SIGNATURE | DATE 10-6-17 | STAFF SIGNATURE R. Montemayor CCM I  DATE 10/6/17 |

**STAFF FINDINGS/RESPONSE**

According to your  statements made in your informal resolution request, you claim Warden Korneman and CCMII Lindsey requested an
unlawful rehearing on a CDV which was issued out of retaliation. Please review D5-3.2 Offender Grievance which clearly states
"offenders must refrain from knowingly and deliberately filing improper, duplicate, expanded or frivolous IRR, offender grievances or
offender grievance appeals". After review, it appears this issue was addressed in WMCC 17-517. Therefore your IRR is denied. IRR
denied and will not be addressed any further.

| INVESTIGATING STAFF SIGNATURE R. Montemayor CCM I | DATE 10/6/17 | RESPONDENT SIGNATURE John Capbell | DATE 10-6-17 |
|---|---|---|---|
| REVIEWER SIGNATURE | DATE 10/16/17 | RESULTS ☐ SATISFACTORY   ☐ UNSATISFACTORY | |

YOU HAVE THE RIGHT TO FILE A FORMAL GRIEVANCE. YOU MUST FILE A GRIEVANCE FORM WITH THE DESIGNATED STAFF WITHIN SEVEN (7) DAYS FROM THE DATE
YOU RECEIVE THIS RESPONSE. FAILURE TO SUBMIT A GRIEVANCE WITHIN THIS TIME FRAME CONSTITUTES ABANDONMENT.

| OFFENDER SIGNATURE | | DATE 10-16-17 |
|---|---|---|

MO 931-3376 (12-04)

(155)

M6

INMATE COPY

| | |
|---|---|
| Grievance Log Number: | WMCC-17-1527 |
| Category: | 4: Harassment |
| Complainant: | Offender Webb, Antonio #1175777 |

Your Grievance dated October 23, 2017 has been received and reviewed.
You are requesting that a conduct violation (WMCC 17-01525) originally issued to you on March 21, 2017, at Western Missouri Correctional Center for a Rule 21.1 – *Subjecting another person to abusive or obscene language or gestures,* be dismissed and expunged from your file. You justify this request by alleging staff violated your due process during a rehearing due to a directive from grievance WMCC 17-517.

Be advised, Departmental Procedure D5-3.2 Offender Grievance which clearly states "*Duplicate Complaints: Specific issues or incidents will be addressed only once by informal resolution request or offender grievance*". I find that you have previously addressed the violation (Rule 21.1 tracking #WMCC 17-01525) in IRR/Grievance/Appeal WMCC 17-517 and IRR/Grievance/Appeal #WMCC17-1277. Additionally be advised, a copy of the rehearing of the aforementioned violation was included in the file when it was reviewed during the Appeal process. Therefore, it will not be addressed again within this complaint. The remedy you are seeking shall not be forthcoming. No further action is required.

Grievance denied.

_____ _____
Warden/Section Head Signature          Date 11/13/17

SLK/sln

(158)



47,51
#4

RECEIVED
SEP 08 2017
BY: ___

N1

## STATE OF MISSOURI
## DEPARTMENT OF CORRECTIONS
## INFORMAL RESOLUTION REQUEST

INSTITUTION USE ONLY · ☐ EMERGENCY COMPLAINT

| OFFENDER NAME | DOC NUMBER |
|---|---|
| Webb, Antonio | W75777 |

| DATE STAFF RECEIVED IRR | COMPLAINT NUMBER | CATEGORY | HOUSING UNIT |
|---|---|---|---|
| 9/8/17 | WMCC 17-1548 | #4 Harassment | 7A106B |

### COMPLAINT - ONE ISSUE - BE SPECIFIC

A. "Failure to protect," by denial of protection procedures outlined in D1-8.13
and committing "discrimination, harassment, and retaliation," in the form...

(see attached "VIOLATION OF RIGHTS," pages 1-3 of 3)

### STATE YOUR PROBLEM BRIEFLY

C. On 9/5/17 DeWeese, who is NOT assigned to work my assigned HU, was working
there for 2nd shift (7am to 3pm). DeWeese made mocking gestures at me from
the "bubble," and laughed at me. These actions were witnessed by...

(see attached "VIOLATION OF RIGHTS," pages 1-3 of 3)

### ACTION REQUESTED: STATE REMEDIES YOU ARE SEEKING

G. NO FURTHER RETALIATION, HARASSMENT, OR DISCRIMINATION BY ANY LISTED MDOC
STAFF OR ANY MDOC STAFF ACTING IN CONCERT WITH LISTED MDOC STAFF...

(see attached "VIOLATION OF RIGHTS," pages 1-3 of 3)

### STAFF USE ONLY

### DISCUSSION OF COMPLAINT (SUMMARIZE RESULTS OF MEETING)

IS/ states this officer has still been working in the Housing unit even though there has been a PREA complaint filed. He wishes to centinue with this process.

☐ IRR RESOLVED BY DISCUSSION/WITHDRAWN          ☑ IRR NOT RESOLVED BY DISCUSSION

| OFFENDER SIGNATURE | DATE | STAFF SIGNATURE | DATE |
|---|---|---|---|
| Webb Ball | 10-19-17 | L. Montemayor CCM I | 10/19/17 |

### STAFF FINDINGS/RESPONSE

According to statements made in your Informal Resolution Request, you state that a PREA complaint has been filed by you via the PREA Hotline against COI DeWeese. You also state that COI DeWeese has still been working your housing unit and should not be while the complaint is active. Upon investigation of your claim, it has been determined that your previous PREA complaint is still currently in the Grievance process and cannot be addressed until the said process is complete. IRR Addressed

| INVESTIGATING STAFF SIGNATURE | DATE | RESPONDENT SIGNATURE | DATE |
|---|---|---|---|
| L. Montemayor CCM I | 10/24/17 | | 10-24-17 |
| REVIEWER SIGNATURE | DATE | RESULTS | |
| Demir loda AA-FSAIU | 10/30/17 | ☐ SATISFACTORY   ☑ UNSATISFACTORY | |

YOU HAVE THE RIGHT TO FILE A FORMAL GRIEVANCE. YOU MUST FILE A GRIEVANCE FORM WITH THE DESIGNATED STAFF WITHIN SEVEN (7) DAYS FROM THE DATE YOU RECEIVE THIS RESPONSE. FAILURE TO SUBMIT A GRIEVANCE WITHIN THIS TIME FRAME CONSTITUTES ABANDONMENT.

| OFFENDER SIGNATURE | DATE |
|---|---|
| | |

MO 931-3376 (12-04)

(157)

| Grievance Log Number: | WMCC-17-1548 |  |
| --- | --- | --- |
| Category: | 4: Harassment | |
| Complainant: | Offender Webb, Antonio | |

Your complaint dated November 6, 2017 has been received and reviewed. You state in part: *"Original complaint was not properly addressed and investigated ineptly."*

I find you have previously addressed the issue in IRR/Grievance WMCC 17-1479. Therefore, I find that you have failed to adhere to Departmental Procedure D5-3.2 Offender Grievance which clearly states *"Duplicate Complaints: Specific issues or incidents will be addressed only once by informal resolution request or offender grievance"*. Due to your misuse and failure to adhere to the Offender Grievance Procedure, this complaint shall not be addressed further.

Grievance denied.

_____          _____
**Warden/Section Head Signature**                         **Date**   12/4/17

SLK/sla

INMATE COPY


158

# STATE OF MISSOURI
## DEPARTMENT OF CORRECTIONS
## INFORMAL RESOLUTION REQUEST

**RECEIVED** OCT 04 2017 BY:

01

☐ INSTITUTION USE ONLY ☐ EMERGENCY COMPLAINT

| OFFENDER NAME | DOC NUMBER |
|---|---|
| Webb, Antonio | 1175777 |

| DATE STAFF RECEIVED IRR | COMPLAINT NUMBER | CATEGORY | HOUSING UNIT |
|---|---|---|---|
| 10/4/17 | WMCC 17-1755 | #4 Harassment | 7A106B |

**COMPLAINT - ONE ISSUE - BE SPECIFIC**

WMCC STAFF are refusing to provide me with **MANDATORY RETALIATION MONITORING** for reporting an allegation of sexual harassment against COI DeWeese, on 8/23/17 via the PREA hotline, and complaint WMCC-17-1479.

**STATE YOUR PROBLEM BRIEFLY**

On 9/29/17, it was 30 days since the initial interview with FUM, Andrew Webb, and **NO** retaliation monitoring has been conducted. The failure to provide this monitoring has resulted in multiple acts of retaliation that WMCC STAFF have refused to allow me to report in accordance with D1-8.13,... (See attached letter addressed to: Dept. of Justice page 1-2 of 2)

**ACTION REQUESTED: STATE REMEDIES YOU ARE SEEKING**

This complaint to be objectively investigated in accordance with...

(see attached letter addressed to: Dept. of Justice, dated Oct. 4, 2017)

**STAFF USE ONLY**

**DISCUSSION OF COMPLAINT (SUMMARIZE RESULTS OF MEETING)**

/S/ Wishes to continue with this process.

| ☐ IRR RESOLVED BY DISCUSSION/WITHDRAWN | | ☑ IRR NOT RESOLVED BY DISCUSSION | |
|---|---|---|---|
| OFFENDER SIGNATURE | DATE 11-2-17 | STAFF SIGNATURE L. Montemayor CCM I | DATE 11/2/17 |

**STAFF FINDINGS/RESPONSE**

According to statements made in your Informal Resolution Request, you state that a PREA complaint has been filed by you via the PREA Hotline against COI DeWeese and that you have not been afforded Retaliation Monitoring. Upon investigation of your claim, it has been determined that your previous PREA complaint is still currently in the Grievance process and cannot be addressed until the said process is complete. IRR Addressed

| INVESTIGATING STAFF SIGNATURE L. Montemayor CCM I | DATE 11/2/17 | RESPONDENT SIGNATURE Ava Campbell FUM | DATE 11/2/17 |
|---|---|---|---|
| REVIEWER SIGNATURE Dai Parley Fum 4838 for Aw | DATE 11/6/17 | RESULTS ☐ SATISFACTORY ☐ UNSATISFACTORY | |

YOU HAVE THE RIGHT TO FILE A FORMAL GRIEVANCE. YOU MUST FILE A GRIEVANCE FORM WITH THE DESIGNATED STAFF WITHIN SEVEN (7) DAYS FROM THE DATE YOU RECEIVE THIS RESPONSE. FAILURE TO SUBMIT A GRIEVANCE WITHIN THIS TIME FRAME CONSTITUTES ABANDONMENT.

| OFFENDER SIGNATURE | DATE |
|---|---|

MO 931-3376 (12-04)

(159)

Grievance Log Number:  WMCC 17-1755
Category:  4: Harassment
Complainant:  Offender Webb, Antonio #1175777

INMATE COPY

Your grievance complaint received November 16, 2017 has been received and reviewed.
You state: *"the original complaint was ineptly addressed and purposely investigated biased and prejudicial against me."*

Documentation indicates your original complaint was not a PREA incident, therefor no further investigation is warranted, nor is retaliation monitoring.

I find you have previously addressed this issue (allegations that WMCC staff have failed to adhere to Department Procedure D1-8.13 Offender Sexual Abuse and Harassment) in IRR, Grievance, and Appeal WMCC 17-670, IRR, Grievance, and Appeal WMCC 17-763, and IRR, Grievance and Appeal WMCC 17-1021. Therefore, I find that you have failed to adhere to Departmental Procedure D5-3.2 Offender Grievance state in part: *E. ABUSE OR MISUSE OF THE OFFENDER GRIEVANCE PROCEDURE: 1. All offenders are encouraged to utilize this procedure for the redress of grievances; however, offender must refrain from knowingly and deliberately filing improper, duplicative, expanded or frivolous IRR, offender grievances or offender grievance appeals. 3. Misuse of the Offender Grievance Procedure: a. Duplicate complaints are prohibited. Specific issues or incidents will be addressed only once by an IRR form, offender grievance form or an offender grievance appeal form.* Therefore, this complaint will not be addressed further.

Grievance denied.

_____  
Warden/Section Head Signature

12/12/17  
_____  
Date

SLK/sla



# STATE OF MISSOURI
## DEPARTMENT OF CORRECTIONS
## INFORMAL RESOLUTION REQUEST

INSTITUTION USE ONLY ☐ EMERGENCY COMPLAINT

| OFFENDER NAME Webb, Antonio | | DOC NUMBER 1175777 |
|---|---|---|
| DATE STAFF RECEIVED IRR 11/20/17 | COMPLAINT NUMBER WMCC-17-2022 | CATEGORY 4-HARASSMENT | HOUSING UNIT 8A |

## COMPLAINT - ONE ISSUE - BE SPECIFIC

This complaint involves issues that are classified as Americans with Disabilities Act!!!

(See attached pages 1-2 of 2.) DISCRIMINATION, HARASSMENT, RETALIATION, and CRIMINAL

ACTIONS, COMMITTED BY WMCC STAFF AGAINST ME ON THE BASIS OF:...

## STATE YOUR PROBLEM BRIEFLY

***Per D5-3.2, § III.I.1., "If an informal resolution request, grievance, or appeal appears

to be related to an alleged physical or mental disability, CCM will consult with the work-

site ADA coordinator...***

On 11/17/17, between 7:40pm to 7:55pm, in HU-8A (reference...

(see attached pages 1-2 of 2)

## ACTION REQUESTED: STATE REMEDIES YOU ARE SEEKING

1. For this complaint to be processed in accordance with D5-3.2, § III.I.,

(see attached pages 1-2 of 2)

## STAFF USE ONLY

### DISCUSSION OF COMPLAINT (SUMMARIZE RESULTS OF MEETING)

Discussion held 11/29/17. Offender claims that Co I George has been hostile and threatening towards him. Offender wishes to Continue with the IRR process

☐ IRR RESOLVED BY DISCUSSION/WITHDRAWN    ☑ IRR NOT RESOLVED BY DISCUSSION

| OFFENDER SIGNATURE | DATE 11-29-17 | STAFF SIGNATURE M. Jesson Cam 128607 | DATE 11-29-17 |
|---|---|---|---|

## STAFF FINDINGS/RESPONSE

Your IRR has been reviewed and the following has been determined. Through a review of the materials, I find the following: You claim that COI George has discriminated, harassed, and retaliated against you because of your religion and mental health status. You claim that on 11/17/2017, COI George struck your cell door while you were asleep, causing you to be startled. You say that COI George then threatened to search your cell, destroy your property, and have you placed in administrative segregation because you asked another officer a question about policy. You feel that COI George intended physical and emotional harm towards you by striking your door while you were sleeping. You also feel that COI George has openly expressed hatred towards African-Americans and Muslims. After further review, there is insufficient evidence to support your claim that COI George acted in an unprofessional manner towards you. Staff will perform regular wellness checks on the offender population and these are not used to discriminate, harasses or retaliate against you. If you continue to have issues with staff, feel free to discuss them with the classification staff in your housing unit.

| INVESTIGATING STAFF SIGNATURE M. Jesson Cam 128607 | DATE 12/22/17 | RESPONDENT SIGNATURE James Beal | DATE 12-22-17 |
|---|---|---|---|
| REVIEWER SIGNATURE Lonnie Lahr M 130894 | DATE 12/27/17 | RESULTS ☐ SATISFACTORY ☑ UNSATISFACTORY | |

YOU HAVE THE RIGHT TO FILE A FORMAL GRIEVANCE. YOU MUST FILE A GRIEVANCE FORM WITH THE DESIGNATED STAFF WITHIN SEVEN (7) DAYS FROM THE DATE YOU RECEIVE THIS RESPONSE. FAILURE TO SUBMIT A GRIEVANCE WITHIN THIS TIME FRAME CONSTITUTES ABANDONMENT.

| OFFENDER SIGNATURE | | DATE 12-27-17 |
|---|---|---|

MO 931-3376 (12-04)

161

PS

INMATE COPY

**Grievance Log Number:** WMCC-17-2022
**Category:** 4: Harassment
**Complainant:** Offender Webb, Antonio #1175777

Your complaint dated January 4, 2018 has been received and reviewed.
You state in part: *"original complaint was not investigated IMPARTIALLY and OBJECTIVELY....I fully incorporate my original complaint IRR WMCC 17-2022.* In your orginal Informal Resolution Request, you alleged discrimination, harassment, retaliation, and criminal actions by COI George against you. You allege *on 11/17/17 between 7:40pm and 7:55pm COI George vehemently attacked your cell door.* You further allege your IRR was not processed properly as it was not processed as an ADA complaint.

Be advised, COI George was contacted in regards to your complaint. She refutes your allegation she has harassed you or vehemently attacked your cell door. You have provided no credible evidence to substantiate your allegations. Additionally, I find no evidence to substantiate that COI George has failed to adhere to failed to adhere to Department Procedure D2-11.10 Staff Member Conduct. Be advised, staff ensuring the well being of offenders during housing unit wing tours does not constitute harassment.

In regards to your allegation the IRR was incorrectly processed: Be advised, Department Procedure D5-3.2 Offender Grievances states in part: *I. AMERICANS WITH DISABILITIES ACT INFORMAL RESOLUTION REQUESTS, OFFENDER GRIEVANCES AND OFFENDER GRIEVANCE APPEALS: 1. If an informal resolution request, offender grievance or offender grievance appeal appears to be related to an alleged physical or mental disability case management or grievance staff members will consult with the worksite ADA coordinator who will determine whether the complaint is related to the ADA, Rehabilitation Act, or Missouri Human Rights Act.* Your complaint involved allegations of harassment against a corrections officer. I find no evidence staff processed your complaint incorrectly or failed to properly investigate your IRR complaint.

Be advised, Department Procedure D5-5.2 Disabled Offenders is available for review in the institutional library and states in part: *F. REASONABLE ACCOMMODATIONS: 1. Disabled offenders, to the extent they are able, are responsible for making their needs known to medical staff or classification staff.* It is noted you state in the complaint you have a mental health illness. It appears within this complaint you have questions regarding reasonable accommodations and ADA complaints. Therefore, I have directed your assigned housing unit classification staff to speak with you regarding these matters and provide you with a Request for Reasonable Accommodations. This should resolve your complaint. No further action is needed at this time.

Grievance Addressed.

_____
Warden/Section Head Signature

(162)

1/12/19
Date

SLK/bjl



# STATE OF MISSOURI
# DEPARTMENT OF CORRECTIONS
# INFORMAL RESOLUTION REQUEST

INSTITUTION USE ONLY    ☐ EMERGENCY COMPLAINT

| OFFENDER NAME ANTONIO WEBB | | DOC NUMBER 1175777 | |
|---|---|---|---|
| DATE STAFF RECEIVED IRR 12/21/17 | COMPLAINT NUMBER WMCC-17-2205 | CATEGORY #4 Harassing | HOUSING UNIT 8A-111 |

## COMPLAINT - ONE ISSUE - BE SPECIFIC

A. "DISCRIMINATION," being perpetrated against me in the "CLASSIFICATION,"
process, based on physical and mental ailments that classify as "DISABILITIES," ...
(see attached page "DISCRIMINATION?CLASSIFICATION)

## STATE YOUR PROBLEM BRIEFLY

B. For the past two years, I have refused to participate in my TAP,
conducted by Gentry in 2016, and Douglas in 2017, due to both staff committing
DISCRIMINATION based on long term, pre-existing, chronic, medical and mental
health ailments, for the purpose of:
(see attached page "DISCRIMINATION/CLASSIFICATION)

## ACTION REQUESTED: STATE REMEDIES YOU ARE SEEKING

E. 1) For WMCC staff to CEASE the illegal DISCRIMINATION of using my physical
and mental DISABILITIES to retaliate against me in classification and parole status...
(see attached page "DISCRIMINATION/CLASSIFICATION)

## STAFF USE ONLY
## DISCUSSION OF COMPLAINT (SUMMARIZE RESULTS OF MEETING)

RCA and TAP were explained to offender.
Offender Webb wishes to continue with complaint.

☐ IRR RESOLVED BY DISCUSSION/WITHDRAWN    ☑ IRR NOT RESOLVED BY DISCUSSION

| OFFENDER SIGNATURE | DATE 1-18-18 | STAFF SIGNATURE | DATE 1-18-18 |
|---|---|---|---|

## STAFF FINDINGS/RESPONSE

      Your complaint has been received and reviewed and the following has been determined: You state you are being discriminated against based on your mental health and medical disabilities through the Transition Accountability Plan (TAP) and Reclassification Analysis (FCA). You state case managers Douglas and Gentry documented your mental health and physical disabilities in order to negatively influence your classification status and parole hearing. You are requesting WMCC staff cease discrimination, disciplinary action for staff involved, no retaliation for filing this complaint, and monetary damages if complaint is filed in court. CONTINUED ON PAGE 2

| INVESTIGATING STAFF SIGNATURE | DATE 1/24/18 | RESPONDENT SIGNATURE | DATE 1/24/18 |
|---|---|---|---|
| REVIEWER SIGNATURE M. Parkhurst | DATE 1-25-18 | RESULTS ☐ SATISFACTORY    ☐ UNSATISFACTORY | |

YOU HAVE THE RIGHT TO FILE A FORMAL GRIEVANCE. YOU MUST FILE A GRIEVANCE FORM WITH THE DESIGNATED STAFF WITHIN SEVEN (7) DAYS FROM THE DATE YOU RECEIVE THIS RESPONSE. FAILURE TO SUBMIT A GRIEVANCE WITHIN THIS TIME FRAME CONSTITUTES ABANDONMENT.

| OFFENDER SIGNATURE | | DATE |
|---|---|---|

MO 931-3376 (12-04)

(163)



CONTINUED FROM PREVIOUS PAGE
PAGE 2

IRR LOG NUMBER: WMCC 17-2205

OFFENDER NAME: Webb, Antonio #1175777

GRIEVANCE CATEGORY: Harassment

RESPONSE:

All staff are to adhere to the Professional Principles of Conduct as outlined in D2-11.10 Staff Member Conduct which states, "perform duties responsibly; treat all persons respectfully, fairly, and with dignity; hold themselves accountable for their actions; and act in an ethical manner." Your TAP and RCA were reviewed with you on January 18, 2018 during the discussion of this complaint. It was explained that your classification status as a medium custody level offender was based on your release date being over six years. The TAP goal "improve physical health" was subsequently closed per your request. There is insufficient evidence to support your claim you are being discriminated against based on your disabilities.

**RECOMMENDATION: IRR DENIED**



Grievance Log Number:     WMCC-17-2205
Category:                 4: Harassment
Complainant:              Offender Webb, Antonio #1175777

Your Grievance dated February 2, 2018 has been received and reviewed.
You allege the *original complaint was not property addressed...I fully incorporate my original complaint (IRR) into this grievance.* In the original Informal Resolution Request (IRR) associated with this complaint, you alleged that WMCC classification staff members were discriminating against you during the TAP and RCA processes due to your physical and mental disabilities. You make no request within this grievance complaint. In the original IRR associated with this complaint you requested that *WMCC staff to CEASE the illegal DISCRIMINATION.*

I find the Staff findings/Response to the original IRR appropriately addressed your complaint. Additionally, I find that you have failed to adhere to Departmental Procedure D5-3.2 Offender Grievance which clearly states: *K. INFORMAL RESOLUTION REQUEST PROCESS: 1. Any offender who wishes to file an informal resolution request, on a grievable issue, must do so within 15 calendar days from the date of the alleged incident.* I find documentation substantiates on December 5, 2017 you were presented and signed your *Classification-RCA-12 mos* and refused to sign the *Transitional Accountability Plan.* However, you failed to submit the original Informal Resolution associated with this complaint until December 21, 2017.

As you have failed to file your claim in the mandated time frame, and have provided no credible evidence of an extenuating circumstance that would have prevented your ability to file in a timely manner, this complaint shall not be addressed further.

Grievance denied.

_____
Warden/Section Head Signature

3/8/19
_____
Date

SLK/bjl







R1

#4 Harassment



## STATE OF MISSOURI
## DEPARTMENT OF CORRECTIONS
## INFORMAL RESOLUTION REQUEST

WE

**INSTITUTION USE ONLY** ☐ EMERGENCY COMPLAINT

| OFFENDER NAME | | DOC NUMBER |
|---|---|---|
| Webb, Antonio | | 1175777 |

| DATE STAFF RECEIVED IRR | COMPLAINT NUMBER | CATEGORY | HOUSING UNIT |
|---|---|---|---|
| 1-16-18 | WMCC 18-92 | (57) Force | 8A-111T |

### COMPLAINT - ONE ISSUE - BE SPECIFIC
Retaliation in the form of physical assault for participation in the D5-3.2
"Offender Grievance Procedure," committed by WMCC staff.

### STATE YOUR PROBLEM BRIEFLY
COI Rita George committed retaliation against me in the form of physical
assault, for me filing a complaint against her, WMCC-17-2022, based on
discrimination and harassment for me being classified as having a disability
as defined in 42 USC § 12101-12213, "Americans with Disabilities Act,"...

    (see attached pages 1-2 of 2, and affidavit of Marcus Mitchell #359975)

### ACTION REQUESTED: STATE REMEDIES YOU ARE SEEKING
6.  Security camera recordings of HU 8-A-Wing, on 12/11/2017, from 6:40PM
   to 7:00PM, to be saved in a "GOOD FAITH EFFORT," for legal purposes.

    (see attached pages 1-2 of2, and affidavit of Marcus Mitchell #359975)

**STAFF USE ONLY**

### DISCUSSION OF COMPLAINT (SUMMARIZE RESULTS OF MEETING)

/s/ states he wishes to continue

☐ IRR RESOLVED BY DISCUSSION/WITHDRAWN    ☑ IRR NOT RESOLVED BY DISCUSSION

| OFFENDER SIGNATURE | DATE | STAFF SIGNATURE | DATE |
|---|---|---|---|
| | 1-23-18 | | 1-23-18 |

### STAFF FINDINGS/RESPONSE
    Your complaint has been received and reviewed and the following has been determined: You state officer George
physically assaulted you as retaliation for filing complaint WMCC17-2022 against her. You state on December 11, 2017,
officer George hit you with a cell door as you were standing outside of the cell speaking with another offender. You are
requesting officer George cease discrimination against you, disciplinary action for staff involved, no retaliation for filing
this complaint, a "reasonable investigation" to be conducted, and monetary damages if complaint is filed in court. All staff
are to adhere to the Professional Principles of Conduct as outlined in D2-11.10 Staff Member Conduct which states,
"perform duties responsibly; treat all persons respectfully, fairly, and with dignity; hold themselves accountable for their
actions; act in an ethical manner, and abide by the laws." After review of all evidence, it has been determined there is
insufficient evidence to support your claim. IRR DENIED

| INVESTIGATING STAFF SIGNATURE | DATE | RESPONDENT SIGNATURE | DATE |
|---|---|---|---|
| | 1/24/18 | | 1/24/18 |

| REVIEWER SIGNATURE | DATE | RESULTS |
|---|---|---|
| | 1-25-18 | ☐ SATISFACTORY  ☐ UNSATISFACTORY |

YOU HAVE THE RIGHT TO FILE A FORMAL GRIEVANCE. YOU MUST FILE A GRIEVANCE FORM WITH THE DESIGNATED STAFF WITHIN SEVEN (7) DAYS FROM THE DATE
YOU RECEIVE THIS RESPONSE. FAILURE TO SUBMIT A GRIEVANCE WITHIN THIS TIME FRAME CONSTITUTES ABANDONMENT.

| OFFENDER SIGNATURE | | DATE |
|---|---|---|
| | 166 | |

MO 931-3376 (12-04)



STATE OF MISSOURI
DEPARTMENT OF CORRECTIONS
**OFFENDER GRIEVANCE Attachment**

# WMCC ALLEGED Grievance Reprisal

| GRIEVANCE NUMBER | DATE FILED |
|---|---|
| | DEC _ 2 2017 |

| OFFENDER NAME (LAST NAME, FIRST) | DOC NUMBER | INSTITUTION |
|---|---|---|
| Webb, Antonio    WMCC 18 - 92 | 1175777 | WMCC  WWWMCCC. |

**REASON FOR APPEAL**

A. Retaliation committed by WMCC staff for utilizing the "OFFENDER GRIEVANCE
   PROCEDURE," in violation of D5-3.2, § III.D., and the FIRST AMENDMENT OF
   THE UNITED STATES CONSTITUTION.

B. COI Rita George committed retaliation against me for filing complaint
   number WMCC-17-2022, through the "OFFENDER GRIEVANCE PROCEDURE," based on
   DISABILITY (AMERICANS WITH DISABILITIES ACT 42 USC § 12101-12213, ADA),
   RACE (CIVIL RIGHTS ACT 42 USC § 2000), and RELIGION (RELIGIOUS LAND USE AND
   INSTITUTIONALIZED PERSONS ACT).

C. On December 11, 2017, between 6:40PM to 7:00PM, I was at cell 8A-205...

   (see attached pages 1-2 of 2 "Reprisal Grievance," and affidavit of Marcus
        Mitchell #359975)

| OFFENDER SIGNATURE | DATE |
|---|---|
| | 12-13-17 |

**RESPONSE**

RECEIVED
DEC 20 2017
WMCC

RECEIVED
DEC 27 2017
DIV OF ADULT INSTITUTIONS
OO GRIEVANCE UNIT

| SIGNATURE | DATE |
|---|---|

Finalization of this appeal represents exhaustion of this grievance pursuant to federal law, 28 CFRs 40

| OFFENDER SIGNATURE | DATE |
|---|---|

MO 931-3378 (5-03)

167

I, Marcus N. Mitchell #359975, hereby make this affidavit on behalf of
Antonio Webb #1175777, under penalty of perjury, state the following:

On December 11, 2017, while in my cell, HU8-A205T, inmate Antonio Webb #1175777 came
to my cell door to talk to me about a brief issue. During this time, I saw the cell door
thrust forward forcefully, yet quickly- and then suddenly swing fully open.

Once the door was fully open, COI R. George was standing in the open door, just to the
side of inmate Webb, but between him and the door.

No warning or directive was ever given by CO George - which caused a startle and unspoken
intimidation. The thrust and pull of the door by CO George, against Webb, was technically
an assault. This is because Webb, when approached by CO George, was standing with his arm
around the outside of the door, and the rest of his body around the other, speaking to me,
with the edge of the door between his shoulder.

Pushing on the the door, then yanking it, caused the door to hit Webb's shoulder before
being yanked away from him.

Webb complained immediately to CO George, but I told him to let it go so as not to feed
into a trap.

The door push and pull, appeared to be an act to intimidate and harass Webb.

The entire episode could have been prevented by CO George simply respectfully requesting
Webb to move or relocate.

STATE OF MISSOURI      )
                       ) SS
COUNTY OF DeKALB       )

Verified under penalty of perjury,
Pursuant to 28 USC § 1746

/s/ Marcus Mitchell
Marcus N. Mitchell #359975
                    WMCC
609 E. Pence RD.
Cameron, MO 64429

DEC 2 0 2017


168

Eric R. Greitens
Governor

Anne L. Precythe
Director



2729 Plaza Drive
P. O. Box 236
Jefferson City, MO 65102
Telephone: 573-751-2389
Fax: 573-526-0880

R6

## State of Missouri
## DEPARTMENT OF CORRECTIONS
*Ad Excelleum Conamur – "We Strive Towards Excellence"*

### GRIEVANCE APPEAL RESPONSE

January 4, 2018

Antonio Webb
Register #1175777
Western Missouri Correctional Center (WMCC)

Dear Mr. Webb:

I am in receipt of your grievance appeal received on December 27, 2017, which you request to be filed as a reprisal grievance appeal in accordance with Missouri Department of Corrections policy D5-3.2-Offender Grievance.

Your complaint is Corrections Officer I Rita George retaliated against you for your participation in the offender grievance process by intentionally assaulting you with a door, causing you injury, as well as using abusive and profane language against you to inflict cruel and unusual punishment. Be advised, evidence of reprisal for your participation in the grievance process has not been found. I am returning your alleged "reprisal appeal" to the Western Missouri Correctional Center grievance officer so you may follow the normal grievance process in filing this complaint.

Sincerely,

Ryan Crews
Deputy Division Director
Division of Adult Institution

RC/jl

Cc: WMCC Grievance Office





Grievance Log Number:     WMCC-18-92
Category:     4: Use of Force
Complainant:     Offender Webb, Antonio #1175777

Your Grievance dated February 2, 2018 has been received and reviewed. You allege your original complaint was not properly addressed and state in part *I fully incorporate my original complaint.* In the original IRR associated with this complaint you alleged *COI George physically assaulted you in HU8 A wing on 12/11/17.* You make no request within this grievance complaint. In the original IRR associated with this complaint you requested for COI George to be disciplined.

Be advised, in accordance with D1-8.6 Offender Abuse, the department has a zero tolerance for offender abuse and retaliation. I find that a thorough review of this complaint and the alleged incident were conducted. This review included a review of the video footage in Housing Unit 8 during the date and time you provided. This review substantiated your complaint to be unfounded.

Be advised, Department Procedure D5-3.2 Offender Grievance states in part: *II. DEFINITIONS: X. Unfounded: An allegation that has been determined not to have occurred. E. ABUSE OR MISUSE OF THE OFFENDER GRIEVANCE PROCEDURE: 3. Misuse of the Offender Grievance Procedure: c. Unfounded complaints are prohibited.* Therefore, this complaint shall not be addressed further. No further action is required.

Grievance denied.

_____         3/8/18
Warden/Section Head Signature            Date

SLK/bjl



170

# STATE OF MISSOURI
## DEPARTMENT OF CORRECTIONS
### INFORMAL RESOLUTION REQUEST

RECEIVED FEB 0 2 2018
BY: MJ

**INSTITUTION USE ONLY** ☐ EMERGENCY COMPLAINT

| OFFENDER NAME Webb, Antonio | | DOC NUMBER 1175777 |
|---|---|---|
| DATE STAFF RECEIVED IRR 2/2/18 | COMPLAINT NUMBER WMCC-18-209 | CATEGORY Medical(5) | HOUSING UNIT 8A |

**COMPLAINT - ONE ISSUE - BE SPECIFIC**

This complaint is in regards to CMS staff acting in conspiracy with MDOC

staff to allow, and fraudulently conceal, ...

(see attached pages 1-3 of 3)

**STATE YOUR PROBLEM BRIEFLY**

Per D5-3.2, section III.I.1., this complaint is in regards to physical and

mental disabilities, under 42 USC § 12101-12213, "AMERICANS WITH DISABILITIES

ACT," and is to be handled accordingly.

(see attached pages 1-3 of 3, of complaint letter date January 30, 2018)

**ACTION REQUESTED: STATE REMEDIES YOU ARE SEEKING**

1. For the following accommodations to be made for my physical and mental

disabilities:...

(see attached pages 1-3 of 3)

**STAFF USE ONLY**

**DISCUSSION OF COMPLAINT (SUMMARIZE RESULTS OF MEETING)**

Educated on current layins

☐ IRR RESOLVED BY DISCUSSION/WITHDRAWN        ☑ IRR NOT RESOLVED BY DISCUSSION

| OFFENDER SIGNATURE | DATE 2-19-18 | STAFF SIGNATURE | DATE 2/19/18 |
|---|---|---|---|

**STAFF FINDINGS/RESPONSE**

RECEIVED BY Medical
FEB 0 5 2018
ON THIS DATE

| INVESTIGATING STAFF SIGNATURE Mezier RN, DON | DATE 2/19/18 | RESPONDENT SIGNATURE Mezier RN, DON | DATE 3/8/18 |
|---|---|---|---|
| REVIEWER SIGNATURE Ona Caldwell Acting AW | DATE 3-9-18 | RESULTS ☐ SATISFACTORY ☐ UNSATISFACTORY | |

YOU HAVE THE RIGHT TO FILE A FORMAL GRIEVANCE. YOU MUST FILE A GRIEVANCE FORM WITH THE DESIGNATED STAFF WITHIN SEVEN (7) DAYS FROM THE DATE YOU RECEIVE THIS RESPONSE. FAILURE TO SUBMIT A GRIEVANCE WITHIN THIS TIME FRAME CONSTITUTES ABANDONMENT.

| OFFENDER SIGNATURE | | DATE |
|---|---|---|

171

MO 931-3376 (12-04)



**Informal Resolution Request Response**

**To:** Webb, Antonio #1175777

**Institution:** WMCC

**IRR Number:** WMCC18-209

**Date of IRR: February 2, 2018**

Your IRR has been received and reviewed as well as your medical record. The purpose of this review is to determine if medically necessary health care, as determined by your health care providers has been provided to you. This assessment of your medical needs may differ from your personal desires.

Your concern is understood to be; you allege that Hollie Hild, RN, HSA and Carmen Ventura, Chief of Mental Health are conspiring to deliberately deny your ADA requests and adequate medical care.

Subsequent to review and investigation, the results are as follows; There is currently no documentation substantiating your accusation of conspiracy against you regarding your medical or mental health care. You submitted an ADA request on 1/12/18 to inhibit officers from banging loudly on your door. According to your medical records, there is no documentation to validate your request for this accommodation. There is no record of contraindications to loud noises for any of your medical conditions. However, you will be scheduled to see a provider for further education regarding loud noises and your medical conditions.

In conclusion, I highly advise using an alarm clock to wake up in order to ensure that you are awake and sitting or standing prior to count times. You have an upcoming appointment with a medical provider. Please keep all scheduled appointments. Furthermore, your accusation of conspiracy by Corizon staff is unsubstantiated.
If your medical condition changes please address any concerns through the sick call process at your facility.

| 2/6/18 | 3/8/18 | _BMazur, RN, BSN_ |
|--------|--------|-------------------|
| Date Received | Date of Response | Bailey Mazur, RN, BSN |
| | | Director of Nursing |

Grievance Category:    I   II   III   (IV)   V   VI   VII   VIII   IX   X

(172)

# Grievance Response

**To: Antonio Webb #1175777**

**Institution: WMCC**

**Grievance Number: WMCC 18-209**

**Date of Grievance: 3/20/18**

Your Grievance has been received and reviewed as well as your medical record. The purpose of this review is to determine if medically necessary health care, as determined by your health care providers, has been provided to you. This assessment of your medical needs may differ from your personal desires.

Your concern is understood to be: you allege that Hollie Hild, HSA and Carmen Ventura, Chief of Mental Health are conspiring to deliberately deny your ADA requests and adequate medical care.

Subsequent to review and investigation, the results are as follows: On 1/12/18 you completed a Request for Reasonable Accommodations form. The request asked "for staff to not strike the door causing loud noises". This request does not fall under an covered area (visual/physical/hearing impairment) and therefore was not approved. There is no medical criteria to approve this type of request. There was no conspiracy by any Corizon staff to den this request.

In conclusion,
It appears your medical needs have been met. If your medical condition changes please address any concerns through the sick call process at your facility.

| | | |
|---|---|---|
| 3/21/18 | 4/2/18 | _Jenny E Meehan_ |
| Date Received | Date of Response | Jenny Meehan RN |

_Dr. Richards_ MD



173



RECEIVED JUN 14 2017 BY: _____ _A12_

**STATE OF MISSOURI**
**DEPARTMENT OF CORRECTIONS**
**OFFENDER GRIEVANCE APPEAL**

| GRIEVANCE NUMBER | DATE FILED |
|---|---|
| WMCC-17-322 | JUN 15 2017 |

RECEIVED

| OFFENDER NAME (LAST NAME, FIRST) | DOC NUMBER | INSTITUTION |
|---|---|---|
| Webb, Antonio | 1175777 | WMCC W.M.C.C. |

**REASON FOR APPEAL**

Grievance was NOT properly addressed. I fully incorporate my Offender Grievance into this Appeal, and supplement the following: Reported staff in this complaint have perpetrated several acts of "voyeurism," against myself and other offenders, that were reported to H.U. 7 classification staff informally, in an effort to resolve the problem. Staff lied to us stating they would "handle the situation." This is why we were placing I.D. cards in the windows of the cell doors. Gilgour, Woody and Frey would threaten to issue us erroneous CDV's for sexual misconduct when we tell them to move away for staring at us too long while we are naked in the cells and showers. Further, this complaint WAS NOT processed in accordance with D1-8.13, because per III.F.9., I was mandated to have "Retaliation monitoring," face-to-face, with staff. This has NOT been done to this date! IRR and Grievance remain unchanged, as well as requested Remedies.

| OFFENDER SIGNATURE | DATE |
|---|---|
| Antonio Webb | 6-14-2017 |

**RESPONSE**

Appeal response is attached.



RECEIVED JUN 2 ? 2017 DIV OF ADULT INSTITUTIONS CO GRIEVANCE FLOOR

| SIGNATURE | DATE |
|---|---|
| | |

Finalization of this appeal represents exhaustion of this grievance pursuant to federal law, 28 CFRs 40

| OFFENDER SIGNATURE | DATE |
|---|---|
| | |

MO 931-3378 (5-03)

(174)




A13

<div align="center">

## State of Missouri
# DEPARTMENT OF CORRECTIONS
*Ad Excelleum Conamur – "We Strive Towards Excellence"*

## Grievance Appeal Response

</div>

August 9, 2017

Antonio Webb
Register #1175777
Western Missouri Correctional Center (WMCC)

**INMATE COPY**

RE:  WMCC-17-322
     Harassment
     Received on June 22, 2017
     Reviewed on August 9, 2017

Your appeal dated June 14, 2017, has been reviewed. The grievance response adequately addressed
your complaint. You have not provided any additional evidence to support your claim the staff at
WMCC are violating Missouri Department of Corrections procedure D1-8.13-Offender Sexual Abuse
and Harassment, and the guidelines of the Prison Rape Elimination Act. Your appeal is denied.

Ryan Crews
Deputy Division Director
Division of Adult Institutions

RC/jl


175

B11 5-19-1 C

RECEIVED MAY 25 2017 BY:

STATE OF MISSOURI
DEPARTMENT OF CORRECTIONS
**OFFENDER GRIEVANCE APPEAL**

GRIEVANCE NUMBER
**WMCC-17-488**

RECEIVED

DATE FILED
MAY 26 2017

| OFFENDER NAME (LAST NAME, FIRST) | DOC NUMBER | INSTITUTION |
|---|---|---|
| **Webb, Antonio** | **1175777** | **WMCC** W. M. C. C. |

**REASON FOR APPEAL**

Original complaint, and Grievance, were <u>NOT</u> properly

addressed. I fully incorporate both, my original

IRR WMCC-17-488, and Offender Grievance WMCC-17-488,

into this Offender Grievance Appeal WMCC-17-488, and supplement the following:

(see attached "STATEMENT," Pages 1-2 of 2 and letter to Dept. of Justice

dated May 23, 2017)

OFFENDER SIGNATURE

DATE 5-21-2017

**RESPONSE**

RECEIVED JUN 5 2017 DIV. OF ADULT INSTITUTIONS 00 GRIEVANCE UNIT

| SIGNATURE | DATE |
|---|---|

Finalization of this appeal represents exhaustion of this grievance pursuant to federal law, 28 CFRs 40

| OFFENDER SIGNATURE | DATE |
|---|---|

MO 931-3378 (5-03)

(176)

Antonio Webb #1175777
Grievance Appeal WMCC-17-488

SCANNED at WMCC and E-mailed
by
date          initials    No.



## STATEMENT

Original complaint, and Grievance, were NOT properly addressed. I fully incorporate both, my original complaint IRR WMCC-17-488, and Offender Grievance WMCC-17-488, into this Offender Grievance Appeal WMCC-17-488, and supplement the following:

WMCC Warden, Sherie Korneman, stated in the response to this Grievance, that my PREA phone complaint was "documented and reported in accordance with the aforementioned procedure." This is FALSE! My complaint was NOT processed by WMCC staff as sexual harassment, until around 3-27-2017. This was done AFTER the staff members reported by me in the 2-21-2017, phone complaint; the follow-up Offender Grievance WMCC-17-322, filed on 3-1-2017; and complaint letters to the Dept. of Justice, and the Dept. of Public Safety, committed retaliation against me. Even in spite of those numerous attempts to report sexual harassment, I am still being denied the right of the full "due process," and "equal protections," of the procedures set forth in D1-8.13, especially section III.D.8., "Protection Against Retaliation," which states, "a. The PREA site coordinator shall ensure all victims and reporters and those that cooperate with offender sexual abuse and harassment investigations or inquiries are monitored and protected from retaliation." It further states, "b. Immediately following following any reported incident of sexual abuse or harassment monitoring for retaliation shall be conducted in the following manner:

(1) The alleged victim and reporter of offender sexual abuse or harassment shall be monitored for a minimum of 90 days to assess any potential risk or act of retaliation."

Per these sections of D1-8.13, I was supposed to have had THREE mandantory retaliation monitorings: The first one around 3-23-2017, the second on 4-22-2017, and the third on 5-22-2017.

To this day, I have NOT received ANY! To further exacerbate this violation of my "Procedural due process," I have made several reports of retaliation, by way of:

1) Offender Grievance complaints, WMCC-17-517, WMCC-17-670, and WMCC-17-763;
2) Letters to the Department of Justice and Dept. of Public Safety, that were forwarded and received by DOC;
3) And phone complaints on my PIN to the PREA hotline.

Warden, Sherie Korneman; Deputy Warden, Lori Lakey; Assistant Warden, Mark Parkhurst; FUM, Andrew Webb; COM, L. Maddox; C.O.III Jordan; and all other acting "PREA site coordinators," during my reported complaints, all hereby referred to as "Staff," all acted under color of state law to deprive me of rights guaranteed to me by the United States Constitution:

1) Eighth Amendment: "To be free from cruel and unusual punishment." All "Staff," listed in this complaint demonstrated "Deliberate Indifference," against me by maliciously "acting in concert," to refuse to properly process my complaints of sexual harassment, in accordance with D1-8.13. "Staffs'," refusal to adhere to, and deny me the right to participate in D1-8.13, section III.D.8., "b. (1) The alleged victim and reporter of offender sexual abuse or harassment shall be monitored for a minimum of 90 days to assess potential risk or act of retaliation." The word "SHALL," in sections III.D.8., and III.D.8.b, and III.D.8.b.(1)., is NOT optional, or up to "Staffs'," discretion! "SHALL," is legally defined as "MANDATORY," per Federal and Missouri statutes. To this day, "Staff," have, and are still, refusing me this MANDATORY, vital procedure of the D1-8.3 process, in violation of: 42 USCS §15601, 42 USCS §15602, 42 USCU §15603, and RSMo's 217.025, 217.035,


177

 B13

217.040, 217.175, 217.405, and 217.410. All "Staff," listed in this complaint are now in violation of the above laws that govern sexual abuse and harassment against offenders. These heinous actions constitute "cruel and unusual punishment," and a denial of the;

2) Fourteenth Amendment: "Right to due process and equal protection of the laws." By refusing to properly adhere to guidelines set forth in D1-8.13, especially section III.D.8., "Staffs'," demonstration of "Deliberate Indifference," against me, has denied me "due process of laws," and procedures governing sexual harassment, and "equal protection of the laws," mandated for being free from retaliation for reporting sexual harassment. By "Staffs'," violations outlined in the, "Eighth Amendment," section of this grievance Appeal. These actions also violate the;

3) First Amendment: "The right to petition the government for redress of grievances." I have the right to utilize the complaint processes outlined in D1-8.13, and D5-3.2, and be free from retaliation, Haynes v Stephenson, 588 F.3d 1152, "The filing of grievances, like the filing of an inmate lawsuit, is a protected First Amendment activity." "Staff," have denied me the, "due process and equal protection," of the "Protection Against Retaliation." by failing to properly follow procedures outlined in this section of D1-8.13.

ALL REMEDIES REQUESTED AT EVERY STAGE OF THIS COMPLAINT REMAIN UNCHANGED!



Eric R. Greitens
**Governor**

Anne L. Precythe
**Director**



B14

2729 Plaza Drive
P. O. Box 236
Jefferson City, MO 65102
Telephone: 573-751-2389
Fax: 573-751-4099

## State of Missouri
# DEPARTMENT OF CORRECTIONS
*Ad Excelleum Conamur – "We Strive Towards Excellence"*

### Grievance Appeal Response

July 27, 2017

Antonio Webb
Register #1175777
Western Missouri Correctional Center (WMCC)

RE:  WMCC-17-488
Harassment
Received on June 5, 2017
Reviewed on July 27, 2017

**INMATE COPY**

Your appeal dated May 21, 2017, has been reviewed. The grievance response adequately addressed your complaint. Your allegation of a Prison Rape Elimination Act (PREA) violation was reviewed. It was determined this was not a PREA incident, and no further investigation was warranted. You have not provided any additional evidence to support your claim that WMCC staff refuse to file sexual harassment complaints in accordance with Missouri Department of Corrections procedure D1-8.13-Offender Sexual Abuse and Harassment. Your appeal is denied.

Ryan Crews
Deputy Division Director
Division of Adult Institutions

RC/jl


(179)

 

G8

# STATE OF MISSOURI
## DEPARTMENT OF CORRECTIONS
## OFFENDER GRIEVANCE APPEAL

| GRIEVANCE NUMBER | DATE FILED |
|---|---|
| **WMCC-17-517** | JUL 1 1 2017 |

| OFFENDER NAME (LAST NAME, FIRST) | DOC NUMBER | INSTITUTION |
|---|---|---|
| **Webb, Antonio** | **1175777** | **WMCC** W. M. C. C. |

### REASON FOR APPEAL

Original complaint was __NOT__ properly and competently addressed
or investigated. I fully incorporate both my original
complaint and grievance, into this appeal, and supplement the
following with a rebuttal to the Grievance Response:

(see attached "SUPPLEMENT/REBUTTAL," page, and IRR/Grievance WMCC-17-517
attachment pages)

| OFFENDER SIGNATURE | DATE |
|---|---|
| *[signature]* | 7/7/17 |

### RESPONSE

RECEIVED
JUL 1 0 2017
BY:

## Appeal response is attached.

JUL 2 7 2017

INMATE COPY

| SIGNATURE | | DATE |
|---|---|---|

Finalization of this appeal represents exhaustion of this grievance pursuant to federal law, 28 CFRs 40

| OFFENDER SIGNATURE | | DATE |
|---|---|---|

180

MO 931-3378 (5-03)



<div align="center">

SUPPLEMENT/REBUTTAL

</div>

Original Complaint was **NOT** properly and competently addressed or investigated. I fully incorporate both my original complaint and grievance, into this appeal, and supplement the following with a rebuttal to the Grievance Response:

This Grievance response was **NOT** adequately investigated due to insufficient time and aptitude needed to discern a fair and unbiased response.
On Friday, June 30, 2017 I asked CCM Gentry if a response had been logged for this grievance. Gentry replied "No response has been logged for this complaint." At this time, it had been 36 days since it was stamped "Received," by HU-7 classification staff.
On Wednesday, July 5, 2017 the 41st day of being recieved, I submitted a communication to CCM, B. Lindsey, that per D5-3.2, the response time had exceeded and I wanted to proceed. Instead of allowing me to proceed, Lindsey generated an inept and rushed response to be approved and signed off by Warden, Sherie Korneman, without either Lindsey or Korneman performing a proper and competent investigation:

    1)  In the grievance response, Lindsey and Korneman state "I find that you have previously addressed your allegations that WMCC staff violated PREA procedures in IRR/Grievance/Appeal WMCC 17-322. Therefore, it will not be addressed again in this complaint," and labeled a "Duplicate." This was **FALSE**!
IRR/Grievance/Appeal WMCC-17-322 was reporting sexual harassment by staff, and that staff stated to me that they **WERE** going to retaliate with erroneous CDV's if I continued to report them for these violations.
**THIS** complaint, WMCC-17-517, is because one of the staff members, COI David Gilgour, **DID IN FACT** issue me a cdv **29 DAYS** after I reported an allegation of PREA against him wherein Gilgour stated he would issue a retaliatory cdv. In addition, Gilgour issued the cdv **17 DAYS** after I reported retaliation via the PREA hotline, by the other officer that threatened me, COI Woody. Still the Deputy Warden /PREA site coordinator, Lori Lakey; my FUM, Andrew Webb; CCM L. Maddox; and Assistant Warden, Mark Parkhurst, conspired to allow this retaliatory cdv to erroneously stand.

    2)  To further the concerted actions by staff to deny me of due process and equal protection of the law, Maddox and FUM Webb discussed this matter with me and investigated it for **TWO DAYS** (see IRR/Grievance WMCC-17-517 attachments), and not only did they find me guilty of the retaliatory cdv, in violation of IS19-1.3, sections III.F.2-3, because they sat as disciplinary hearing officers for this cdv, they **DID NOT** report Gilgour's retaliatory actions.

I AM REQUESTING THAT THIS RETALIATORY CDV BE DISMISSED AND EXPUNGED FROM MY RECORD. IN ADDITION, ALL CLAIMS AND REMEDIES FROM IRR/GRIEVANCE WMCC-17-517 REMAIN UNCHANGED.



Eric P. Greitens
Governor

Anne L. Precythe
Director





2729 Plaza Drive
P. O. Box 236
Jefferson City, MO 65102
Telephone: 573-751-2389
Fax: 573-751-4099

## State of Missouri
# DEPARTMENT OF CORRECTIONS
*Ad Excelleum Conamur – "We Strive Towards Excellence"*

## Grievance Appeal Response

September 8, 2017

Antonio Webb
Register #1175777
Western Missouri Correctional Center

RE:     WMCC-17-517
        Due Process
        Received on July 27, 2017
        Reviewed on September 8, 2017

Your appeal dated July 7, 2017, has been reviewed. The grievance response adequately addressed your complaint. Corrections Officer I David Gilgour appropriately issued you a conduct violation on March 21, 2017, for rule #21.1-Insulting Behavior after you made an inappropriate statement to him. You have not provided any additional evidence to support your claim. Your appeal is denied.

Ryan Crews
Deputy Division Director
Division of Adult Institutions

RC/jl



182



STATE OF MISSOURI
DEPARTMENT OF CORRECTIONS
**OFFENDER GRIEVANCE APPEAL**

RECEIVED JUL 24 2017 BY: _____

| GRIEVANCE NUMBER | DATE FILED |
|---|---|
| **WMCC-17-665** | JUL 25 2017 |

| OFFENDER NAME (LAST NAME, FIRST) | DOC NUMBER | INSTITUTION |
|---|---|---|
| Webb, Antonio | 1175777 | W.M.C.C. |

**REASON FOR APPEAL**

Original complaint IRR/Grievance WMCC-17-665 were NOT properly and adeptly addressed. I fully incorporate both into this appeal, and make the following rebuttal to the grievance response:

This complaint is NOT about wanting a cell move, or a different cellmate!!!

This complaint has NOT changed and the issue and problems are only exacerbated due to staff acting in concert to conceal the problem with the pretexts of policies that on their face seem constitutional, but always act in violation of the Constitutional rights of offenders, myself included.

((see attachment from Grievance WMCC-17-665)

| OFFENDER SIGNATURE | DATE |
|---|---|
| *Antonio Webb* | 7-20-17 |

**RESPONSE**

**Appeal response is attached.**



INMATE COPY

RECEIVED JUL 27 2017 DIV OF ADULT INSTITUTIONS

| SIGNATURE | DATE |
|---|---|

Finalization of this appeal represents exhaustion of this grievance pursuant to federal law, 28 CFRs 40

| OFFENDER SIGNATURE | DATE |
|---|---|

MO 931-3378 (5-03)

103




### State of Missouri
# DEPARTMENT OF CORRECTIONS
*Ad Excelleum Conamur – "We Strive Towards Excellence"*

## Grievance Appeal Response

September 8, 2017

Antonio Webb
Register #1175777
Western Missouri Correctional Center

RE:  WMCC-17-665
Classification
Received on July 27, 2017
Reviewed on September 8, 2017

Your appeal dated July 20, 2017, has been reviewed. The grievance response adequately addressed your complaint. Missouri Department of Corrections policy D2-11.9-Tobacco Use Limitations, states, "Use of tobacco products is prohibited in all buildings and offices or any enclosed areas operated exclusively by the Department of Corrections, including offender living areas." Every effort is made to ensure that policy is enforced, and offenders who violate this policy will receive appropriate disciplinary action. You have not provided any additional evidence to support your claim staff are placing your health and safety at risk. Your appeal is denied.

Ryan Crews
Deputy Division Director
Division of Adult Institutions

RC/jl



**INMATE COPY**

184

# RECEIVED
## JUL 3 1 2017
BY_____

**STATE OF MISSOURI**
**DEPARTMENT OF CORRECTIONS**
**OFFENDER GRIEVANCE APPEAL**

| GRIEVANCE NUMBER | DATE FILED |
|---|---|
| **WMCC-17-670** | AUG 2 2017 |

| OFFENDER NAME (LAST NAME, FIRST) | DOC NUMBER | INSTITUTION |
|---|---|---|
| Webb, Antonio | 1175777 | WMCC |

**REASON FOR APPEAL**

IRR/Grievance WMCC-17-670 were investigated and responded to ineptly, with bias, and NOT PROCESSED IN ACCORDANCE WITH D5-3.2! I fully incorporate both into this appeal. In addition, D5-3.2, S III.N., "PREA INFORMAL RESOLUTION REQUEST/GRIEVANCE/APPEAL," states in §§ 5:

"a. the CAO or designee should respond within 30 calendar days of receipt."

D5-3.2, §§ III.N.6., further states "At any level of the administrative process including the offender grievance appeal level, if the offender does not receive a response within the time allotted for reply, including any properly noticed extension, the offender may proceed to the next level of the grievance process." I sent two communications to CCM, Betty Lindsey, on 7/17/17, which by policy was 32 days from being received by the Grievance Office, and on 7/19/17, and was refused the right to proceed. This is a denial of my procedural due process by Lindsey and Warden, Sherie Korneman. In addition, it was also over 40 days on the IRR response, well exceeding the 30 days limit per D5-3.2. My original complaint, that COI Woody committed "voyeurism," against me, while I was urinating, using the false pretext that it was during her "normal job functions," remain unchanged, as well as ALL remedies requested.

| OFFENDER SIGNATURE | DATE |
|---|---|
| *[signature]* | 7-28-17 |

**RESPONSE**

RECEIVED
AUG 4 2017

## Appeal response is attached.

INMATE COPY

| SIGNATURE | DATE |
|---|---|
| | |

Finalization of this appeal represents exhaustion of this grievance pursuant to federal law, 28 CFRs 40

| OFFENDER SIGNATURE | DATE |
|---|---|
| | |

MO 931-3378 (5-03)

(185)



Eri...X. Greitens
Governor

Anne L. Precythe
Director

2729 Plaza Drive
P. O. Box 236
Jefferson City, MO 65102
Telephone: 573-751-2389
Fax: 573-751-4099

E9

## State of Missouri
# DEPARTMENT OF CORRECTIONS
*Ad Excelleum Conamur – "We Strive Towards Excellence"*

## Grievance Appeal Response

September 13, 2017

Antonio Webb
Register #1175777
Western Missouri Correctional Center (WMCC)

RE:    WMCC-17-670
       Harassment
       Received on August 4, 2017
       Reviewed on September 13, 2017

Your appeal dated July 28, 2017, has been reviewed. The grievance response adequately addressed
your complaint. Your allegation against Corrections Officer I (COI) Catrina Woody was referred to
Deputy Warden Lori Lakey, the Western Missouri Correctional Center Prison Rape Elimination Act
(PREA) Coordinator, for review. It was determined this was not a PREA incident, and no further
investigation was warranted. You have not provided any additional evidence to support your claim COI
Woody and COI David Gilgour are sexually harassing you in violation of PREA and Missouri
Department of Corrections procedure D2-11.10-Staff Member Conduct, or that WMCC staff refuse to
file sexual harassment complaints in accordance with Missouri Department of Corrections procedure
D1-8.13-Offender Sexual Abuse and Harassment. Your appeal is denied.

Ryan Crews
Deputy Division Director
Division of Adult Institutions

RC/jl



INMATE COPY

186



STATE OF MISSOURI
DEPARTMENT OF CORRECTIONS
**OFFENDER GRIEVANCE APPEAL**

RECEIVED
AUG 0 7 2017
BY:_____

RECEIVED
AUG 8 2017

| GRIEVANCE NUMBER | DATE FILED |
|---|---|
| **WMCC-17-763** | AUG 8 2017 |

| OFFENDER NAME (LAST NAME, FIRST) | DOC NUMBER | INSTITUTION |
|---|---|---|
| **Webb, Antonio** | **1175777** | **WMCC** W. M. C. C. |

**REASON FOR APPEAL**

Original complaint was NOT properly addressed!  Respondents at the

grievance stage purposely mischaracterized the complaint to give a material

misrepresentation of the facts.  I FULLY INCORPORATE MY ORIGINAL COMPLAINT

INTO THIS APPEAL!!!  ALL REMEDIES REMAIN THE SAME!!!

    (see IRR WMCC-17-763 with attachment pages)

| OFFENDER SIGNATURE | DATE |
|---|---|
| X _Antonio Webb_ | X 8-4-17 |

**RESPONSE**

AUG 1 4 2017

### Appeal response is attached.

| SIGNATURE | DATE |
|---|---|
| | |

Finalization of this appeal represents exhaustion of this grievance pursuant to federal law, 28 CFRs 40

| OFFENDER SIGNATURE | DATE |
|---|---|
| (187) | |

MO 931-3378 (5-03)




Eric R. Greitens
**Governor**

Anne L. Precythe
**Director**

FIO

2729 Plaza Drive
P. O. Box 236
Jefferson City, MO 65102
Telephone: 573-751-2389
Fax: 573-751-4099

# State of Missouri
# DEPARTMENT OF CORRECTIONS
*Ad Excelleum Conamur – "We Strive Towards Excellence"*

## Grievance Appeal Response

September 21, 2017

Antonio Webb
Register #1175777
Western Missouri Correctional Center (WMCC)

RE:  WMCC-17-763
     Harassment
     Received on August 14, 2017
     Reviewed on September 21, 2017

Your appeal dated August 4, 2017, has been reviewed. The grievance response adequately addressed your complaint. Your complaint regarding WMCC staff not filing sexual harassment complaints in accordance with Missouri Department of Corrections procedure D1-8.13-Offender Sexual Abuse and Harassment was previously addressed in Grievance Appeal WMCC-17-670, and will not be addressed in this complaint. You have not provided any additional evidence to support your claim Deputy Warden Lori Lakey made veiled threats, innuendos, or used psychological manipulation during your meeting with her to discuss your Prison Rape Elimination Act allegations. Your appeal is denied.

Ryan Crews
Deputy Division Director
Division of Adult Institutions

RC/jl

**INMATE COPY**



188

# STATE OF MISSOURI
## DEPARTMENT OF CORRECTIONS
### OFFENDER GRIEVANCE APPEAL

RECEIVED AUG 07 2017 BY:_____

RECEIVE

| GRIEVANCE NUMBER | DATE FILED |
|---|---|
| **WMCC-17-832** | AUG 8 2017 |

| OFFENDER NAME (LAST NAME, FIRST) | DOC NUMBER | INSTITUTION |
|---|---|---|
| **Webb, Antonio** | **1175777** | WMCC W.M.C.C. |

**REASON FOR APPEAL**

Original complaint was NOT properly addressed!  I fully incorporate my
IRR/Grievance WMCC-17-832 into this appeal.  Responses were purposely
responded to with material misrepresentation.

OFFENDER SIGNATURE
*Antonio Webb*

DATE
8-4-17

**RESPONSE**

RECEIVED
AUG 15 2017
CORIZON HEALTH
MISSOURI REGIONAL OFFICE

## Appeal response is attached.

RECEIVED
AUG 15 2017
DIRECTOR OF OFFENDER _____

INMATE COPY

| SIGNATURE | DATE |
|---|---|

Finalization of this appeal represents exhaustion of this grievance pursuant to federal law, 28 CFRs 40

| OFFENDER SIGNATURE | DATE |
|---|---|

(189)



**Offender Grievance Appeal**
**Response**

| | |
|---|---|
| **To:** | Webb, Antonio #1175777 |
| **Institution:** | Western Missouri Correctional Center |
| **Grievance Number:** | WMCC 17-832 |
| **Date of Appeal:** | August 08, 2017 |

Your grievance appeal has been received and reviewed. As well, as your medical record has been reviewed. The purpose of this review is to assure that timely and appropriate healthcare has been provided to you. This assessment of your medical needs may differ from your personal desires.

I understand your one original IRR complaint to be you contend that you would like to have an order for a non-smoking roommate.

Upon review of your medical record, grievance records and investigation of your concern I found placement in housing does not present a threat to your life. Please note that medical does not determine housing for any offender and all housing is noted to be smoke-free as smoking is not permitted per MODOC policy in the housing units.

Conclusion: Based on the above information your grievance appeal is not supported as outlined above. Your record shows appropriate care and treatment for your medical issues by licensed, qualified healthcare professionals with many years of experience. We rely upon the independent, discretionary medical judgment of the site physicians to determine appropriate care, medication and treatment as needed.

This should resolve your grievance. No further action is indicated at this time. Should your medical condition change, please address any concerns through the sick call process at your facility.

August 16, 2017          August 16, 2017
Date Received            Date of Response

J. Cofield
Director Operations, Constituent Services

8/22/17

Reviewed by/Date
T.Bredeman, D.O. Assoc. Regional Medical Director



INMATE COPY

190



# STATE OF MISSOURI
## DEPARTMENT OF CORRECTIONS
### OFFENDER GRIEVANCE APPEAL

| | GRIEVANCE NUMBER | DATE FILED |
|---|---|---|
| | **WMCC-17-1021** | SEP 1 8 2017 |

| OFFENDER NAME (LAST NAME, FIRST) | DOC NUMBER | INSTITUTION |
|---|---|---|
| **Webb, Antonio** | **1175777** | WMCC |

**REASON FOR APPEAL**

IRR/Grievance responses were NOT properly addressed. I fully incorporate both the IRR/Grievance WMCC-17-1021 into this appeal. WMCC staff FALSELY responded that this is a "DUPLICATE," of WMCC-17-670. WMCC-17-670, was about sexual harassment committed by COI Woody. THIS complaint was about that WMCC staff INTENTIONALLY FAILED to give me PREA retaliation monitoring on the three complaints that I filed. THIS issue has NEVER been addressed or responded to in ANY complaint. WMCC staff are purposely trying to cover up sexual abuse and harassment committed by staff against offenders and the intentional denial of due process when offenders report, which is a BLATANT element in the violation of 42 § USC 1985, which constitutes "CONSPIRACY," to deprive me of due process of laws and my United States Constitutional rights. It this issue is NOT addressed in the appeal response, the respondent will also be in violation of conspiracy to deny me due process and violate my United States Constitutional rights. An actual explanation is required.

| OFFENDER SIGNATURE | DATE |
|---|---|
| X | X 9/14/17 |

**RESPONSE**

## Appeal response is attached.



INMATE COPY

| SIGNATURE | DATE |
|---|---|
| | |

Finalization of this appeal represents exhaustion of this grievance pursuant to federal law, 28 CFRs 40

| OFFENDER SIGNATURE | DATE |
|---|---|
| | |

(191)

MO 931-3378 (5-03)



HZ

# State of Missouri
# DEPARTMENT OF CORRECTIONS
*Ad Excelleum Conamur – "We Strive Towards Excellence"*

### Grievance Appeal Response

October 4, 2017

Antonio Webb
Register #1175777
Western Missouri Correctional Center (WMCC)

RE:   WMCC-17-1021
      Harassment
      Received on September 20, 2017
      Reviewed on October 4, 2017

Your appeal dated September 14, 2017, has been reviewed. The grievance response adequately addressed your complaint. This complaint is a duplicate of Grievance Appeal WMCC-17-670, and will not be addressed in this complaint. Your appeal is denied.

Ryan Crews
Deputy Division Director
Division of Adult Institutions

RC/jl



INMATE COPY

198



# STATE OF MISSOURI
## DEPARTMENT OF CORRECTIONS
### OFFENDER GRIEVANCE APPEAL

| OFFENDER NAME (LAST NAME, FIRST) | GRIEVANCE NUMBER | DATE FILED |
|---|---|---|
| Webb, Antonio | WMCC-17-1102 | OCT 5 2017 |

| DOC NUMBER | INSTITUTION |
|---|---|
| 1175777 | WMCC. C. |

**REASON FOR APPEAL**

Original complaint IRR/Grievance WMCC-17-1102 were intentionally mischaracterized to misrepresent the facts. I full incorporate my original complaint IRR WMCC-17-1102 into this appeal. My legal mail to a bone-fide attorney, that was marked "LEGAL MAIL," was opened outside of my presence in violation of IS13-1.1. In addition the ONLY person that could have opened the mail was WMCC STAFF. Sheri Lee states in the grievance response "If in fact it was opened by staff..." COI Gilgour documented it came from WMCC staff that delivered the mail. Lee is then admitting that offenders in fact process the incoming mail, which is a violation of Federal and State law, "If in fact it was opened," by someone other that staff before staff delivered it to me. ***I SENT TWO COMMUNICATIONS TO THE GRIEVANCE OFFICE IN WRITING BECAUSE THIS COMPLAINT'S RESPONSE TIME HAS BEEN EXCEEDED on 9/24/17. PER D5-3.2. INSTEAD OF ALLOWING ME TO PROCEED AND ENTERING A RESPONSE OF "TIME LIMIT EXCEEDED," INTO THE DEPARTMENT'S COMPUTER SYSTEM, a response was generated.

| OFFENDER SIGNATURE | DATE |
|---|---|
| | 10/4/17 |

**RESPONSE**

## Appeal response is attached.

| SIGNATURE | DATE |
|---|---|
| | |

Finalization of this appeal represents exhaustion of this grievance pursuant to federal law, 28 CFRs 40

| OFFENDER SIGNATURE | DATE |
|---|---|
| | |

MO 931-3378 (5-03)

(193)




2729 Plaza Drive
P. O. Box 236
Jefferson City, MO 65102
Telephone: 573-751-2389
Fax: 573-751-4099

# State of Missouri
# DEPARTMENT OF CORRECTIONS
*Ad Excelleum Conamur – "We Strive Towards Excellence"*

## Grievance Appeal Response

November 16, 2017

**INMATE COPY**

Antonio Webb
Register #1175777
Western Missouri Correctional Center

RE:   WMCC-17-1102
      Activities
      Received on October 10, 2017
      Reviewed on November 16, 2017

Your appeal dated October 4, 2017, has been reviewed. The grievance response adequately addressed your complaint. You have not provided any additional evidence to support your claim mailroom staff is maliciously tampering with your privileged mail. Your appeal is denied.

Ryan Crews
Deputy Division Director
Division of Adult Institutions

RC/jl





# STATE OF MISSOURI
# DEPARTMENT OF CORRECTIONS
# OFFENDER GRIEVANCE APPEAL

RECEIVED J.S

OCT 20 2017

BY:

GRIEVANCE NUMBER
WMCC 17-1277

DATE FILED 2 3 2017

| OFFENDER NAME (LAST NAME, FIRST) | DOC NUMBER | INSTITUTION: C. C. |
|---|---|---|
| Webb, Antonio | 1175777 | WMCC |

## REASON FOR APPEAL

Original complaint was incompetently investigated, responded to, and reviewed. I FULLY INCORPORATE MY ORIGINAL COMPLAINT, WMCC-17-1277 into this appeal. All issues and remedies in original complaint WMCC-17-1277 remain unchanged.

| OFFENDER SIGNATURE | DATE |
|---|---|
| X | X 10-20-17 |

## RESPONSE

**Appeal response is attached.**



RECEIVED

OCT 2 6 2017

DIV. OF ADULT INSTITUTIONS
CB GRIEVANCE UNIT

| SIGNATURE | DATE |
|---|---|

Finalization of this appeal represents exhaustion of this grievance pursuant to federal law, 28 CFRs 40

| OFFENDER SIGNATURE | DATE |
|---|---|

MO 931-3378 (5-03)

(195)



Eric R. Greitens
Governor

Anne L. Precythe
Director

2729 Plaza Drive
P. O. Box 236
Jefferson City, MO 65102
Telephone: 573-751-2389
Fax: 573-751-4099

J6

## State of Missouri
# DEPARTMENT OF CORRECTIONS
*Ad Excelleum Conamur – "We Strive Towards Excellence"*

## Grievance Appeal Response

**INMATE COPY**

November 16, 2017

Antonio Webb
Register #1175777
Western Missouri Correctional Center

RE:   WMCC-17-1277
      Due Process
      Received on October 26, 2017
      Reviewed on November 16, 2017

Your appeal dated October 20, 2017, has been reviewed. The grievance response adequately addressed your complaint. The validity of the conduct violation was previously addressed in Grievance Appeal WMCC-17-517, and will not be addressed again. Your appeal is denied.

Ryan Crews
Deputy Division Director
Division of Adult Institutions

RC/jl


(196)



STATE OF MISSOURI
DEPARTMENT OF CORRECTIONS
**OFFENDER GRIEVANCE APPEAL**

RECEIVED OCT 2017 BY:

| GRIEVANCE NUMBER | DATE FILED |
|---|---|
| WMCC 17-1479 | OCT 23 2017 |

| OFFENDER NAME (LAST NAME, FIRST) | DOC NUMBER | INSTITUTION |
|---|---|---|
| Webb, Antonio | 1175777 | WMCC |

**REASON FOR APPEAL**

Original complaint IRR/Grievance WMCC-17-1479 were intentionally **IMPROPERLY**

INVESTIGATED, RESPONDED TO, AND REVIEWED. I FULLY INCORPORATE BOTH IRR?GRIEVANCE

WMCC-17-1479 into this appeal. ***ALL ISSUES AND REMEDIES IN MY ORIGINAL

COMPLAINT REMAIN UNCHANGED!***


***I SENT TWO COMMUNICATIONS TO THE GRIEVANCE OFFICER, IN WRITING, BECAUSE

THIS COMPLAINT WAS RESPONDED TO OUT OF TIME. I EVEN CONTACTED THE MDOC

CONSTITUENT IN AN ATTEMPT TO BE ALLOWED TO PROCEED. THE GRIEVANCE OFFICERS

IGNORED THE COMMUNICATIONS, AND INSTEAD OF ALLOWING ME TO PROCEED, AND

ENTERING A RESPONSE OF "EXCEEDED TIME FRAME," IN THE DEPARTMENT COMPUTER,

PER D5-32, AS I REQUESTED, THE GRIEVANCE OFFICERS AND THE WARDEN FORCED AN

EXCEEDED RESPONSE VIOLATING MY DUE PROCESS AND EQUAL PROTECTION OF THE LAWS***

| OFFENDER SIGNATURE | DATE |
|---|---|
| X | 10-20-17 |

**RESPONSE**

### Appeal response is attached.



OCT 26 2017

DIV. OF ADULT INSTITUTIONS
CO GRIEVANCE UNIT

| SIGNATURE | DATE |
|---|---|
| | |

Finalization of this appeal represents exhaustion of this grievance pursuant to federal law, 28 CFRs 40

| OFFENDER SIGNATURE | DATE |
|---|---|
| | |

MO 931-3378 (5-03)

197

Eric R. Greitens
Governor

Anne L. Precythe
Director



2729 Plaza Drive
P. O. Box 236
Jefferson City, MO 65102
Telephone: 573-751-2389
Fax: 573-751-4099

L9

# State of Missouri
# DEPARTMENT OF CORRECTIONS
*Ad Excelleum Conamur – "We Strive Towards Excellence"*

## Grievance Appeal Response

INMATE COPY

November 16, 2017

Antonio Webb
Register #1175777
Western Missouri Correctional Center

RE:  WMCC-17-1479
     Harassment
     Received on October 26, 2017
     Reviewed on November 16, 2017

Your appeal dated October 20, 2017, has been reviewed. The grievance response adequately addressed
your complaint. Your Prison Rape Elimination Act allegation against Corrections Officer I John
DeWeese was referred for investigation. You have not provided any additional evidence to support
your claim your complaint was intentionally not investigated properly, responded to, and reviewed at
the informal resolution and grievance levels. Your appeal is denied.

Ryan Crews
Deputy Division Director
Division of Adult Institutions

RC/jl


198

| | |
|---|---|
| GRIEVANCE NUMBER WMCC 17-1527 | DATE FILED NOV 20 2017 |

OFFENDER NAME (LAST NAME, FIRST)
Webb, Antonio

DOC NUMBER
1175777

INSTITUTION
WMCC.

**REASON FOR APPEAL**

Original complaint, IRR/Grievance WMCC-17-1527, were improperly and prejudicially investigated and responded to. I fully incorporate both IRR/Grievance WMCC-17-1527 into this appeal, and supplement the following:   THIS IS NOT A DUPLICATE!!!   WMCC-17-1277 is about the ORIGINAL hearing, and those staff involved. This complaint is about the illegally held re-hearing, and how staff involved in THIS issue violated my due process, by stating no matter the out- come and evidence, to find me guilty.  My original complaint and remedies

remain unchanged.

OFFENDER SIGNATURE

DATE 11-17-17

**RESPONSE**

RECEIVED NOV 27 2017
DIV OF ADULT INSTITUTIONS
CO GRIEVANCE UNIT

**Appeal response is attached.**

INMATE COPY

| SIGNATURE | DATE |
|---|---|
| | |

Finalization of this appeal represents exhaustion of this grievance pursuant to federal law, 28 CFRs 40

| OFFENDER SIGNATURE | DATE |
|---|---|
| | |

MO 931-3378 (5-03)

(199)

Eric k. Greitens
**Governor**

Anne L. Precythe
**Director**




2729 Plaza Drive
P. O. Box 236
Jefferson City, MO 65102
Telephone: 573-751-2389
Fax: 573-751-4099

## State of Missouri
# DEPARTMENT OF CORRECTIONS
*Ad Excelleum Conamur – "We Strive Towards Excellence"*

## Grievance Appeal Response

January 12, 2018

Antonio Webb
Register #1175777
Western Missouri Correctional Center (WMCC)

RE:  WMCC-17-1527
     Due Process
     Received on November 27, 2017
     Reviewed on January 12, 2018

Your appeal dated November 17, 2017, has been reviewed. The grievance response adequately
addressed your complaint. The validity of the conduct violation was previously addressed in Grievance
Appeal WMCC-17-517, and will not be addressed again. Your appeal is denied.

Ryan Crews
Deputy Division Director
Division of Adult Institutions

RC/jl



INMATE COPY

200



# STATE OF MISSOURI
## DEPARTMENT OF CORRECTIONS
### OFFENDER GRIEVANCE APPEAL



| | GRIEVANCE NUMBER | DATE FILED |
|---|---|---|
| | **WMCC-17-1548** | |

| OFFENDER NAME (LAST NAME, FIRST) | DOC NUMBER | INSTITUTION |
|---|---|---|
| **Webb, Antonio** | **1175777** | **WMCC** |

## REASON FOR APPEAL

Original complaint and grievance were improperly addressed, and intentionally mischaracterized to prevent a REASONABLE INVESTIGATION, that was IMPARTIAL AND OBJECTIVE. I fully incorporate my original complaint IRR/Grievance WMCC-17-1548 into this Appeal, and supplement the following rebuttal to the erroneous response: Had Grievance Officers Anthius and Lindsey, conducted a REASONABLE INVESTIGATION, that was IMPARTIAL AND OBJECTIVE, they would have discovered that of which even a person of low intelligence could discern, that THIS complaint is about COI DeWeese and WMCC administration staff are RETALIATING because of my filing WMCC-17-1479. I was refused by FUM Andrew Webb, CCM Betty Lindsy, and Deputy Warden Lori Lakey to file this as a PREA retaliation or a REPRISAL GRIEVANCE. Lakey, Lindsey, FUM Webb, Anthius, and Warden Sherie Korneman are all acting in "CONSPIRACY," to deny me due process, to petition the government for redress of grievances, and DENYING ME ACCESS TO THE COURTS, by refusing to properly conduct an IMPARTIAL, FAIR, AND OBJECTIVE "REASONABLE INVESTIGATION."

| OFFENDER SIGNATURE | DATE |
|---|---|
| *[signature]* | 12-7-17 |

## RESPONSE

**Appeal response is attached.**

INMATE COPY

RECEIVED DEC 1 3 2017
ADULT INSTITUTIONS
GRIEVANCE UNIT

| SIGNATURE | DATE |
|---|---|
| | |

Finalization of this appeal represents exhaustion of this grievance pursuant to federal law, 28 CFRs 40

| OFFENDER SIGNATURE | DATE |
|---|---|
| | |

MO 931-3378 (5-03)

(201)

**Eric R. Greitens**
Governor

**Anne L. Precythe**
Director





2729 Plaza Drive
P. O. Box 236
Jefferson City, MO 65102
Telephone: 573-751-2389
Fax: 573-751-4099

## State of Missouri
# DEPARTMENT OF CORRECTIONS
*Ad Excelleum Conamur – "We Strive Towards Excellence"*

## Grievance Appeal Response

January 12, 2018

Antonio Webb
Register #1175777
Western Missouri Correctional Center (WMCC)

RE:  WMCC-17-1548
Harassment
Received on December 13, 2017
Reviewed on January 12, 2018

Your appeal dated December 7, 2017, has been reviewed. The grievance response adequately addressed your complaint. This complaint is a duplicate of Grievance Appeal WMCC-17-1479, and will not be addressed again. Your appeal is denied.

Ryan Crews
Deputy Division Director
Division of Adult Institutions

RC/jl



# STATE OF MISSOURI
# DEPARTMENT OF CORRECTIONS
# OFFENDER GRIEVANCE APPEAL

06

| GRIEVANCE NUMBER | DATE FILED |
|---|---|
| WMCC 17-1755 | DEC 18 2017 |

| OFFENDER NAME (LAST NAME, FIRST) | DOC NUMBER | INSTITUTION |
|---|---|---|
| Webb, Antonio | 1175777 | W.M.C.C. |

## REASON FOR APPEAL

Original complaint and grievance were improperly addressed and ineptly investigated. I fully incorporate both my IRR/Grievance WMCC-17-1755, into this appeal and supplement the following rebuttal to the erroneous response: CCM Stacey Anthuis, intentionally mischaracterized this complaint to violate 42 USC § 1985, "CONSPIRACY," by acting with knowledge to to deprive me of "due process and equal protection of the law," and policies and procedures that protecte me and ensure me a "REASONABLE INVESTIGATION," that is IMPARTIAL, OBJECTIVE, and FAIR. Had I been granted this "REASONABLE INVESTIGATION," Anthuis would have discovered that the complaints she quoted were for CO's Woody and Gilgour. This is about NOT receiving retaliation monitoring for the PREA complaint filed against COI DeWeese. Anthuis is acting in "CONSPIRACY," with WMCC Warden, Sherie Korneman; CCM, Betty Lindsey; COI, John DeWeese; Lori Lakey; and the WMCC PREA site coordinator, to conceal sexual abuse and harassment of offenders by staff, and the retaliation by staff against offenders for reporting, AND the "CONSPIRACY," to conceal the retaliation by staff against offenders.

| OFFENDER SIGNATURE | DATE |
|---|---|
| X Antonio Webb | 12-15-17 |

## RESPONSE

**Appeal response is attached.**



RECEIVED
DEC 21 2017
DIV. OF ADULT INSTITUTIONS
GRIEVANCE UNIT

INMATE COPY

| SIGNATURE | DATE |
|---|---|
| | |

Finalization of this appeal represents exhaustion of this grievance pursuant to federal law, 28 CFRs 40

| OFFENDER SIGNATURE | DATE |
|---|---|
| | |

MO 931-3378 (5-03)

(203)




## State of Missouri
## DEPARTMENT OF CORRECTIONS
*Ad Excelleum Conamur – "We Strive Towards Excellence"*

## Grievance Appeal Response

January 12, 2018

Antonio Webb
Register #1175777
Western Missouri Correctional Center (WMCC)

RE:   WMCC-17-1755
      Harassment
      Received on December 21, 2017
      Reviewed on January 12, 2018

Your appeal dated December 15, 2017, has been reviewed. The grievance response adequately addressed your complaint. It was determined that your original complaint was not a Prison Rape Elimination Act incident. Therefore, no further investigation or retaliation monitoring is warranted. Other issues in your complaint have previously been addressed in Grievance Appeals WMCC-17-670, WMCC-17-763, WMCC-17-1021, and WMCC-17-1479, and will not be addressed again. Your appeal is denied.

Ryan Crews
Deputy Division Director
Division of Adult Institutions

RC/jl



INMATE COPY

204

# STATE OF MISSOURI
## DEPARTMENT OF CORRECTIONS
### OFFENDER GRIEVANCE APPEAL

RECEIVE

| GRIEVANCE NUMBER | DATE FILED |
|---|---|
| WMCC 17-2022 | JAN 24 2018 |

**OFFENDER NAME (LAST NAME, FIRST)**
Webb, Antonio

| DOC NUMBER | INSTITUTION |
|---|---|
| 1175777 | WMCC |

**REASON FOR APPEAL**

Original complaint not properly addressed and INEPTLY investigated with biased against me. I fully incorporate my IRR/Grievance WMCC-17-2022, into this appeal, and supplement the following

In both, the IRR and Grievance responses, the respondents state that "I find that you have presented no evidence to substantiate your claims." In my complaint I requested the audio/ video recording of cameras from HU 8-A-Wing, to prove my claim that COI Rita George's actions were NOT compliant with: Departmental Policies, State laws, or Federal Statutes. All staff involved in the complaint process that intentionally did NOT conduct a FAIR and IMPARTIAL investigation are acting in CONSPIRACY to violate 42 USC 12101-12213, and deny me DUE PROCESS AND EQUAL PROTECTION OF THE LAWS. Also, in the grievance response it was stated that I was to fill out a "REQUEST FOR REASONABLE ACCOMMODATIONS." This request was denied, making this process perfunctory (I reserve the right to file a SEPARATE complaint on the denial of my accommodations per D5-3.2, because this is a SEPARATE ISSUE!!!).

(Original complaint and remedies remain unchanged)

RECEIVE
JAN 23 2018
BY:

| OFFENDER SIGNATURE | DATE |
|---|---|
| *[signature]* | 1-22-18 |

**RESPONSE**

Appeal response is attached.

JAN 29 2018

INMATE COPY

| SIGNATURE | DATE |
|---|---|
| | |

Finalization of this appeal represents exhaustion of this grievance pursuant to federal law, 28 CFRs 40

| OFFENDER SIGNATURE | DATE |
|---|---|
| (205) | |

MO 931-3378 (5-03)

Eric R. Greitens
Governor

Anne L. Precythe
Director



2729 Plaza Drive
P. O. Box 236
Jefferson City, MO 65102
Telephone: 573-751-2389
Fax: 573-751-4099

## State of Missouri
# DEPARTMENT OF CORRECTIONS
*Ad Excelleum Conamur – "We Strive Towards Excellence"*

## Grievance Appeal Response

February 16, 2018

Antonio Webb
Register #1175777
Western Missouri Correctional Center

RE:   WMCC-17-2022
      Harassment
      Received on January 29, 2018
      Reviewed on February 16, 2018

Your appeal dated January 22, 2018, has been reviewed. The grievance response adequately addressed your complaint. You have not provided any additional evidence to support your claim of discrimination, harassment, retaliation, and criminal actions by Corrections Officer I Rita George. Your appeal is denied.

Ryan Crews
Deputy Division Director
Division of Adult Institutions

RC/jl



SH1
SCANNED at WMCC and E-mailed
4/20/16 by _____ in WMCC No. _____
date

# State of Missouri
## Department of Corrections
## Conduct Violation Report

DATE 03/21/2017

| OFFENDER NAME WEBB, ANTONIO, L | DOC NUMBER 1175777 | ASSIGNMENT (M15)012-004-00077 | H.U. 007-07A-00106-00B |
|---|---|---|---|

| PRIMARY RULE VIOLATION NUMBER & DEFINITION 21.1- ABUSIVE OBSCENE LANGUAGE OR GESTURES | SECONDARY RULE VIOLATION NUMBER(S) |
|---|---|

| VICTIM(S) ☐ YES ☒ NO | NAMES AND EMPLOYEE OR DOC NUMBERS(S) |
|---|---|

## Violation Occurred At:

| TIME 7:52 ☐ AM ☒ PM | DAY Tuesday | DATE 03/21/2017 | BUILDING, COMPLEX, ROOM 007-07A-00001 (DAY) BAY AREA - WING 7A | TRACKING NO. WMCC17-01525 |
|---|---|---|---|---|

THE FOLLOWING EVENTS OCCURRED

ON THE ABOVE DATE AND APPROXIMATE TIME THIS REPORTING OFFICER WAS
CONDUCTING A WING TOUR IN HOUSING UNIT 7, A-WING, AND GAVE THE DIRECTIVE
FOR CELL #106 TO UNCOVER HIS WINDOW, AT THIS TIME OFFENDER WEBB,ANTONIO
#1175777 7A 106B WAS IN THE BAY AREA SAYING IN A LOUD VOICE #YOUD RATHER
WALK AROUND DICK WATCHIN, IM GONA FILE SOME PREA BULLSHIT ON YOU". I WAS
CLEARLY SAYING TO THIS OFFENDER THAT WINDOWS NEED TO BE CLEAR FOR AN
OFFICER TO SEE INSIDE FOR CHECKING ON THE WELL BEING OF OFFENDERS IN THEIR
CELL.

BY HIS OWN ACTIONS THIS PLACES OFFENDER IN VIOLATION OF 21.1 INSULTING
BEHAVIOR.

| REPORTING EMPLOYEE SIGNATURE (C. Gilgour #130597) | REPORTING EMPLOYEE NAME GILGOUR, DAVID, W | |
|---|---|---|
| | TITLE CORRECTIONS OFCR I | EMPLOYEE ID NO. E0130597 |

1. You have the right to written notice of the alleged violation prior to a hearing.
2. You have the right to a hearing.
3. You may be allowed to present documentary evidence at the hearing.

4. Witnesses may be allowed.
5. You have the right to written findings & decision.
6. You have the right to appeal the decision as set forth in D5-3.2 Offender Grievance Procedure.

| REPORT OF JOINT INTERVIEW BY INTERVIEWING STAFF | TIME 10:56 ☐ AM ☒ PM | DATE 03/21/2017 |
|---|---|---|

Inmate statement:"See offender's attached written statement"

To be seen by the DHO at later date.

| WITNESS REQUESTED IF "YES" COMPLETE WITNESS ☐ Yes ☒ No REQUEST (MO 931-0259) | INFORMAL SANCTIONS ☐ Yes ☐ No |
|---|---|

I UNDERSTAND MY RIGHTS AND HAVE RECEIVED A COPY OF THIS CONDUCT VIOLATION REPORT.

| OFFENDER SIGNATURE REFUSED TO SIGN RK | OFFENDER REFUSED TO SIGN ☒ YES ☐ NO | DOC NUMBER 1175777 |
|---|---|---|

OFFENDER PLEAD GUILTY AT INTERVIEW AND WAIVED RIGHT TO HEARING
☐ Yes ☒ No

| OFFENDER SIGNATURE REFUSED TO SIGN RK | DATE 3/21/17 | REPORTING EMPLOYEE SIGNATURE (C. Gilgour #130597) | DATE 3/21/17 |
|---|---|---|---|

| INTERVIEWING EMPLOYEE NAME KRAWL, ROBERT, A | INTERVIEWING EMPLOYEE SIGNATURE |
|---|---|
| TITLE CORRECTIONS OFCR II | EMPLOYEE ID NO. E0052145 |

(207)

MO 931-0395(11-05)



# STATE OF MISSOURI
## DEPARTMENT OF CORRECTIONS
### DISCIPLINARY ACTION REPORT

| INSTITUTION | HOUSING UNIT | CUSTODY LEVEL | RULE VIOLATION | TRACKING NO. UMCC |
|---|---|---|---|---|
| UMCC | 7A-R4b | C-2 | 21.1 | 17-0155 |

| OFFENDER NAME | DOC NUMBER | ASSIGNMENT | REFERRED | EMPLOYEE NUMBER |
|---|---|---|---|---|
| WEBB, Antonio L | 1175777 | M-15 | ☐ | |

| REASON REFERRED | | TIME | ☐ A.M. ☐ P.M. | DATE |
|---|---|---|---|---|
| | | | | |

| OFFENDER PLEAD GUILTY AT INTERVIEW AND WAIVED RIGHT TO HEARING | HEARING TIME | ☑ A.M. ☐ P.M. | DATE |
|---|---|---|---|
| ☐ YES ☑ NO | 9 30 | | 3/27/17 |

| OFFENDER PLEAD GUILTY AT HEARING AND WAIVED RIGHT TO HEARING |
|---|
| ☐ YES ☑ NO |

| OFFENDER SIGNATURE | DATE | WITNESS SIGNATURE | DATE |
|---|---|---|---|
| Refused to Sign cm | 3/27/17 | Lisa Maddox cm | 3/27/17 |

**FINDINGS AND EVIDENCE RELIED ON:**

See cdp1 conduct rule violation. No witnesses were called. IS/ wrote statement.
See cdp1 statement. That is not what happened. The statement given by the officer
is false. See the IRR that was turned in on 3/9/17. All officers involved with this
incident. Upon review of documentary evidence see cdp1 believes based on the
wing and used evasive language kicked the CO.
Finding: Guilty

arrived 1-25-14                4th CDV in 6 months

**RECOMMENDATION**

13 D-3      10 days living area restriction to begin 3/27/17 ends
4/5/17

| HEARING STAFF SIGNATURE(S) AND EMPLOYEE ID NUMBER(S) | DATE |
|---|---|
| Lisa Maddox cm 4709740 | 3/27/17 |

**I HAVE BEEN INFORMED OF THE EVIDENCE RELIED ON AND THE FINDINGS AND RECOMMENDATIONS.**

| OFFENDER SIGNATURE | DOC NUMBER | DATE | REFUSED TO SIGN |
|---|---|---|---|
| Refused to sign cm | 1175777 | 3/27/17 | ☑ cm |

**RECOMMENDED ACTION OF THE ASSOCIATE SUPERINTENDENT/FUNCTIONAL UNIT MANAGER**

☐ RECOMMENDED AS SUBMITTED      ☐ RECOMMENDED MODIFICATIONS

| SIGNATURE | DATE |
|---|---|
| | |

**ACTION OF SUPERINTENDENT/DESIGNEE**

☐ APPROVED AS SUBMITTED      ☐ APPROVED AS MODIFIED      ☐ OTHER

| SIGNATURE | DATE |
|---|---|
| | |

(208)

SH3

# STATE OF MISSOURI
# DEPARTMENT OF CORRECTIONS
## DISCIPLINARY ACTION REPORT

| INSTITUTION | HOUSING UNIT | CUSTODY LEVEL | RULE VIOLATION | TRACKING NO. |
|---|---|---|---|---|
| WMRC | 7A-110B | C-2 | 21.1 | 17-1535 |

| OFFENDER NAME | DOC NUMBER | ASSIGNMENT | REFERRED | EMPLOYEE NUMBER |
|---|---|---|---|---|
| Webb, Antonio | 1175777 | m.3 | ☐ | |

| REASON REFERRED | | TIME | ☐ A.M. ☐ P.M. | DATE |
|---|---|---|---|---|

| OFFENDER PLEAD GUILTY AT INTERVIEW AND WAIVED RIGHT TO HEARING | HEARING TIME | ☒ A.M. ☐ P.M. | DATE |
|---|---|---|---|
| ☐ YES   ☒ NO | 9:19 | | 7-14-17 |

OFFENDER PLEAD GUILTY AT HEARING AND WAIVED RIGHT TO HEARING
☐ YES   ☒ NO

| OFFENDER SIGNATURE | DATE | WITNESS SIGNATURE | DATE |
|---|---|---|---|
| x Antonio Webb | 7-19-17 | W Cbc Lee | 7-14-17 |

## FINDINGS AND EVIDENCE RELIED ON:

Refusing to cooperate with the hearing. Offender was given a 21 on 7-5-17. Offender understands his rights. Witness requested at time of hearing. Table 4, pending witness statement _____. Witness statement received from counselor on 7-13-17 at 9:13am. Offender statement: No statement. Findings: Subject was observed in housing unit 7, during _____ a time _____ wasn't present when _____ walked out of their building _____ protective custody _____ report of _____ Evidence: Out of _____ formal IRC 7-25-17 _____ 9/stroll time _____ N/A hrs Sanctions

## RECOMMENDATION:

DDR 10 days, since Area Retrieve Release 3-27-17 ending 4-5-17 "Credit he has served" Subject completed his sanction in daytime 7 _____

| HEARING STAFF SIGNATURE(S) AND EMPLOYEE ID NUMBER(S) | DATE |
|---|---|
| W Cbc Lee #104156 | 7-19-17 |

## I HAVE BEEN INFORMED OF THE EVIDENCE RELIED ON AND THE FINDINGS AND RECOMMENDATIONS.

| OFFENDER SIGNATURE | DOC NUMBER | DATE | REFUSED TO SIGN |
|---|---|---|---|
| x refused to sign CL BA | 1175777 | 7-19-17 | ☒ CL BA |

## RECOMMENDED ACTION OF THE ASSOCIATE SUPERINTENDENT/FUNCTIONAL UNIT MANAGER

☐ RECOMMENDED AS SUBMITTED   ☐ RECOMMENDED MODIFICATIONS

| SIGNATURE | DATE |
|---|---|

## ACTION OF SUPERINTENDENT/DESIGNEE

☐ APPROVED AS SUBMITTED   ☐ APPROVED AS MODIFIED   ☐ OTHER

| SIGNATURE | DATE |
|---|---|

(209)

SH4



**Eric R. Greitens**
Governor

**Anne L. Precythe**
Director



2729 Plaza Drive
P. O. Box 236
Jefferson City, MO 65102
Telephone: 573-751-2389
Fax: 573-526-0880

**State of Missouri**
**DEPARTMENT OF CORRECTIONS**
*Ad Excelleum Conamur – "We Strive Towards Excellence"*

March 27, 2017

Offender Webb, Antonio #1175777
Western Missouri Correctional Center
609 E Pence Rd.
Cameron, MO 64429

Offender Webb:

Your correspondence sent to the Department of Justice was sent to the PREA Unit for response. I
have sent your letter to the WMCC administration for review and action, if deemed necessary.

Sincerely,

Adam Albach
Assistant PREA Coordinator



Eric R. Greitens
**Governor**

Anne L. Precythe
**Director**

2729 Plaza Drive
P. O. Box 236
Jefferson City, MO 65102
Telephone: 573-751-2389
Fax: 573-526-0880

## State of Missouri
## DEPARTMENT OF CORRECTIONS
*Ad Excelleum Conamur – "We Strive Towards Excellence"*

April 4, 2017

Offender Webb, Antonio #1175777
Western Missouri Correctional Center
609 E Pence Rd.
Cameron, MO 64429

Offender Webb:

Your correspondence sent to the Department of Justice was sent to the PREA Unit for response. I have again reviewed your complaint and I am again sending your correspondences back to the facility to address but with an explanation to you. If you have discrepancies with your violation, I advise you to address those discrepancies through the offender grievance process. Also, proper privacy barriers are already in place at WMCC and offenders should not be taking it upon themselves to create additional barriers. Officers are allowed and directed to inspect each cell during their security checks/ rounds. PREA standards allows for such incidental viewing.

Sincerely,

Adam Albach
Assistant PREA Coordinator




SH6



Eric R. Greitens
Governor

Anne L. Precythe
Director

2729 Plaza Drive
P. O. Box 236
Jefferson City, MO 65102
Telephone: 573-751-2389
Fax: 573-526-0880

## State of Missouri
# DEPARTMENT OF CORRECTIONS
*Ad Excelleum Conamur – "We Strive Towards Excellence"*

June 16, 2017

Offender Webb, Antonio #1175777
Western Missouri Correctional Center
609 E Pence Rd.
Cameron, MO 64429

Offender Webb:

Your correspondence sent to the Department of Public Safety was sent to the PREA Unit for response. I concur with the response provided by Warden Korneman in reference to grievance number WMCC 17 488.

Sincerely,

Adam Albach
PREA Compliance Coordinator


212

SH7

Eric R. Greitens
Governor

Anne L. Precythe
Director

2729 Plaza Drive
P. O. Box 236
Jefferson City, MO 65102
Telephone: 573-751-2389
Fax: 573-526-0880

## State of Missouri
# DEPARTMENT OF CORRECTIONS
*Ad Excelleum Conamur – "We Strive Towards Excellence"*

February 21, 2018

Offender Webb, Antonio # 1175777
WMCC
609 E Pence Road
Cameron, MO, 64429

Offender Webb:

Your letter addressed to the Department of Public Safety was sent to the PREA Unit for response. I have taken the liberty of forwarding your correspondence to WMCC administration for review and action, if deemed necessary.

Sincerely,

Adam Albach
PREA Compliance Coordinator

(213)

SH8

## AFFIDAVIT OF SHEDDRICK DENSON

Comes now, Sheddrick Denson #1045217, herein after referred to as the "Affiant," does swear, under penalty of perjury, makes the following statement: on behalf of ANTONIO L. WEBB #1175777:

On 3/21/17 around 7:40pm, I was in the HU 7-Awing day room and observed COI Gilgour beating on the door to cell 106, demanding the removal of the Identification card in the window.

Offender Webb, in a professional manner, informed Gilgour that the FUM stated this was allowed to protect offenders from rule 15's and staff from PREA.

Gilgour threatened to write Webb up for false information. Webb told Gilgour he could ask the FUM if this was true.

Webb never insulted, name called, used profane language, or made threats. Nor did Webb state "YOUD RATHER WALK AROUND DICK WATCHIN, IM GONA FILE SOME PREA BULLSHIT ON YOU."

Several offenders, myself included, have reported Gilgour and other staff inappropriate actions to the HU 7 classification staff for staring sexually at us unprofessionally while we are in the showers and using the restrooms, and nothing has been done.

Wherefore, having truthfully divulged the aforementioned facts to the best of my knowledge, and understanding, the Affiant says no more.

The Affiant states that this statement, made of his own free will, is not the result of any form of coercion and is intended only to set forth the truth of the matter/facts herein elaborated upon.

Respectfully submitted by,

_Sheddrick Denson_
Sheddrick Denson #1045217

LATISHA L. MONTEMAYOR
Notary Public - Notary Seal
State of Missouri, Buchanan County
Commission # 14953027
My Commission Expires Apr 7, 2018

Subscribed and sworn before me this 14th, day of July, 2017.

_Latisha K. Montemayor_
Notary Public            My commission expires: 04/07/18


214

SH9

Comes now, Delmer D. Thompson III #1296991, does swear, under penalty of perjury, that the following is a true statement on behalf of Antonio L. Webb #1175777:

On 3/21/17, at about 7:52pm, I was in the cell I share with offender Webb, 7A-106, using the restroom, and had my I.D. card in the cell door window to signify that I was naked performing a bodily function. Offender Webb was in the day room area.

While I was using the restroom, COI Gilgour furiously pounded on the door, while staring at me naked, demanding that I remove the ID card from the window.

I got up from the toilet, put my clothes on, and opened the door, and noticed that my cellmate, Mr. Webb, was speaking to Gilgour about the fact that the FUM said that offenders are allowed to place our ID's in the windows to alert staff that we are performing a hygienic or bodily function. Gilgour became irate, and threatened to write Mr. Webb up for false information. Mr. Webb Did not ever state "YOUD RATHER WALK AROUND DICK WATCHIN, IM GONA FILE SOME PREA BULLSHIT ON YOU." Mr. Webb never became unprofessional, unlike Gilgour, nor did he call Gilgour names, threaten Gilgour, or use profane language.

I state that this statement, is made of my own free will, is not the result of any form of coercion and is intended only to set forth the truth of the matter/facts herein elaborated on.

Wherefore, having truthfully divulged the aforementioned facts to the best of my knowledge, and understanding.

Respectfully submitted,

*Delmer D. Thompson III*

Delmer D. Thompson III #1296991

LATISHA L. MONTEMAYOR
Notary Public - Notary Seal
State of Missouri, Buchanan County
Commission # 14959927
My Commission Expires Apr 7, 2018

Subscribed and sworn before me this 17th, day of July , 2017.

*Latisha L. Montemayor*

Notary Public          My commission expires: 04/07/18


(215)

SH10

STATE OF MISSOURI          )
                           )
COUNTY OF DeKALB           )

Darryl Gray #156914, being duly sworn, deposes and states:

1. My name is Darryl Gray. I am over 18 years of age. I reside at, WMCC 609 E. Pence RD., Cameron, MO 64429. I am fully competent to make this affidavit, and I have personal knowledge of the facts stated in this affidavit. To my knowledge, all of the facts stated in this affidavit are true and correct.

I give this sworn statement for ANTONIO L. WEBB #1175777.
On 3/21/17 at approximately 7:50pm, I observed CO Gilgour threatening Webb with a cdv for "false information." Webb told Gilgour that the HU-7 FUM said offenders could put their I.D. cards in their cell door windows to halt cdv's for "rule 15's," and "PREA," complaints. Webb did not use profane, language, threaten, or even insult Gilgour.
I am one of the several offenders that complained numerous times about the way Gilgour, other staff, lustfully look at us while showering and using the toilet. I have never made an official complaint, because in my opinion they never come out favorable for the offender.

In closing, Antonio L. Webb never stated "Youd rather walk around dick watchin, Im gona file some PREA bullshit on you."

I signed this affidavit on _____7/20/17_____, at Cameron, Missouri.

Darryl Gray #156914

SUBSCRIBED AND SWORN TO BEFORE ME on _____7/20/17_____, at Cameron, MO.

Natisha L. Montemayor
Notary Public

LATISHA L. MONTEMAYOR
Notary Public - Notary Seal
State of Missouri, Buchanan County
Commission # 14059927
My Commission Expires Apr 7, 2018


(216)



Antonio Webb #1175777
WMCC
609 E. Pence RD.
Cameron, MO 64429

December 14, 2017

Amy Roderick, Inspector General
2729 Plaza DR.
65102

Dear Ms. Roderick:

I am writing you in regards to, I filed a PREA retaliation complaint through the Grievance Procedure, WMCC-17-1527. This was about COI Johnathan Lawrence threatening to put me in ad-seg for filing a PREA complaint on COI John DeWeese, WMCC-17-1479.

On 10/16/2017, CCM Leticia Montemeyer, who is a close family friend of Lawrence and his wife, Rhonda Lawrence, responded to the IRR, and gave a response that had nothing to do with Lawrence. The response she gave was actually for a COMPLETELY UNRELATED COMPLAINT, about a re-hearing by CCM Whitney Edwards, on a cdv issued by COI David Gilgour, WMCC-17-1277! When I brought this to Montemeyer's attention, she refused to remedy the error.

When the complaint went to the grievance, Grievance Officer/CCM, Betty Lindsey; and Warden, Sherie Korneman, purposely responded the same way. Stating this complaint was about a "rehearing on a cdv issued by Gilgour," when this was about Lawrence threatening me with ad-seg for filing a PREA complaint.

In addition, I have been retaliated against twice for filing the initial PREA complaint against DeWeese, the other being WMCC-17-1548, about there being an active PREA complaint against DeWeese, and WMCC administration are still assigning him to work in the housing units I am assigned to, when he is NOT assigned to work them, he is assigned to medical, which is where the sexual harassment took place. The grievance officers purposely conflated both the original complaint, with the retaliation of DeWeese being assigned to work around me, when he is not assigned to my H.U. This erroneous response was done by CCM Stacey Anthuis.

Also, I filed complaint WMCC-17-1755, about not receiving retaliation monitoring for the initial complaint, WMCC-17-1479, against DeWeese. Anthuis gave a response that this was a duplicate of complaints filed about Gilgour, Woody, and Lakey, and those staff are not even mentioned in WMCC-17-1755, at all!

I saw the PREA investigator on 11/08/2017, and he told me that I was supposed to get retaliation monitoring, he just did not know when it was supposed to initiate. WMCC staff still to this day have not given me the retaliation monitoring for the PREA complaint WMCC-17-1479, and the grievance officers, Anthuis and Lindsey, refused to conduct a proper investigation, into the matter, they committed "CONSPIRACY," under 42 USC § 1985, to conceal the acts of sexual harassment by staff against offenders, and the retaliation for reporting sexual abuse and harassment.

I am requesting your help in this matter, to remedy these illegal actions by staff.

Thank you for your assistance.

Sincerely,

Antonio Webb

cc: Dept. of Justice; Dept. of Public Safety; State Rep., Jamilia Nasheed;
    file alw



ANTONIO WEBB #1175777
7A-106
10/3/17

SH#2



I am trying to get the complaint numbers
for two IRR's Filed <u>around</u>:
   1. 9/6/2017 — Harassment; COI DeWeese
   2. 9/29/2017 — Due Process, Policies

Thank You

RECEIVED
OCT 3 2017
W.M.C.C.

In the future
please contact your
All staff IO/ questions
relating to IRR's.

B. Smalley CIIT
Inmate Grievance
10-3-17

Active IRR's.
WMCC 17-1547 filed 9/6/17 — against LaVergne
WMCC 17-1548 filed 9/29/17 — against DeWeese

218

# About Sexual Assault

Crimes of sexual assault are traumatic, regardless of the survivor's age, occupation, culture or economic status. Every woman, child or man is affected by sexual assault. Response to sexual assault varies and each sexual assault survivor must be seen as an individual, recognizing that no two people will react in the same way. Some typical responses include:

- Fear of physical injury or death (during and after the attack)
- Self-blame/Guilt
- Need or desire for revenge
- Irritability
- Fear of being touched
- Anger
- Fear of going "crazy"
- Flashbacks
- Feel a lack of control of their lives

Because sexual assault is a violent act, medical attention should be sought as soon as possible after an incident. You should seek medical attention after a sexual assault for two reasons: your own physical well-being and the collection of evidence. If evidence has been collected, you are under no obligation to criminally pursue the assailant. You may have visible external injuries or internal injuries that you cannot see. An advocate from VOICe is available to accompany you to the emergency room or family doctor.

Here are some other definitions for types of sexual assault:

- **Sexual Violence** - A broader definition of sexual violence could simply be stated as **any non-consensual sexual contact**. This definition would encompass the legal terms of incest, child sexual assault, rape, fondling, touches, sexual assaults and sexual harassment.
- **Incest** - Broadly defined, incest is based on the emotional relationship between the survivor and perpetrator rather than the blood relationship. Incest can result in a profound betrayal of trust.
- **Child Sexual Assault** - Sexual abuse of children is any manual, oral or genital contact between an adult and a child where the child is unable to change or understand the adult behavior because of lack of power or psychological development.
- **Sexual Assaults and Rape** - Sexual assault, in any form, is an act of violence where sex is used as the weapon. It is non-consensual and includes contact that is manual, oral and/or genital. Sexual violence crosses all socio-economic and age boundaries.
- **Sexual Harassment** - Any unwelcome sexual advance, request for sexual favors, other verbal or physical conduct of a sexual nature can be considered sexual harassment. Sexual harassment is meant to intimidate, humiliate and otherwise degrade the recipient. The recipient of the action is the one who defines whether the action(s) is harassment.





III.F.

7. Probation and parole staff members that receive information that an offender under community supervision was a victim of offender sexual abuse occurring within any confinement setting, will make immediate notification to the department's PREA coordinator who will ensure the allegation is immediately forwarded for investigation.

8. Grievance or complaint and exhausting administrative remedies:

   a. The department will not require an offender to use any informal grievance or complaint process, or to otherwise attempt to resolve with staff members, an alleged incident of sexual abuse.

      (1) The department will not impose a time limit for an offender submitting a grievance or complaint regarding an allegation of sexual abuse.

      (2) The department may apply otherwise applicable time limits to any portion of a grievance or complaint that does not allege an incident of sexual abuse in accordance with the department procedure regarding offender grievance, administrative inquiries, and investigation unit responsibilities and actions.

   b. The department will ensure that an offender who alleges sexual abuse may submit a complaint to a staff member who is not the subject of the complaint and the grievance or complaint is not referred to a staff member who is the subject of the complaint.

   c. Staff members are to address grievances or complaints for allegations of sexual abuse and harassment in accordance with the department procedure regarding offender grievance, administrative inquiries, and investigation unit responsibilities and actions.

9. Protection Against Retaliation:

   a. The PREA site coordinator will ensure all victims and reporters and those that cooperate with offender sexual abuse and harassment investigations or inquiries are monitored and protected from retaliation.

   b. Immediately following any reported incident of sexual abuse or harassment, monitoring for retaliation will be conducted in the following manner:

      (1) The alleged victim and reporter of offender sexual abuse or harassment will be monitored for a minimum of 90 days to assess any potential risk or act of retaliation.

         (A) For offender victims and offender reporters, monitoring will include face-to-face status checks by staff members a minimum of every 30 days.

         (B) The assessment-retaliation status checklist form will be used during each of the assessment interviews.

         (C) If the victim or reporter expresses fear of retaliation, monitoring will continue for an additional 90 day period or until the victim or reporter is no longer in fear of retaliation or if the investigation or inquiry is unfounded.

      (2) The PREA site coordinator or designee will monitor all staff members who report offender sexual abuse or harassment for a minimum of 90 days. Monitoring will include but is not limited to monitoring for changes that may indicate retaliation, negative performance reviews, or reassignments.



III.

III, F, 9.

(A) The assessment-retaliation status checklist form will be used during each of the assessment interviews.

(3) The PREA site coordinator or designee will ensure all witnesses receive an initial assessment utilizing the assessment-retaliation status checklist form.

(A) Witnesses who voice they have no concerns regarding potential retaliation will not receive further monitoring.

(B) The witness will sign the assessment-retaliation status checklist form showing they have no concerns regarding potential retaliation.

c. The PREA site coordinator will report all evidence of retaliation to the CAO or designee to ensure an inquiry or investigation is initiated in accordance with department procedures.

d. If possible retaliation is suggested, the PREA site coordinator will act promptly to remedy any such retaliation and protect the individual.

e. The PREA site coordinator will ensure victims, reporters, and witnesses that report a fear of retaliation or possible victims of retaliation be offered emotional support services.

(1) Emotional services for offender victims, reporters, or witnesses include but are not limited to a referral to mental health, chaplain, or advocacy when appropriate.

(2) Emotional services for staff member reporters or witnesses include but are not limited to, employee assistance program, peer action and care team referral, and/or chaplain referral.

(3) All action taken to remedy retaliation or services offered to the victims or suspected victims will be noted on the assessment-retaliation status checklist form.

f. In the event that a victim, offender reporter, or a witness is transferred during a period of monitoring, the PREA site coordinator will forward the assessment-retaliation status checklist form to the PREA site coordinator in the receiving institution.

(1) The PREA site coordinator at the receiving institution will ensure monitoring continues as outlined in this procedure.

(2) The PREA site coordinator will ensure the completed assessment-retaliation status checklist form is returned to the originating institution to be filed in the PREA incident file for future audits.

(A) If released to a community confinement facility monitoring will continue.

(B) If released to a field probation and parole office, monitoring will stop.

g. In the event the allegations are determined to be unfounded the agency will terminate monitoring.

G. COORDINATED RESPONSE

1. The CAO or designee will coordinate actions taken by first responders, medical, mental health, investigators, and administrators in response to all allegations of offender sexual abuse and harassment as outlined in the divisions' coordinated response to offender sexual abuse protocol.



III. K. 7.

a.   The staff member will enter the "to reviewer" date in the department computer system.

b.   Upon approval, the case management staff member or designee will sign as investigator, the functional unit manager or designee will sign as respondent and the deputy warden or designee will sign as reviewer.

c.   Those complaints which must be referred to a contract services provider will be referred to the appropriate section head for investigation and development of a response.

  (1)  If the contract includes responding to informal resolution requests and offender grievances, responders will follow the chain of command within the appropriate section of the contract services provider.

  (2)  If the complaint is being responded to by a contract services provider, the section head or designee will sign as respondent on the informal resolution request.

  (3)  The deputy warden or designee will review all responses by contract providers to ensure compliance with the department procedure regarding criminal investigation unit responsibilities and actions.

d.   The department staff member will enter the "from reviewer", date, action, outcome and outcome date in the department computer system.

e.   Informal resolution requests should be responded to as soon as practical, but within 40 calendar days of receipt.

***SOP:

  ○   **At the offender's request, the grievance form may be obtained from the case management staff if the IRR response exceeds 40 days.**

8.   The offender will review the findings and recommendations in the presence of the case management staff member and indicate his response by marking either the satisfactory or unsatisfactory section of the informal resolution request form.

a.   The offender will sign and date the form.

b.   The case management staff member will provide a copy of the offender's informal resolution request form and informal resolution request response if the response is not contained on the form itself.

  (1)  It will be the offender's responsibility to copy any attachments, more than 6 pages, for his personal file prior to submitting the complaint.

c.   If the offender refuses to sign the form, such will be noted in the appropriate signature line of the informal resolution request form and the complaint will be considered abandoned.

d.   The staff member will enter the offender response and date.

e.   If the offender chooses to file a grievance, an offender grievance form will be provided.

9.   Upon completion, the original informal resolution request form and all investigative materials will be maintained in the individual informal resolution request file.

10.  Expiration of the response time limit at any stage of the process shall allow the offender to move to the next stage of the process by notifying the grievance officer or designee.




III.L.

III.L. 5.   c.   The offender will provide a copy of the court's order to be attached to the offender grievance which is filed beyond the time limit.

d.   The grievance officer or designee receiving a grievance with an attached court order should verify the court document for authenticity.

6.   The grievance officer or designee shall assist or arrange assistance for those offenders who cannot complete the forms themselves.

7.   Upon receipt, each grievance will be entered in the department computer system including the date of receipt.

8.   Within 10 calendar days, the grievance officer or designee should:

a.   prepare a grievance file containing the original informal resolution request form and all documents pertinent to the grievance;

b.   forward the offender grievance form to appropriate staff for response, if the division of offender rehabilitative services or a contract service is involved; and



c.   if the grievance officer or designee determines that the offender's complaint is an ADA issue, he will consult with the worksite ADA coordinator to determine the status and outcome.

9.   The grievance officer or designee shall prepare a proposed response using the recommended CAO's format.

a.   Those issues which must be referred to a contract services provider will be referred to the appropriate section head for investigation and development of a response.

b.   If the contract includes responding to grievances, responders will follow the chain of command within the appropriate section of the contract services provider.

c.   The proposed response will be attached to the offender grievance form and, along with all investigative materials, shall be submitted to the CAO or designee who will approve, modify or disapprove.

(1)  The CAO or designee will review all responses by contract providers to ensure compliance with the department procedure regarding criminal investigation unit responsibilities and actions.

d.   The grievance officer or designee will enter the "to reviewer" date in the department computer system.

e.   The CAO or designee should respond to offender grievances within 40 calendar days of receipt.

f.   When finalized for return to the offender, the CAO or designee will sign the form.

(1)  If the response concerns medical, mental health, education, treatment centers or a contract service, the appropriate section head or designee and the CAO or designee will cosign the form.

g.   The grievance officer or designee will enter the "from reviewer", date, action and outcome date in the department computer system.



**III. L** ^
10. The offender will review the response in the presence of the grievance office staff member or designee and indicate his response by marking either accept or appeal on the offender grievance form.

11. The offender will sign and date the form.

12. The grievance officer or designee will provide a copy of the offender's grievance and grievance response if the response is not contained on the form itself. It is the offender's responsibility to copy any attachments for his personal file prior to submitting the complaint.

13. If the offender refuses to sign the form, such will be noted in the offender signature section of the offender grievance form and the complaint will be considered abandoned.

14. The grievance officer or designee will enter the offender response and date in the department computer system.

15. If the offender chooses to appeal, the grievance officer or designee will provide the offender with the offender grievance appeal form.

16. Upon completion, the original offender grievance form and all investigative materials will be maintained in the individual offender grievance file.

17. The grievance officer or designee will be responsible for monitoring logs and time frames. Any problems with meeting response time frames should be reported to the warden and monitored by the central office grievance staff members.

18. Expiration of the response time limit at any stage of the process shall allow the grievant to move to the next stage of the process by notifying the grievance officer or designee as specified in the standard operating procedure.

***SOP:

- **Notification to grievance officer must be in written form.**

    a. The grievance officer or designee will enter the offender response as exceeded time frame in the department computer system.

M. APPEAL:

1. If the offender wishes to appeal a grievance, the offender must submit the original offender grievance appeal form to the grievance officer or designee within 7 calendar days. Failure to do so will result in the appeal being considered abandoned.

***SOP:

- **Only the signed original form will be accepted.**

2. Upon receipt, each appeal will be entered in the department computer system, including the date of receipt in the grievance office.

3. Appeals will be referred to the appropriate division director or designee. The grievance officer or designee will enter the "to central office" date in the department computer system.

4. Upon receipt by central office, the "received in central office" date will be entered in the department computer system.

5. All appeals will be reviewed to determine if additional action is necessary and will then be responded to by the division director or designee.

6. An appeal response should be provided as soon as practical, but within 100 calendar days of receipt.




(224)



7. A designated central office staff member will enter the action, outcome, outcome date and returned to institution date in the department computer system and will return the offender grievance file to the institution.

8. Upon receipt, the grievance office will enter the "received in institution" date.

9. The offender will review the response in the presence of the grievance officer or designee.

   a. The offender will sign and date the form.

   b. The grievance officer or designee will provide a copy of the offender grievance appeal form and offender grievance appeal response if the response is not contained on the form itself. It is the offender's responsibility to copy any attachments for his personal file prior to submitting the complaint.

   c. If the offender refuses to sign the form, such will be noted in the offender signature section of the offender grievance appeal form and the complaint will be considered exhausted.

10. The grievance officer or designee will enter the offender's response and date in the department computer system.

11. Upon completion, the original offender grievance appeal form and all investigative materials will be maintained in the individual offender grievance file.

12. After receiving the offender grievance appeal response, the offender has exhausted the grievance process.

N. PREA INFORMAL RESOLUTION REQUEST/GRIEVANCE/APPEAL:

1. The department shall not impose a time limit on when an offender may submit a complaint regarding an allegation of offender sexual abuse.

   a. The department will not require an offender to use the informal grievance process, or to otherwise attempt to resolve with staff members, an alleged incident of offender sexual abuse.

2. All informal resolution requests, offender grievances or offender grievance appeals containing allegations of offender sexual abuse, will be processed in the manner outlined in this section.

   a. An offender who alleges offender sexual abuse may submit an informal resolution request, offender grievance, or offender grievance appeal without submitting it to a staff member who is subject to the complaint.

   b. A staff member who is the subject of the complaint should not be the respondent.

3. When the staff member responsible for processing informal resolution requests, offender grievances, or offender grievance appeals receives a complaint alleging offender sexual abuse, a copy of the form will be forwarded to the shift commander and the offender sexual abuse coordinated response will be initiated in accordance with the department procedure regarding PREA.

4. Informal resolution request alleging sexual abuse will be processed normally with the exception of the following:

   a. A response should be completed as soon as practical, but no later than 30 calendar days of receipt.

***SOP:


(225)




- **All PREA IRR's will be in a purple folder.**

II.N

5. Offender grievances alleging sexual abuse will be processed normally with the following exceptions:

   a. the CAO or designee should respond within 30 calendar days of receipt.

   b. Computation of the 30 day time period will not include the days between the offender's receipt of the informal resolution request and receipt of the offender grievance by the grievance officer or designee.

6. Offender grievance appeals alleging offender sexual abuse will be processed normally with the following exceptions:

   a. a response should be provided as soon as practical, but no later than 30 calendar days of receipt.

   b. Computation of the 30 day time period will not include the days between the offender's receipt of the offender grievance response and receipt of the offender grievance appeal by central office grievance staff members. Appeals will be referred to the deputy division director or designee.

   c. An extension of time to respond, of up to 70 days, may be claimed if the normal time period for response is insufficient to make an appropriate decision.

      (1) The offender will be notified in writing of any such extension and will be provided a date by which a response will be provided.

   d. At any level of the administrative process, including the offender grievance appeal level, if the offender does not receive a response within the time allotted for reply, including any properly noticed extension, the offender may proceed to the next level of the offender grievance process.

7. Third Party Reporting: Third parties, including fellow offenders, staff members, family members, attorneys, and outside advocates, shall be permitted to assist offenders in filing requests for informal resolution requests, grievances or appeals relating to allegations of offender sexual abuse. This assistance cannot interfere with the safety and security of the institution.

   a. When a staff member receives a request from a third party to file a complaint via the offender grievance procedure on behalf of an offender regarding allegations of offender sexual abuse The staff member will require the party making the complaint to submit such in writing.

   b. Administrative or case management staff members will then prepare a report of incident in accordance with procedure for possible investigation or inquiry.

   c. When a staff member receives the documentation from the reporting third party, it will be attached to an informal resolution request form and will immediately be recorded in accordance with his procedure. A copy of the documentation will also be forwarded to the CAO or designee in order to be attached to the possible investigation or inquiry.

   d. The case manager shall attempt to discuss the issue with the offender (victim) prior to developing a response to confirm if the alleged victim agrees to have the request filed on his behalf.

   e. If the offender declines to have the request process on his behalf, the case manager shall document the offender's decision in the discussion section of the informal resolution request form and the complaint shall be considered withdrawn for grievance purposes.





**Transition Accountability Plan**

---

**Name:** WEBB , ANTONIO
**Legal Name:** WEBB, ANTONIO
**Location:** WMCC/008/08A/00111/00B

**DOC ID:** 1175777
**Case Type:**
**P&P Officer:**

**Cycle:** 20080312

## Plan Phase

**Phase:** TAP
**End Date:**

**Phase Date:** 10/04/2010
**Initiated By:** KLEVER, JERRY

## Plan Goals

**DOMAIN:** Medical
**Initiated By:** GENTRY, JIMMY

**Court/Board Ordered:** N

**Start Date:** 12/05/2017
**Expected Completion:** 01/11/2019

   **Goal:** IMPROVE PHYSICAL HEALTH

   **Goal Description:** Improve physical health and endurance for overall well-being

### Activities

**Assigned:** Offender
**Activity:** work with medical to improve health

**By:** DOUGLAS, KYLIE

**Start Date:** 12/05/2017

**Expected Completion:** 01/11/2019

**Assigned:** Staff
**Activity:** Advise Offender to work on over-all physical health

**By:** DOUGLAS, KYLIE

**Start Date:** 12/05/2017
**Closed Date:** 12/05/2017
**Close Reason:** SUCCESSFUL

**Expected Completion:** 12/05/2017

---

**DOMAIN:** Vocational
**Initiated By:** DICKERSON, SANDRA

**Court/Board Ordered:** N

**Start Date:** 12/05/2017
**Expected Completion:** 03/16/2024

   **Goal:** OBTAIN VOCATIONAL TRAINING

   **Goal Description:** Complete a vocational training program to improve skills

**Comment:** PROVIDE APPLICATION WHEN SUBJECT
IS WITHIN FIVE YEARS OF RELEASE

### Activities

**Assigned:** Offender
**Activity:** Obtain Vocational Training to improve employability

**By:** DOUGLAS, KYLIE

Confidentiality Notice: Any information contained in this document is the property of the Missouri Department of Corrections and is to be used for department purposes only. Misuse of data is strictly prohibited.

(227)

A/M1B

**Start Date:** 12/05/2017                          **Expected Completion:** 12/05/2019

**Assigned:** Staff                                  **By:** DOUGLAS, KYLIE
**Activity:** Provide Offender with VTS application.

**Start Date:** 12/05/2017                           **Expected Completion:** 12/05/2017
**Closed Date:** 12/05/2017
**Close Reason:** SUCCESSFUL

---

**DOMAIN:** Personal/Social          **Court/Board Ordered:**   N          **Start Date:** 12/05/2017

**Initiated By:** BROWN, LORI                                              **Expected Completion:** 03/16/2024

**Goal:** ENGAGE IN POSITIVE SOCIAL ACTIVITIES

**Goal Description:** Participate in activities that encourage positive behavior and relationships

**Comment:**    Remain CDV Free for One Year.

**Activities**

**Assigned:** Offender                                **By:** DOUGLAS, KYLIE
**Activity:** Remain CDV Free for One year

**Start Date:** 12/05/2017                            **Expected Completion:** 12/05/2018

**Assigned:** Staff                                   **By:** DOUGLAS, KYLIE
**Activity:** Advise Offender to Remain CDV free for One Year.

**Start Date:** 12/05/2017                            **Expected Completion:** 12/05/2017
**Closed Date:** 12/05/2017
**Close Reason:** SUCCESSFUL

---

**Plan Reviews**

**Scheduled Date:** 12/05/2018              **Review Reason:** SCHEDULED REVIEW
**Completed Date:**                          **Scheduled By:** DOUGLAS, KYLIE

**Plan Notes**

**Note Date:** 12/05/2017                   **Note:** IRRA Score: 6 High
**By:** DOUGLAS, KYLIE

Confidentiality Notice: Any information contained in this document is the property of the Missouri Department of
Corrections and is to be used for department purposes only. Misuse of data is strictly prohibited.

228

A/M1C

**Note Date:** 12/30/2016

**By:** GENTRY, JIMMY

**Note:** IRRA 6 HIGH

---

**Note Date:** 12/06/2013

**By:** DICKERSON, SANDRA

**Note:** Completed Anger Mgmt. 10-07-10
Completed Iside/out dads 03-04-10
Completed ICVC 03-07-2011
Completed Pathways 03-21-2011

---

**Note Date:** 04/20/2011

**By:** DICKERSON, SANDRA

**Note:** IRRA: 6 HIGH (INST) 11/23/15   MRD: 3/16/2024
PH: 3/2019
NO SPECIAL CONDITIONS AT THIS TIME
NO DETAINERS
SUBJECT HAS RECEIVED 27 HOURS OF
RESTORATIVE JUSTICE THROUGH 12/10/15

---

**Note Date:** 03/02/2011

**By:** DICKERSON, SANDRA

**Note:** SUBJECT HAS SOCIAL SECURITY CARD.

---

**Note Date:** 12/06/2013

**By:** BROWN, LORI

**Note:** IRRA - 5

---

**Note Date:** 08/09/2013

**By:** BROWN, LORI

**Note:** Completed Taking a Chance on Change 7/11/12

---

**Note Date:** 08/09/2013

**By:** BROWN, LORI

**Note:** Completed Cognitive Restructuring 12/13/11

---

**Note Date:** 10/11/2011

**By:** WILSON, STEPHANIE

**Note:** subject refused to participate at this time. 10/11/11
sw

Confidentiality Notice: Any information contained in this document is the property of the Missouri Department of Corrections and is to be used for department purposes only. Misuse of data is strictly prohibited.

229

*A/M 2*

# STATE OF MISSOURI
# DEPARTMENT OF CORRECTIONS
# WESTERN MISSOURI CORRECTIONAL CENTER

## MEMORANDUM

DATE:     January 19, 2018

TO:       Offender Antonio Webb #1175777, 8A111B
          Western Missouri Correctional Center

FROM:     Chris Berry, Acting Deputy Warden/ADA Coordinator
          Western Missouri Correctional Center

RE:       Request for Reasonable Accommodation
          Mental Health, for staff to not strike the door causing loud
          noises

This correspondence is in response to your request for Mental Health
reasons requesting staff to not strike the door causing loud noises.

Upon review of your request and Medical recommendation, I concur with
medical's recommendation that your request be denied.


cc:  Janita Bisel, FUM
     Hollie Hild, HSA
     Classification File #1175777
     File

(230)

A/M3

**STATE OF MISSOURI**
**DEPARTMENT OF CORRECTIONS**
**REQUEST FOR REASONABLE ACCOMMODATIONS**

DATE 1/12/18

| OFFENDER NAME | DOC NUMBER |
|---|---|
| Webb, Antonio | 1175777 |

☐ I DO NOT REQUEST REASONABLE ACCOMMODATIONS

☑ I REQUEST REASONABLE ACCOMMODATIONS AS INDICATED BELOW FOR THE FOLLOWING PROGRAM OR SERVICE:

Mental health, for staff to not strike the door causing loud noises.

CHECK TO INDICATE REQUEST

| HEARING IMPAIRMENT | | VISUAL IMPAIRMENT | | PHYSICAL IMPAIRMENT | |
|---|---|---|---|---|---|
| REQUESTED | APPROVED | REQUESTED | APPROVED | REQUESTED | APPROVED |
| ☐ Qualified Sign Lang. Interpreter | ☐ | ☐ Large Print | ☐ | ☐ Wheelchair | ☐ |
| ☐ T.T.Y./T.D.D. | ☐ | ☐ Orientation & Mobility Instruct. | | ☐ Crutches | ☐ |
| ☐ Telephone Amplifier | ☐ | ☐ Mobility Assistants | | ☐ Cane | ☐ |
| | | ☐ Guidance Cane | | ☐ Walker | ☐ |
| cc ☐ Closed Caption TV/VCR | ☐ | ☐ Support Cane | | ☐ Lower Bunk | ☐ |
| | | ☐ Braille Print | | ☐ First Floor Assignment | ☐ |
| ☐ Hearing Aids/Batteries | ☐ | ☐ Braille Equipment | | ☐ Dorm Proximity to Meals | ☐ |
| | | ☐ Magnifiers | | | |
| ☑ Other Mental health | ☐ | ☐ Other _____ | ☐ | ☐ Other _____ | ☐ |

| OFFENDER SIGNATURE | INTERPRETER PRESENT |
|---|---|
| Antonio W | ☐ YES   ☑ NO |

| PRINTED CLASSIFICATION STAFF NAME/TITLE | CLASSIFICATION STAFF SIGNATURE |
|---|---|
| Janice Bisel, FUM | Janice Bel |

**MEDICAL DETERMINATION/VERIFICATION (Use Established Definitions)**

| | | | | EXPLAIN |
|---|---|---|---|---|
| ☐ Severe Visual Impairment | ☐ Blind | ☐ No Medical Verification | | _____ |
| ☐ Functional Hearing Impairment | ☐ Deaf (Sever Hearing Impairment) | ☐ Physical Impairment | | _____ |

**MEDICAL REASONABLE ACOMMODATION DETERMINATION RECOMMENDATION**

The reasonable accommodations requested above have been:

☐ Approved as requested

☐ Modified

☒ Denied    Accommodations which have been approved are marked above ☒

DATE 1/17/18

Explanation: _____

| PRINTED MEDICAL STAFF NAME/TITLE | MEDICAL STAFF SIGNATURE | DATE |
|---|---|---|
| Hild | Villa RN HSA | |

Return and consult with the staff member whose name appears next to the offender's signature above.

**This section is to be completed by the offender.**

☐ I agree with this determination.

☑ I want the Warden to review any request that has been modified or denied.

☐ I want to meet with the Warden/designee during this review.

☐ I want to have an interpreter with me or other assistive device during this meeting.

| OFFENDER SIGNATURE | DATE |
|---|---|
| Antonio W | 1-18-18 |

| PRINTED STAFF NAME/TITLE | SIGNATURE | DATE |
|---|---|---|
| Chris Berry Actg/IV | | 1-24-18 |

MO 931-4462 (9-05)    DISTRIBUTION: WHITE - MEDICAL FILE    CANARY - CLASSIFICATION FILE    PINK - EDUCATION FILE    GOLDENROD - ADA COORDINATOR/CO    BLUE - OFFENDER

231


A/M4

# STATE OF MISSOURI
## DEPARTMENT OF CORRECTIONS
## LAY-IN/MEDICAL/DUTY RESTRICTIONS

| INSTITUTION |
|---|

| OFFENDER NAME | | DOC NUMBER | DATE |
|---|---|---|---|
| | Everlih | 11 75 777 | 2/29/16 |

| CURRENT ASSIGNMENT | HOUSING UNIT |
|---|---|

**FULL DUTY** - No Restrictions - May Work In Food Service/Food Handling

| LIMITED DUTY OR MEDICAL RESTRICTION (Must Check Restrictions) | | Permanent | Limited To (Date) | Able to Attend School, MOSOP Substance Abuse Classes | Able to Attend Work Activities |
|---|---|---|---|---|---|
| X | Nonsmoking Roommate | X | | ☐ YES ☐ NO | ☐ YES ☐ NO |
| | No Prolonged Standing Assignments | | | ☐ YES ☐ NO | ☐ YES ☐ NO |
| | Lifting Restrictions of _____ Pounds | | | ☐ YES ☐ NO | ☐ YES ☐ NO |
| | No High Places or Use of Ladders | | | ☐ YES ☐ NO | ☐ YES ☐ NO |
| | No Use of Chainsaws or Other Sharp Objects | | | ☐ YES ☐ NO | ☐ YES ☐ NO |
| | No Snow Shoveling | | | ☐ YES ☐ NO | ☐ YES ☐ NO |
| | ☐ No or ☐ Limited Exposure to Cold | | | ☐ YES ☐ NO | ☐ YES ☐ NO |
| | Requires Lower Bunk | | | ☐ YES ☐ NO | ☐ YES ☐ NO |
| | Requires Lower Floor | | | ☐ YES ☐ NO | ☐ YES ☐ NO |
| | No Recreational Activities | | | ☐ YES ☐ NO | ☐ YES ☐ NO |
| | Can Work In Food Service But Cannot Handle Food | | | ☐ YES ☐ NO | ☐ YES ☐ NO |
| | Other | | | ☐ YES ☐ NO | ☐ YES ☐ NO |

**MEDICALLY UNASSIGNED (Must Check One)** Inmate is restricted to housing unit unless authorized for release to specific activities.

| Lay-In (Temporary Less Than 48 Hours) | End Date |
|---|---|
| NURSE SIGNATURE | |

| Permanent | |
|---|---|
| Lay-In (Temporary Over 48 Hours) | End Date 2/28/201 |
| PHYSICIAN SIGNATURE | |

(232)

(232)



STATE OF MISSOURI
DEPARTMENT OF CORRECTIONS
INTER-OFFICE COMMUNICATION

**To:** Krista Helton, DWOM
    WMCC

**From:** ~~Heidi~~ Woods, FUM
H.U.# 7 – WMCC

**Subject:** Inmate Council Meeting

The Housing Unit #7 monthly Inmate Council Meeting was held on Tuesday, March 31, 2015

**Staff:**
    Heidi Woods, FUM

**Housing Unit Council:**

    A Wing: Busick, Marcus #1165672
    B Wing: Pearcill, Amos #506573
    C Wing: Sample, Christopher #509718
    D Wing: Westmoreland, Erick #288022

Food Service Council Rep: Fanniel, Andre #166663
Offender Canteen Rep: Ross, James #511773
Recreation Rep: Eckenrod, Michael #187661

<u>Agenda Items:</u>

Paint for the showers was brought up again. Offenders were informed that a new paint was being looked into that would stay better once applied as well as better ways to prep the walls prior to painting.

Tables for the wings are in the process of being made.

A new phone for each wing is in process.

Visiting over flow was brought up again. Offenders were informed that staff is working on A-Side, construction wise to get it prepared for visiting. This should help with the over crowding once complete.

Hair braiding was brought up. Some offenders are doing this in the shower and at this point that does not appear to be an issue. You can not sit down in the shower to do this.

If offenders are smoking in the day room, the day room and/or the tables will be shut down for possibly the remainder of the shift.

It was brought up that offenders would like the back vents opened a couple times of day to air ou' wings. This will be looked into but shouldn't be an issue.



 AMG

**STATE OF MISSOURI**
**DEPARTMENT OF CORRECTIONS**
**INTER-OFFICE COMMUNICATIONS**

TO:    Mark Parkhurst, Assistant Warden       FROM:   Andrew Webb, FUM
       WMCC

                                              Housing Unit #7 WMCC
SUBJECT:  **Offender Council Meeting**        DATE:    04/04/17

The Housing Unit #7 monthly Offender Council Meeting for March 2017 was held 04/04/2017.
Those in attendance were:

**STAFF MEMBERS :**   FUM Webb

**HOUSING UNIT COUNCIL:**
          **A-WING**          Reynolds, John #65435
          **B-WING**          Walters, William #150318
          **C-WING**          Sample, Christopher #509718
          **D-WING**          Walker, Montino #330114

**ITEMS DISCUSSED:**

**General Cleanliness:** The House is looking a lot better keep up the good work.

**Cleaning Supplies:** Make sure we are not using the dorm cleaning supplies in the cells.

**Smoking in the Wings:** I have noticed an increase in offenders smoking in the wing.
This will not be tolerated and CDV's will be issued

**Work Orders:** There is now a work order book in the bubble. Notify custody staff of any
and all work orders so they can be logged.

**Crime Victims Week:** April 3rd through April 7th and the Ceremony is scheduled for
04/05/2017 in the B-Side Recreation Building.

**Congregating on the Top-Walk:** It is my expectation offenders will not be observed
leaning on the rails on the top walk or congregating in groups.

**Offenders shirts in Wings:** The new housing unit rules state offenders are required to
wear their shirts in the wings unless in-climate weather results in a temporary suspension
of this rule.

**Cell to Cell Visits:** Housing Unit rules state offenders are not allowed to enter cells they
are not assigned to.

**Hair in Wings:** Per Housing Unit rules offender are not allowed to cut or style hair in the
wings.

 234


A/M7

STATE OF MISSOURI
DEPARTMENT OF CORRECTIONS
INTER-OFFICE COMMUNICATIONS

TO:   Mark Parkhurst, Assistant Warden       FROM:   Andrew Webb, FUM
      WMCC                                             *Andrew Webb, FUM*
                                                    Housing Unit #7 WMCC

SUBJECT:  **Offender Council Meeting**     DATE:   05/03/17

The Housing Unit #7 monthly Offender Council Meeting for April 2017 was held 05/03/2017. Those in attendance were:

<u>STAFF MEMBERS :</u>   FUM Webb

<u>HOUSING UNIT COUNCIL:</u>
| | |
|---|---|
| **A-WING** | Reynolds, John #65435 |
| **B-WING** | Walters, William #150318 |
| **C-WING** | Sample, Christopher #509718 |
| **D-WING** | Walker, Montino #330114 |

<u>ITEMS DISCUSSED:</u>

<u>**General Cleanliness:**</u> The House is looking a lot better keep up the good work.

<u>**Cleaning Supplies:**</u>  Make sure we are not using the dorm cleaning supplies in the cells. Also the springs are starting to come up missing out of he spray bottles. We will start inspecting the bottles when they are returned and CDVs will be issued.

<u>**Smoking in the Wings and Cells:**</u> In the past smoking in the cells has been over looked by some officers. This is no longer going to be tolerated. Smoking is not allowed in the Housing Units for any reasons and CDVs will be issued.

<u>**Ramadan 2017:**</u> Ramadan will begin on Ramadan will begin at sunset on 05/26/2017 and end at sunset on 06/24/2017. Living Area Restrictions will go to morning mainline, but not chapel.

<u>**Bill Glass 2017:**</u> The Bill Glass event will be held on June 10th (Saturday) from 7:30am to 3:45pm.

<u>**Congregating on the Top-Walk:**</u> It is my expectation offenders will not be observed leaning on the rails on the top walk or congregating in groups. After reviewing cameras there are a lot of offenders taking advantage of the leniency so from now on offenders can go on the top walk to talk to an offender that lives on the top walk. Offenders who live on the top walk can stand outside of their cells while their cellmate is using the restroom. Offenders shouldn't be on the top walk for any other reason.

235

Jeremiah W. (Jay) Nixon
Governor

George Lombardi
Director



Western Missouri Correctional Center
609 East Pence Road
Cameron, Missouri 64429
Telephone: 816-632-1390
Fax: 816-632-2562
TDD Available: 816-632-5915

**State of Missouri**
# DEPARTMENT OF CORRECTIONS
*Ad Excelleum Conamur – "We Strive Towards Excellence"*
*M E M O R A N D U M*

The offender executive council meeting was held on Tuesday, September 6, 2016 at 9:00 a.m. in the Program Services building. Staff in attendance:

Sherie Korneman, Warden
Krista Helton, Deputy Warden
John Lower, Chief of Custody
Mark Parkhurst, Assistant Warden
Rita Agenstein, clerical support

Offenders in attendance:

Wendell Wright, #526888, 2-C
James Porterfield, #1039596, 5-C
Christopher Sample, #509718, 7-C
Kenny Rosenbum, #514583, 8-C
Ernest Hayes, #525936, 3-C

Joseph Hollinshed, #163862, 6-C
Carlos Littlejohn, #1134171, 4-C
Hunter Griffin, #1233796, 10-C
L. McMullen, #1224748, 9-C

**Housing Unit 2:**
1) Cable channels still messed up, all of them.
**Response**: The Functional Unit Manager from each housing unit had offender council members speak to offenders in their housing unit about TV channel issues, specific to their housing unit. The information has been complied and forwarded to the Electronic Technicians so they can fine tune the reception accordingly.

2) Always a delay on afternoon and evening yard to be called, even when all movements have been done, called and closed. They call one at 1:00 p.m. or later and the other at 7:00 p.m. or later.
**Response**: Whenever possible movements are being called quicker to get the yards opened earlier. We will continue to monitor the situation.

3) Why are the count times different every day?
**Response**: The counts are conducted at the same time daily. However, counts are occasionally delayed due to on-going activities at the discretion of the shift supervisor.

4) When are you going to use a grader on the shower floors in and out.
**Response**: Maintenance is currently researching ways to improve the showers.

5) When is the last night for evening yard?
**Response**: This will be based upon the ambient light when it gets dark early enough that it is not feasible to open the yard indoor recreation will be called.



SCANNED at WMCC and E-mailed A/M8B
4/30/16 by B . 241-261 pages
date    initials   No.                                    2

**Housing Unit 3:**
1) Paint for showers.
**Response:** Maintenance is exploring options for the showers now.

2) Stools for day room.
**Response:** The FUM will look into this and prepare a report for my review.

3) Why do we keep getting pizza for fundraisers? Why can't we change up?
**Response:** We have to get a vender who is capable of filling a large order (1000 plus items) and is able to deliver to the facility (willing to travel large distances and not charge a large fee for delivery). We also try to get the best prices so that the offender population as a whole is able to afford the items. Other fundraisers can be explored. If someone has a suggestion, write Doug Owen, IAC.
We are looking into getting sub sandwiches and other food items in for 2017.

4) TV channels.
**Response:** Already addressed

5) Like to use A side canteen area for storage for clothes so we don't have to wait 3 to 4 months.
**Response:** MVE has over 162 available items for resale. Stocking of all these items is cost and storage prohibitive. MVE is closed for a month during the summer and so orders are delayed during this time frame. You should schedule you orders accordingly.

6) Why can't we get our clothes washed better? The whites are coming back dingy and stink.
**Response:** All clothing in your bag needs to be put in the bag loosely, do not fold your clothing. The knot in the bag needs to be tied at the top of the bag very tightly. This allows the soap and bleach to reach the clothing.
All white clothing is run through a soap and bleach cycle.
The carts that come from the housing units need to be cleaned inside with deodorizer each week by the laundry workers from the housing units.
Clothing is separated at the Laundry. Your clothes are not washed with clothes from VTS or Maintenance. We will continue to monitor this concern.

**Housing Unit 4:**
1) It's been an ongoing issue with taking pictures in the visiting room. When will this be rectified?
**Response:** This has been corrected. Pictures were taken in the visiting room the weekend of September 2. This should no longer be a problem as a funding source has been found.

2) With black mold being present in the showers, is it possible to enhance the chemicals being given or have the power washer given to combat this hazardous condition?
**Response:** There is no black mold present in the showers, it is often mildew. Dorm workers are responsible for cleaning the showers. The Sergeants and FUMS will make regular rounds to ensure cleanliness.

3) Its been over a year since the discussion of two fans being added to every wing. Why is it that the TC wings are the only ones to receive them?
**Response:** Due to budget restraints additional fans cannot be provided at this time.


237

4) There is a mass amount of inmates that are being housed here, that would like to be involved in VTS classes but can't due to their out dates being a few years away. So they are being forced to sit and do nothing when they could be expanding their chances to be successful in society.
**Response**: Policy states that you have to be within 5 years of your release date. This is done so that you receive the most up to date training prior to being released. Offenders can speak to their case manager about jobs or programs while waiting to be enrolled in a vocational class.

5) Can something be done about the ongoing harassment being inflicted on inmates by a certain officer in Medical. There is no reason we should have to feel inferior just to receive medical attention.
**Response**: This has been discussed several times. Offenders should follow the rules of the medical unit. Medical rules indicate you are not to interrupt medical staff who may be walking through the unit. If you have a specific problem, send a letter with details to the Warden's Office.

**Housing Unit 5**:
1) Can we get some kind of dividers for the shower?
**Response**: No, due to safety and security.

2) Why can't we get 2 creamers if canteen approved it?
**Response**: SOP IS22-1.1 Offender Property and Control Procedures (Attachment WMCC Canteen Limits) is in the process of being updated. When the new limit list is available, offender population will be notified.

3) Can we have up to 4 offenders in our cell? Some people don't have TV or fans.
**Response**: In cell visitation is not allowed. Changes to this rule are not being considered.

4) Can we get more heavy duty sporks, maybe sell the same kind as in the chow hall for a dollar each.
**Response**: Heavy duty sporks was previously addressed January 2016. Your request has been forwarded to Central Office Canteen Committee. To date no other information is available.

5) Can maintenance come in and clean the pipes and light?
**Response**: Classification staff can check out extenders and have the offenders clean the pipes within reach. If out of reach, work orders need to be put in for cleaning.

**Housing Unit 6**:
1) In 6-A cable stations from 60 – 82 are real fuzzy, some so bad we're not able to view any picture. Channel 71 is totally frozen over two weeks and channel 83 won't program for A-wing 107 – 112 and 207 – 212.
**Response:** Already addressed

2) With only room for 12 seats and 50 inmates per wing, why are we not allowed to sit on floor.
**Response**: Offenders will not be allowed to sit on the floor as it interferes with the movement of staff within the wings.

3) Can we get 3 in 1 oil for our razors and beard trimmers?
**Response**: Several offenders indicated the oil is made available in the housing unit module for use. We will contact several institutions as to how this works and advise.

4) Can the attic fans be shut off at later times so that the heat against the roof can be drawn out and can the top walk vents be opened for better ventilation?

238

**Response**: This has been addressed several times. Vents are set up to operate per engineers in Jefferson City for the best ventilation possible; we will continue to follow their directions.

5) Can we have chairs for the phones like the housing units on A-side? Most of the repairs are to the cords wear and tear from guys moving back and forth or letting the phone hang.
**Response**: Thank you for bringing this to our attention. We will ensure that all offenders who are medically able are standing while using the phone.

**Housing Unit 7:**
1) Laundry buckets can be turned in when done.
**Response**: We are unsure as to what this statement means.

2) There are only 2 tables in 7-B. We need another table. A picnic table will do.
**Response**: The FUM is going to prepare a report for review.

3) CLR is needed for showers. They are bad.
**Response**: The FUM will address the cleanliness of the showers as we provide appropriate chemicals for cleaning.

**Housing Unit 8:**
1) The photos in the visiting room, P4P should take that over as well, at least until they get their printers fixed or replaced.
**Response**: Already addressed visiting room picture issue.

2) Photos outside. Inmates want to wear canteen purchased clothing, if it is bought off canteen we should be able to wear it in photos, as in the case on other camps. No tank tops, no colors, all state.
**Response**: Picture ticket rules state that offenders are required to wear state issued clothing. This will not be changed.

3) People want to know why the TV channels still aren't clear and keep cutting off.
**Response**: Already addressed

4) Why can't we get a different phone system since Securus keeps cutting people off in the middle of phone calls, keeps saying not a valid phone number and has other problems.
**Response**: If this occurs offenders are encouraged to report this by filling out the Securus form, which is provided in the housing unit modules.

5) Why can't we get different fundraiser foods other than Pizza?
**Response**: Already addressed

**Housing Unit 9:**
1) 5:00 count should not be a write up, because we get less than 6 hours sleep and they disturb our sleep at 11:30 p.m., 1:00 a.m., 3:00 a.m., and 4:00 a.m. for the purpose of calling food service workers when in every other institution they knock on the doors.
**Response**: Count procedures will be followed.

2) They are still asking about small yard so we can get smoke breaks like every 30 minutes.
**Response**: This has been addressed previously and is not being considered at this time.

3) ·Pavilion for the weights in front of captains office.

**Response:** The cost to put up a pavilion outside is too great and causes safety and security concerns. This will not be considered at this time.

4) Exhaust fans in wings are full of dust. Can they be cleaned?

**Response:** Maintenance cleans these exhaust fans twice a year in April and October. The housing units can check out an extension pole from the maintenance tool room and clean them anytime they want to. Most housing units do this from time to time.

**Housing Unit 10:**
1) Every time a Sigma offender from 10 house gets moved to 3 house they either get "checked in" or beat up. Can this be addressed?

**Response:** If you know of information regarding such activities you need to report this to your housing unit staff or the administration in detail so appropriate action can be taken.

2) Is there something that can be done about the movie selection offenders have to choose from?

**Response:** The movies selected come from written request given by the offender population. Any offender may request a movie by bringing a written request to any recreation officer. Unrated movies and movies with a rating higher than PG-13 will not be shown. Movies considered to be detrimental to the safety and security of institution will not be shown.

3) Is there any way we could be given permission for special spends when we have had kiosk issues and were unable to put our orders in?

**Response:** We have provided offenders the opportunity to spend whenever we have experienced state wide problems with the kiosks or deposits. Special circumstances will be reviewed individually by a Functional Unit Manager.

4) The kiosk in B-wing is always going down. Can it be replaced?

**Response:** The parts arrived on Friday and maintenance will make the repair shortly.

5) Can we start having painting of tables/rails in wings put on a regular maintenance schedule? Clothes are getting ruined due to rust.

**Response:** We will explore the possibility of painting the tables. To do this correctly, the tables will need to be removed from the housing units.

SLK/rsa
Cc: Offenders in Attendance
    FUMS – to post in wings
    Library – to post
    David King – information channel
    File





A/M9A

Western Missouri Correctional Center
609 East Pence Road
Cameron, Missouri 64429
Telephone: 816-632-1390
Fax: 816-632-2562
TDD Available: 816-632-5915

### State of Missouri
# DEPARTMENT OF CORRECTIONS
*Ad Excelleum Conamur - "We Strive Towards Excellence"*
*M E M O R A N D U M*

The offender executive council meeting was held on Tuesday, December 13, 2016 at 9:00 a.m. in the Program Services building.  Staff in attendance:

| | |
|---|---|
| Sherie Korneman, Warden | Mark Parkhurst, AW |
| Krista Helton, Deputy Warden | Randy Eaton, PPS III |
| Lori Lakey, Deputy Warden | Carmen Ventura, Mental Health |
| John Lower, Chief of Custody | Joy Jones, Mental Health |
| Rita Agenstein, clerical support | Steve Pankau, P and P Officer II |

Offenders in attendance:

Christopher Brewer #319340, 10-D-142-T
Keith Hanes #1270326, 2-D-250-B
Ray Mays #1240668, 3-D-145-B
Bruce Shockley #151010, 4-D-142-B
Tommy Richardson #1224546, 9-D-249-T
LaVon Gilyard #1249947, 7-D-240-B
Lamondo Anderson #181788, 8-D-242-B
Frankie Tatum #33545, 6-D-249-B
Tony Hughes #511558, 5-D-145-T

**Housing Unit 2:**
1)  Can we sand the showers down and repair them? The showers have mold in them, some worse than others. We have plenty of volunteers in T.C. Community.

**Response:** Maintenance has been exploring different options to improve the showers. FUM Paden has put in a work order.

2)  When the weather turns cold, can we cover the window vent not the actual window itself?

**Response:** It would be cost prohibited to provide coverings for all cell window vents.  We will discuss it to see if there is a solution.

3)  Cable wires need to be replaced if possible. Wires in pipe chase are eroded.

**Response:**  Not sure exactly what you are referring to.  This is a cell specific issue, if you are having these problems speak to your case manager so a work order can be submitted.

(241)



4) Can maintenance chip the concrete out in front of shower and rebuild the arch so the water isn't running out in the wing.

**Response:** Maintenance is currently researching ways to improve the showers.

**Housing Unit 3:**
1) Need cable system amplifiers installed.

**Response:** We have purchased and received 12 amplifiers recently; maintenance staff will be developing an installation schedule. All amplifiers are installed.

2) Better holiday gift bags (Christmas bags continue to decrease in items).

**Response:** Offender Finance Office in Jefferson City determines the dollar limit per offender. This year the OFS set a limit of $5.00 per offender. Specifications on bid sets the dollar limit and it is up to the vendor on what will be offered for the $5.00 set price. Usually offenders at facilities get to review sample bags and vote.

3) Look into having a 50 and older wing in several housing units.

**Response:** There is a committee that has been formed. FUM Bisel and FUM Montgomery are chairing the committee if you have suggestions or ideas let them know.

4) Lowering of canteen prices or increase the state tip due to cost of living adjustment.

**Response:** This is not determined by us. Prices are set by the canteen committee in Central Office and state tip will not be increased, this is determined by central office.

5) Increase paid work slots.

**Response:** Due to current budget situation, we will continue to monitor pay slots and if budget gets to a place where we can add additional slots we will do so.

6) Better time tables to turn in old property so that the inmates may purchase new property. (Currently it takes too long to turn in broken items to get an appointment to turn them in).

**Response:** Offender are being placed on a call-out list for property. In addition, a greater number of Offenders will be called to property on a daily basis. We will look at the schedule and continue to monitor.

**Housing Unit 4:**
1) Can we get to buy longer extension cords form canteen?

**Response:** Extension cords are only available in 6 foot length.



2) Can it be arranged for us to buy cable boosters for our TV because we still don't have good reception and also problems with the higher channels not being clear.

**Response:** This has already been addressed. Securus and Mediacom run on the same wires.

3) Is it possible to take pictures in the clothes that the canteen sells us so that our people who send us money can see what they bought for us?

**Response**: The picture rules states State issued clothing only. This has been addressed in the past and I will not change this.

4) Why can't the time in pay slots be extended so that the debts we owe are paid?

**Response:** The amount of time an offender can be in a particular job is set out in policy. We will follow the policy on this issue.

**Housing Unit 5:**
1) Why when making cell moves (courtesy moves) all 4 offenders have to be write up free in order for move to take place? This hampers the offenders that are qualified and write up free.

**Response:** Our policy states the following criteria:
   a. All four offenders must agree to the room move and sign the room/cell change request form
   b. One room/cell move every six months after initial room/cell change.
   c. No room moves while on Receiving/Orientation (R and O) status.
   d. House to house moves must be approved by both Functional Unit Managers.
   e. No three way moves allowed.

We will talk with classification staff and clarify the expectations. This will be worked on.

2) Issue of bird dropping in front of and over doorways of the kitchen and housing units was brought up months ago and a very simple solution was suggested and presented. Has maintenance looked into product yet? (Bird-B-Gone Caulking).

**Response:** The product in question is very expensive and has to be reapplied often. This will be addressed with captain's crew officers. Housing unit staff should assign a dorm worker to clean the front walks. They need to clean better and more often.

3) Can the (Privileged Housing Unit Wings) such as TCU and Dog Program Wings have any type of extra privileges as an extra microwave / clothes wringer / iron / toaster / etc.

**Response:** If you are referring to the Therapeutic Community, it has incentives. If you wish to be involved in TC contact 2 house classification staff. Irons will not be considered. If you want to do a proposal for an incentive wing or an incentive housing unit, then do so through the proper channels. Think about what kind of behavior staff can expect in return.





**Housing Unit 6:**
1) Would like to have improved lighting in front of gym.

**Response:** Facility lighting has just been upgraded, we will continue to monitor for improvements as budget allows.

2) Can we be allowed to wait inside at visiting areas during bad weather? (Cold, Rain, Snow, etc)

**Response:** Offenders will line up outside of the visiting room when waiting on a strip searches. This is a security issue. Changes have been made in regard to thermals and waiting under the overhang of Central Services. You should have been notified of these changes.

3) Can we bring plastic back for windows during cold weather for those who would like it.

**Response:** This has already been addressed.

4) Is there a way WMCC can start a Honor Program for inmates, 1 Year CDV free with incentives for example food visit once a month, iron, extra 20 minutes time for phone, bench or fixed stool for phone.

**Response:** I continue to ask this group to put together a proposal for our review.

**Housing Unit 7:**
1) Can we get better law material, also up to date from like 2007 up till now?

**Response:** The Legal library materials are provided through a contract with Lexis/Nexis. Our legal department has reviewed the content and deems it meets the offender need for access to the Courts. As Lexis/Nexis provides the most up to date information via a secure online connection. If the offender needs assistance searching material he should ask the Law Library Assistant for assistance or ask the WRDCC librarian when she is onsite.

2) Open door is set at a certain time. Why can't it be all day because its important things people need to take care of?

**Response:** If something is needed you can send a letter to your case worker and an appointment will be scheduled to meet with you. We will review this request and consider expanding the hours.

3) Need to fix the visitor approve background check. It takes about 1 month to 1.5 to get approved.

**Response:** Assistant Warden Parkhurst advised that the average length of time it takes for a housing unit to complete visiting applications once it has been received by the unit is 2 weeks. We are taking steps to get this process done as quickly as possible.

4) To see if we can get more fundraiser throughout the year, like other camps do more. More vendor's instead of pizza all the time.

**Response:** Each organization is allowed 2 fundraisers per year. That is what policy allows; if you would like more fundraisers you would have to start by having more organizations. The procedure for doing that is in the library. For the next calendar year, one pizza event and one sub sandwich event have been approved.

5) Better food in the visitation room.

**Response:** Items being sold in the vending machines at WMCC are based on what the contract states. However, if there is/are item/s that do not sell well, a modification to contract is possible to replace item/s. It appears, however, that the vending company does not have problem selling any items it currently offers. My recommendation is to send suggestion to Business Office as to what food you would like to see available for sale in vending machines. It will then be discussed with vending company and eventually revise contract, if both parties, Business Office and Midwest Vending, are in agreement.

**Housing Unit 8:**
1) May we have a late night? Instead of locking down at 9:45 pm can we lock down at 11:45 pm on Friday and Saturday nights?

**Response:** Count Times are in policy and at this time we are not inclined to make changes.

2) Why isn't the Housing unit being alternated on our recreation nights, we are always close to last on our recreation day.

**Response:** The housing units rotate daily on who goes to recreation.

3) Why can't we be paid for our services for working in the kitchen, laundry, bakers, pot-n-pans, cooks, tutors, etc? It's the services of those jobs that prepare food for work release, grounds crew, MODot, etc. 'items in store have gone up twice'

**Response:** Premium pay positions have already been addressed. You are provided with housing, clothing and food, as well as state tip.

4) Can we have the stool seat taken out of our cell and given (1) plastic chair instead.

**Response:** That is cost prohibited at this time.

5) May we now use the far side handball court now that we have cameras that over see those areas?

**Response:** Far side handball courts will remain out of bounds at this time.

**Housing Unit 9:**
1) Inmates want to know if we can add B.E.T to our channels?

**Response:** Our channels are through a contract from central office. Our provider did not include it as part of the contract.

2) Can we get our exhaust fan clean out?

**Response:** Housing unit staff need to submit a work order. Maintenance is working on cleaning them.

3) Can we get our table cloths back?

**Response:** This is a safety and security issue. We are working on a procedure to get the tables repainted.

4) People still need new lockers.

**Response:** We are working on getting these repainted. If you need repairs to your locker, talk to classification staff.

5) Can we get 15 minutes smoke break every hour?

**Response:** This will not be considered at this time.

6) Can we get our hair braided in the barber shop?

**Response:** This will not be allowed. Be advised housing unit and yard rules are currently being reviewed. It is my intent that we authorize you to braid hair on the yard. Look for a memo after the first of the year regarding this.

7) Can we wear our tennis shoes on visits?

**Response:** Per policy, personal clothing will not be allowed on visits.

8) When are we going to get the new shoes on canteen?

**Response:** The contract is currently up in the bid process at central office.

9) Can we get rated R movies?

**Response:** Per policy this is not allowed.

10) They want to know if they can get canteen instead of money when they win bingo on tournaments because some people owe money.

**Response:** This is not allowed per policy.

11) They want to know if we can play flag football?

**Response:** Per policy this is not allowed.

12) They want to know if we can buy food from other places instead of little Caesars, like Lufies, McDonalds, Burger king, Churches Chicken or Wal-Mart's cooked food and could we get it every other month?

**Response:** This has already been addressed.



**Housing Unit 10:**
1) Can the Chapel library and regular library be open till 3:30 pm so V.T.S. can go to it?

**Response:** The library is open until 4:00 pm Monday-Friday, with the exception of Saturdays it closes at 2:30 p.m. The library is open during evening recreation Monday - Friday from 6:30 pm to 8 pm at night. Chapel Library is open Monday, Tuesday and Thursday from 8:00 a.m. to 10:00 a.m. and 1:00 p.m. to 4:00 p.m.

2) Can we get either plastic on the window vents or issue two blankets.

**Response:** This has been addressed.


3) Can we have more up to date movies on the movie channel?

**Response:** This has been addressed.

4) Can we have 10 minute window breaks on the hour to go smoke on the small yard in front of the housing unit?

**Response:** This has already been addressed.

3) There have been several issues concerning medical offenders not getting medications. We are not getting adequate medical service that we need.

**Response:** This will be addressed with medical. If you are experiencing this issue you need to submit an HSR or talk to your housing unit classification staff or custody supervisor. Make sure I am notified if you are not getting medications.




SLK/rsa
Cc: FUMs to post in wings
    Library to post
    Attendees
    File



7-0270

## medical
### STATE OF MISSOURI
### DEPARTMENT OF CORRECTIONS
### INFORMAL RESOLUTION REQUEST

INSTITUTION USE ONLY ☐ EMERGENCY COMPLAINT

| OFFENDER NAME | | | DOC NUMBER |
|---|---|---|---|
| Webb, Antonio | | | 1175777 |

| DATE STAFF RECEIVED IRR | COMPLAINT NUMBER | CATEGORY | HOUSING UNIT |
|---|---|---|---|
| 7-02-2015 | WMCC 15-1155 | 5-medical | 7A10&B |

**COMPLAINT - ONE ISSUE - BE SPECIFIC**

CONTRACTED MEDICAL STAFF ARE
PERPETRATING "DELIBERATE INDIFFERENCE...
(SEE ATTACHED STATEMENT PAGES 1 AND 2)

**STATE YOUR PROBLEM BRIEFLY**

I HAVE SUBMITTED NUMEROUS MEDICAL
REQUESTS FOR:
1.) MEDICATION REVIEW FOR CHRONIC CARE...
(SEE ATTACHED PAGES 1 AND 2)

**ACTION REQUESTED: STATE REMEDIES YOU ARE SEEKING**

1.) TO HAVE CHRONIC CARE PAIN MEDICATION, FOR...
(SEE ATTACHED PAGES 1 AND 2)

**STAFF USE ONLY**

**DISCUSSION OF COMPLAINT (SUMMARIZE RESULTS OF MEETING)**

Issue discussed has appt for Chronic Care

☑ IRR RESOLVED BY DISCUSSION/WITHDRAWN        ☐ IRR NOT RESOLVED BY DISCUSSION

| OFFENDER SIGNATURE | | DATE | STAFF SIGNATURE | | DATE |
|---|---|---|---|---|---|
| X Antonio Webb 1175777 | | 7 15 | Charis Day RN/DON | | 7/9/15 |

**STAFF FINDINGS/RESPONSE**

| INVESTIGATING STAFF SIGNATURE | DATE | RESPONDENT SIGNATURE | DATE |
|---|---|---|---|
| Charis Day DON/DON | 7/13/15 | | |

| REVIEWER SIGNATURE | DATE | RESULTS | |
|---|---|---|---|
| | | ☐ SATISFACTORY ☐ UNSATISFACTORY | |

YOU HAVE THE RIGHT TO FILE A FORMAL GRIEVANCE. YOU MUST FILE A GRIEVANCE FORM WITH THE DESIGNATED STAFF WITHIN SEVEN (7) DAYS FROM THE DATE YOU RECEIVE THIS RESPONSE. FAILURE TO SUBMIT A GRIEVANCE WITHIN THIS TIME FRAME CONSTITUTES ABANDONMENT.

| OFFENDER SIGNATURE | | DATE |
|---|---|---|
| | | |

(248)

MO 931-3376 (12-04)

RECEIVED
JUL 02 2015
BY: 7

## ISSUE

CONTRACTED MEDICAL STAFF ARE PERPETRATING "DELIBERATE INDIFFERENCE," TO MY MEDICAL NEEDS, AND USING MEDICAL TREATMENT IN PUNITIVE WAYS.

## PROBLEM

I HAVE SUBMITTED NUMEROUS MEDICAL REQUESTS FOR:
1.) MEDICATION REVIEW FOR CHROIC CARE PAIN MED FOR ABDOMIN, FEET AND ANKLES; SINUSES, LAXATIVES, ect;
2.) PAINFUL OPEN SORES ON MY FEET THAT BLEED;
3.) ACNE

ON 6-29-2015, I HAD A CALLOUT TO SEE NURSE AMADI AT 10^AM, I ARRIVED AT MEDICAL AROUND 9:50^AM, BY NOON, I STILL HAD NOT SEEN AMADI. THE LUNCH MAIN LINE WAS ALREADY OPEN, AND I HAD NOT EATEN. I WAS TOLD I EITHER HAD TO SIGN A REFUSAL AND GO EAT, OR GO WITHOUT LUNCH AND WAIT FOR AMADI. I SIGNED THE REFUSAL, DUE TO BEING HUNGRY. TO THIS DAY I HAVE PUT I 3 REQUESTS ON THE SORES ON MY FEET THAT ARE BLEEDING, AND CAUSING ME SEVERE PAIN AND SUFFERING, AND 3 ON THE ACNE ON MY FACE AND BODY, ALL SINCE MAY, AND STILL HAVE NOT EVEN BEEN SEEN FOR EITHER.

IT IS A VIOLATION OF MY "EIGHTH AMENDMENT," RIGHTS
TO BE "FREE FROM CRUEL AND UNUSUAL PUNISHMENT,"
FOR STAFF TO FORCE ME TO CHOOSE BETWEEN FOOD
AND MEDICAL CARE.
IT IS ALSO BLATANT MALICIOUS "DELIBERATE
INDIFFERENCE," FOR MEDICAL STAFF NOT TO
TREAT ME AFTER SUBMITTING ~ERROR~ ~~COUNTL~~ SEVERAL
REQUESTS FOR PAINFUL SORES ON MY FEET, AND
ACNE.
MEDICAL STAFF ARE ACTING UNDER COLOR OF STATE
LAW TO PURPOSELY DEPRIVE ME OF RIGHT
GUARANTEED TO ME BY THE U.S., AND MISSOURI
STATE, CONSTITUTIONS.

## REMEDY

1.) TO HAVE CHRONIC CARE PAIN MEDICATION, FOR FEET,
   ANKLES AND ABDOMIN RENEWED, AS WELL AS LACTALOSE,
   NAPROXZNE, NASEL SPRAY, SHAMPOO, AND TOLNATATE;
2.) TO HAVE PAINFUL OPEN SORES ON FEET TREATED
   IN A TIMELY MANNER;
3.) TO HAVE ACNE TREATED IN A TIMELY MANNER;
4.) IF THIS COMPLAINT IS BROUGHT TO COURT
   BY ME, MONETARY DAMAGES.



*medical* AIM11A

2 2371C

FEB 0 9 2016
BY:

# STATE OF MISSOURI
# DEPARTMENT OF CORRECTIONS
## INFORMAL RESOLUTION REQUEST

INSTITUTION USE ONLY ☐ EMERGENCY COMPLAINT

| OFFENDER NAME Webb, Antonio | | DOC NUMBER 1175777 |
|---|---|---|

| DATE STAFF RECEIVED IRR 2-9-2016 | COMPLAINT NUMBER WMCC 16-214 | CATEGORY Medical | HOUSING UNIT 7A10C |
|---|---|---|---|

## COMPLAINT - ONE ISSUE - BE SPECIFIC

Missouri D.O.C medical staff are perpetrating "Deliberate Indifference," to my serious medical needs, in violation of the United States Constitution's Eighth Amendment.

## STATE YOUR PROBLEM BRIEFLY

I have conveyed to medical staff on numerous occasions, through MSR's/HSR's, concerning "breathing complications."

These breathing complications are at their worst when I am sleeping causing: choking, coughing fits, and headaches, due to lack of air...

(see attached page)

## ACTION REQUESTED: STATE REMEDIES YOU ARE SEEKING

1. I am requesting proper testing and treatment be done on my breathing complications;...

(see attached page)

### STAFF USE ONLY

## DISCUSSION OF COMPLAINT (SUMMARIZE RESULTS OF MEETING)

Issue Discussed appointment Ē Dr Richards for referral sleep study

☐ IRR RESOLVED BY DISCUSSION/WITHDRAWN          ☒ IRR NOT RESOLVED BY DISCUSSION

| OFFENDER SIGNATURE X _Antonio Webb_ 1175777 | DATE 2-25-16 | STAFF SIGNATURE _Martin D. LPN/IRO_ | DATE 2-25-16 |
|---|---|---|---|

## STAFF FINDINGS/RESPONSE

RECEIVED
FEB 11 2016
MED
WESTERN MO C...

| INVESTIGATING STAFF SIGNATURE _Martin D. LPN/IRO_ | DATE 2/29/16 | RESPONDENT SIGNATURE _Brenda Shure HSA_ | DATE 2/29/16 |
|---|---|---|---|
| REVIEWER SIGNATURE _Cindy Parlo RN/BONU_ | DATE 3/4/16 | RESULTS ☐ SATISFACTORY ☐ UNSATISFACTORY | |

YOU HAVE THE RIGHT TO FILE A FORMAL GRIEVANCE. YOU MUST FILE A GRIEVANCE FORM WITH THE DESIGNATED STAFF WITHIN SEVEN (7) DAYS FROM THE DATE YOU RECEIVE THIS RESPONSE. FAILURE TO SUBMIT A GRIEVANCE WITHIN THIS TIME FRAME CONSTITUTES ABANDONMENT.

| OFFENDER SIGNATURE | | DATE |
|---|---|---|

(251)

MO 931-3376 (12-04)

AIM11B

## ISSUE

Missouri D.O.C. medical staff are perpetrating "Deliberate Indifference,"
to my serious medical needs, in violation of the Eighth Amendment.

## PROBLEM

I have conveyed to medical staff on numerous occasions, through MSR's/HSR's,
concerning "breathing complications."

These breathing complications are at their worst when I am sleeping, causing
me interruptions in sleep, choking, coughing, and headaches, due to lack of
air.

Late 2014 I was ordered a one night sleep test by N.P. Nobis, and diagnosed
with "mild sleep apnea." Nobis told me to come back in a year for another
test. Dr. Inzerillo put me in for another test in late 2015, but officials
at central office denied the test. Dr. Inzerillo submitted a second request
for the sleep test, so he could determine how to properly treat the ailment,
and Istill have not received any testing or treatment.

As stated previously, I have since submitted, and resubmitted requests to
medical staff throgh MRS/HSR's, about continued breathing complications,
which become severely exaspered when exposed to second-hand tabacco smoke. I
still have NOT been scheduled in sick call, or to see a physician.

At this point, medical staff have been made aware that I am having breathing
complications, that are especially worse when I am sleeping, and exaspered
by exposure to tabacco smoke. Medical staff can not claim "ignorance," or
that " they had no knowledge that a problem exists." This is now blatant
"deliberate indifference to my serious medical needs, and constitutes the
'unnecessary and wanton infliction of pain'...proscribed by the Eighth
Amendment," not to mention not scheduling me in sick call within "the next
24 hours or 72 hours if on a weekend," is a violation of policy IS11-38,
section III.A.1.

## REMEDIES

1.  I request proper testing and treatment to be done on my breathing
complications;

2.  I am insisting on a Permanent "Non-smoking roommate," lay-in/Restriction,";

3.  I am requestin monetary damages if this complaint is brought forth by me
as a civil complaint in court

(252)

A/M11C

**Informal Resolution Request Response**

To: Webb,A #1175777

Institution: WMCC

IRR Number: WMCC16-214

Date of IRR: 02-09-16

Your IRR has been received and reviewed as well as your medical record. The purpose of this review is to determine if medically necessary health care, as determined by your health care providers, has been provided to you. This assessment of your medical needs may differ from your personal desires.

Your concern is understood to be, you are requesting to have a sleep study performed.

Subsequent to review and investigation, the results are as follows; Per our discussion today, I have made an appointment with an on site provider for evaluation/assessment to determine whether you meet the criteria for a sleep study.

In conclusion, you have been scheduled with an on site provider for evaluation/assessment. You are encouraged to keep this appointment to prevent any delay in care.

If your medical condition changes please address any concerns through the sick call process at your facility.

  02-11-16         02-25-16
Date Received     Date of Response

Martha Daily RN/DON
Director of Nursing WMCC

Grievance Category:   I  II  III  IV  V  VI  VII  VIII  IX  X

253



AM11D

| GRIEVANCE NUMBER | IRR NUMBER | DATE FILED |
|---|---|---|
| | WMCC-16-214 | MAR 21 2016 |

**INSTITUTION USE ONLY**

| OFFENDER LAST NAME | FIRST | DOC NUMBER | HOUSING UNIT | UNIT | INSTITUTION |
|---|---|---|---|---|---|
| Webb | Antonio | 1175777 | 74106 | | WMCC |

**OFFENDER GRIEVANCE/REQUEST**

Original complaint not properly addressed.  I fully incorporate my "Offender I.R.R."

Into this "Offender Grievance," (see original I.R.R. WMCC-16-214).   Medical
staff still have not made any attempt to treat the ailment grieved of in this
complaint, breathing complications, more severe when sleeping, and exasperated
by tabacco smoke, (I am not now nor have I ever been a tabacco or any other type
of smoker or drug user/abuser).

| OFFENDER SIGNATURE | DATE |
|---|---|
| | 3-18-16 |

**SUPERINTENDENT RESPONSE**

## Grievance response is attached.

RECEIVED BY Medical
MAR 21 2016
KS ON THIS DATE

INMATE COPY

| SUPERINTENDENT/SECTION HEAD | DATE |
|---|---|
| | 3/29/16 |

You have the right to appeal this decision to a division director. You must file an appeal form with the grievance officer within seven (7) days from the day you receive this decision. Failure to submit an appeal within this time frame constitutes abandonment of the grievance.

☐ I ACCEPT THIS DECISION          ☐ I APPEAL THIS DECISION

| OFFENDER SIGNATURE | DATE |
|---|---|
| | |

MO 931-3377 (12-04)

(254)

A/M11E

## Grievance Response

**To: Webb, Antonio #1175777**

**Institution: WMCC**

**Grievance Number: 16-214**

**Date of Grievance: 03/18/2016**

Your Grievance has been received and reviewed as well as your medical record. The purpose of this review is to determine if medically necessary health care, as determined by your health care providers, has been provided to you. This assessment of your medical needs may differ from your personal desires.

Your concern is understood to be:
You are requesting a non-smoking roommate and to be treated for breathing problems especially that you have during the night.

Subsequent to review and investigation, the results are as follows:
You have been evaluated by Dr. Richards and he has placed a referral for you to have a sleep apnea test to be performed. This was approved on 03/21/16, as soon as the equipment arrives you will be scheduled for the sleep apnea test. Please direct your concern with having a non-smoking roommate with your case worker, The Department of Corrections will be able to assist with this request.

If your medical condition changes please address any concerns through the sick call process at your facility.

| 03/21/2016 | 03/24/16 | |
|---|---|---|
| Date Received | Date of Response | Brenda Shira |
| | | Health Services Administrator |

Dr. Todd Richards M.D.
Medical Director

INMATE COPY





AM11F

# STATE OF MISSOURI
## DEPARTMENT OF CORRECTIONS
## OFFENDER GRIEVANCE APPEAL

| GRIEVANCE NUMBER | DATE FILED |
|---|---|
| **WMCC-16-214** | APR 6 2016 |

| OFFENDER NAME (LAST NAME, FIRST) | DOC NUMBER | INSTITUTION |
|---|---|---|
| **Webb, Antonio** | **1175777** | **WMCC** |

RECEIVED 5 2016

Hu 7

## REASON FOR APPEAL

Original complaint was not properly investigated and

addressed. I fully incorporate my "Informal Resolution Request," and

"Offender Grievance," into this "Offender Grievance Appeal,"

and supplement the following:

In the response to my "Grievance," it was stated...

(see attached page)

encl: attached page of WMCC-16-214, Grievance Appeal;

     Exhibit A, "Lay-in/Medical/Duty Restrictions," form signed

     by Dr. Todd Richards

| OFFENDER SIGNATURE | DATE |
|---|---|
| X Antonio Webb | 4-1-2016 |

## RESPONSE

**Appeal response is attached.**

RECEIVED APR 25 2016 CORIZON MISSOURI REGIONAL OFFICE

RECEIVED APR 18 2016 DIRECTOR, DIV OF OFFENDER REHABILITATIVE SERVICES

INMATE COPY

| SIGNATURE | DATE |
|---|---|
| | |

Finalization of this appeal represents exhaustion of this grievance pursuant to federal law, 28 CFRs 40

| OFFENDER SIGNATURE | DATE |
|---|---|
| | |

MO 931-3378 (5-03)


A/M116

Antonio Webb #1175777
WMCC-16-214, Grievance Appeal

This complaint was not properly investigated and addressed. I fully
incorporate my "Informal Resolution Request," and my "Offender Grievance,"
into this "Offender Grievance Appeal," and supplement the following:
In the response to my Grievance it was stated "Please direct your concern
with having a non-smoking roommate with your caseworker..."
While in 6-house I DID inquire how to obtain a non-smoking roommate. I was
told by Caseworker Susan Fields and F.U.M. Denise Payden, that this is a
MEDICAL issue, and I had to have medical staff issue me a "Lay-In/Medical/Duty
Restrictions," for a "Non-Smoking Roommate." Which is true, because the VERY
FIRST restriction on the forementioned form is "Non-Smoking Roommate (see

attached Exhibit A).
Furthermore, the forementioned response was incompetently investigated. Had
WMCC medical staff conducted a COMPETENT investigation of my medical file in
their response on 3/24/2016, they would have discovered that on 2/29/2016,
twenty-four days prior to the issuing of their response, that I was seen by
Dr. Todd Richards, and explained this to him and he did infact issue me
permanent "Non-Smoking Roommate," Restriction (see attached Exhibit A, again),
when he requested the sleep test mentioned in medical staff's response to my
grievance. So the response given by the so-called "investigating staff member,"
that issued the inept response to my grievance on 3/24/2016, was ignorant of
all the facts and issued a response to reflect such. Displaying "Deliberate
Indifference, to my serious medical needs, violating my Eighth Amendmet United
States Constitutional right "to be free from Cruel and Unusual Punishment."
Doing so while acting under color of state law.
In closing, just to help with furthering the investigation, I did have the
sleep test done on the nights of 3/11, 3/12, and 3/13. I am still suffering
from breathing complications grieved of in my initial two phases of this
complaint, so my remedies remain the same.

257

AM11H

## OFFENDER GRIEVANCE APPEAL RESPONSE

**TO:** Webb, Antonio #1175777

**INSTITUTION:** Western Missouri Correctional Center

**GRIEVANCE NUMBER:** WMCC-16-214

**DATE OF APPEAL:** April 06, 2016

Your grievance appeal has been received and reviewed. As well, your medical record has been reviewed. The purpose of this review is to assure that timely and appropriate healthcare has been provided to you. This assessment of your medical needs may differ from your personal desires.

I understand your one original IRR complaint to be you contend that you are requesting a non-smoking roommate and to be treated for breathing problems especially that you have during the night. You are requesting a sleep study to be performed.

Upon review of your medical record, grievance records and investigation of your concern I found you received a sleep study. The results of the sleep study were shared with you on April 12, 2016. Your record notes that you were issued a CPAP machine, mask, and distilled water on April 22, 2016.

Conclusion: Based on the above information, your Grievance Appeal is not supported, as outlined above. Your record shows appropriate care and treatment for your medical issues by licensed, qualified healthcare professionals with many years of experience. We rely upon the independent, discretionary medical judgment of the site physicians to determine what care, medication and treatment is needed.

This should resolve your grievance. No further action is indicated at this time.

Should your medical condition change, please address any concerns through the sick call process at your facility.

April 25, 2016
Date Received

April 27, 2016
Date of Response

J. Cofield
Director Operations, Constituent Services

Reviewed by/Date
T.Bredeman,D.O. Assoc. Regional Medical Director

Cc: File, H.S.A., Medical Director

INMATE COPY

258



SEP 03 2016  AW 9/02/16

A/M92A

# STATE OF MISSOURI
## DEPARTMENT OF CORRECTIONS
### INFORMAL RESOLUTION REQUEST

INSTITUTION USE ONLY    ☐ EMERGENCY COMPLAINT

| OFFENDER NAME | | | DOC NUMBER |
|---|---|---|---|
| Webb, Antonio | | | 1175777 |

| DATE STAFF RECEIVED IRR | COMPLAINT NUMBER | CATEGORY | HOUSING UNIT |
|---|---|---|---|
| 09/02/16 | wcm16 1672 | ☐ Medical | 7A/06B |

**COMPLAINT - ONE ISSUE - BE SPECIFIC**

WMCC medical staff are violating IS11-01, IS11-37.1, and IS11-38 by refusing to renew my Chronic Care lay-ins/restrictions.

**STATE YOUR PROBLEM BRIEFLY**

On 9-15-2016, my Chronic Care Lay-ins/Restrictions will have expired. All of which I have had for several years now, due to constant Chronic Pain...
(see attached Pages 1-2 of 2)

**ACTION REQUESTED: STATE REMEDIES YOU ARE SEEKING**

1. Want lay-ins/restrictions renewed for the following:...
(see attached Pages 1-2 of 2)

STAFF USE ONLY

**DISCUSSION OF COMPLAINT (SUMMARIZE RESULTS OF MEETING)**

Issue discussed layins extended until 04/2017 — next CC visit is 03/2017

☒ IRR RESOLVED BY DISCUSSION/WITHDRAWN     ☐ IRR NOT RESOLVED BY DISCUSSION

| OFFENDER SIGNATURE | DATE | STAFF SIGNATURE | DATE |
|---|---|---|---|
| x [signature] | 10-3-16 | [signature] Ra/Dew | 10/3/16 |

**STAFF FINDINGS/RESPONSE**

RECEIVED BY Medical
SEP 15 2016
ON THIS DATE

| INVESTIGATING STAFF SIGNATURE | DATE | RESPONDENT SIGNATURE | DATE |
|---|---|---|---|
| | | | |

| REVIEWER SIGNATURE | DATE | RESULTS | |
|---|---|---|---|
| | | ☐ SATISFACTORY   ☐ UNSATISFACTORY | |

YOU HAVE THE RIGHT TO FILE A FORMAL GRIEVANCE. YOU MUST FILE A GRIEVANCE FORM WITH THE DESIGNATED STAFF WITHIN SEVEN (7) DAYS FROM THE DATE YOU RECEIVE THIS RESPONSE. FAILURE TO SUBMIT A GRIEVANCE WITHIN THIS TIME FRAME CONSTITUTES ABANDONMENT.

| OFFENDER SIGNATURE | DATE |
|---|---|
| | |

(259)

MO 931-3376 (12-04)

A/M128

WMCC medical staff are violating IS11-01, IS11-37.1, and IS11-38, by refusing to renew my Chronic Care Medical Lay-ins/restrictions.

## PROBLEM

On 9/15/2016, my Chronic Care Lay ins/Restrictions will have expired. All of which I have had for several years now , due to constant chronic pain. I have been submitting HSR's since the first week in August 2016, to be seen in the Chronic Care Clinic to have them renewed.

Around the first week of August I was seen by Nurse Uketui, who refused to renew my lay-ins because he said they were "Chronic Care," lay-ins, and that I had to be seen by the Chronic care clinic to have them renewed.

The very next day, I submitted an HSR addressed to Chronic Care to have the lay-ins renewed. After not being seen by anyone for two weeks after the submission of the HSR, (which is a violation of IS11-37.1, §III.N., which states "Non-emergency requests are to be reviewed within 24 hours and the offender seen by a qualified health care professional at sick call within the next 24 hours [72-hours on weekends]."), I submitted another HSR to Chronic Care again, and still as of 9/2/2016, I have not been seen by anyone.

As I have stated prior in this complaint, these lay-ins/resrtictions are for ongoing medical ailments that , because of M.D.O.C.'s and CMS/Corizon's refusal to pay the money for extinsive needed testing to find out what is wrong, and properly treat the issue, I reluctantly settle for the lay-ins and assistive devices ect., to help me tolerate the pain to a manageable level.

This is "Deliberate Indifference," to my serious medical needs, as I have made medical staff aware that I need to be seen for Chronic Care, and they are blatantly ignoring my problems, which constitutes a clear violation of my Eighth Amendment United States Constitutional Right, "To be free from Cruel and Unusual Punishment." In addition to violations of Departmental policies IS11-37.1 (mentioned prior), and IS11-01, §III.B.1., and III.2.d.

(260)

## REMEDIES

1. Want lay-ins/restrictions renewed for:
(a) Bottom Bunk/Bottom Walk; (b) No Prolonged Standing; (c) No Overhead reaching; (d) No heavy lifting; (e) Assistive Devicse; ect.: and

2. No retaliation by Medical or WMCC staff for filing this complaint via the D5-3.2 procedure; and

3. To be evaluated for a restroom lay-in/restriction, due to constant chronic bladder ailments; and

4. Monetary damages if this complaint is brought forth by me in civil court.

(261)

H. PROBATION AND PAROLE COMPLAINTS:

1. Offenders may grieve all matters related to institutional life, except:

   a. probation and parole matters;

      (1) All decisions of the board of probation and parole shall be pursued in accordance with the guidelines in the probation and parole procedure regarding appeal of parole decisions.

      (2) Other probation and parole matters, including complaints concerning community release centers and offender sexual abuse and harassment, may be pursued in accordance with the probation and parole procedure regarding complaints/inquiries and investigations.

      (3) The probation and parole procedure regarding complaints, inquiries and investigations is located in the institutional library.

I. AMERICANS WITH DISABILITIES ACT INFORMAL RESOLUTION REQUESTS, OFFENDER GRIEVANCES AND OFFENDER GRIEVANCE APPEALS:

1. If an informal resolution request, offender grievance or offender grievance appeal appears to be related to an alleged physical or mental disability case management or grievance staff members will consult with the worksite ADA coordinator who will determine whether the complaint is related to the ADA, Rehabilitation Act, or Missouri Human Rights Act.

***SOP:

- **If it is determined to be an ADA issue, the original IRR packet will be forwarded to the ADA site coordinator with a copy retained in the housing unit. The case manager will identify the folder as an ADA issue.**

2. If the complaint is related to the ADA, Rehabilitation Act, or Missouri Human Rights Act, the ADA site coordinator will notify the grievance officer or designee and offender that it will be processed as an ADA complaint.

***SOP:

- **ADA site coordinator will forward a letter of acknowledgement and retain a copy in the IRR file.**

3. An IRR will be tracked and processed pursuant to this procedure. The ADA site coordinator shall be responsible for the informal discussion with the offender, following the steps outlined in this procedure.

4. If the IRR cannot be resolved by discussion, the ADA site coordinator will conduct an informal, but thorough, investigation when necessary affording all interested persons an opportunity to submit evidence relevant to the complaint.

   a. The ADA site coordinator will prepare a written response to the IRR and provide it to the case management staff members. Review of the response with the offender will proceed in accordance with this procedure.

***SOP:

- **The case manager will forward a copy of the completed IRR to the ADA site coordinator.**

5. If the offender is not satisfied after completing the informal resolution request process, he may file a formal grievance in accordance with this procedure.

   a. The ADA site coordinator will be given a copy of the offender grievance and the offender grievance response.

6. Offender appeals of ADA grievances will be processed in accordance with this procedure.


262

**STATE OF MISSOURI**
**DEPARTMENT OF CORRECTIONS**
**INFORMAL RESOLUTION REQUEST**

FEB - 9 2016

INSTITUTION USE ONLY ☐ EMERGENCY COMPLAINT

| OFFENDER NAME | DOC NUMBER |
|---|---|
| WEBB, ANTONIO | 1175777 |

| DATE STAFF RECEIVED IRR | COMPLAINT NUMBER | CATEGORY | HOUSING UNIT |
|---|---|---|---|
| 2-3-2016 | WMCC 16-173 | OTHER (B) | 7A/06 |

**COMPLAINT - ONE ISSUE - BE SPECIFIC**

ASSAULT BY WMCC STAFF

**STATE YOUR PROBLEM BRIEFLY**

C.O. III DOYLE'S ACTIONS CAUSED ME TO BE INJURED ON THE HEAD. THERE IS A CUT AND LUMP DUE TO STRIKING MY HEAD ON THE BUNK. NO PICTURES WERE TAKEN OF THE WOUND...
(SEE ATTACHED PAGES 1-2 OF 2)

**ACTION REQUESTED: STATE REMEDIES YOU ARE SEEKING**

I AM REQUESTING FOR C.O. III DOYLE TO BE PROSECUTED IN ADDITION TO THE FOLLOWING REQUESTED REMEDIES...
(SEE ATTACHED PAGES 1-2 OF 2)

**STAFF USE ONLY**

**DISCUSSION OF COMPLAINT (SUMMARIZE RESULTS OF MEETING)**

Discussed with offender on 3-11-16 offender was found with a bump and scratch on his head after count. All staff involved with count deny kicking or hitting cell door with excessive force nor witnessed subject strike his head wishes to continue

☐ IRR RESOLVED BY DISCUSSION/WITHDRAWN  ☒ IRR NOT RESOLVED BY DISCUSSION

| OFFENDER SIGNATURE | DATE | STAFF SIGNATURE | DATE |
|---|---|---|---|
| x _Antonio Webb_ | 3-11-16 | _signature_ | 3-11-16 |

**STAFF FINDINGS/RESPONSE**

Your IRR has been reviewed and the following has been determined. You claim that during count staff struck your door with excessive force which did cause you to jump up and strike your head on the top bunk. At this time you have failed to provide any credible evidence to support your claim that staffs actions were done to purposely frighten or intimidate you. Your IRR is found to be with out merit, IRR denied.

| INVESTIGATING STAFF SIGNATURE | DATE | RESPONDENT SIGNATURE | DATE |
|---|---|---|---|
| _signature_ | 3/11/16 | _signature_ | 3-11-16 |

| REVIEWER SIGNATURE | DATE | RESULTS |
|---|---|---|
| M. Gallant AW | 3-18-16 | ☐ SATISFACTORY  ☒ UNSATISFACTORY |

**YOU HAVE THE RIGHT TO FILE A FORMAL GRIEVANCE. YOU MUST FILE A GRIEVANCE FORM WITH THE DESIGNATED STAFF WITHIN SEVEN (7) DAYS FROM THE DATE YOU RECEIVE THIS RESPONSE. FAILURE TO SUBMIT A GRIEVANCE WITHIN THIS TIME FRAME CONSTITUTES ABANDONMENT.**

| OFFENDER SIGNATURE | DATE |
|---|---|
| _Antonio Webb_ | 3-22-16 |

(263)

MC 931-3376 (12-04)

TO: GRIEVANCE OFFICER
    WMCC

FROM: Antonio Webb, No.
      WMCC; H.U. 7A-106

DATE: 2/3/16

RE: Assault/Conspiracy To Cover-up Staff's
    Wrongdoing

## INFORMAL RESOLUTION REQUEST
## SUPPLEMENTAL PAGES

COMES NOW Antonio Webb, hereinafter referred to as the complainant, who in compliance with DOC Rules and Policies governing the submission of Informal Resolution Requests/Grievances, makes the following complaint against Staff:

### STATEMENT OF FACTS

On 2/3/16, at approximately 8:15 a.m., the complainant, in compliance with institutional and departmental policies requiring offenders to be either standing or sitting during the 7:30 a.m count, was duly standing in front of his desk when COI Phillips and five trainees arrived at his cell to perform the count. After verifying the complainant's presence, the noted officers proceeded accordingly. However, as had been the case on previous other occasions, an incorrect summation of the initial count warranted a recount. Thus, at approximately 7:49 a.m. COI Phillips and the group of trainees conducted a second count which, by the way, was not announced over the housing unit's P.A. system. Nevertheless, it should be noted, during the second count the complainant was seated in the up-position on his bunk. Having been counted twice, and knowing from experience that the clearance of the count could in fact take some time, the complainant reclined on his bunk and at that point nodded off. Sometime thereafter, the complainant was abruptly awakened from his sleep by a series of explosive "booms" upon the door which were the direct result of Lt. Doyle (?) violently slamming his fist against it. In fact, the impact sound from the overly-aggressive lieutenant's hammering blows was such that the frightened complainant was awakened so abruptly that he struck his face on the bunk and, in doing so, sustained a chipped tooth and an open-wound injury to his forehead that was extensive enough as was warrant medical attention. As such, the complainant reported the noted injuries to Sergeant Knuckles who, at the direction of Associate Warden Parkhurst, who happened to be in the housing at that time, filed an "Incident Report" and allowed the

1 of 2    (264)

complainant to declare a medical emergency. In summary, the noted Lieutenant and his actions, which resulted in injury (blurred vision and headache) to the complainant, served only to exacerbate the medical condition from which he already suffers, migraine headaches.

## ARGUMENT I

The complainant asserts here that, where Lieutenant Doyle willfully and negligently committed an act that resulted in injuries to the complainant's person, said act constitutes an assault under RSMo 556.070, section 1.(3) which states: "The person purposely places another in apprehension of immediate physical harm; and/or RSMo 556.070 , section 1.(4) "the person recklessly engages in conduct which creates a grave risk of death or serious physical to another person"; finally, RSMo 556.070, section 1.(6) "...without good cause engages in an act with the purpose to frighten, intimidate, or emotionally distress another; and such person's response to the noted act is one of person of average sensibilities considering the age of the person."

There is no doubt what Lieutenant Doyle's intentions were when he, in an act of apparent violence, repeatedly slammed his fist against the complainant's door. Furthermore, medical records and attending staff will corroborate the veracity of this complainant.

## REQUESTED ACTION

The complainant respectfully requests to have Lieutenant Doyle suspended without pay for a period not less than one month. Furthermore, the complainant requests that the noted Lieutenant be retrained, ordered to comply with the above mentioned laws, and directed to take sensitivity classes. There is absolutely no reason for any DOC employee to conduct themselves in an unprofessional manner; especially when said staff member is in the process of training new employees. That such goes on is offensively outrageous, and for no retaliation for filing this complaint.

Respectfully Submitted,

