IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

ANTONIO L. WEBB )
)
Plaintiff, )
)
v. ) Case No. 18-6061-CV-W-HFS
)
SHERIE KORNEMAN, et al., )
)
Defendants. )

**ORDER**

Pending before the court are defendants' motion for a protective order and cross-motions relating to a subpoena for document production. (Docs. 59, 61, 62, and 63). Plaintiff is a prisoner, originally pro se, seeking damages for alleged sex abuse by two male and one female guard[1] and an ensuing year-long controversy

---

[1] Various "sex abuse" issues triggered this case. The female guard who is not a named defendant allegedly opened doors to the cells of three prisoners (including plaintiff) when they had been posted by the prisoners against viewing because the prisoners were naked.

 Plaintiff also claims that the defendant female guard allegedly engaged in an unnecessary pat-down procedure and "fondled" him. She later allegedly entered the cell while plaintiff was urinating, stared at his penis and offered "comments". A defendant male guard allegedly removed door postings, and on another occasion viewed plaintiff while showering, said "it looks like a good thing" and said "let's make it a party". Another male guard allegedly required plaintiff to make sexual gestures with his tongue.

1

involving alleged due process violations relating to his complaints and alleged retaliation, principally by prison officials pursuing conduct violation charges against him.[2] Eighteen Missouri prison defendants are named in the third amended (handwritten) complaint.

Plaintiff also complains about an additional woman guard who allegedly violated sexual privacy concerns, but whose first name is unknown and is not a named defendant.

Ruling the motions is fairly easy, but advancing pre-trial preparation by two opposing lead counsel brought into the case last winter requires some direction as to the scope of discovery.  The motion to compel document production (Doc. 59), will be denied as premature, given a reported agreement that contested production would not be appropriate until there is a protective order.

There is general agreement regarding the protective order and reportedly three matters in dispute.  One is the limitation of possession of copies of documents, although defendants would allow counsel to discuss and show documents to plaintiff.  I agree with defendants that security reasons support this limitation.  The other disagreements are unclear, unless I have missed something

---

[2] Procedural misconduct allegations include filing unsound charges against plaintiff in retaliation for his charges and the defendant warden reportedly "instructing" a prison official "to find you guilty.".

in the rather extensive briefing. Defendants' current motions for a protective order (Docs. 61-63) will be denied, to permit further negotiation of an agreed order (as is usual) and further negotiation of the requested document production, which needs a great deal of tailoring to be both adequate for the case but not disproportionate.

To illustrate the excessiveness of the request, plaintiff seeks the complete personnel files for the 18 defendants for the last five years. Some of the defendants are barely mentioned in the complaint, and the personnel files surely contain massive amounts of "private" material not remotely related to this litigation. Plaintiff also seeks complete documentation regarding his previous grievances and complaints. Defendants say there are more than 100 (this may be an exaggeration because there seem to have been dozens of filings relating to the processing of this controversy). If there have been separate controversies about the food, for instance, that would be so remote from this case that production, study and debate would be wasteful for all concerned.

The document request does not conform to the discovery requirement of proportionality, formally in place since 2015. See, Vallejo v. Amgen Inc., 903 F.3d 733 (8th Cir. 2018). There may be instances where litigation costs may

3

Case 5:18-cv-06061-HFS   Document 76   Filed 06/11/20   Page 3 of 5

considerably exceed the amount realistically in controversy—when important issues need to be resolved.  But multiple hundreds of thousands of dollars should not frequently be devoted to litigation that realistically has modest dollar value.  After close review of the allegations one may suppose that plaintiff would celebrate a  rather small recovery or settlement.  Litigation efforts should be vigorous but "smart" and tailored to the case. [3]

Compare the approach, in <u>CP Anchorage Hotel 2, LLC v. Unite Here! Local 878</u>, 2019 WL 6907008 (D.Alaska), where discovery in a union boycott case was limited to the target company experience, largely because the estimated recovery potential was rather modest and limits to discovery were thus appropriate.

    To help in roughly estimating the legal potential of the case, some superficial research has been conducted.  At a conference the specifics would likely be mentioned, as potentially useful to counsel.  An email on this subject will be directed to counsel shortly rather than filing material that has not been carefully analyzed.

    Accordingly, it is hereby

---

[3] It might be helpful to weeding out and clarifying allegations to file a fourth amended complaint or to have plaintiff's deposition taken.

ORDERED that plaintiff's motion to compel non-party's compliance with subpoena (Doc. 59) is DENIED. It is further

ORDERED that defendants' motions for protective orders (Docs. 61-62), and motion to quash portions of subpoena (Doc. 63) are DENIED.

s/ HOWARD F. SACHS

**HOWARD F. SACHS**
UNITED STATES DISTRICT JUDGE

June 11, 2020

Kansas City, Missouri

5

Case 5:18-cv-06061-HFS   Document 76   Filed 06/11/20   Page 5 of 5