IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| ANTONIO LAMONT WEBB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 5:18-cv-06061-DGK |
| | ) | |
| SHERIE KORNEMAN, et al., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff brought this case challenging the conditions of his confinement at the Western Missouri Correctional Center ("WMCC") in April 2018. Plaintiff's Third Amended Complaint asserts 61 claims against various corrections officers and administrators at WMCC. Am. Compl., ECF No. 20. Defendants' motion to dismiss the complaint, Mot., ECF No. 27, was granted in part. Order, ECF No. 34. Thirty-four claims remain pending. *Id.*

Plaintiff filed the operative complaint pro se, and the prior Order granting in part Defendant's motion to dismiss was mindful of the fact that pro se complaints should be liberally construed.[1] *See Whitson v. Stone Cty. Jail*, 602 F.3d 920, 922 n.1 (8th Cir. 2010) ("[A] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." (citations and quotations omitted)). However, Plaintiff has since been appointed counsel, mitigating the need to construe Plaintiff's complaint liberally. Upon review of Plaintiff's Third Amended Complaint, Defendants' motion to dismiss, and the prior Order granting Defendants' motion in part, the Court is concerned that Plaintiff has not sufficiently plead his remaining claims.

---

[1] Plaintiff's response to the motion to dismiss was likewise pro se. His counsel had not yet entered an appearance. Resp., ECF No. 33.

Given the Court's concerns, Plaintiff may—but is not required to[2]—file an amended complaint. If Plaintiff does not file an amended complaint on or before March 7, 2022, the Court will consider a further motion to dismiss or a motion for summary judgment. Likewise, if Plaintiff does file an amended complaint, Defendant may move for summary judgment or to dismiss that complaint. In either case, Defendant has until March 21 to file any additional motions.

**IT IS SO ORDERED.**

Date: February 24, 2022                          /s/ Greg Kays
                                                 GREG KAYS, JUDGE
                                                 UNITED STATES DISTRICT COURT

---

[2] In determining whether to amend the complaint, Plaintiff's Counsel should remember that it is bound by Fed. R. Civ. P. 11. Rule 11 prevents Plaintiff's Counsel from advocating for a pleading whose claims are not warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law. The Court does not mean to imply that Plaintiff's Counsel has run afoul—or even is in danger of running afoul—of Rule 11. It is simply cognizant of the fact that, at trial, Plaintiff's Counsel will be advocating for a complaint written by a prisoner who has neither the same legal expertise nor is bound to the same ethical requirements as Plaintiff's Counsel. The Court does not wish to place Plaintiff's Counsel in the position of having to advocate for claims contained in Plaintiff's pro se complaint if Plaintiff's Counsel does not believe those claims are borne out by the facts or the law.