# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ANTONIO LAMONT WEBB, | ) |
| Plaintiff, | ) |
| v. | ) No. 5:18-cv-06061-DGK |
| SHERIE KORNEMAN, et al., | ) |
| Defendants. | ) |

## ORDER ON MOTIONS IN LIMINE

Now before the Court is Plaintiff's motions in limine, ECF Nos. 111, 112, and 113; as well as Defendants' motion in limine, ECF No. 128. For the reasons stated below, Plaintiff's motions, ECF Nos. 111 and 113, are DENIED, Plaintiff's Motion, ECF No. 112 is TAKEN UNDER ADVISEMENT, and Defendants' Motion, ECF No. 128, is GRANTED IN PART.

**I. Plaintiff's motion to exclude evidence of Plaintiff's conduct violations or disciplinary action initiated against him by officers other than the Defendants which occurred before February 21, 2017, ECF No. 111, is DENIED.**

Plaintiff argues that any evidence or argument regarding any conduct violations committed by Plaintiff or any disciplinary action initiated against him by corrections officers who are not defendants in this lawsuit, and which occurred prior to February 21, 2017, is inadmissible under Federal Rule of Evidence 404(b). Mot. at 1–2, ECF No. 111. Rule 404(b) prohibits evidence of a crime, wrong, or act from being used to "prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, such evidence is nonetheless admissible for other purposes, such as proving "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). The threshold inquiry, then, for whether Rule 404(b) prohibits the introduction of evidence of a person's crime, wrong, or other bad acts, "is whether that

evidence is probative of a material issue other than character." *United States v. Young*, 753 F.3d 757, 768 (8th Cir. 2014) (quoting *Huddleston v. United States*, 485 U.S. 681, 685 (1988)). Evidence of conduct violations committed by Plaintiff or disciplinary actions initiated against him by other corrections officers is relevant to whether Defendants knew of these prior violations or actions and whether this knowledge formed the basis of their actions. For example, Defendants note that Plaintiff had a conduct violation for "possessing contraband found during a pat-down search," and that Plaintiff therefore had a motive "to use [the Prison Rape Elimination Act] as a basis to limit or prevent future pat-down searches." Def. Br. at 5, ECF No. 138.

Plaintiff's motion, ECF No. 111, is therefore DENIED.

**II.    Plaintiff's motion to exclude evidence of any lawsuits, claims, grievances, or investigations involving Plaintiff "containing unrelated events that occurred under circumstances different and separate from those at issue in this case," ECF No. 113, is DENIED.**

Plaintiff next argues that evidence regarding other unrelated lawsuits, claims, grievances, or investigations involving Plaintiff are irrelevant and—to the extent they are relevant—are substantially outweighed by the risk of unfair prejudice, confusion of the issues, and wasting time. Mot. at 1–2, ECF No. 113 (citing Fed. R. Evid. 402 and 403). Plaintiff does not provide any further detail as to why such evidence would be irrelevant, or why the Court should exercise its discretion to exclude any otherwise relevant evidence under Rule 403. Further, it appears to the Court that evidence of other grievances filed by Plaintiff would be directly relevant to whether Defendants Jordan, Lakey, Lindsey, Montemayor, and Webb were deliberately indifferent to Plaintiff's reports of sexual abuse.

As such, Plaintiff's motion, ECF No. 113, is DENIED.

**III.    Plaintiff's motion to exclude evidence of his prior arrests or convictions, ECF No. 112, is TAKEN UNDER ADVISEMENT.**

Plaintiff also argues that any evidence of, or reference to, his prior arrests or convictions is irrelevant and therefore inadmissible under Rule 402—and to the extent such is relevant—the

2

Court should exclude it under Rule 403 because of the risk of unfair prejudice, confusion of the issues, and misleading the jury. Because neither Plaintiff's motion nor Defendants' response state the offense or offenses for which Plaintiff was previously arrested and/or convicted, the Court is unable to determine at this juncture whether any such evidence should be excluded under Rules 402 and 403. The motion is therefore TAKEN UNDER ADVISEMENT.

However, any prior arrests or convictions will be relevant to Plaintiff's credibility should he choose to testify in this case. Should Plaintiff testify, the Court will consider whether such evidence is admissible under Rule 609.

## IV. Defendants' Motion in limine is GRANTED IN PART, ECF No. 128.

Defendant moves to exclude any mention that Defendants may be indemnified by the Missouri Department of Corrections ("MDOC"), the State of Missouri, or the Missouri Legal Expense Fund, any reference to the resources of the Missouri Attorney General's Office or financial resources of the MDOC, any reference to settlement offers made in this case, any reference to pretrial motions or discovery disputes, and any disparaging remarks about the Missouri Attorney General's Office. In regard to these issues, the motion is GRANTED.

Defendant also moves to exclude any reference to the size of the MDOC. Because the organizational structure, number of employees, and various details on the policies and procedures of the MDOC are relevant to Plaintiff's claims, the motion is DENIED regarding this issue.

**IT IS SO ORDERED.**

Date: July 20, 2022 /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT