IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| ANTONIO LAMONT WEBB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 5:18-cv-06061-DGK |
| | ) | |
| SHERIE KORNEMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING MOTION TO STRIKE, CONTINUING TRIAL, AND ORDERING DEFENDANTS TO FILE A QUALIFIED IMMUNITY MOTION

This prisoner § 1983 case is scheduled for trial beginning on Monday, July 25, 2022. Now before the Court is Defendants' Schedule of Remaining Claim, ECF No. 139, Defendants' Trial Brief, ECF No. 142, and Plaintiff's motion to strike Defendants' Schedule of Remaining Claims, ECF No. 143.

The procedural backdrop for these filings is as follows: When this case was transferred to the undersigned in late 2021, the operative complaint was a *pro se* complaint, hand-written by the Plaintiff while still incarcerated at Western Missouri Correctional Center. Because the judge who previously presided over this case appointed counsel for Plaintiff, the Court issued an order requesting Plaintiff's Counsel file an amended complaint. Order, ECF No. 100. In that Order, the Court also granted Defendants until March 21, 2022, to file either a summary judgment motion or a motion to dismiss. *Id.*

Plaintiff's Counsel filed an amended complaint—which is now the operative complaint—on March 7, 2022. Fourth Amended Compl., ECF No. 102. On March 21, 2022, Defendants requested an extension of time until March 28 in which to file a summary judgment motion or motion to dismiss, ECF No. 103, which the Court granted. Text Order, ECF No. 104. However,

rather than file a summary judgment motion or a motion to dismiss, Defendants merely filed an answer.  Answer, ECF No. 105.

Defendants' answer asserted qualified immunity as an affirmative defense.  Affirmative Defenses ¶ 1, *id*.  The Court—seeking to avoid the logistical problems that a defendant's assertion of qualified immunity at trial would present—subsequently ordered Defendants to assert qualified immunity—if at all— "in a motion on or before April 19, 2022."  Order, ECF No. 106.  Defendants filed no such motion.

Since then, new counsel have entered their appearance for Defendants.  ECF Nos. 115, 132.  On July 15, 2022, Defendants belatedly filed a schedule of remaining claims which also asserted qualified immunity as a defense.[1]  ECF No. 139.

Plaintiff responded by filing the pending motion to strike Defendants' Schedule of Remaining Claims.  Plaintiff argues Defendants waived the defense of qualified immunity by failing to assert the defense in a motion as the Court previously ordered, and that the failure to timely raise the defense has prejudiced him.  Mot. at 2-3.

As frustrating as Defendants' failure to comply with the Court's order setting a deadline to file a qualified immunity motion is, the Eighth Circuit has held that a qualified immunity defense raised in an answer is not waived or lost, even if it is not reasserted until after trial.  *Hill v. McKinley*, 311 F.3d 899, 902 (8th Cir. 2002) (holding qualified immunity defense raised in an answer not waived even when first reasserted in a post-trial motion); *see also Spann v. Lombardi*, 960 F.3d 1085, 1088 (8th Cir. 2020) (holding a district court may determine that the "waiver of qualified immunity in pre-trial proceedings does not preclude the defendants from asserting the defense at trial."); *Lampkins v Thompson*, 337 F.3d 1009, 1014 (8th Cir. 2003) ("Although procedurally unusual, the qualified immunity defense is not waived or lost if a case proceeds to trial.").  Hence, the Court questions whether it can forbid Defendants from pursuing the defense now.

---

[1] Defendants' trial brief, filed on July 18, also asserts qualified immunity.  Tr. Br. at 6–7, ECF No. 142.

That said, allowing Defendants to assert qualified immunity at trial would be procedurally problematic and arguably unfair to Plaintiff. It would require the Court to give the jury special interrogatories from which the jury could record its findings of fact, at which point the Court would then determine as a matter of law whether Plaintiff had alleged a Constitutional violation, and whether such violation was clearly established at the time. *See Littrell v. Franklin*, 388 F.3d 578, 585 (8th Cir. 2004). As of today, two business days before trial, Defendants have provided the Court with no proposed special interrogatories, and the Court—having not heard any testimony in this case—does not know which facts either party claims would be relevant to the determination of qualified immunity. Further, for the Court to issue a ruling on qualified immunity under the time constraints which an impaneled jury imposes at trial would risk Defendants' "entitle[ment] to a thorough determination of their claim of qualified immunity." *Watson v. Boyd*, 2 F.4th 1106, 1110 (8th Cir. 2021) (quotation omitted). In addition, allowing the matter of qualified immunity to be determined at trial—or potentially after trial on a motion for judgment notwithstanding the verdict—would run counter to the principle that "'qualified immunity is an immunity from suit rather than a mere defense to liability' and 'is effectively lost if a case is erroneously permitted to go to trial . . . .'" *Id.* (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)).

Consequently, to ensure that Plaintiff has adequate time to defend himself from Defendants' case-in-chief, and that Defendants qualified immunity motion is considered before trial, instead of striking Defendants' Schedule of Remaining Claims, the Court will continue the current trial setting and allow Defendants to brief the issue. The Court will reset the trial, if necessary, after ruling on Defendants' qualified immunity defense.

Finally, the Court notes Defendants trial brief raises several other viable defenses which could be outcome determinative. For example, Defendants argue that Plaintiff cannot establish sufficient facts for any of his claims, and that the Prison Litigation Reform Act prevents Plaintiff from recovering damages because he cannot establish that he suffered physical injury. Tr. Br. at 4–9, ECF No. 142. Since the Court is already continuing the trial to consider the issue of qualified

3

immunity, the Court holds the interests of justice and judicial economy weigh in favor of extending the deadline to file any dispositive motions. Doing so will allow the Court to narrow the issues for trial, and both parties, not just Defendants, may file any dispositive motions.

Accordingly, the trial set to begin on June 25, 2022 is CONTINUED, and Defendants are ORDERED to file a motion asserting qualified immunity. This motion shall thoroughly discuss whether and how each Defendant is entitled to qualified immunity. This motion shall be filed on or before August 8, 2022, and shall contain pinpoint citations to binding legal authority.

Additionally, on its own motion, the Court extends the deadline for either party to file dispositive motions until August 8, 2022.

Plaintiff's Motion to Strike is DENIED.

**IT IS SO ORDERED.**

Date: July 21, 2022                    /s/ Greg Kays
                                       GREG KAYS, JUDGE
                                       UNITED STATES DISTRICT COURT